# CLEARY GOTTLIEB STEEN & HAMILTON LLP



WASHINGTON, D.C.

PARIS

BRUSSELS

LONDON

FRANKFURT

COLOGNE

MOSCOW

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: 212-225-2840
cliffman@cgsh.com

ROME

MILAN

HONG KONG

BEIJING

BUENOS AIRES

SÃO PAULO

ABU DHABI

SEOUL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 2 5 2016

SO ORDERED: 7/25/16

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

Discovery shall be stayed until after resolution of the motion to dismiss. The initial pretrial conference is adjourned sine die.
SO ORDERED

July 6, 2016

**VIA ECF**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     Kashef, et al. v. BNP Paribas S.A., et al., 16-Civ-3228 (AJN)

Dear Judge Nathan:

This firm is counsel to Defendants BNP Paribas S.A. ("BNP Paribas") and BNP Paribas North America, Inc. ("BNPP-NA") (collectively, the "BNPP Defendants") in the above-referenced matter. I am writing to request: (1) the Court's approval of the parties' agreement to extend the BNPP Defendants' time to file a motion to dismiss the Complaint; (2) a stay of discovery pending the Court's ruling on that dismissal motion; and (3) an adjournment of the August 19, 2016 initial status conference, also pending the Court's ruling. The parties have met and conferred and Plaintiffs consent to the first request, but oppose the second and third requests.

A.     **The Court should approve the parties' agreement to allow the BNPP Defendants until August 25, 2016 to file their dismissal motion**. The BNPP Defendants' response to the Complaint would otherwise be due on July 25, 2016. The Court granted the BNPP Defendants' one prior extension request. ECF No. 12. This second extension is necessary so that the experts that the BNPP Defendants have engaged to address the viability of Plaintiffs' claims under Sudanese and Swiss law, as described further below, can complete their reports. Additionally, Plaintiffs intend to file an Amended Complaint on or about July 14, 2016.

B.     **Discovery should be stayed pending resolution of the BNPP Defendants' dismissal motion**. This action asserts that, by violating U.S. sanctions against funds transfers to banks in three foreign states, including Sudan, the BNPP Defendants became responsible for human rights violations committed in Sudan by the government of Sudan against Sudanese nationals. See, e.g., Compl. ¶¶ 14, 99. Similar claims under federal statutes such as the Alien Tort Statute have failed in other cases, but Plaintiffs seek to avoid that result here by alleging their claims under New York law. However, the BNPP Defendants' motion will show both that New York law does not apply under New York choice-of-law principles and that, even if it did,

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

Hon. Alison J. Nathan, U.S.D.J., p. 2

the allegations against the BNPP Defendants fail to state a claim. This action would entail massive amounts of discovery, and it should be stayed pending determination of the BNPP Defendants' dismissal motion. A stay would avoid the significant time and expense of such discovery without any prejudice to Plaintiffs, whose claims are time-barred.

Under Federal Rule of Civil Procedure 26(c), "the Court has the discretion to stay discovery for 'good cause,' and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM)(AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996). Courts consider three factors in deciding whether there is good cause to stay discovery pending a dispositive motion: (1) "the breadth of the discovery sought and the burden of responding to it"; (2) whether the dismissal motion "is 'not unfounded in the law' and 'appears to have substantial grounds'"; and (3) "whether the party opposing the stay would be unfairly prejudiced by a stay." *Id.* at *3-4. Here, all three factors favor a stay.

First, discovery in this matter would be broad and substantially burdensome to all parties. Plaintiffs allege injuries, occurring solely in Sudan, spanning over two decades, from 1987 to 2009, and conduct spanning three continents, including Khartoum, three separate regions in Darfur, 14 separate states in southern Sudan, and Geneva, Paris, Belarus, and New York. *See* Compl. ¶¶ 1, 8, 12-13, 36, 62, 69; Compl. Ex. A ¶ 17. Due to the vast geographic scope of Plaintiffs' allegations, and because most of the evidence is located abroad, discovery will require (1) compliance with foreign privacy laws, *see In re Herald, Primeo, & Thema Sec. Litig.*, No. 09 Civ. 289 (RMB), 2011 WL 5928952, at *15 (S.D.N.Y. Nov. 29, 2011) (noting that compliance with foreign privacy laws would affect the costs of the discovery process in New York); (2) reliance on Hague Convention procedures; and (3) time-consuming and expensive translation of documents, *see Niv. v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (discovery would "likely prove burdensome," especially when requiring "the translation, review, and production of" foreign-language documents). Courts have granted discovery stays in the face of far lesser burdens. *See In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (discovery required review of over 90,000 pages of documents, over 1,000 attorney hours, and $250,000 in attorney fees); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ("[T]he breadth of the discovery sought in this action will cover a six-year period and will cover . . . multiple distributors in the New York City area").[1] These concerns would not be obviated by limiting discovery to documents produced during investigations of BNP Paribas's violation of U.S. sanctions. The BNPP Defendants would still incur significant expense reviewing documents for relevance because the investigations involved unrelated conduct concerning U.S. sanctions

---

[1] Moreover, merits discovery would be premature before class discovery and certification. *See* William Rubenstein, et al., Newberg on Class Actions § 7:17 (5th ed.) ("Where certification and merits discovery are separable, a court may bifurcate the two phases – essentially staying merits discovery."). Further, unless and until the putative class is certified and its scope known, the Court could not apply the proportionality requirements of the recent amendments to Rule 26, which are "intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (internal quotations omitted).

Hon. Alison J. Nathan, U.S.D.J., p. 3

against Iran and Cuba. *See* Compl. Ex. A ¶¶ 42-70; *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 WL 8207466, at \*2 (S.D.N.Y. Dec. 4, 2015); *cf. In re Pre-Filled Propane Tank Antitrust Litig.*, MDL No. 2567, 2015 WL 11022887, at \*4 (W.D. Mo. Feb. 24, 2015) (defendants could not "simply hand over all of the documents" they produced in a prior case, and instead "would have to review everything previously produced to determine if it is relevant").

Second, a discovery stay is appropriate because the BNPP Defendants' dismissal motion will be "'not unfounded in the law' and 'appears to have substantial grounds.'" *Anti-Monopoly*, 1996 WL 101277, at \*4; *Boelter v. Hearst Commc'ns Inc.*, No. 15 Civ. 3934 (AT), 2016 WL 361554, at \*5 (S.D.N.Y. Jan. 18, 2016) (granting stay where initial review of dismissal arguments "suggest[s] that none are frivolous and, because succeeding on each argument alone may warrant dismissal of Plaintiffs entire complaint [and thus] ordering discovery to proceed at this time would result in an excessive burden on Defendant."). The BNPP Defendants' proposed motion satisfies this test. It will demonstrate that Plaintiffs' claims are time-barred because their most recent alleged injury occurred in March 2009, but Plaintiffs did not file their claims until April 2016, beyond the one-, three-, or six-year statutes of limitations that apply under New York's borrowing statute. *See* N.Y. C.P.L.R. §§ 202, 213-215. The Complaint does not adequately plead any basis for tolling. The BNPP Defendants also will demonstrate that the act of state doctrine, which precludes U.S. courts from "sit[ting] in judgment on the acts of [another] government . . . done within its own territory," precludes Plaintiffs' claims. *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897). The BNPP Defendants and the expert reports they will submit also will demonstrate that Plaintiffs' claims are not cognizable under the laws of Sudan, which has the greatest interest in this matter under New York's choice-of-law rules because "the locus of the tort will almost always be determinative," *H.S.W. Enters., Inc. v. Woo Lae Oak, Inc.*, 171 F. Supp. 2d 135, 142 (S.D.N.Y. 2001), or the laws of Switzerland, which has the next greatest interest because that is where the relevant banking conduct occurred, *see Wultz v. Bank of China Ltd.*, 865 F. Supp. 2d 425, 429 (S.D.N.Y. 2012). New York has only a minimal nexus to Plaintiffs' claims, but those claims fail under New York law too, because they do not adequately plead the BNPP Defendants' scienter or a sufficient causal nexus between the BNPP Defendants' conduct and Plaintiffs' injuries. *See, e.g., Nat'l Westminster Bank USA v. Weksel*, 124 A.D.2d 144, 147-48 (1st Dep't 1987); *Pittman by Pittman v. Grayson*, 149 F.3d 111, 122 (2d Cir. 1998). Finally, there are no well-pleaded allegations against BNPP-NA.

Third, Plaintiffs would not be unfairly prejudiced by a discovery stay. *Anti-Monopoly*, 1996 WL 101277, at \*3. They have demonstrated by their own actions that discovery here is not time-sensitive. Their injuries occurred largely over a decade ago, and they were aware of BNP Paribas's violation of U.S. sanctions against Sudan by June 2014, when BNP Paribas's plea agreements were publicized. *See* Compl. ¶ 16; Compl. Ex. A. Yet they nonetheless waited nearly two years later to file suit. *See In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2003 WL 22227945, at \*2 (S.D.N.Y. Sept. 26, 2003) ("[T]he Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice.").

C.    **The Court should adjourn the August 19, 2016 initial status conference**. If the Court grants a stay of discovery, then it should also adjourn the initial status conference until after the Court rules on the BNPP Defendants' dismissal motion.

Hon. Alison J. Nathan, U.S.D.J., p. 4

Respectfully,

Lawrence B. Friedman

cc:  Counsel for Plaintiffs (by email and ECF)