# EXHIBIT 1

District of Attorney of New York County
FOIL Response dated March 27, 2017

**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

March 27, 2017

Matthew P. Rand, Esq.
McKool Smith Hennigan
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

        Re:    F.O.I.L. Request
                 People v. BNP Paribas
                 Indictment 2929/2014

Dear Mr. Rand:

      I am an Assistant District Attorney in New York County and have been assigned to be the Records Access Officer in connection with your request under the Freedom of Information Law (F.O.I.L.). The request was received by this office on or about March 7, 2017. The letter request also included a copy of the Plea Agreement entered into by BNP Paribus on or about June 29, 2014, and a copy of Exhibit A, Factual Statement, submitted to the New York County Supreme Court (Court) on June 29, 2014, which I have reviewed. On March 7, 2017, I wrote to you indicating that I would be ordering the file associated with the New York County District Attorney's Office (DANY) prosecution of BNP Paribas for review in anticipation of rendering a determination upon your request. On March 16, 2017, I spoke with your colleague, K. Lee Crawford on the telephone. The substance of our conversation focused upon the records which were requested. Additionally, following my conversation with Ms. Crawford, I obtained a copy of the Second Amended Complaint associated with Kashef, et. al. v. BNP Paribas, 16-CV-03228(AJN), and a copy of the Consent Order entered into by BNP Paribas and the New York State Department of Financial Services on or about June 29, 2014, which I have reviewed. I have conferred with fellow ADA Christopher Conroy, Chief of the Major Economic Crimes Bureau with respect to the file DANY maintains on People v. BNP Paribas, Ind. 2929/2014, and am prepared to render a decision upon your request.

      At the outset, you must understand that the file maintained by DANY measures in the Terabyte, not boxes. It is an enormous file with thousands and thousands of pages of materials. Said materials were provided to DANY by way of an agreement entered into by DANY and BNP Paribas during the investigation of the case. The agreement included provisions which

1

explicitly stated that the materials provided by BNP Paribas would not be accessible under F.O.I.L. during the investigation and beyond. Under this agreement, provided records which included records which supported the Factual Statement, the Plea Agreement, and the admissions made during the plea to the Superior Court Information on June 30, 2014.

While DANY recognizes that agreements during an investigation that records cannot be accessible under F.O.I.L. cannot survive challenge should the law not support such arrangements, here the law supports the agreement.

First, pursuant to the Plea Agreement entered into by BNP Paribas with DANY, the investigation of this matter by DANY is ongoing. According to the agreement, the participation and cooperation of BNP Paribas in the matters addressed in the Plea Agreement and the Factual Statement remain pending no matter that BNP Paribas entered a plea of guilty and was sentenced on the matter in 2014. Under the Plea Agreement, BNP Paribas is required to continue to cooperate with DANY, and other investigating agencies, in the continued investigation of the matter as specified in paragraphs 15 and 17. Additionally, I am informed by ADA Christopher Conroy, that the investigation will remain ongoing beyond the three-year Conditional Discharge timeline as proscribed in Paragraph 15 of the Plea Agreement. As this investigation remains pending, access to records by you under F.O.I.L. is denied. Public Officers Law § 87(2)(e)(i) specifically exempts from disclosure any records compiled for law enforcement purposes and which, if disclosed, would interfere with a future judicial proceeding. *See also Matter of Moreno v. New York County Dist. Attorney's Office*, 38 A.D.3d 358 (1st Dept. 2007); *Matter of Legal Aid Society v. New York City Police Dept.*, 274 A.D.2d 207 (1st Dept. 2000); *Matter of Sideri v. Office of District Attorney of New York*, 243 A.D.2d 423 (1st Dept. 1997); and *Matter of Pittari v. Pirro*, 258 A.D.2d 202 (2d Dept. 1999).

Second, even were the investigation not pending, your request fails to specifically describe records which may be accessed under F.O.I.L. Under F.O.I.L., the burden is on the requestor to reasonably describe the documents requested so that they may be located. *See Public Officers Law § 89(3)*; *Matter of Lebron v. Smith*, 40 A.D.3d 515 (1st Dept. 2007); *Mitchell v. Slade*, 173 A.D.2d 226 (1st Dept. 1991); *Konigsberg v. Coughlin*, 68 N.Y.2d 245 (1986). The letter request included Exhibit A which details the Requests under paragraphs 1 through 35. Each paragraph would require me, as the Records Access Officer, to decipher, interpret, decide and conclude whether a record is responsive to your requests for "documents that mention or relate to," whether a person or entity is in a "conspiracy," whether something would qualify as a "cover payment," whether a bank is a "satellite," and so on. As you can imagine, such requests fail to identify a particular record which you seek. The Records Access Officer cannot make decisions regarding any value, force, or effect any record may have, nor can such an Officer derive meaning from a document. For these reasons, your request is denied.

Third, your request, based upon the nature of DANY's investigation and your knowledge of the records DANY may possess, would include a vast swath of records which are banking records. Such records, no doubt, include the personal banking records of individuals and business whom have no association with the prosecution of BNP Paribas by DANY. As such,

2

to provide such records to you would be an unwarranted invasion of privacy to the individual and business account holders which would be revealed. F.O.I.L. protects the release of records that "if disclosed would constitute an unwarranted invasion of personal privacy." *Public Officers Law § 87(2)(b)*; *see New York Committee for Occupational Safety and Health v. Michael Bloomberg, as Mayor of the City of New York, et al.*, 72 A.D.3d 153 (1st Dept. 2010); *see also Matter of Data Tree, LLC v. Romaine*, 9 N.Y.3d 454, 462 (2007), *Matter of Bellamy v. New York Police Dept.*, 59 A.D.3d 353, 354-355 (1st Dept. 2009). As such, your request is denied.

Fourth, as mentioned above, BNP Paribas produced records to DANY voluntary in response to DANY demands and under an agreement that the records not be made available under F.O.I.L. This agreement invoked Public Officers Law § 89(5) which recognizes BNP Paribas' ability to request that records be excepted from disclosure under the trade secret exemption exception. *See Public Officers Law § 87(2)(d)*. DANY recognizes that BNP Paribas is a large, multinational, bank which would suffer "substantial competitive injury" should records from the above investigation be revealed to the public domain. *Public Officers Law § 87(2)(d)*. Release of such records would also result in a whole cloth revelation in the public domain the nature of the cooperation by BNP Paribas with DANY and how BNP Paribas undertook its responsibility to cooperate in a criminal investigation. And so, besides issues of privacy as detailed above, providing you the records you seek may damage the "confidential nature of the relationship between [BNP Paribas] and its clients." *Matter of James v. State of New York*, 27 Misc.3d 1223(A) (New York County March 31, 2010). As this is apparent, access to records is denied.

Fifth, with regard to your more specific request for charts, summaries, correspondence, notes, interview notes, and other items which were created by DANY during the investigation and prosecution of this matter, such a request includes access to items which can only be described as attorney work product. The file contains the email and 1st Class Mail correspondence was between persons and the investigating ADAs, as wells as notes, including but not limited to any notes, lists, interview notes, investigative conclusions made by them regarding any documents they received, summaries, and legal research. Such correspondence, notes, and attorney research and summaries can only be assessed as mental impressions, opinions, legal theories, interview notes and communications of an attorney. *See* CPLR § 3101; *see also John Blair Communications, Inc. v. Reliance Capital Grp.*, 182 A.D.2d 578 (1st Dept. 1992); *Corcoran v. Peat Marwick*, 151 A.D.2d 443 (1st Dept. 1989); *Morgan v. New York State Dept. of Environmental Conservation*, 9 A.D.3d 586 (3d Dept. 2004). As such these items are not discoverable under F.O.I.L. *See Public Officers Law § 87(2)(a)*.

Sixth, and finally, your request involves a request for the entire file as it relates to the Bank of Sudan. DANY collected the records you seek during the investigation of BNP Paribas for the purpose of prosecution, and in a manner which should not be revealed in the public domain. Such investigations and the collection of records to prove crimes which were committed by BNP Paribas over a period of time, and in a covert way, involve sensitive investigative techniques which are not typical in the investigation of most crimes. The records were collected and compiled for law enforcement purposes only. *Public Officers Law § 87(2)(e)*. Placing such records in the public domain "would identify ... confidential

information relating to criminal investigations, relating to criminal investigations, and nonroutine investigative techniques or procedures," *Asian American Legal Defense and Educ. Fund v. New York City Police Dep't*, 125 A.D.3d 531 (1st Dept. 2015), and would make it more likely that future violators of the law would tailor their criminal conduct knowing the way in which law enforcement engaged in investigations. *Bellamy v. New York City Police Dep't*, 59 A.D.3d 535, 355 (1st Dept. 2009); *see also Whitely v. New York County Dist. Atty's Office*, 101 A.D.3d 455 (1st Dept. 2012). For these reason, your request is denied.

The Freedom of Information Law Appeals Officer is Assistant District Attorney Patricia J. Bailey, Chief of the Special Litigation Bureau, at the above address.

Sincerely,

Karen Edelman-Reyes
Assistant District Attorney
Records Access Officer

4