UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Entesar Osman Kashef *et al.*,

                Plaintiffs,

—v—

BNP Paribas SA & BNP Paribas North America, Inc.,

                Defendants.

---

16-cv-3228 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 1 5 2017

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiffs' motion to lift the discovery stay so that Plaintiffs may take the deposition of Defendants' foreign law expert. For the following reasons, the Court denies the request.

In this lawsuit, Plaintiffs are Sudanese refugees who have sued BNP Paribas SA & BNP Paribas North America, Inc. (collectively "BNP Paribas"), alleging that BNP Paribas illegally processed financial transactions on behalf of sanctioned Sundanese entities and, in doing so, facilitated and supported the commission of widespread human rights violations by the Sudanese Government. Dkt No. 49. Defendants have filed a motion to dismiss arguing, *inter alia*, that Plaintiffs' claims are time-barred, that the act of state doctrine bars the claims, and that Plaintiffs have failed to state a claim under Sudanese or Swiss law. Dkt No. 65. Plaintiffs have not yet filed an opposition to this motion to dismiss; their opposition is due May 22, 2017. Dkt No. 73. The Court subsequently stayed discovery pending resolution of the motion to dismiss. Dkt Nos. 24, 48.

In support of their motion to dismiss, Defendants rely on the declaration of Tayeb

1

Hassabo, an expert in Sundanese law. Dkt No. 67-1. Plaintiffs contend that their "understanding of Sudanese law contrasts sharply with Mr. Hassabo's," and Plaintiffs anticipate filing their own expert declaration in response. Dkt No. 76 at 2. On April 26, 2017, Plaintiffs filed a motion asking the Court to lift the discovery stay "for the limited purpose of allowing Plaintiffs to take the deposition of Defendants' expert on Sudanese law Tayeb Hassabo prior to filing their opposition to the Defendants' Motion to Dismiss." Dkt No. 76. Defendants oppose the motion. Dkt No. 77.

"It is settled law that the sparring concerning preliminary issues should not be permitted to degenerate into a full-blown trial on the merits." *Base Metal Trading S.A. v. Russian Aluminum*, No. 00 CIV.9627 JGK FM, 2002 WL 987257, *3 (S.D.N.Y. May 14, 2002). Notwithstanding this principle, Plaintiffs contend that they should be granted limited relief from the discovery stay in order to depose Defendants' foreign law expert in anticipation of their opposition to the motion to dismiss. Plaintiffs cite three cases in support of this argument. Dkt No. 76 (citing *Alperin v. Vatican Bank*, No. C-99-04941 MMC (EDL), 2006 WL 1663847 (N.D. Cal. 2006); *Base Metal*, 2002 WL 987257; *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liab. Litig.*, 131 F. Supp. 2d 1027 (S.D. Ind. 2001)).

In all three cases cited by Plaintiffs, a factual dispute needed to be resolved before the Court could resolve an underlying dispositive motion. For example, in both *Base Metal* and *In re Bridgestone*, there were pending motions to dismiss on forum non conveniens grounds. *Base Metal*, 2002 WL 987257, at *3; *In re Bridgestone*, 131 F. Supp. 2d at 1029-30. Deciding a motion to dismiss on forum non conveniens grounds involves "a fact-based inquiry." *In re Bridgestone*, 131 F. Supp. 2d at 1029 ("[T]he district court is accorded substantial flexibility in evaluating a forum non conveniens motion, and *each case turns* on its facts.'" (quoting *Van*

2

*Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988)). Similarly, *Alperin* involved a jurisdictional issue, and jurisdictional discovery is permitted "where pertinent *facts* bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the *facts* is necessary." *Alperin*, 2006 WL 1663847, at *3 (emphases added) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977)). With this background in mind, the courts in *Base Metal* and *In re Bridgestone* permitted the deposition of a foreign law expert because "resolution of a motion to dismiss on the basis of forum non conveniens . . . would likely depend on the results of th[e] discovery." *In re Bridgestone*, 131 F. Supp. 2d at 1030; *see also Base Metal*, 2002 WL 987257, at *4. The district court in *Alperin* denied the request for jurisdictional discovery as premature. 2006 WL 1663847, at *3.

This case, in contrast, involves a different procedural posture. The motion to dismiss filed in this case asserts that Plaintiffs have failed to state a claim under Sudanese law upon which relief can be granted. It is axiomatic that, when deciding such a motion to dismiss, a court must assume as true all facts alleged in the complaint. *Papelino v. Albany College of Pharmacy of Union University*, 633 F.3d 81, 85 n.1 (2d Cir. 2011). In other words, the absence of factual disputes makes the three cases Plaintiffs rely upon to justify their discovery request inapposite. Additionally, the determination of foreign law is generally a question of law for the Court to decide. *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 92 (2d Cir. 1998); *In re Lyondell Chemical Co.*, 543 B.R. 428, 443 (S.D.N.Y. Jan. 4, 2016). While the deposition or testimony of a foreign law expert may be warranted if this case proceeds to discovery or trial, the credibility of the experts is not at issue, especially at the early stage of this case. *See Norwest Fin., Inc. v. Fernandez*, 86 F. Supp. 2d 212, 227 (S.D.N.Y. 2000) (noting that "it is not the credibility of the experts [on foreign law] that is at issue, it is the persuasive force of the opinions

they expressed") (quoting *Itar–Tass*, 153 F.3d at 92)). When analyzing the motion to dismiss, the Court will assume the facts alleged by the Plaintiffs are true and will rely on the sources of law submitted by the parties in their briefing, including the competing foreign law expert affidavits, to ascertain the application of Sudanese law in this case. Under such a procedural posture, discovery is not warranted.

For these reasons, Plaintiffs' request to depose Defendants' foreign law expert is denied. This resolves Docket Number 76.

SO ORDERED.

Dated: May 15, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4