UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENTESAR OSMAN KASHEF, *et al.*,

                    Plaintiffs,

        -against-

BNP PARIBAS S.A., BNP PARIBAS S.A. NEW
YORK BRANCH, BNP PARIBAS NORTH
AMERICA, INC., and DOES 2-10,

                    Defendants.

Civil No. 1:16-Civ-03228-AJN

Hon. Alison J. Nathan

**MEMORANDUM OF LAW OF DEFENDANTS BNP PARIBAS S.A. AND BNP
PARIBAS NORTH AMERICA, INC. IN SUPPORT OF THEIR MOTION FOR
PARTIAL RECONSIDERATION OF THE COURT'S FEBRUARY 16, 2021 OPINION
AND ORDER**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for Defendants BNP Paribas S.A. and BNP
Paribas North America, Inc.*

March 2, 2021

Pursuant to Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Defendants BNP Paribas S.A. and BNP Paribas North America, Inc. ("BNPP-NA," and collectively, the "BNPP Defendants") respectfully submit this memorandum of law in support of their motion for partial reconsideration of the Court's February 16, 2021 Opinion and Order (the "Opinion" or "Op."), ECF No. 193, which granted in part and denied in part the BNPP Defendants' motion to dismiss the Second Amended Complaint ("SAC").

The BNPP Defendants respectfully submit that the Opinion overlooked the BNPP Defendants' showing that the SAC lacks any non-conclusory allegations regarding BNPP-NA, and that BNPP-NA should accordingly be dismissed from the case.

## LEGAL STANDARD

Under Local Civil Rule 6.3, reconsideration is warranted where there are "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cunningham v. Ins. Co. of N. Am.*, 521 F. Supp. 2d 166, 173–74 (E.D.N.Y. 2006) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Reconsideration is particularly appropriate where a decision does not address a matter raised in the parties' briefing. *See id.* at 174 (movant properly sought reconsideration of "an issue originally asserted in [movant's] motion for summary judgment but not addressed in the Court's Order"); *see also Agence France Presse v. Morel*, 934 F. Supp. 2d 584, 586 n.1 (S.D.N.Y. 2013) (Nathan, J.) (granting reconsideration of matter raised in briefing but not addressed in prior opinion); *In re Harbinger Cap. Partners Funds Inv. Litig.*, No. 12 Civ. 1244 (AJN), 2013 WL 7121186, at *2 (S.D.N.Y. Dec. 16, 2013) (granting reconsideration where court overlooked sources of authority in prior decision).

**ARGUMENT**

The Opinion did not address the BNPP Defendants' argument that dismissal of BNPP-NA is warranted on the independent ground that there are no individual, non-conclusory allegations regarding BNPP-NA's conduct in the SAC.  The Court should therefore reconsider the matter and dismiss BNPP-NA from the case.  *See also, e.g.*, *Au New Haven, LLC v. YKK Corp.*, 15 Civ. 3411 (GHW), 2019 WL 2996473, at *1 (S.D.N.Y. July 8, 2019) (granting motion for reconsideration where movant's argument in underlying motion was not addressed); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 04 Civ. 3417 (SAS), 2007 WL 2936214, at *2 (S.D.N.Y. Oct. 4, 2007) (granting motion for reconsideration to address the impact of the court's ruling on a subset of defendants who had been omitted from the ruling).

To state a claim for secondary liability under Article 50(1) of the Swiss Code of Obligations, a plaintiff needs to allege that "(1) a main perpetrator committed an illicit act, (2) the accomplice consciously assisted the perpetrator and knew or should have known that he was contributing to an illicit act, and (3) their culpable cooperation was the natural and adequate cause of the plaintiff's harm or loss."  Op. at 4–5 (quoting Roberto Reply Dec., ECF No. 170 ¶ 6).  Based on this standard, and assuming plaintiffs' factual allegations are true, the Court determined that plaintiffs plausibly alleged that "BNPP's provision of illegal financial services to the Sudanese regime" could give rise to liability for at least some of plaintiffs' injuries.  Op. at 16; *see also* Op. at 9–13.  The Opinion does not address, and plaintiffs have failed to allege, this showing as to BNPP-NA specifically.

First, the SAC is wholly devoid of allegations regarding any participation by BNPP-NA in the conduct at issue—as demonstrated in the BNPP Defendants' prior briefing, (i) the SAC lacks any non-conclusory allegations about BNPP-NA's involvement in any of the wrongful

conduct alleged; (ii) the June 2014 plea agreements that provide the factual basis for the SAC do

not mention BNPP-NA; and (iii) BNPP-NA was at no point otherwise charged with or convicted

of violations of U.S. sanctions against Sudan.  *See* Mem. of Law of Defs. BNP Paribas S.A. and

BNP Paribas North America Inc. in Support of Their Mot. to Dismiss the Second Am. Compl. at

16 n.18, 35 (Mar. 21, 2017), ECF No. 69 ("BNPP Br."); Mem. of Law of Defs. BNP Paribas

S.A. and BNP Paribas North America, Inc. in Further Support of Their Mot. to Dismiss the

Second Am. Compl. at 15 (July 6, 2017), ECF No. 85; Letter of Defs. BNP Paribas S.A. and

BNP Paribas North America, Inc. at 2 n.3 (June 12, 2019), ECF No. 111 (renewing request to

dismiss the claims against BNPP-NA); Order (June 14, 2019), ECF No. 112; Supp. Br. of Defs.

BNP Paribas S.A. and BNP Paribas North America, Inc. in Further Support of Their Mot. to

Dismiss the Second Am. Compl. at 27 (Aug. 17, 2020), ECF No. 172; Tr. of Oral Argument at

14 (Nov. 5, 2020), ECF No. 191.[1]

As the BNPP Defendants demonstrated, BNPP-NA should be dismissed from the action

based on the rule that a complaint cannot "lump[ ] all the defendants together in each claim"

without providing "each defendant 'fair notice of what the [ ] claim is and the ground upon

which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation

omitted).  Instead, "th[e] required factual content must be pleaded with respect to each defendant

named in the complaint." *Concord Assocs., L.P. v. Entm't Props. Tr.*, No. 12 CIV. 1667 ER,

2014 WL 1396524, at *22 (S.D.N.Y. Apr. 9, 2014), *aff'd*, 817 F.3d 46 (2d Cir. 2016) (finding

allegations of intent alone insufficient to sustain conspiracy claim); *Ludwig's Drug Store, Iuc. v.*

---

[1] The Court did not previously reach this argument as it dismissed the SAC in its entirety in 2018 based
on the act of state doctrine, and in the alternative, as barred by the statute of limitations.  Opinion and
Order (Mar. 30, 2018), ECF No. 101.  The recent Opinion ruled that plaintiffs failed to state a claim for
primary liability under Swiss law, Op. at 5, and that plaintiffs' allegations, if true, could state a plausible
claim for secondary liability under Swiss law, Op. at 20, but did not address the BNPP Defendants'
separate arguments for dismissal of BNPP-NA.

*Forest City Enters., Inc*., No. 13 Civ. 6045 (MKB), 2016 WL 915102, at *10 (E.D.N.Y. Mar. 4, 2016) ("[A] complaint should provide 'specification of any particular activities by any particular defendant.'" (quoting *In re Elevator Antitr. Litig*., 502 F.3d 47, 50 (2d Cir. 2007)); *In re Dig. Music Antitr. Litig*., 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) ("The complaint alleges direct involvement of [certain defendants] by way of generic references to 'defendants.' This approach is insufficient." (citation omitted)); *see also* BNPP Br. at 35.

Second, in their briefing and at oral argument, plaintiffs identified only one allegation in the SAC's 529 paragraphs potentially connected to BNPP-NA: a statement attributed to the "Head of Ethics and Compliance for BNPP North America" referring to the Dutch bank ABN AMRO's violations of U.S. sanctions on Libya and Iran as "the dirty little secret," which plaintiffs contend indicated his knowledge of BNP Paribas's violations of U.S. sanctions on Sudan.  *See* SAC ¶ 186; Pls.' Opp. to Defs.' Mot. to Dismiss the Second Am. Compl. at 40 (May 22, 2017), ECF No. 80; Pls.' Mem. of Law In Opp. to the Supplemental Br. of Defs. BNP Paribas, S.A. and BNP Paribas North America, Inc. at 5 n.5 (Aug. 31, 2020), ECF No. 173; Tr. of Oral Argument at 28, ECF No. 191.  However, that bare allegation falls short of plaintiffs' burden to plead specific conduct by BNPP-NA giving rise to potential liability.  As both parties' experts agree, and as the Opinion held, Swiss law requires, among other things, *participation* by an alleged perpetrator in wrongful conduct.  *See* Op. at 8–9.  Thus, even if the quote in paragraph 186 of the SAC is attributed to an employee of BNPP-NA, that is, at most, an allegation related to purported knowledge and not participation by BNPP-NA, nor is there anything else in the SAC alleging participation by BNPP-NA.  Plaintiffs have therefore failed to plausibly allege any claims against BNPP-NA.

## CONCLUSION

For the reasons stated above, the Court should grant the BNPP Defendants' motion

for partial reconsideration and dismiss the SAC as to BNPP-NA.

Dated: New York, New
York March 2, 2021

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
    Carmine D. Boccuzzi, Jr.
    Jonathan I. Blackman
    Katherine R. Lynch
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000
    cboccuzzi@cgsh.com
    jblackman@cgsh.com
    kalynch@cgsh.com

    *Counsel for Defendants BNP Paribas S.A. and BNP*
    *Paribas North America, Inc.*

5