April 19, 2021

Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Kashef v. BNP Paribas SA*, Civ. 16-cv-3228 (AJN)

Dear Judge Nathan:

Plaintiffs, individually and as representatives of the proposed class, and Defendants BNP Paribas and BNP Paribas North America, Inc. ("BNPP-NA") (collectively, the "BNPP Defendants") jointly submit this letter pursuant to Your Honor's Notice of Initial Pretrial Conference (ECF No. 194).

**1.      Brief statement of the nature of the action and the principal defenses thereto.**

Plaintiffs' Statement: Plaintiffs bring this case on behalf of themselves and a proposed class of Sudanese-American refugees who suffered human rights abuses perpetrated by the Government of Sudan and its agents from 1997 through at least 2009. Plaintiffs allege that Defendants BNP Paribas, S.A.; BNP Paribas S.A. New York Branch ("the New York Branch"); and BNPP-NA are liable for their injuries pursuant to Article 50.1 of the Swiss Code of Obligations. In denying the motion to dismiss, the Court held that "Plaintiffs have plausibly alleged that BNPP consciously cooperated with the Sudanese regime, either knew or should have known that its assistance was contributing to the Regime's human rights abuses, and that this assistance was the natural and adequate cause of Plaintiffs' injuries." Opinion & Order, ECF No. 193 at 20. As the Court noted, "it is not just the mere *number* of links in the chain that determines whether it is reasonable to hold BNPP responsible, but also whether each subsequent link was the natural and foreseeable result of the former," which Plaintiffs had adequately alleged. *Id.* at 17.

BNP Paribas SA and BNPP-NA filed their Answer on April 15, 2021. The New York Branch did not answer, although this Court previously denied the motion to dismiss the New York Branch and no motion for reconsideration was filed as to that part of the Court's ruling.

BNPP Defendants' Statement: The BNPP Defendants respectfully submit that plaintiffs cannot meet their burden of proving any of the three requirements for secondary liability under Swiss law articulated by this Court:  that (1) the Sudanese government proximately caused plaintiffs' injuries; (2) the BNPP Defendants consciously cooperated with the Sudanese government in connection with the conduct leading to those injuries; and (3) the BNPP Defendants' conscious cooperation with the Sudanese government, if any, proximately caused plaintiffs' injuries.  Opinion and Order (Feb. 16, 2021), ECF No. 193, at 6, 9, 12.  Plaintiffs' attenuated casual chain requires them to prove that the BNPP Defendants are responsible for

Hon. Alison J. Nathan, p. 2

thousands of injuries ranging from human rights abuses to property damage, allegedly perpetrated by the government of Sudan and a purported loose network of various alleged government agents, over the course of over a decade and over a vast geographic area, at a time during which civil war was raging.  Second Amended Complaint ("SAC") ¶ 220.

BNP Paribas's Answer to the SAC also answers plaintiffs' claims against the New York Branch because, as a licensed foreign bank branch, Answer ¶ 53, ECF No. 213, the Branch "has no legal identity separate from" BNP Paribas, *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012). Plaintiffs' claims against the New York Branch and BNP Paribas are "one and the same." *Id.*

    **2.**       **Brief explanation of why jurisdiction and venue lie in this Court.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, has personal jurisdiction over each of the defendants, and venue is proper under 28 U.S.C. § 1391(a) and (b)(3). Plaintiffs alternatively asserted venue under 28 U.S.C. § 1391(b)(1) and (2).

    **3.**       **Brief description of all outstanding motions and/or all outstanding requests to file motions.**

On March 2, 2021, BNPP-NA filed a motion for partial reconsideration of the Court's February 16, 2021 Opinion and Order (ECF No. 197). Plaintiffs filed their opposition on March 15, 2021 (ECF No. 199), and BNPP-NA filed a reply on March 22, 2021 (ECF No. 200).

    **4.**       **Brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.**

The parties held a Rule 26(f) conference on April 7, 2021 and had a further discussion on April 19, 2021. No discovery has taken place other than expert discovery regarding Swiss law.

Plaintiffs' Statement: Plaintiffs believe that meaningful settlement negotiations could take place at any time.

BNPP Defendants' Statement: The BNPP Defendants respectfully submit that the Court should prioritize discovery concerning class certification issues particularly in light of the vast scope of the proposed class and the controlling and persuasive precedent indicating that class treatment would not be available here.

    **5.**       **List of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

The parties have not yet had any settlement discussions.

    **6.**       **Estimated length of trial.**

Plaintiffs' Statement: At this time, Plaintiffs estimate that the length of trial will be approximately one month.

Hon. Alison J. Nathan, p. 3

        BNPP Defendants' Statement: The BNPP Defendants respectfully submit that it would be premature to estimate the length of trial before the Court's decision on plaintiffs' class-certification motion.

        **7.        Any other information the parties believe may assist this Court in resolving the action.**

        The parties have met and conferred but have not reached agreement on all aspects of a proposed Case Management Plan and Scheduling Order. Plaintiffs' proposal is attached as Exhibit A, and the BNPP Defendants' proposal is attached as Exhibit B. The parties will be prepared to address their proposals at the Initial Pretrial Conference, and briefly set forth their positions below:

Plaintiffs' Statement

        Plaintiffs' proposed schedule would have all fact and expert discovery completed—and both class certification and summary judgment fully briefed—before the end of next year. This would ensure that the Court's certification decision will be based on a full record. *Cf.* CMO 3, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y.) (Exhibit C). In contrast, BNPP's position is that it should not produce a single document or witness until next year at the earliest: six years since this case was filed, and 25 years since the start of BNPP's sanctions evasion.

        *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), "illustrates the need to develop the record fully before a class motion can be considered." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012). "[B]ecause of the 'rigorous analysis' required by *Dukes*, courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Id.* at 300; *see also In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) ("If bifurcated, this Court would likely have to resolve needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery."); Fed. R. Civ. P. 23 adv. comm. note (describing this as an "artificial and ultimately wasteful division").

        BNPP's confidence that it ultimately will defeat certification cannot prevent discovery about its own knowledge and conduct. *See Rail Freight*, 258 F.R.D. at 175 ("The Court will not accept defendants' 'glowing assessment' of its own arguments—namely, that class certification will fail or be substantially narrowed—'as a reason to bifurcate.'"). "[P]redominance is a comparative standard," *In re Petrobras Sec.*, 862 F.3d 250 (2d Cir. 2017), but BNPP would tilt the scales by stacking evidence on the individual side of the balance, while depriving the Court of a record showing the common evidence of BNPP's collective fault, knowledge, foreseeability, and adequate causation, which would be the predominating issues at any class-wide trial.

        The principal case on which BNPP relies, *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 226 F.R.D. 456 (S.D.N.Y. 2005), does not support bifurcation. While certification was indeed denied in that case, all fact discovery had been completed by the time the court ruled, *see* Pretrial Scheduling Order, No. 01-9882, ECF No. 68, "during which Talisman Energy produced approximately 1,000,000 pages of documents and the parties took 95 depositions, mainly outside the United States." Conditional Cross-Pet. for Cert., 2010 WL 2062028, at *3. Moreover, the Alien Tort Statute claims in *Talisman* significantly differed from the Swiss law

Hon. Alison J. Nathan, p. 4

claims here, and involved a class of up to 250,000 people located in Sudan and around the world. Here, by contrast, the proposed class of about 15,000 United States citizens and permanent residents have already been determined to be "refugees" under 8 U.S.C. § 1101(a) and thus share the common fact of displacement due to "persecution or a well-founded fear of persecution."

In any event, the named plaintiffs will proceed with their individual claims with or without class certification and are entitled to discovery. *Rail Freight*, 258 F.R.D. at 174-75 (rejecting bifurcation for this reason among others). Moreover, should class certification be denied, or certified as to particular issues only, Fed. R. Civ. P. 23(c)(4), we expect that thousands of individual plaintiffs will then pursue their own cases against BNPP, all using the same common evidence to prove their claims. While class certification would be the "superior" means of "fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3), these claims will be litigated one way or the other, and there is no just reason to delay discovery any further.

<u>BNPP Defendants' Statement</u>

Plaintiffs propose to delay their class-certification motion until late 2022 after the close of class and merits discovery, in contravention of Federal Rule 23's direction that class certification be decided at "an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), and their own cited authorities, *see Rail Freight*, 258 F.R.D. at 176 (rejecting request to postpone class certification until the close of discovery).  The BNPP Defendants respectfully submit that the Court should set a schedule requiring plaintiffs to move for class certification in the near term, with any discovery focusing on issues relevant to class certification, followed by briefing and the Court's ruling on the class certification motion before the parties engage in full merits discovery.

The extraordinary breadth of plaintiffs' proposed class conflicts with clear precedent instructing that cases presenting "'significant questions, not only of damages but of liability and defenses of liability, ... affecting the individuals in different ways'" are generally "'not appropriate' for class treatment." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citation omitted).  The class definition here raises numerous individual issues that are not susceptible of class-wide proof, including each plaintiff's injury, how that injury was proximately caused by the government of Sudan, and how in turn the government of Sudan's actions were connected to the BNPP Defendants, and individual damages.  SAC ¶ 220.  As Judge Cote noted in twice denying certification of a putative class of Sudanese plaintiffs allegedly injured by the government of Sudan, aided by the Canadian oil corporation Talisman, "[i]t is the need for evidence of such linkage-for evidence of proximate causation-that signals the doom for Rule 23(b)(3) certification." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 226 F.R.D. 456, 482 (S.D.N.Y. 2005).  The "myriad individualized issues with respect to liability" also make issue class certification inappropriate here. *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2018 WL 1750595, at *20 (S.D.N.Y. Apr. 11, 2018). Plaintiffs' suggestion that refugee status alone would cure these individualized issues ignores that the proposed class is not limited to refugees, and even if it were, refugee status does not prove that the plaintiffs were "injured by . . . the GOS and its agents."  SAC ¶ 220.

While the Court's "rigorous analysis" of the Rule 23 requirements "[f]requently" will "entail some overlap with the merits of the plaintiff's underlying claim," *id.* at *5, 6 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)), Rule 23 also "grants courts no

Hon. Alison J. Nathan, p. 5

license to engage in free-ranging merits inquiries at the certification stage," *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013).  A "critical need" for the court at the class certification stage is to test whether the "issues likely to be presented at trial . . . are susceptible of class-wide proof."  Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment.  *Chen-Oster*, relied on by plaintiffs, did not authorize full merits discovery, and noted "[w]here it is likely that targeted discovery on a particular issue may be dispositive of class certification it is entirely appropriate to take that discovery first."  285 F.R.D. at 301 n.2.  Here, focusing on the BNPP Defendants' conduct at the class certification stage would not provide common answers to any of the individualized questions regarding plaintiffs' injuries, but would instead merely create "a protracted mini-trial of substantial portions of the underlying litigation."  *Royal Park*, 2018 WL 1750595, at *5 (quoting *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).  Moreover, if, as the BNPP Defendants will urge, certification is denied, the scope of the case will be drastically narrowed, which in turn will tailor the scope of merits discovery.  *See Kaatz v. Hyland's Inc.*, No. 16-CV-237 (VB), 2016 WL 3676697, at *6 (S.D.N.Y. July 6, 2016) (ordering parties to prioritize class discovery focusing on manageability concerns).

Respectfully submitted,

*/s/ Brent W. Landau*
HAUSFELD LLP
Brent W. Landau
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270
blandau@hausfeld.com

*Attorneys for Plaintiffs*

*/s/ Carmine D. Boccuzzi, Jr.*
CLEARY GOTTLIEB STEEN
 & HAMILTON LLP
Carmine D. Boccuzzi, Jr.
One Liberty Plaza
New York, NY 10006
(212) 225-2000
cboccuzzi@cgsh.com

*Attorneys for BNP Paribas and BNP Paribas North America, Inc.*

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.