UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kashef, *et al.*,

                Plaintiffs,

      –v–

BNP Paribas SA, *et al.*,

                Defendants.

16-cv-03228 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    The Defendants move for reconsideration of the Court's Opinion & Order granting in part and denying in part its motion to dismiss the Plaintiffs' claims. For the reasons that follow, that motion is DENIED.

## I. BACKGROUND

    In an Opinion & Order on February 16, 2021 the Court granted in part and denied in part the Defendants' motion to dismiss the Plaintiffs' claims for failure to state a claim under Swiss law. Dkt. No. 193. On March 2, 2021, the Defendants submitted a motion for reconsideration pursuant to Local Civil Rule 6.3 on the grounds that the Court failed to consider its argument that the Plaintiffs' Second Amended Complaint does not provide individualized, non-conclusory allegations against Defendant BNPP N.A. Dkt. No. 197, 198. That motion is now fully briefed. Dkt. No. 199, 200.

## II. DISCUSSION

    A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

1

*Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quotations omitted). To succeed on a motion for reconsideration, the movant must show not just that the Court "overlooked factual matters or controlling precedent," but that had those matters or precedent been "presented to it on the underlying motion," then the Court "would have changed its decision." *In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004) (citing S.D.N.Y. Local Civil Rule 6.3). Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).

The Defendants move for reconsideration on the grounds that the Court did not expressly address their argument that the Second Amended Complaint contains no individual, non-conclusory allegations regarding the conduct of Defendant BNPP N.A. The Defendants are correct that the Court did not expressly address this argument in its Opinion & Order. However, even if the Court had directly addressed it, the Court nonetheless would not have dismissed the claims because, as explained below, Plaintiffs' allegations against Defendant BNPP N.A. are sufficient at this stage. *See Kriss v. Bayrock Grp. LLC*, No. 10CIV3959LGSDCF, 2017 WL 1901966, at *2 (S.D.N.Y. May 8, 2017) (declining to grant a motion for reconsideration because even if the court had addressed the argument it "would not change the outcome of the motion to dismiss.").

The Second Circuit has explained that, while a complaint need not be "a model of clarity or exhaustively present the facts alleged," it must at minimum "give each defendant fair notice of

what the plaintiff's claim is and the ground upon which it rests" under Federal Rule of Civil Procedure 8. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotations omitted). If a complaint "lump[s] all the defendants together in each claim [without] providing [a] factual basis to distinguish their conduct" then it "fail[s] to satisfy this minimum standard." *Id. See, e.g., SCE Grp. Inc. v. City of New York,* No. 18 CIV. 8909 (AT), 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020).

Though "lumping" defendants together may in many instances be improper, the Second Circuit has also made clear that Plaintiffs do not always need to "separate out claims against individual defendants" as long as those defendants have "notice of the substance of plaintiff's claims" against them. *Wynder v. McMahon,* 360 F.3d 73, 80 (2d Cir. 2004) (cleaned up). In particular, if a plaintiff alleges that multiple defendants engaged in the same conduct, the plaintiff may properly make "allegations against 'Defendants' collectively." *Ritchie v. N. Leasing Sys., Inc.,* 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014). *See, e.g., David v. Weinstein Co. LLC*, No. 18-CV-5414 (RA), 2019 WL 1864073, at *5 (S.D.N.Y. Apr. 24, 2019) (holding that collective allegations against a group of directors at a company for enabling the sexual misconduct of another defendant were sufficient because the plaintiff "makes clear that each of them had knowledge of [the] behavior, yet did nothing to stop . . . further misconduct."); *Anwar v. Fairfield Greenwich Ltd.,* 728 F. Supp. 2d 372, 422-23 (S.D.N.Y. 2010) (concluding that though the "Plaintiffs do make certain allegations against the [] Defendants as a whole," the Plaintiffs "assert a factual basis for doing so" and "clearly define . . . [the] relationship among the [the] Defendants," and thus "Plaintiffs have provided sufficient notice to each of the [] Defendants of the claims against them.").

3

It may be especially appropriate to refer to defendants collectively where the defendants are related corporate entities, as opposed to unaffiliated entities or individuals, accused of acting in concert. To be sure, a plaintiff may not merely list all affiliated entities of a corporation without providing any factual basis for their involvement in the alleged conduct. *See In re Digital Music Antitrust Litig.,* 812 F. Supp. 2d 390, 417 (S.D.N.Y. 2011) (dismissing claims against defendants' parent companies because "[t]he complaint alleges direct involvement of the Parent Companies [only] by way of generic references to 'defendants.'"). But if a group of entities is accused of acting jointly, "[a]t this stage of the proceedings, the [plaintiff] is not required to plead specific details as to which entity did what during the alleged course of misconduct." *Consumer Fin. Prot. Bureau v. RD Legal Funding, LLC*, 332 F. Supp. 3d 729, 771 (S.D.N.Y. 2018), *aff'd in part, rev'd in part and remanded other grounds*, 828 F. App'x 68 (2d Cir. 2020). As long as the plaintiff provides a factual basis for the joint activity by the defendants, a defendant has adequate notice of the claims against it. *See Vantone Grp. Liab. Co. v. Yangpu NGT Indus. Co.*, No. 13CV7639-LTS-MHD, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015) (holding that because the complaint "alleges joint activity amongst the [] Defendants" that "it need not elaborate extensively on the details with regard to each defendant to comply with Rule 8.").

Therefore, the question is not to what degree Plaintiffs independently refer to "BNPP Paribas N.A." in their complaint, but whether they "pleaded enough to put" BNPP Paribas N.A. "on notice of the factual bases of the pleaded claims" against it. *Lopez v. BigCommerce, Inc.*, No. 16-CV-8970 (JPO), 2017 WL 3278932, at *2 (S.D.N.Y. Aug. 1, 2017). And the Second Circuit has cautioned that dismissal on these grounds is not to be taken lightly, and instead is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or

otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiffs' Second Amended Complaint clears this hurdle. Each of Plaintiffs' various tort law claims are against "All Defendants," Dkt. No. 49 at 102-156, and the Second Amended Complaint alleges that all defendants acted in concert to commit these violations, *id.* ¶ 57. Under Swiss law, Plaintiffs must allege that the Defendants knew or should have known that they were contributing the Sudanese regime's illicit acts and that their conduct was the natural and adequate cause of Plaintiffs' injuries. Dkt. 193 at 4-5. Plaintiffs sufficiently state these allegations as to BNPP N.A.

First, the SAC adequately alleges that BNPP N.A. "contributed" to the regime's illicit acts. The crux of Plaintiffs' allegations is that the defendants, collectively referred to as "BNPP," knowingly assisted the Sudanese regime in evading U.S. sanctions by facilitating financial transactions on behalf of the regime through the United States. *See* Dkt. No. 49 ¶ 1. Although the alleged conduct was primarily committed in Switzerland through BNP Paribas S.A.'s Geneva branch, the SAC alleges that it was a component of the scheme that funds be cleared through financial institutions in New York, including through or with the help of its employees in the United States. Dkt. No. 151 at 12-13; Dkt. No. 49 ¶¶ 18, 266, 270. According to the SAC, "BNPP N.A." and "BNP Paribas, S.A. New York Branch" are wholly owned subsidiaries of BNP Paribas S.A. that operate out of the same address on Seventh Avenue in New York City. Dkt. No. 49 ¶¶ 54-55. Although the SAC does not meticulously delineate the allocation of responsibility between the U.S. entities in overseeing and facilitating the clearing of funds, "[p]rior to discovery, plaintiff need not explain the details of each defendant's role in the

planning . . . and executing" of an "alleged joint [] scheme." *Hudak v. Berkley Grp., Inc.,* No. 3:13-CV-00089-WWE, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014).

Moreover, the complaint alleges that BNPP N.A. knew or should have known of its contribution to the Sudanese regime's illicit act. The SAC alleges that, based on the available information at the time and the defendants attempts to conceal its conduct, all defendants were aware of the genocide campaign in Sudan and that their assistance to the regime was furthering it. *See* Dkt. No. 49 ¶¶ 111-112, 153-190. And Plaintiffs specifically allege that BNPP N.A., per comments of its Head of Ethics and Compliance, was aware of the purported "dirty little secret," which allegedly was that the BNPP defendants were violating U.S. Sanctions. *Id.* ¶ 186.

In sum, at the pleading stage, Plaintiffs' Second Amended Complaint has sufficiently put all defendants on notice of the nature of the claims against them and thus the Court will not grant dismissal of the claims against BNPP N.A. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

### III. CONCLUSION

For the reasons stated above, the Defendants' motion for reconsideration is DENIED. This resolves Dkt. No. 197.

SO ORDERED.

Dated: April 26, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge