**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENTESAR OSMAN KASHEF, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BNP PARIBAS S.A., BNP PARIBAS S.A. NEW YORK BRANCH, BNP PARIBAS NORTH AMERICA, INC., and DOES 2-10,<br><br>*Defendants*. | No. 1:16-cv-03228-AJN |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND FOR**
**CERTAIN PLAINTIFFS TO PROCEED ANONYMOUSLY**

**TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................................1

**BACKGROUND** ....................................................................................................................2

**ARGUMENT** .........................................................................................................................3

   **I.**   **PLAINTIFFS' MOTION TO AMEND THE COMPLAINT IS WARRANTED** .......3

      **A.**  The Standard to Amend and Add Plaintiffs Is Liberal .......................................................3

      **B.**  Plaintiffs' Proposed Amendments Easily Meet the Standard...........................................4

      **C.**  Defendants Suffer No Prejudice by the Amendment ........................................................5

   **II.**  **CERTAIN PLAINTIFFS SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY** ................................................................................................................7

      **A.**  This Court's Previous Order Shielding Certain Plaintiffs' Identities from Public Access Is Equally Applicable Here for all Anonymous Plaintiffs.........................................................7

      **B.**  The Second Circuit Balancing Test Weighs in Favor of Anonymous Plaintiffs' Request to Proceed by Pseudonym ........................................................................................................9

**CONCLUSION** ....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Annunziato v. Collecto, Inc.*,
  293 F.R.D. 329 (E.D.N.Y. 2013)..................................................................................4-5

*Cesari S.r.L. v. Peju Province Winery L.P.*,
  No. 17-cv-873 (NRB), 2020 WL 1126833 (S.D.N.Y. Feb. 24, 2020) ................................5, 6

*In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*,
  No. 14-md-2548 (VEC), 2017 WL 9480384 (S.D.N.Y. June 8, 2017).....................................4

*Cortigiano v. Oceanview Manor Home for Adults*,
  227 F.R.D. 194 (E.D.N.Y. 2005)..........................................................................................3, 5

*Daly v. Standard Shipping Co.*,
  No. 90-cv-3896 (DRH), 1993 WL 41759 (E.D.N.Y. Feb. 16, 1993)........................................4

*Doe ex rel. Doe No. 1 v. Nygard*,
  No. 20-cv-6501 (ER), 2020 WL 4890427 (S.D.N.Y. Aug. 20, 2020) .................................9-10

*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006)................................................................................10, 11, 12

*Doe v. Barr*,
  479 F. Supp. 3d 20 (S.D.N.Y. 2020) .........................................................................9, 10, 11

*E.E.O.C. v. ABM Indus. Inc.*,
  249 F.R.D. 588 (E.D. Cal. 2008)............................................................................................12

*Forstmann Leff Assocs. v. Am. Brands, Inc.*,
  No. 88-cv-4485 (JMC), 1991 WL 168002 (S.D.N.Y. Aug. 16, 1991)......................................4

*Fund Liquidation Holdings LLC v. Bank of Am. Corp.*,
  991 F.3d 370 (2d Cir. 2021) .....................................................................................................4

*Gilliam v. Addicts Rehab. Ctr. Fund*,
  No. 05-cv-3452 (RJH)(RLE), 2006 WL 1049352 (S.D.N.Y. Apr. 19, 2006).......................3, 4

*Hahn v. Domy Rooms, Inc.*,
  No. 07-cv-8013 (FM), 2008 WL 3874313 (S.D.N.Y. Aug. 18, 2008)......................................6

*Kashef v. BNP Paribas S.A.*,
  No. 16-cv-3228 (AJN), 2021 WL 603290 (S.D.N.Y. Feb. 16, 2021) ................................1, 6-7

*N. Assurance Co. of Am. v. Formosa Plastics Corp., U.S.A.*,
  No. 10-cv-3001 (BSJ), 2011 WL 2421312 (S.D.N.Y. June 13, 2011) ........................................ 4

*In re Namenda Direct Purchaser Antitrust Litig.*,
  331 F. Supp. 3d 152 (S.D.N.Y. 2018) ..................................................................................... 5

*Powell v. Ocwen Fin. Corp.*,
  No. 18-cv-1951 (VSB)(SDA), 2019 WL 6210810 (S.D.N.Y. Nov. 21, 2019) ......................... 5

*Principal Nat'l Life Ins. Co. v. Coassin*,
  No. 3:13-cv-1520 (JBA), 2015 WL 3466111 (D. Conn. June 1, 2015) .................................... 8

*R.F.M. v. Nielsen*,
  365 F. Supp. 3d 350 (S.D.N.Y. 2019) ................................................................................... 12

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*,
  46 F.3d 230 (2d Cir. 1995) ...................................................................................................... 3

*Scott v. Graham*,
  No. 16-cv-2372 (KPF)(JLC), 2016 WL 6804999 (S.D.N.Y. Nov. 17, 2016) .......................... 8

*Sealed Plaintiff v. Sealed Defendant #1*,
  537 F.3d 185 (2d Cir. 2008) ............................................................................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 6 .................................................................................................. 1

Federal Rule of Civil Procedure 15 ........................................................................................*passim*

Federal Rule of Civil Procedure 21 ........................................................................................*passim*

...

## INTRODUCTION

Plaintiffs respectfully seek leave to file a Third Amended Complaint[1] ("TAC"), which would add several class representatives, among other changes, and for some Plaintiffs to proceed anonymously. Plaintiffs allege that Defendants BNP Paribas S.A., BNP Paribas S.A. New York Branch, and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.) (collectively, "Defendants" or "BNPP") operated for ten years as the *de facto* central bank of the Government of Sudan, criminally conspiring for a decade with the brutal regime of Omar al-Bashir and facilitating grave human rights abuses against Sudan's black African civilians, including Plaintiffs. *See generally Kashef v. BNP Paribas S.A.*, No. 16-cv-3228 (AJN), 2021 WL 603290 (S.D.N.Y. Feb. 16, 2021).

The Second Amended Complaint ("SAC") was filed on January 20, 2017. Dkt. No. 49. After multiple rounds of briefing on Defendants' motion to dismiss, including an appeal to the Second Circuit, the Court denied in part and granted in part Defendants' motion to dismiss the SAC on February 16, 2021 (the "February 16, 2021 Opinion and Order"). *See Kashef*, 2021 WL 603290, at *10. On May 6, 2021, the Court entered a Civil Case Management Plan and Scheduling Order, Dkt. No. 229 (the "Scheduling Order"). Under the Scheduling Order, the Court ordered Plaintiffs to file any motion to amend or to join additional parties within 30 days from entry of the Order.[2] *See* Dkt. No. 229 at 2.

For the reasons set forth herein, this Motion under Federal Rules of Civil Procedure 15(a) and 21 should be granted.

---

[1] The proposed Third Amended Complaint is attached hereto as Exhibit 1, its exhibits are attached hereto as Exhibits 2 and 3, and a redline comparing the proposed Third Amended Complaint with the Second Amended Complaint is attached hereto as Exhibit 4.

[2] Thirty days after May 6, 2021 is June 5, 2021, which is a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a)(1), the deadline is therefore Monday, June 7, 2021.

1

## BACKGROUND

Plaintiffs' proposed TAC would amend the complaint in several principal ways:

First, Plaintiffs seek to add six new class representatives, two of whom seek leave to proceed anonymously: John Doe, Hamdan Juma Abakar, Judy Roe, Abulgasim Suleman Abdalla, Isaac Ali, and Kuol Shbur. They would join the thirteen current class representatives.[3]

Second, the TAC would clarify the factual allegations concerning the individual Plaintiffs. For example, as to Plaintiff Hawa Mohamed Omar, this includes correcting a detail about the items Omar sold at market from her family's farm. TAC ¶ 36. For Plaintiff Abbo Abakar, the TAC clarifies details about his specific experience when the Janjaweed attacked his village and he heard gunshots and saw buildings burning. TAC ¶ 35. The TAC contains similar clarifications for the other Plaintiffs. *See* TAC ¶¶ 30, 33, 35-39, 41-44, 47, 49.

Third, Plaintiffs have clarified the basis of jurisdiction, TAC ¶ 58, revised the proposed class definition, TAC ¶ 220, and made various changes to other class action allegations, TAC ¶¶ 223-46 .

Fourth, Plaintiffs have referenced the Second Circuit's opinion on the statute of limitations, TAC ¶ 256a, and acknowledged this Court's February 16, 2021 Opinion and Order applying Swiss law. TAC nn. 172-78.

Fifth, Plaintiffs have updated the name of BNPP's North American entity, as requested by Defendants, and removed the Doe defendants. Importantly the proposed TAC does not change any of the substantive allegations concerning Defendants' conduct.

Finally, Plaintiffs have made certain conforming amendments throughout the document as reflected on the redline attached as Exhibit 4.

---

[3] The Court previously approved the voluntary dismissal of eight of the original class representatives. Dkt. Nos. 219, 220, 221, 222, 223, 224, 225, 226. The TAC would delete the paragraphs related to these dismissed plaintiffs.

**ARGUMENT**

**I. PLAINTIFFS' MOTION TO AMEND THE COMPLAINT IS WARRANTED**

    **A.    The Standard to Amend and Add Plaintiffs Is Liberal**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In general, a motion for leave to amend is addressed to the discretion of the district court." *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 201 (E.D.N.Y. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15(a) is interpreted liberally and amendment is normally permitted. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995). "[T]he refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05-cv-3452 (RJH)(RLE), 2006 WL 1049352, at *1 (S.D.N.Y. Apr. 19, 2006) (quoting *Foman*, 371 U.S. at 182).

"In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery." *Gilliam*, 2006 WL 1049352, at *2 (citing *Rohrer v. FSI Futures, Inc.*, 1997 WL 792955, at *1 (S.D.N.Y. Dec. 23, 1997)). "The addition of new parties to an action is governed by Rule 21, which provides that [p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." *Id.* (quotation omitted). "In deciding whether a party may be added under this rule, the Court is guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Id.* (quoting *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)).

"Leave to amend will generally be granted where the moving party has demonstrated at least colorable grounds for relief absent a showing of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment." *Cortigiano*, 227 F.R.D. at 201. (internal quotation omitted). "In determining what

3

constitutes 'prejudice,' courts consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-md-2548 (VEC), 2017 WL 9480384, at *3 (S.D.N.Y. June 8, 2017) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)) (alteration omitted). As detailed below, Defendants will suffer no prejudice by the requested amendment.

      **B.**    **Plaintiffs' Proposed Amendments Easily Meet the Standard**

Plaintiffs' proposed amendments are typical of amendments permitted under Rule 15 and additions permitted under Rule 21. Courts routinely grant leave to file an amended complaint where the amendments clarify details and factual allegations. *See Forstmann Leff Assocs. v. Am. Brands, Inc.*, No. 88-cv-4485 (JMC), 1991 WL 168002, at *4-7 (S.D.N.Y. Aug. 16, 1991); *see also N. Assurance Co. of Am. v. Formosa Plastics Corp., U.S.A.*, No. 10-cv-3001 (BSJ), 2011 WL 2421312, at *1 (S.D.N.Y. June 13, 2011) (motion for leave to amend answer "in order to [] correct a factually incorrect admission" granted). Here, the TAC clarifies and corrects details concerning the circumstances of harm sustained by each Plaintiff in Sudan. Courts regularly grant permission to add class representatives particularly where, as here, the case is still pre-certification. *See Gilliam*, 2006 WL 1049352, at *2.[4]

In addition, motions to amend are routinely granted to clarify or correct issues like jurisdiction. *See Daly v. Standard Shipping Co.*, No. 90-cv-3896 (DRH), 1993 WL 41759, at *1 (E.D.N.Y. Feb. 16, 1993). Finally, courts permit amendment to refine the class definition. *See*

---

[4] The limitations period is tolled for new representative plaintiffs added to an existing class action. *See Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 393 (2d Cir. 2021).

*Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 333 (E.D.N.Y. 2013) (granting the plaintiff's motion to amend the complaint, which "primarily s[ought] to refine the proposed class definition").[5]

Accordingly, the proposed amendments are well within Rule 15's liberal standard.

### C.   Defendants Suffer No Prejudice by the Amendment

To deny a motion to amend under Rule 15 or a motion to add parties under Rule 21, the Court must find undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment. *See Cortigiano*, 227 F.R.D. at 201. The burden is on Defendants to make this showing. *See Powell v. Ocwen Fin. Corp.*, No. 18-cv-1951 (VSB)(SDA), 2019 WL 6210810, at *2 (S.D.N.Y. Nov. 21, 2019). Furthermore, "[w]hile the Court considers prejudice to the party opposing a motion for leave to amend, only prejudice that is undue justifies denial of such a motion." *Cesari S.r.L. v. Peju Province Winery L.P.*, No. 17-cv-873 (NRB), 2020 WL 1126833, at *3 (S.D.N.Y. Feb. 24, 2020).

First, there is no undue delay in Plaintiffs' motion to amend and to add parties. Plaintiffs have moved less than six weeks after the initial pretrial conference and within the time frame set by the Court's scheduling order. *See* Scheduling Order. Moreover, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Cesari*, 2020 WL 1126833, at *4 (alterations omitted). Here, there is no bad faith or dilatory motive. Discovery was stayed during the pendency of Defendants' motion to dismiss, which was partially denied in the February 16, 2021 Opinion and Order. No party has yet responded to initial requests for production of documents.

Second, Defendants need not expend significant additional resources to answer the amended complaint. The parties are at the very beginning of discovery, weeks after service of the

---

[5] At the class certification stage, the Court will in any event not be bound by the class definition alleged in the complaint. *See In re Namenda Direct Purchaser Antitrust Litig.*, 331 F. Supp. 3d 152, 210-11 (S.D.N.Y. 2018).

5

Initial Disclosures and less than one month after the Amended Answer was filed, Dkt. No. 230. *See Hahn v. Domy Rooms, Inc.*, No. 07-cv-8013 (FM), 2008 WL 3874313, at *3 (S.D.N.Y. Aug. 18, 2008) (finding no prejudice where the parties had only exchanged initial disclosures). Plaintiffs are prepared to supplement their Initial Disclosures to add information pertaining to the newly added representatives within seven days of the Court's granting leave to amend, and are willing to have the document requests Defendants have served apply to all representative Plaintiffs in the TAC, obviating the need for Defendants to revise them and serve them again. Further, mere "[a]llegations that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice." *Cesari*, 2020 WL 1126833, at *3 (quotation omitted). Indeed, "'the burden of undertaking discovery hardly amounts to prejudice outweighing the policy of Rule 15(a),'" particularly when discovery remains open. *Id.*, at *4 (quoting *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 43 (2d Cir. 1979)) (alteration omitted). Plaintiffs are also prepared to agree to a reasonable extension of Defendants' time to answer the TAC.

Third, Plaintiffs' proposed amendments do not change any allegations about BNPP's conduct. Defendants are already on notice of the allegations against them from both the SAC and the February 16, 2021 Opinion and Order. *See Hahn*, 2008 WL 3874313, at *3 (granting motion to amend where the defendants were already on notice of the amended complaint's claims).

Fourth, Plaintiffs will of course agree that all decisions as to the surviving claims for relief in the February 16, 2021 Opinion and Order apply with equal force to a Third Amended Complaint.

Finally, there can be no showing that amendment would be futile. This Court has already found that the allegations about Defendants' conduct state a claim for relief under Article 50 of the Swiss Code of Obligations, and those allegations have not changed. *See Kashef*, 2021 WL

6

603290, at *2. For all of these reasons, leave to amend and to add class representatives should be granted.

## II. CERTAIN PLAINTIFFS SHOULD BE PERMITTED TO PROCEED ANONYMOUSLY

Five plaintiffs propose proceeding pseudonymously in the TAC (together, "Anonymous Plaintiffs"). John Doe and Judy Roe, whom Plaintiffs propose adding in the Third Amended Complaint, seek authorization from the Court to proceed anonymously. John Doe has asserted claims arising from, *inter alia*, sexual assault by captors in Sudan, TAC ¶ 50, and Judy Roe has asserted claims that include rape in front of family members and infection with HIV in Sudan. TAC ¶ 50b. For the avoidance of doubt, current Plaintiffs Jane Doe, Jane Roe, and Judy Doe ask the Court to expressly authorize them to continue proceeding anonymously. Jane Doe, Jane Roe, and Judy Doe all assert claims arising from, *inter alia*, rapes committed in Sudan, and for Jane Roe and Judy Doe, infection with HIV in Sudan. TAC ¶¶ 37, 41, 44.

This Court previously protected the true identities of Jane Roe and Judy Doe from public disclosure based upon privacy concerns and should apply the same protections here for all Anonymous Plaintiffs. *See* Order, February 17, 2017, Dkt. No. 52 ("February 17, 2017 Order") at 1. The Anonymous Plaintiffs have heightened concerns about their private information being known to the public and by their children, as well as a fear of being ostracized in their respective Muslim and Christian communities. All Anonymous Plaintiffs also qualify to proceed by pseudonym under the prevailing Second Circuit standard. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008).

### A. This Court's Previous Order Shielding Certain Plaintiffs' Identities from Public Access Is Equally Applicable Here for all Anonymous Plaintiffs

On February 6, 2017, Plaintiffs requested the Court seal certain documents that revealed the true identities of Plaintiffs Jane Roe and Judy Doe. *See* Plaintiffs' Letter to Court (Redacted),

7

February 6, 2017, Dkt. No. 63 at 1. On February 17, 2017, this Court ordered the requested documents sealed, finding that "[t]he proposed redactions [seeking to conceal the identity of certain victims of sexual abuse and information related to their health] are appropriately tailored to protect the parties' personal privacy interests and circumscribed in their scope." February 17, 2017 Order at 1. The Court also held that "to the extent that the documents are judicial documents, the proposed redactions are 'necessary to preserve higher values' and 'narrowly tailored to achieve that aim.'" *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d. Cir. 2010)); *see also Scott v. Graham*, No. 16-cv-2372 (KPF)(JLC), 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016) (granting request to redact rape victim's name because "safeguarding the identity of a rape victim" is "a compelling reason to limit the general public's access to the documents filed in this case"); *Principal Nat'l Life Ins. Co. v. Coassin*, No. 3:13-cv-1520 (JBA), 2015 WL 3466111, at *2 (D. Conn. June 1, 2015) (permitting the defendants to "redact information about [a particular person's] health").

Similar to the circumstances that gave rise to the Court's February 17, 2017 Order, the request here to maintain the anonymity of all Anonymous Plaintiffs in the TAC is essential to preserving higher values and is narrowly tailored. In Sudan, all Anonymous Plaintiffs experienced either sexual assault or rape and three were infected with HIV. TAC ¶¶ 37, 41, 44, 50, 50b. All Anonymous Plaintiffs face a significant risk of being ostracized in their close-knit community of Sudanese-Americans should information relating to their health status become a matter of public record. The public nature of this action, especially among Plaintiffs' families, friends, and community members, makes this concern more acute. The request here is narrowly tailored; all Anonymous Plaintiffs seek the same accommodation previously granted to Jane Roe and Judy

8

Doe, that their names in the TAC remain anonymous while the descriptions of their claims remain set out in full.

### B. The Second Circuit Balancing Test Weighs in Favor of Anonymous Plaintiffs' Request to Proceed by Pseudonym

Courts in the Second Circuit have "recognized an exception to the rules requiring disclosure of party identities in cases that implicate individual privacy concerns." *Doe v. Barr*, 479 F. Supp. 3d 20, 25 (S.D.N.Y. 2020) (internal quotations and citations omitted). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. The Second Circuit has laid out a non-exhaustive ten-factor balancing test to weigh the plaintiff's need for anonymity against the "countervailing interests in full disclosure." *Id.* The factors include:

> [1.] whether the litigation involves matters that are highly sensitive and of a personal nature; [2.] whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; [3.] whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; [4.] whether the plaintiff is particularly vulnerable to the possible harms of disclosure in light of his or her age; [5.] whether the suit is challenging the actions of the government or that of private parties; [6.] whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; [7.] whether the plaintiff's identity has thus far been kept confidential; [8.] whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity; [9.] whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and [10.] whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Doe v. Barr*, 479 F. Supp. 3d at 25-26 (quoting *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up)). Although the *Sealed Plaintiff* factors "are highly instructive, courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance relevant interests at stake when reaching a conclusion." *Doe ex rel. Doe No. 1 v. Nygard*, No. 20-cv-6501

9

(ER), 2020 WL 4890427, at *2 (S.D.N.Y. Aug. 20, 2020) (relying on *Sealed Plaintiff*, 537 F.3d at 191 n.4). The great weight of the factors favors permitting Anonymous Plaintiffs to proceed by pseudonym.

The litigation involves matters that are highly sensitive and of a personal nature. Identification poses a risk of retaliatory harm to Anonymous Plaintiffs and their family members. *See Sealed Plaintiff*, 537 F.3d at 190 (factors 1-3). Prior to filing this suit, while all Anonymous Plaintiffs were still living in Sudan, they were subjected to horrific acts of sexual violence causing permanent mental and physical harm, which give rise to claims in this action. TAC ¶¶ 37, 41, 44, 50, 50b. For Jane Doe, these abuses included repeated rape. TAC ¶ 37. For Jane Roe, these abuses included repeated rape for days that infected her with HIV and caused her to miscarry her existing pregnancy. TAC ¶ 41. For Judy Doe, these abuses included repeated rape and infection with HIV. TAC ¶ 44. For John Doe, these abuses included sexual assault. TAC ¶ 50. For Judy Roe, these abuses included rape in front of family members and infection with HIV. TAC ¶ 50b. Many courts have found that facts relating to "HIV status [and] history of abuse" are "highly sensitive and personal." *Doe v. Barr*, 479 F. Supp. 3d at 26; *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (collecting cases where courts granted anonymity to protect against "a wide range of issues involving matters of the utmost intimacy, including sexual assault," rape, and status as an AIDS patient).

Moreover, as set out *supra*, § II.A., these Anonymous Plaintiffs face a real risk of being ostracized in their close-knit, religious communities of Sudanese-Americans should information relating to their health status become a matter of public record. The public nature of this action, especially among Anonymous Plaintiffs' friends and community members, makes this concern more acute.

Furthermore, Defendants are not prejudiced by allowing these five Plaintiffs to proceed anonymously. *See Sealed Plaintiff*, 537 F.3d at 190 (factor 6). Defendants previously consented to sealing and redacting documents in this case in order to protect the real identities of Jane Roe and Judy Doe. *See* Plaintiffs' Letter to Court (Redacted), February 6, 2017, Dkt. No. 63 at 2. Defendants will not be prejudiced if the Anonymous Plaintiffs are allowed to proceed anonymously because it will not prevent them from mounting a defense. Subject to the parties' agreement on a protective order, the true identities of the Anonymous Plaintiffs will be revealed to Defendants, which also weighs against any possible prejudice. *See Doe No. 2 v. Kolko*, 242 F.R.D. at 198 (holding that where the defendants already knew the plaintiff's identity, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers"). In addition, because other Plaintiffs "in this Court alleging similar conduct [] will be proceeding under their real names, defendants will have an unfettered opportunity to present their defenses and to challenge the credibility of [the] accusers." *Id.*

In addition, the identities of the Anonymous Plaintiffs are presently confidential (*see Sealed Plaintiff*, 537 F.3d at 190 (factor 7)) in no small part due to previous agreement from Defendants and permission from the Court with respect to Jane Roe and Judy Doe. *See, e.g.*, *Doe v. Barr*, 479 F. Supp. 3d at 26 (when considering factors for anonymity, fact that in related previous litigation judge permitted use of proceeding under pseudonym weighed in favor of request for anonymity).

Moreover, the public interest is not furthered by disclosing the names of the anonymously named Plaintiffs. *See Sealed Plaintiff*, 537 F.3d at 190 (factors 8-9). In *Doe No. 2 v. Kolko*, the court found that in general, "the public . . . has a strong interest in protecting the identities of sexual

11

assault victims so that other victims will not be deterred from reporting such crimes." 242 F.R.D. at 195; *see also E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 593-95 (E.D. Cal. 2008) (court applied the Ninth Circuit anonymity balancing test endorsed by the Second Circuit in *Sealed Plaintiff*, 537 F.3d at 189, and permitted eight intervening plaintiffs to proceed anonymously because the case concerned allegations of sexual harassment and sexual crimes in a small community and the plaintiffs' fear of physical retaliation from the defendant outweighed the public's interest in knowing their identities).

Finally, no feasible alternatives exist to protect the identities of the Anonymous Plaintiffs. *See Sealed Plaintiff*, 537 F.3d at 190 (factor 10). This district's decision in *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019) squarely resolves this factor in favor of anonymity. In *R.F.M.*, the court doubly rejected the defendants' argument that some documents should be redacted or filed under seal instead of granting the plaintiffs' request to proceed anonymously, finding that "[1] there is no reason to think that redacted documents would further the public's interest in disclosure any more than documents identifying plaintiffs by their initials and . . . [2 the] risk of prejudice to the defendants has been mitigated because the plaintiffs have disclosed their identities to the defendants." 365 F. Supp. 3d at 372. The *R.F.M.* court's rationale applies with equal force to the Anonymous Plaintiffs.

The *Sealed Plaintiff* factors weigh in favor of allowing Anonymous Plaintiffs to commence or continue with this action anonymously. Accordingly, this Court should find that the Anonymous Plaintiffs are permitted to proceed by pseudonym.

## CONCLUSION

For the reasons stated herein, the Court should grant leave for Plaintiffs to file the Third Amended Complaint and for the Anonymous Plaintiffs to proceed by pseudonym.

Dated: June 7, 2021

Respectfully submitted,

*/s/ Kathryn Lee Boyd*
Kathryn Lee Boyd
Shira Lauren Feldman
Theodor Bruening
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
(646) 480-1453
(646) 396-6452
lboyd@hechtpartners.com
sfeldman@hechtpartners.com
tbruening@hechtpartners.com

*/s/ Brent W. Landau*
Brent W. Landau
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3273
blandau@hausfeld.com

Michael D. Hausfeld
Richard S. Lewis
Scott A. Gilmore
Amanda E. Lee-DasGupta
Claire A. Rosset
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
rlewis@hausfeld.com
sgilmore@hausfeld.com
alee@hausfeld.com
crosset@hausfeld.com

*Counsel for Plaintiffs*