USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENTESAR OSMAN KASHEF, *et al.*,

    *Plaintiffs*,

    v.

BNP PARIBAS S.A., BNP PARIBAS S.A.
NEW YORK BRANCH, and BNP PARIBAS
US WHOLESALE HOLDINGS, CORP.,

    *Defendants*.

No. 1:16-cv-03228-AJN
Hon. Alison J. Nathan

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

Discovery requests filed in the above-captioned action (the "Litigation") may call for the production of trade secrets and other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c); and personal data and other private or competitively or otherwise sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Litigation is warranted. Accordingly, Plaintiffs and Defendants BNP Paribas, S.A., BNP Paribas S.A. New York Branch, and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.) (the "Parties," each a "Party") request that the Court enter this proposed Protective Order (the "Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d) to facilitate document disclosure and production in the Litigation. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. Unless modified pursuant to the terms contained in this Order, this Order shall apply to the Litigation and remain in effect

1

through the conclusion of the Litigation.

**DEFINITIONS**

1.      Anonymous Plaintiffs: Representative plaintiffs in this Litigation who are proceeding anonymously under Doe or Roe pseudonyms in order to protect their identities as victims of sexual abuse and information related to their health.  All documents filed in this Litigation that reference or refer to any of the Anonymous Plaintiffs' true identities or identifying information shall be Highly Confidential Material and treated accordingly.  All documents filed in this Litigation that reference or refer to any of the Anonymous Plaintiffs' family members shall be Highly Confidential Material and treated accordingly.  This Order encompasses all forms of disclosure that might contain information revealing any of the Anonymous Plaintiffs' true identities, including any document, pleading, motion, exhibit, declaration, affidavit, transcript, witness testimony, statements made during interviews, meetings between counsel, and any tangible item including electronic medium and photographs.

2.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.      Confidential Material: any Discovery Material that qualifies for protection under Fed. R. Civ. P. 26(c).

4.      Copy: any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

5.      Counsel (without qualifier): Outside Counsel and In-House Counsel.

6.      Designating Party: any Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7.      Discovery Material: all items or information, regardless of the medium or manner

generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Litigation.

8.      Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to this Litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Litigation.

9.      Highly Confidential Material: any extremely sensitive Confidential Material for which disclosure to another Party or Non-Party would create a substantial risk of injury that could not be avoided by designation as Confidential Material or other less restrictive means, including (a) personal, health, or medical information, (b) references to Anonymous Plaintiffs or their family members, or (c) proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party currently maintains as highly confidential in the ordinary course of its business.  Highly Confidential Material includes information for which applicable law —whether foreign or domestic—requires the equivalent of "Highly Confidential" treatment as set forth in this Order.  In accordance with Fed. R. Civ. P. 5.2, identifying information for all minors shall also be Highly Confidential Material.  Nothing herein precludes any Party from seeking protections not currently contemplated by this Order to be applied to any particular document or category of documents, including Highly Confidential Material.

10.　　In-House Counsel: attorneys and other personnel directly employed by a Party to perform or support legal functions.  In-House Counsel does not include Outside Counsel of record or any other Outside Counsel.

11.　　Litigation: the above-captioned action.

12.　　Non-Party: any natural person or entity that is not a named Party to the Litigation, and their Counsel.

13.　　Outside Counsel: attorneys, along with their paralegals and other support personnel assisting them with this Litigation (including temporary or contract staff), who are not employees of a Party, but who have been retained to represent or advise a Party in connection with this Litigation.

14.　　Producing Party: any Party or Non-Party that produces Discovery Material in this Litigation.

15.　　Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or processing data in any form or medium, etc.) and their employees and subcontractors.

16.　　Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking), such as (a) advertising materials and (b) materials that on their face show that they have been published to the general public.

17.　　Receiving Party: any Party or Non-Party that receives Discovery Material from a Producing Party.

**IT IS THEREFORE ORDERED THAT:**

1.    **Scope.**  The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Protected Material.  However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel.

2.    **Duration.** The obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

3.    **Designating Protected Material.**  Except as otherwise indicated below, all Discovery Material designated by the Producing Party as "CONFIDENTIAL," and which are disclosed or produced to the Counsel for the other Parties to this Litigation, are Confidential Material and are entitled to Confidential treatment as described below.

4.    Except as otherwise indicated below, all Discovery Material designated by the Producing Party as "HIGHLY CONFIDENTIAL," and which are disclosed or produced to the Counsel for the other Parties to this Litigation, are Highly Confidential Material and are entitled to Highly Confidential treatment as described below.

5.    **Exercise of Restraint and Care in Designating Material for Protection.** Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for such protection, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

6. **Manner and Timing of Designations.** Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

i.     **for information in documentary form (including transcripts of depositions taken in other proceedings)**, that the Producing Party print, brand, or affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material or in the case of electronic files by designating the file as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name.

ii.    **for deposition transcripts and/or exhibits**, that the Designating Party designate any portion of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," either on the record before the deposition is concluded, or in writing on or before the later of (i) thirty (30) days after the final transcript is received or (ii) the date by which any review by the witness and corrections to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or agreed to by the Parties.

Transcript pages containing Protected Material must be separately bound or electronically collated by the court reporter, who must print, brand, or affix to each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as instructed by the Designating Party, and in the case of electronic files by designating the file as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name.

      iii.     **for information produced in electronic, audio, or video format, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and in the case of electronic files by designating the file as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the file name.

7.    **Inadvertent Failures to Designate.**  Should a Producing Party discover that it produced material that was not designated as Protected Material, or that it produced material that was designated as Protected Material but that it had designated that Protected Material in the incorrect category of Protected Material, the Producing Party shall notify all Parties, in writing, including via electronic mail, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation. Thereafter, the material so designated or re-designated will be treated as Protected Material. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material. An inadvertent failure to designate qualified Discovery Material as Confidential Material or Highly Confidential Material does not waive the Producing Party's

right to secure protection under this Order for such material. If material is re-designated as Confidential Material or Highly Confidential Material after the material was initially produced, the Receiving Party, upon notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. If a Receiving Party believes it is in possession of Discovery Material that the Producing Party inadvertently failed to designate as Confidential Material or Highly Confidential Material, it shall promptly notify the Producing Party of the perceived error.

8.     **Increasing the Designation for Discovery Material Produced by Other Parties.** A Party may change the designation of any Discovery Material produced by another Producing Party without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or designate any Discovery Material produced as "CONFIDENTIAL" instead as "HIGHLY CONFIDENTIAL," provided that said Discovery Material contains the upward Designating Party's own Confidential Material or Highly Confidential Material.

9.     Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material. Any Party may object to the increased designation of Discovery Material. The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

10.     **Challenging Confidentiality Designations**. Any Party may initiate a challenge to a Designating Party's confidentiality designation. A Challenging Party must do so in good faith

and must begin the process by notifying the Designating Party in writing, including via electronic mail, of such dispute, and request in writing, including via electronic mail, a conference for the parties to confer in a good faith effort to resolve the dispute. The Challenging Party's notice will identify the material in dispute and explain the basis for the objection. The Parties shall have fourteen (14) days from the initial notification of a challenge to meet and confer, in person or by telephone, in an effort to resolve the dispute.

11.    **Judicial Intervention**.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall, within fourteen (14) days of the Parties agreeing that the meet-and-confer process will not resolve the dispute, file a letter-motion, explaining the nature of the dispute and requesting an informal conference pursuant to Rule 2.C of the Court's Individual Rules of Practice in Civil Cases.  All designated documents are entitled to Confidential or Highly Confidential treatment pursuant to the terms of this Order until and unless the Parties formally agree in writing, including via electronic mail, to the contrary or a contrary determination is made by the Court as to whether all or a portion of a designated document is entitled to Confidential or Highly Confidential treatment.  In the event that the final ruling is that the challenged material is not Protected Material or that its designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days at the expense of the Designating Party.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

12.    **Access to and Use of Protected Material.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may not disclose any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or any information contained therein for any purpose whatsoever, except as provided below. Protected Material may

be copied only by the Parties' Counsel in the Litigation or by Experts, Consultants, and Professional Vendors assisting such Counsel only as reasonably necessary for their work in connection with the Litigation and only for purposes permitted by this Order, and control and distribution of Protected Material and copies thereof will be the responsibility of such Counsel, who will maintain all written assurances executed by such persons as provided in Paragraph 20 below. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Paragraphs 33-34 below.

13.     Protected Material must be stored and maintained by a Receiving Party at a location and in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, including having up-to-date virus protection software on servers and individual computers accessing or storing data and industry standards for security reasonably expected in the legal profession. The Receiving Party shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information.

14.     Any person in possession of Protected Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such material, protect against any reasonably anticipated threats or hazards to the security of such material, and protect against unauthorized access to such material. To the extent a party or person does not have a written information security program, they may comply with this provision by having the Protected Material managed by or stored with eDiscovery vendors or claims administrators that maintain such an information security program, provided that Outside Counsel, Experts, and Consultants who do not have a written information security program may nevertheless use, print, download, distribute, or receive such

Protected Material as is reasonably necessary for their work in connection with the Litigation, subject to the requirements of Paragraphs 12 and 13 above. If a Receiving Party discovers any loss of such material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party shall: (1) promptly provide written notice to the Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances reasonably satisfactory to the Producing Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

15. **Data Privacy Order.** To the extent any Party is called upon to produce any personal or private information subject to data protection or privacy laws—whether foreign or domestic—such production and any related redaction, withholding, clawback, or confidentiality designation shall be governed by a separate data privacy order (any such order, the "Data Privacy Order"), which shall be negotiated by the Parties in good faith or, if the Parties are unable to reach agreement, which may be sought by any Party in a manner consistent with the Court's Individual Practices in Civil Cases. This Paragraph is without prejudice to the right of any Party to argue that such laws are inapplicable or that any redaction, withholding, clawback, or confidentiality designation is inappropriate, subject to the terms of any Data Privacy Order, and the right of any Party to argue for the applicability of such laws or that any redaction, withholding, clawback, or confidentiality designation is appropriate, subject to the terms of any Data Privacy Order.

16. **Redactions and Clawbacks.** To the extent not addressed by any Data Privacy

Order, redactions and clawbacks of Discovery Material shall be governed by the Order Governing Production and Use of Hard Copy Documents and Electronically Stored Information, as agreed upon and stipulated to by the Parties, and/or as ordered by the Court.

17. **Disclosure of Confidential Material.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Confidential Material and any information contained therein only to the following persons:

a. The Parties;

b. Former officers, directors, and employees of corporate Parties to whom disclosure is reasonably necessary for this Litigation;

c. The Receiving Party's Counsel;

d. An Expert and/or Consultant retained by a Party or its Counsel to provide assistance, expert advice, technical consultation, language translation, or testimony in the Litigation. Any part of a report created by such Expert and/or Consultant discussing Confidential Material in whole or in part shall be designated appropriately by the Party responsible for its creation. Experts and/or Consultants may not use Confidential Material for any purpose that does not relate to the prosecution or defense of this Litigation;

e. Court reporters transcribing depositions in the Litigation and/or videographers, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

f. An author, addressee, or recipient of the Confidential Material or an individual who has or had access to the Confidential Material in the ordinary course of his or her duties, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

g.      Any deponent or witness in this Litigation and their Counsel, to whom disclosure is reasonably necessary for this Litigation;

h.      The Court (including the Court's staff); and

i.       Any other person to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Material.

18.     **Disclosure of Highly Confidential Material.**  Notwithstanding the foregoing, any Discovery Material designated as "HIGHLY CONFIDENTIAL" may only be disclosed to persons other than those identified in Paragraph 17 (c)-(f) and (h) with the prior written consent of the Designating Party or an order of the Court.

19.     Protected Material shall not be disclosed to any other person or entity without the prior written consent of the Designating Party or order of the Court.  Any disclosure shall be only to the extent reasonably necessary for the effective prosecution and defense of the claims in the Litigation; attempting to settle this Litigation; appealing from any order or judgment entered in this Litigation; or obtaining insurance coverage or indemnification relating to this Litigation.  Protected Material and any information contained therein shall be used by the Receiving Party or Parties solely for the prosecution of the Litigation and shall not be used by the Receiving Party or Parties for any other purpose or in any other litigation.

20.     **Agreement to be Bound by Protective Order.**  Prior to the disclosure by any Party of any Protected Material to persons identified in Paragraph 17 (b), (d), (e) or (g) of this Order, the Counsel for such Party shall present the person with a copy of this Order.  After reading the Order, such persons shall sign the attached "Agreement to be Bound by Protective Order."  Copies of each such signed Order and Agreement shall be maintained by Counsel for one year following the final

termination of this Litigation, including any appeals, and shall make them available to other Parties upon good cause shown.

21.     **Retention of Protected Material.** Persons who have been shown Protected Material pursuant to Paragraph 17 (b), (f), and (g) shall not retain copies of such Protected Material.

22.     **Court Reporters.**  Any court reporter or transcriber who reports or transcribes testimony in the Litigation shall agree that all Protected Material designated as such under this Order shall remain Protected Material and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to Counsel of record.

23.     **Filing Protected Material.**  In the event that Counsel for any Party submits in writing to the Clerk of Court's office or files on ECF any Discovery Material that contains material designated as Confidential or Highly Confidential under this Order, or any papers containing or making reference to the substance of such Discovery Material, such documents or portions thereof containing or making reference to such Discovery Material shall be filed in redacted form or under seal in accordance with the rules of the Court.  A Party that seeks to file under seal any Protected Material that contains information not satisfying the five categories of "sensitive information" or the six categories of information requiring caution under the S.D.N.Y. ECF Privacy Policy must comply with Rule 4 of the Court's Individual Practices in Civil Cases.  If a Party's request to file Protected Material under seal is denied by the Court, then the Party may file the information in the public record, unless otherwise instructed by the Court.

24.     **Unauthorized Disclosure of Protected Material**.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in

writing, including via electronic mail, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order."

25.     This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11) and the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (e)(1)(i). This Paragraph does not preclude any Party from challenging that any Discovery Material meets these criteria.

      a.     With respect to the matter covered by this Order, no person may withhold documents, information, or other materials from discovery in this Litigation on the ground that they require protection greater than that afforded by this Order, unless that person moves for an order providing such protection.

      b.     Otherwise discoverable information that is protected by the HIPAA implementing regulations shall, in response to a valid discovery request, be designated as Highly Confidential Material pursuant to this Order.

26.     **Protected Material Subpoenaed or Ordered Produced in Other Litigation.**  If a Receiving Party is served with a discovery request, subpoena, or an order issued in another litigation seeking production or disclosure of Protected Material, the subpoenaed Party shall give notice in writing to the Producing Party (by electronic mail, if possible), along with a copy of the discovery request, subpoena, or order, as soon as reasonably practicable.

27.     The Receiving Party must also immediately inform the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must

deliver a copy of this Order promptly to the party in the other action that caused the discovery request, subpoena, or order to issue. The Receiving Party shall not produce the requested Protected Material unless and until the Court ruling on a motion to quash or enforce so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or otherwise contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.

28.     The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interest in the court from which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

29.     **Non-Party Designation.** Any documents produced by a Non-Party witness in discovery in the Litigation pursuant to subpoena or otherwise may be designated by such Non-Party as Protected Material under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the Parties hereto.

30.     **Use of Party's Own Documents.** Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Protected Material.

31.     **Attorney Rendering Advice.** Nothing in this Order will bar or otherwise restrict

an attorney from rendering advice to his or her client with respect to this matter or from relying upon or generally referring to Protected Material in rendering such advice; provided, however, that in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Order.

32.     **Dispositive Motion Hearings and Trial.**  The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial.  The Parties shall meet and confer in advance of such proceedings and seek the guidance of the Court as to appropriate procedures to govern such proceedings.

33.     **Final Disposition.**  After termination of the Litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following termination of the Litigation.

34.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days of the final termination of the Litigation by dismissal, judgment, or settlement, including any appeals, each Receiving Party must return all Protected Material, including all copies to Counsel for the Producing Party or alternatively, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries,

or other forms of reproducing or capturing any of the Protected Material.  The Receiving Party shall undertake a reasonable and a good faith effort to ensure that any person to whom they provide copies of any Protected Material complies with this obligation.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product (including all emails attaching or referring to Protected Materials), and Consultant and Expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

35.     This Order shall be binding on any Party to this Order or any person having executed the attached Agreement to be Bound by Protective Order.  This Order also shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

36.     If other Parties are added to the Litigation, no Protected Material previously exchanged, produced, or used herein will be disclosed to such other Parties or their Counsel except upon their agreeing to be bound by the provisions of this Order.

37.     **Violations of Order.**  In the event that any person or Party should violate the terms of this Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such person or Party violating or threatening to violate any of the terms of this Order.  In the event that the Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

38.     This Order is without prejudice to the right of any Party to move the Court for an order for good cause shown for protection of Protected Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Order, and such right is expressly reserved.

39.     **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

40.     **Right to Assert Other Objections.**  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

41.     **Governing Law.**  This Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.  Any dispute between the Parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable Rules.

Dated: June 25, 2021

Respectfully Submitted,

_/s/ Brent W. Landau_
Brent W. Landau
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3273
blandau@hausfeld.com

Michael D. Hausfeld
Richard S. Lewis
Scott A. Gilmore
Amanda E. Lee-DasGupta
Claire A. Rosset
HAUSFELD LLP

_/s/ Carmine D. Boccuzzi, Jr._
Carmine D. Boccuzzi, Jr.
(cboccuzzi@cgsh.com)
Katherine R. Lynch
(kalynch@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

_Counsel for Defendants_

888 16th Street NW, Suite 300
Washington, DC 20006
(202) 540-7200
mhausfeld@hausfeld.com
rlewis@hausfeld.com
sgilmore@hausfeld.com
alee@hausfeld.com
crosset@hausfeld.com

Kathryn Lee Boyd
Shira Lauren Feldman
Conor McDonough
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
(646) 480-1453
(646) 396-6452
lboyd@hechtpartners.com
sfeldman@hechtpartners.com
cmcdonough@hechtpartners.com

*Counsel for Plaintiffs*

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.

The Court having found that good cause exists for issuance of an appropriately tailored

protective order pursuant to Fed. R. Civ. P. 26(c), it is therefore hereby

**SO ORDERED:**

DATED:                      June 28 , 2021.

_____
Hon. Alison J. Nathan, U.S.D.J.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

ENTESAR OSMAN KASHEF, *et al.*,

       *Plaintiffs*,

       v.

BNP PARIBAS S.A., BNP PARIBAS S.A.
NEW YORK BRANCH, and BNP PARIBAS
US WHOLESALE HOLDINGS, CORP.,

       *Defendants*.

No. 1:16-cv-03228-AJN
Hon. Alison J. Nathan

---

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print full name], under penalty of

perjury under the laws of the United States of America state as follows:

       My residence address is: _____

       My current employer is: _____

       My business address is: _____

       My business telephone is: _____

       I hereby acknowledge that I have read the Stipulation and [Proposed] Protective Order

Regarding Confidential Discovery Material ("Protective Order") entered in *Kashef, et al. v. BNP

Paribas S.A., et al.*, No. 1:16-cv-03228, understand its terms, agree to be bound by each of those

terms, and agree to submit myself to the jurisdiction of the United States District Court for the

Southern District of New York, for the purposes of enforcing the terms of the Protective Order. I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt of court, money damages, interim or final injunctive relief, and/or such

other relief that the Court deems appropriate.

Specifically, and without limitation upon such terms, I further agree that I will not disseminate, use, or disclose any Protected Material protected by the Protective Order that I have received and/or reviewed in this case to anyone other than as permitted by the Protective Order.

Dated:\_\_\_ day of_____, 2021.

_____

Signature

_____

Printed Name: