# HAUSFELD

December 1, 2021

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

**VIA: CM/ECF**

**BRENT W. LANDAU**
**Global Managing Partner**

Honorable Alison J. Nathan
United States District Court (S.D.N.Y.)
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

E blandau@hausfeld.com
T   (215) 985-3270
DD (215)985-3273

Re:   *Kashef v. BNP Paribas SA*, No. 16-cv-3228 (AJN)
      Plaintiffs' Motion to Compel Response to Local Civil Rule 33.3(a) Interrogatory

Dear Judge Nathan:

This discovery dispute arises from BNPP's refusal to identify its employees, customers, and correspondent banks—information vital to this case. Despite the requirements of FRCP 26(a), BNPP[1] failed to name a single individual in its initial disclosures.[2] It has provided only six names, six pseudonyms, and no last known addresses or other identifying information four months after receiving Plaintiffs' lone interrogatory under Local Civil Rule 33.3(a).[3] Thus far, it has produced only 37 documents, previously produced to the DOJ, which redact the identities of all Sudanese clients and nearly all BNPP employees and correspondent banks.[4]

Despite numerous conferrals,[5] BNPP has refused to conduct an inquiry within the company to determine the identities of persons with knowledge. Its heavily redacted documents describe ████████████████████████████████████ But BNPP refuses to identify these persons, to produce keys to decode their pseudonyms, to disclose their last known addresses, or to produce DOJ correspondence detailing the pseudonymization process. Having reached impasse, Plaintiffs move to compel BNPP to (1) investigate and disclose the identities of all persons and entities pseudonymized in the documents, (2) produce the key to certain pseudonyms that it concedes exists in France, and (3) produce correspondence with the DOJ relating to its document production, redactions, and use of pseudonyms. Plaintiffs respectfully request an informal conference.

Plaintiffs move to compel disclosure for three reasons. ***First***, the identities of the BNPP employees, Sudanese accomplices, and correspondents who implemented its scheme are clearly relevant. Any relevance objection is belied by the fact that, as BNPP's counsel has represented, BNPP's assigned code-names already sorted persons by their relevance to Sudan sanctions

---

[1] BNP Paribas, S.A.; BNP Paribas, S.A. New York Branch; and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.) (collectively "BNPP" or "Defendants").
[2] Initial Disclosures of Defs.' BNP Paribas and BNP Paribas US Wholesale Holdings Corp., attached as Ex. A.
[3] Pls.' First Interrog., dated May 14, 2021, states: "Identify all Persons with knowledge relevant to the subject matter of the Action, including but not limited to all Persons with knowledge relevant to the facts and claims set forth in the Plaintiffs' Second Amended Complaint and the admissions, denials, and defenses set forth in Defendants' Answer and Amended Answer." *See* BNPP Defs.' Suppl. Resp. and Obj. to Pl's.' First Set of Interrog., dated Sept. 30, 2021, attached as Ex. B.
[4] BNPP also produced copies of current bylaws and certificates of incorporation.
[5] The extensive meet-and-confer process occurred over multiple telephone calls and was unsuccessful.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

HAUSFELD

violations: those deemed "not ancillary" received numerical codes, those "ancillary" did not.

*Second*, BNPP's refusal to inquire within the company to identify persons with knowledge violates FRCP 33(b)(3). BNPP is "under a duty to make a reasonable inquiry concerning the information sought." *Zanowic v. Reno*, No. 97-Civ-5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000). It must provide not only "the information it has, but also the information within its control or otherwise obtainable by it." *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000). BNPP knows who its employees, customers, and correspondents are. For example, BNPP's document ▮▮▮▮▮▮▮▮▮▮ attached as Ex. C, is a memo sent to ▮▮▮▮▮ a current BNPP employee, ▮▮▮▮▮ a Swiss employee listed in BNPP's interrogatory responses. This author's identity is highly relevant: not only does the memo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[6] BNPP need only ask its employee, ▮▮▮▮ to identify the author, recipients, and banks. *See Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999) ("A party cannot plead ignorance to information that is from sources within its control.") (cleaned up). Other names are identified in a key maintained by BNPP in France.

*Third*, BNPP cannot meet its burden to show that foreign law bars discovery. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-04394 (AJN)(BCM), 2017 WL 7512815, at *4 (S.D.N.Y. Dec. 29, 2017) (rejecting objections under comparable foreign laws). BNPP has vaguely raised inapplicable foreign data-privacy and blocking statutes, such as the GDPR, asserting that Plaintiffs must seek this information through the Hague Evidence Convention.[7] But it is well-settled that plaintiffs need not resort initially or exclusively to the Hague Convention. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 539-40 (1987) ("*Aerospatiale*") (holding "the Hague Convention [does] not deprive the District Court of the jurisdiction it otherwise possessed to order a foreign national party before it to produce evidence physically located within a signatory nation."); *see also In re Air Cargo Shipping Servs. Antitrust Litig.*, 278 F.R.D. 51, 55 (E.D.N.Y. 2010).

Far from barring discovery, the GDPR[8] permits disclosure when the information sought "is necessary for the establishment, exercise or defense of legal claims." GDPR, art. 49(1)(e), art. 6(1)(f); *see also, e.g.*, Order at 4, *In re Farm-Raised Salmon & Salmon Prods. Antitrust Litig.*, No. 19-cv-21551-CMA (S.D. Fla. June 3, 2020), ECF No. 233 (applying this GDPR exception and holding that "Plaintiffs will need . . . the names of Defendants' employees with knowledge of the relevant facts.") (attached as Ex. D). EU guidance confirms that discovery is exempted.[9] Regardless, the GDPR only protects personal data of "natural persons" processed by "automated

---

[6] ▮▮▮▮▮▮▮ September 2005 meeting "attended by several senior BNPP Paris and Geneva executives" at which "a senior BNPP Paris executive dismissed the concerns of the compliance officials and requested that no minutes of the meeting be taken." TAC Ex. E ¶ 33; *see also* TAC Ex. H ¶ 10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ none of whom were disclosed in response to the Interrogatory despite their knowledge of relevant facts. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ attached as Ex. E. BNPP cannot avoid asking ▮▮▮▮ to identify the author and recipients of this email.

[7] *See* Ex. B at 5. BNPP refuses to provide addresses of even those former employees it did name, on the same grounds.

[8] Regulation (EU) 2016/679 (General Data Protection Regulation) ("GDPR").

[9] *See* European Data Protection Board (EDPB), Guidelines 2/2018 on derogations of Article 49 under Regulation 2016/679, adopted 25 May 2018, attached as Ex. F.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

**HAUSFELD**

means," not BNPP employees' recollections of their interactions with fellow employees, clients, or other banks. GDPR, art. 1, 2.

   Nor does the French blocking statute bar discovery, for the reasons stated in *Strauss v. Credit Lyonnais, S.A.*, 249 F.R.D. 429, 454 (E.D.N.Y. 2008), and *Air Cargo*. "American courts are not required to adhere blindly" to the dictates of foreign blocking or bank secrecy statutes. *Aerospatiale*, 482 U.S. at 544 n.29. As repeatedly recognized by courts, comity factors favor discovery over the French blocking statute when, as here, the need for evidence outweighs the minimal hardship of compliance.[10] Like the materials in *Air Cargo*, the information sought here is central to the litigation. *Cf. Air Cargo*, 278 F.R.D. at 53 (noting that evidence examined in a DOJ investigation leading to a guilty plea is no doubt relevant in a related civil action). The interrogatory is specifically limited to the scope dictated by Local Civil Rule 33.3(a). Though some information may originate abroad, BNPP faces a minimal risk of French sanctions: "As held by numerous courts, the French Blocking Statute does not subject defendants to a realistic risk of prosecution and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court." *Bodner v. Paribas*, 202 F.R.D. 370, 375 (E.D.N.Y. 2000); *accord Air Cargo*, 278 F.R.D. at 53-54. Any remaining privacy concerns are addressed by the Court's protective order. (ECF No. 245).

   *Finally*, Swiss blocking and secrecy laws are not implicated at this time because BNPP's French and U.S. staff have sufficient knowledge to respond to the interrogatory. *See Alfadda v. Fenn*, 149 F.R.D. 28, 40 (S.D.N.Y. 1993) (rejecting Swiss law discovery objections of non-Swiss citizen "living in France"). BNPP Paris's own compliance unit can identify the relevant BNPP Group employees, clients, and correspondents: for example, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ attached as Ex. G.[11] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ attached as Ex. H.[12]

                  Respectfully submitted,

                   */s/ Brent W. Landau*
                   Brent W. Landau

cc:   Counsel of Record (via CM/ECF)

---

[10] Courts generally examine: (1) the importance of the requested documents or information to the litigation; (2) the specificity of the request; (3) where the information originated; (4) the availability of alternate means to secure the information; (5) the competing interests of the countries whose laws are in conflict; (6) the hardship of compliance on the party resisting discovery; and (7) the good faith of the party resisting discovery. *Strauss*, 249 F.R.D. at 439.

[11] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ "a senior BNPP Paris compliance officer," and sent to "BNPP CIB executives in Paris." TAC Ex. E ¶ 27 (stipulating that this report is an example of how "BNPP Geneva's methods of evading U.S. sanctions against Sudan . . . were known to and condoned by senior compliance and business managers at both BNPP Geneva and BNPP Paris"). All the recipients of the report have been redacted.

[12] BNPP should also be ordered to produce its correspondence with the DOJ detailing the nature of the pseudonyms used. BNPP has offered to summarize a portion of one such document but refuses to produce any of the documents themselves. Given that BNPP to date has only produced documents previously provided to the DOJ, with extensive redactions and without metadata or extracted text, Plaintiffs should receive contemporaneous information describing the production's unusual nature. Plaintiffs specifically requested such correspondence in Request for Production 21. *See* Defs.' Resps. & Objs. to Pls.' First Set of Reqs. for Prod. of Documents, dated June 9, 2021, attached as Ex. I. And under Paragraph 25 of the Court's Order Governing Production and Use of Hard Copy Documents and Electronically Stored Information, July 9, 2021, BNPP is required to "disclose sufficient information . . . to enable the other Party to evaluate the manner in which such Documents were collected, processed, and produced."

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC