UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Entesar Osman Kashef, *et al.*,<br>                    Plaintiffs,<br>      -against-<br><br>BNP Paribas, S.A., a French corporation;<br>BNP Paribas, S.A. New York Branch, a<br>foreign branch; and BNP Paribas US<br>Wholesale Holdings, Corp. (f/k/a BNP<br>Paribas North America, Inc.), a Delaware<br>corporation;<br>                    Defendants. | Civil No. 1:16-Civ-03228-AJN |

### THE BNPP DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Federal Rules"),

Defendants BNP Paribas, BNP Paribas New York Branch ("BNPP-NY") and BNP Paribas US

Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.) (collectively, the "BNPP

Defendants"),[1] provide their responses and objections to Plaintiffs' First Set of Requests for

Production of Documents served on May 14, 2021 (the "Requests") as follows:

### GENERAL OBJECTIONS

The BNPP Defendants make the following generally applicable objections to the

Requests (the "General Objections") and incorporate them into their specific responses and

objections to each and every Request, whether or not specifically stated in the individual

response:

---

[1] Notwithstanding that, as a licensed foreign bank branch, BNPP-NY "has no legal identity separate from" BNP Paribas, *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 51 (2d Cir. 2012), plaintiffs named BNPP-NY as a separate defendant in the Complaint. For the avoidance of doubt, these Responses and Objections explicitly include BNPP-NY in the defined term "BNPP Defendants." The BNPP Defendants reserve all rights regarding the status of BNPP-NY.

1.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, that purports to impose obligations or duties beyond those required by the Federal Rules or the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it burdens the BNPP Defendants with unreasonable, cumulative, and duplicative Requests that are disproportionate to the needs of the action.

3.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it seeks information already in Plaintiffs' possession, custody, or control, or otherwise available to Plaintiffs.  The BNPP Defendants object to each and every Request to the extent it purports to call for the disclosure of information and/or production of documents in the public domain and not in the exclusive possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

4.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it seeks documents outside of the BNPP Defendants' possession, custody, or control, including without limitation, and as noted in the objections to Definition No. 4 below, the documents of BNP Paribas (Suisse) ("BNPP Geneva").

5.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it requires the BNPP Defendants to produce

or create documents that do not currently exist or that the BNPP Defendants no longer possess because they were under no obligation to obtain or retain them.

6.  The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it calls for the disclosure of information not presently within its knowledge or requires the BNPP Defendants to seek information or documents solely in the possession, custody, or control of third parties. The BNPP Defendants object to the Requests to the extent that they purport to require the BNPP Defendants to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.

7.  The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it calls for the production of documents generated, collected, or compiled by their attorneys. The BNPP Defendants' document searches and productions will not include any such documents.

8.  The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it contains or purports to require the BNPP Defendants to draw legal, factual, or expert conclusions or are predicated on legal, factual, or expert conclusions or arguments. Subject to and without waiving any objections, the BNPP Defendants state that any response, production of documents, or provision of information in response to the Requests is not providing, is not intended to provide, and shall not constitute or be construed as providing, any legal, factual, or expert conclusion, concession, waiver, or admission. The BNPP Defendants are entitled to provide additional evidence and documents responsive to one or more Request in the form of expert reports or opinions at the appropriate

time, in accordance with the Federal Rules of Civil Procedure, the Local Rules, and any Court order in the above-captioned action. No response should be construed to foreclose or limit any such disclosure.

9.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it seeks documents or information, the disclosure of which is prohibited by, or would result in any actual or potential liability under, law, regulation, contract, or order of a court or other authority of a foreign jurisdiction in which such documents or information are located.

10.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it seeks information that the BNPP Defendants may not produce because of foreign or domestic privacy laws and obligations, including but not limited to: the European Union General Data Protection Regulation 2016/679 (the "GDPR"); Directive 95/46/EC of the European Parliament and the Council of 24 October 1995 (the " EU Data Protection Directive"); the UK General Data Protection Regulation; French Law No. 78-17 of January 1978 on Information Technology, Data Files, and Civil Liberties; the Swiss Federal Act on Data Protection of June 19, 1992; Article 328b of the Swiss Code of Obligations and related ordinances, and any other foreign national data protection laws (collectively, "Data Protection Laws"). The Data Protection Laws protect personal data, which is defined to include personally identifying information such as names, addresses, job titles, and email addresses, among other information.

11.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it seeks information that the BNPP Defendants may not produce because of foreign or domestic data protection laws or secrecy obligations,

including but not limited to: French Law No. 68-678 of July 26, 1968 relating to the Communication of Economic, Commercial, Industrial, Financial, or Technical Documents and Information to Foreign Individuals or Legal Entities, as modified by Law No. 80-538 of July 16, 1980; the Swiss Criminal Code, including but not limited to Article 271 and 162; and any other related foreign statutes (collectively, "Blocking Statutes"); as well as Articles L511-33 and L511-34 of the French Monetary and Financial Code; Article 47 of the Swiss Federal Act on Banks and Savings Banks; and any other relevant foreign banking secrecy laws or regulations (collectively, "Banking Secrecy Laws"). The Blocking Statutes and Banking Secrecy Laws prohibit production of documents located abroad in certain circumstances or require the BNPP Defendants to maintain the confidentiality of client, transaction, or account information where applicable.

12.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it seeks the production of information originating in France or Switzerland without conforming to the requirements of the 1970 Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") thereby subjecting the BNPP Defendants to liability under French or Swiss law. Such liability would be avoided by following the Hague Convention procedures, which should therefore be followed here.

13.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it calls for the disclosure of information or production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, Federal Rule of Evidence 408, a joint-defense or common-interest privilege, immunity, or otherwise applicable privileges, or whose disclosure is prohibited by any law,

regulation, or order. The inadvertent disclosure of such privileged information shall not constitute a general or specific waiver of any privilege and shall not preclude the BNPP Defendants from objecting to disclosure on any other basis. If and to the extent the BNPP Defendants withhold documents only on the basis of privilege or similar doctrine, it will identify such documents in accordance with the Federal and Local Rules, applicable court orders, and agreements among the parties in this action.

14.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it calls for the disclosure of confidential or proprietary information, trade secrets, research, development, commercial information, or any other competitively sensitive information of the BNPP Defendants or a third party, the release of which could cause competitive or commercial harm to the BNPP Defendants or a third party.

15.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

16.      The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent that it improperly seeks document productions provided in separate and unconnected disputes, investigations, or litigations, including in *United States v. BNP Paribas,* No. 14-cr-460-LGS (S.D.N.Y.). These disputes, investigations, or litigations materially differ in scope and content from the present case and reproduction of these document productions would result in production of significant quantities of irrelevant

information or would entail significant undue burden in reviewing such information for relevance. *See N.J. Carpenters Health Fund v. DLJ Mortg. Cap., Inc.*, No. 08 Civ. 5653 (PAC), 2012 WL 13135408, at *1 (S.D.N.Y. Mar. 2, 2012); *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2003 WL 22953645, at *7 (S.D.N.Y. Dec. 16, 2003). Plaintiffs' Requests for prior document productions that differ in scope from this current action are also inconsistent with the Federal Rules because they provide no means for Defendants or the Court to assess the relevance of information within each document production. *See King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011).

17.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it includes factual or legal allegations, conclusions, characterizations, or assumptions, or otherwise contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Nothing contained in these Responses and Objections nor the production of any information, documents, or ESI shall constitute an admission, agreement, or acceptance by the BNPP Defendants of any factual or legal allegation, conclusion, characterization or assumption in the Requests, definitions and instructions.

18.     The BNPP Defendants object to each and every Request, including the definitions and instructions contained therein, to the extent it is premature and requires a full response concerning a subject matter as to which the BNPP Defendants' investigation and discovery is not complete. The BNPP Defendants' investigation into the subject matter of this litigation is ongoing and the BNPP Defendants expressly reserves the right to supplement and amend its response to each and every Request based on the results of the investigation and further discovery in this litigation.

## OBJECTIONS TO DEFINITIONS

1.      The BNPP Defendants object to the "Definitions" to the extent that they seek documents outside of the BNPP Defendants' possession, custody, or control, and to the extent that they purport to impose obligations beyond those required by the Federal Rules or the Local Rules.

2.      The BNPP Defendants object to Definition No. 4, which defines "BNPP," to the extent it includes "each of their parent companies, subsidiaries, affiliates, divisions, successors, assignees and predecessors," including unspecified "directors, members, trustees, officers, employees, agents and representatives, including attorneys," without restricting this term to relevant entities or persons or identifying with particularity such relevant entities or persons. The BNPP Defendants will only search for responsive documents within their own possession, custody or control in locations reasonably believed to contain information regarding this action.

3.      The BNPP Defendants object to Definition No. 4, which defines "BNPP," to the extent it purports to require the BNPP Defendants to produce documents within the possession, custody, or control of any entity other than the BNPP Defendants. In particular, BNP Paribas Geneva is a distinct corporate entity from the BNPP Defendants. Additionally, BNP Paribas S.A. New York Branch has no separate legal identity from BNP Paribas. The BNPP Defendants will interpret the term "BNPP" as meaning solely BNP Paribas and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.), and, for the avoidance of doubt, in light of prior communications with Plaintiffs, BNP Paribas, New York Branch.

4.      The BNPP Defendants object to Definition Nos. 5 and 7, which define "Communication" and "Document," to the extent that they purport to impose obligations beyond those required by the Federal Rules or the Local Rules, on the grounds that they are unduly

burdensome, oppressive, and overbroad. The BNPP Defendants further object to Definition Nos. 5 and 7 on the grounds that they seek information outside of the BNPP Defendants' possession, custody, or control because they assume that the BNPP Defendants have accessible copies of any document or communication for which an original cannot be located. The BNPP Defendants further objects to Definition No. 7 to the extent that Plaintiffs' purported definition seeks production of material outside the scope of Federal Rule 34(a). The BNPP Defendants will construe "Document" or "Communication" as mandated by Federal Rule 34(a).

5.      The BNPP Defendants object to Definition No. 8, which defines "Electronically Stored Information or "ESI," to the extent that Plaintiffs' definition seeks production of material outside the scope of Federal Rule 34(a). The BNPP Defendants will construe "ESI" as mandated by the Federal Rules and the Local Rules.

6.      The BNPP Defendants object to Definition No. 9, which defines "Employee" and "personnel," to the extent it includes unspecified "current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other person paid directly or indirectly by an entity" without restricting these terms to relevant persons or identifying with particularity such relevant persons. The BNPP Defendants will only search for responsive documents within their own possession, custody or control in locations reasonably believed to contain information regarding this action.

7.      The BNPP Defendants object to Definition No. 10, which defines "Financial Interest," because it is vague and ambiguous, in particular because it fails to specify what is meant by "direct or indirect ownership of an interest."

8.      The BNPP Defendants object to Definition No. 11, which defines "Human Rights Violations," because it is overbroad, unduly burdensome, vague, and ambiguous, in particular

because it fails to specify what is meant by "other international agreements." The BNPP Defendants further objects to Definition No. 11 to the extent that the term "Human Rights Violations" encompasses acts not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action. The BNPP Defendants will interpret the term "Human Rights Violations" to mean the following tortious acts: Battery, Battery in Performance of a Public Duty or Authority, Assault, False Arrest and False Imprisonment, Conversion, Wrongful Death, and Wrongful Death by Intentional Murder.

9.      The BNPP Defendants object to Definition No. 12, which defines "Investigative Authority(ies)," because it is overbroad, unduly burdensome, vague, and ambiguous, in particular because it purports to include any "domestic or international body with investigative powers," and also to the extent its encompasses entities that are not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action.

10.     The BNPP Defendants object to Definition No. 18, which defines "Sudan Sanctions," to the extent its encompasses sanctions "by any government, international, or multilateral organization" that are not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action. The BNPP Defendants will interpret the term "Sudan Sanctions" to mean: the sanctions established by Executive Orders 13067 and 13412 implemented by the Sudanese Sanctions Regulations, Title 31, Code of Federal Regulations, Section 528 (the "U.S.-Sudan Sanctions").

11.     The BNPP Defendants object to Definition No. 20, which defines "Sudan" or "Sudanese Government," because it is overbroad, unduly burdensome, vague, and ambiguous, in

particular because it fails to specify what is meant by "entities in which the government has a financial interest" or "each person acting or purporting to act on the government's behalf." The BNPP Defendants further objects to Definition No. 20 to the extent that the term "Sudan" or "Sudanese Government" encompasses entities not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action. The BNPP Defendants will interpret the term "Sudan" or "Sudanese Government" as the Republic of Sudan and the government of Sudan.

12.     The BNPP Defendants object to Definition No. 21, which defines "Sudanese Person(s)," because it is overbroad, unduly burdensome, vague, and ambiguous, in particular because it fails to specify what is meant by "any Person . . . doing business in" or "was present in" Sudan. The BNPP Defendants further objects to Definition No. 21 to the extent that the term "Sudanese Person(s)" encompasses persons not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action.

13.     The BNPP Defendants object to Definition No. 22, which defines "Sudan Transaction(s)," because it is overbroad, unduly burdensome, vague, and ambiguous, in particular because it fails to specify what is meant by a "a counterparty to Sudan or a Sudanese Person." The BNPP Defendants further objects to Definition No. 22 to the extent that the term "Sudan Transaction(s)" encompasses financial or commercial dealings not at issue in this case or referred to in the Third Amended Complaint and therefore concerns matters unrelated to the claims and defenses in this action. The BNPP Defendants will interpret the term "Sudan Transaction(s)" as transactions that violated the U.S.-Sudan Sanctions.

14.     The BNPP Defendants object to Definition No. 24, which defines "You" or "Your," to the extent it includes "entities in which You have a Financial Interest; your direct and indirect parents, predecessors-in-interest, affiliates, subsidiaries, divisions, predecessors, successors, and assignees," including unspecified "present and former officers, directors, employees, attorneys, agents, and representatives of any of the above; and each Person acting or purporting to act on your behalf or on the behalf of any of the aforementioned entities" without restricting this term to relevant entities or persons or identifying with particularity such relevant entities or persons. The BNPP Defendants will only search for responsive documents within their own possession, custody or control in locations reasonably believed to contain information regarding this action.

## OBJECTIONS TO INSTRUCTIONS

1.     The BNPP Defendants object to the demands in paragraphs Nos. 1, 2, 3, 4, 5, 6, 7, and 8 under "Instructions," to the extent that they purport to impose obligations beyond those required by the Federal Rules or the Local Rules, on the grounds that they are unduly burdensome, oppressive, and overbroad.

2.     The BNPP Defendants object to the demand in paragraph No. 2 under "Instructions," to the extent that Documents presently in the possession, custody, or control of "Your attorney(s) or their investigators" are not under the possession, custody or control of the BNPP Defendants.

3.     The BNPP Defendants object to the demand in paragraph No. 3 under "Instructions," to the extent it requires production of documents in a format and in a manner inconsistent with the format and manner to which the parties agreed upon in the Stipulation and Protective Order Regarding Confidential Discovery Material, entered by the Court on June 28,

2021, or to which the parties will agree upon either in an ESI Protocol or through the meet and confer process.

4.      The BNPP Defendants object to the demand in paragraph No. 4 under "Instructions," as it is not possible for the BNPP Defendants to identify documents that are no longer in its possession, custody or control.

5.      The BNPP Defendants object to the demand in paragraph No. 5 under "Instructions," to the extent it establishes a timeline for supplementing any response that goes beyond the requirements of Fed. R. Civ. P. 26(e).

6.      The BNPP Defendants object to paragraph No. 6 under "Instructions," which includes purported instructions regarding privileged material, to the extent that it purports to impose obligations or duties beyond those required by the Federal Rules or the Local Rules, including Federal Rule 26(b)(5)(A), and to the extent that it is unduly burdensome, oppressive, and overbroad. Notwithstanding the foregoing, the BNPP Defendants will provide a privilege or redaction log, if and when appropriate, in accordance with the Federal and Local Rules, applicable court orders, and agreements among the parties in this action.

## OBJECTION TO TIME PERIOD

The BNPP Defendants object to the definition of the "Relevant time period" as comprising a twenty-six-year period from January 1, 1995 to the Present because it is unduly burdensome, oppressive, and overbroad in extending beyond the allegations in the case. The BNPP Defendants further objects to producing documents "to the present" as being unduly burdensome and not reasonably proportional to the needs of the case. The burden and expense of a search for and review of potentially responsive materials for such a long time period outweighs its likely benefit to this case. Accordingly, the BNPP Defendants will respond to the

Requests as if the time period governing its search for documents responsive to the Requests were defined as January 1, 2002 through December 31, 2009 (the "Relevant Time Period").

<strong>DOCUMENT REQUESTS</strong>

Subject to and without waiving the General Objections and Objections to Definitions and Instructions, the BNPP Defendants provide the following specific responses and objections with respect to the following Requests:

**REQUEST FOR PRODUCTION NO. 1:**

*All Documents or Communications relied upon in preparing Your Answer and Amended Answer to the SAC.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "All Documents or Communications." The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent that it seeks information already in Plaintiffs' possession, custody, or control, or otherwise available to Plaintiffs.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its above-stated objections and without waiving any of them, the BNPP

Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable

search for and produce responsive, non-privileged documents within its possession, custody, or

control in response to the Request.

**REQUEST FOR PRODUCTION NO. 2:**

*All Documents or Communications supporting, qualifying, undermining, or otherwise*

*concerning each defense You have asserted or plan to assert.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and

Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome

because it requests the BNPP Defendants produce the "All Documents or Communications."

The burden and expense of locating and reviewing all the information sought by the Requests

would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent that it is cumulative and

duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but

not limited to, Document Requests Nos. 24-28.

The BNPP Defendants further object to the Request to the extent that it seeks information

already in Plaintiffs' possession, custody, or control, or otherwise available to Plaintiffs.

The BNPP Defendants further object to the Request to the extent that it seeks information

that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine

that protects information from disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within their possession, custody, or control in response to the Request.

**REQUEST FOR PRODUCTION 3:**

*The certificate of incorporation and bylaws of BNP Paribas S.A.; BNP Paribas S.A. New York Branch; BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.); BNP Geneva; and any other Person affiliated with BNPP who is or was, or whose officers, directors, or employees are or were, involved directly or indirectly in Sudan Transactions.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with any particularity what is meant by "any other Person affiliated with BNPP."

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other

personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION 3:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will produce the certificate of incorporation and bylaws of BNP Paribas and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.).

**REQUEST FOR PRODUCTION NO. 4:**

*Your application for a New York banking license and all related Documents.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all related Documents." The burden and expense of locating and reviewing all the information sought by the Request would outweigh any even arguable benefit of such information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

*Your organizational charts or Documents sufficient to show your complete organizational structure directly or indirectly, including a description of the business functions or responsibilities and specific geographic location(s) of each of the following:*

*(a) The corporate relationships of your predecessors, parents, subsidiaries, affiliates and joint ventures that are or were directly or indirectly involved in Sudan Transactions, including the persons or entities listed in Request 3;*

*(b) The internal organization, structure and personnel, including divisions, departments, segments, units or sub-divisions that are or were directly or indirectly related to Sudan Transactions, including (i) all organizational charts and (ii) all personnel charts, related personnel listing, indices or directories, and organizational charts concerning the same;*

*(c) To the extent not provided in your response to Request for Production No. 5(b), Documents sufficient to identify, by name, position, date, and contact information, each of your Employees related directly or indirectly to Sudan Transactions, or to sanctions or compliance.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce charts and documents to show the BNPP Defendants' "complete organizational structure." The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable

search for and produce organizational charts within their possession, custody or control relating to entities or persons involved in the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 6:**

*Documents sufficient to identify, by name, position, and date, each of your Employees responsible for maintaining any ESI or other electronic database(s), including archives of email or other electronic Documents concerning Sudan Transactions (including retention or destruction policies or implementation).*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense, including impermissible discovery on discovery. *See Freedman v. Weatherford Int'l Ltd.*, No. 12 CIV. 2121 LAK JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014); *Orillaneda v. French Culinary Inst.*, No. 07 CIV. 3206 RJH HBP, 2011 WL 4375365, at *6 (S.D.N.Y. Sept. 19, 2011).

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected

information under these Statutes and Laws where applicable. To the extent protected

information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its above-stated objections and without waiving any of them, the BNPP

Defendants respond to the Request as follows: the BNPP Defendants will not search for or

produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

*All Documents referenced in the Plea Agreement in United States v. BNP Paribas, No.*

*14-cr-460-LGS (S.D.N.Y.), Ex. B to the Second Amended Complaint,[2] Dkt. 49-2, the Statement of*

*Facts ("SOF"), Ex. C to the Second Amended Complaint, Dkt. 49-3, and related Documents,*

*including but not limited to:*

*(a) The 2004 email from a manager at BNPP Geneva, referenced in SOF ¶ 20;*

*(b) The April 2006 memorandum that included a statement by a senior BNPP Paris*

*compliance officer, referenced in SOF ¶ 20;*

*(c) The Document containing the March 2007 statement from a senior BNPP Paris*

*compliance officer to other high level BNPP employees, referenced in SOF ¶ 20;*

*(d) The May 2007 memorandum, referenced in SOF ¶ 20;*

*(e) The Documents containing instructions pertaining to the U.S. embargo, referenced in*

*SOF ¶ 22;*

*(f) Documents containing the payment messages and/or stamps by BNPP employees*

*referenced in SOF ¶ 22;*

---

[2] On June 22, 2021, Plaintiffs filed with the Court their Third Amended Complaint. Accordingly, and consistent with the parties' discussions, the BNPP Defendants conform this Request for Production to reference the Third Amended Complaint.

(g) The Document containing the instruction from BNPP's front office to its back office, referenced in SOF ¶ 22;

(h) BNPP's policy for processing U.S. dollar payments, referenced in SOF ¶ 22;

(i) The Document from which a BNPP employee is quoted discussing satellite banks, referenced in SOF ¶ 24;

(j) The 2004 email or emails quoted in SOF ¶ 25;

(k) The 2005 compliance report quoted in SOF ¶ 26;

(l) The 2003 documents quoted in SOF ¶ 27 regarding cover payments;

(m) The September 2004 Memorandum of Understanding between BNPP, the Federal Reserve Bank of New York, and the New York Department of Financial Services, referenced in SOF ¶ 28;

(n) The Document quoted in SOF ¶ 29 regarding a discussion between senior BNPP Paris executives and BNPP Geneva executives;

(o) The meeting minutes, the October 2004 legal memorandum, and the January 2006 email referenced in SOF ¶ 30;

(p) The Document quoted in SOF ¶ 31 regarding high-level BNPP business managers' awareness of and support for the transactions involving Sudan;

(q) The 2005 compliance memorandum referenced in SOF ¶ 31;

(r) The August 2005 email from a senior compliance officer at BNPP Geneva quoted in SOF ¶ 32;

(s) The Document from which a high-level BNPP Geneva employee is quoted in SOF ¶ 32, regarding the "full support" of BNPP Paris management;

*(t) The Document quoted in SOF ¶ 33 regarding the reservations of the Swiss Compliance office;*

*(u) The 2004 Legal Opinion, referenced in SOF ¶ 34;*

*(v) All legal opinions referenced in SOF ¶ 35;*

*(w) The email summarizing the 2006 Credit Committee Meeting, referenced in SOF ¶ 37;*

*(x) The November 2006 memorandum, referenced in SOF ¶ 38;*

*(y) The February 2007 Document from which a senior BNPP Paris compliance officer is quoted in SOF ¶ 38, regarding the significance of the Sudanese business for BNPP Geneva;*

*(z) The February 2007 Document from which a senior BNPP Paris compliance officer is quoted in SOF ¶ 39;*

*(aa) The Document quoted in SOF ¶ 39 that was sent by a BNPP Geneva compliance officer to BNPP Paris and BNPP Geneva executives;*

*(bb) All Documents generated during the BNPP internal investigation requested by OFAC in 2007, the findings of which were to be reported to OFAC, referenced in SOF ¶ 40;*

*(cc) The compliance program submitted to the Board of Governors of the Federal Reserve System and the Autorité de Contrôle Prudentiel et de Résolution pursuant to paragraph 1 of the Cease and Desist Order Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as Amended, Ex. F to the SAC, Dkt. 49-6;*

*(dd) Documents containing the policies and procedures for processing certain U.S. dollar denominated funds transfers referenced on page 2 of the Order to Cease and*

*Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent, Ex. G to the SAC, Dkt. 49-7;*

*(ee) The disciplinary and/or performance reviews of BNPP employees referenced in paragraph 2 of Exhibit G to the SAC, Dkt. 49-7;*

*(ff) Documents related to the BNPP internal transaction and conduct review that began in 2007 and expanded in 2009, as referenced in paragraph 4 of the Settlement Agreement with the U.S. Department of the Treasury's Office of Foreign Assets Control ("Treasury Settlement"), Ex. H to the SAC, Dkt. 49-8;*

*(gg) The "general procedure" pertaining to "Financial Embargoes" issued in June 2003, as referenced in Treasury Settlement ¶ 6;*

*(hh) Documents related to the legal advice BNPP received describing OFAC's comprehensive sanctions, as referenced in Treasury Settlement ¶ 6;*

*(ii) The procedures and payment practices BNPP entities developed that contravened the June 2003 "general procedure," as referenced in Treasury Settlement ¶ 6;*

*(jj) The instructions from sanctioned parties or BNPP employees directing BNPP Suisse operators to omit references to the sanctioned parties in outgoing payment messages destined for the United States, as referenced in Treasury Settlement ¶ 7;*

*(kk) Instructions from BNPP Suisse's Front Office to its Back Office ensuring that transactions would be processed in accordance with sanctioned parties' instructions, as referenced in Treasury Settlement ¶ 7;*

*(ll) The Document from which a BNPP Suisse Compliance representative is quoted in Treasury Settlement ¶ 8;*

(mm) Documentation and information submitted to OFAC regarding the "Regional Banks," referenced in Treasury Settlement ¶ 9;

(nn) The "Know Your Customer" account opening Documents referenced in Treasury Settlement ¶ 9;

(oo) Documents related to the "book-to-book" transfers referenced in Treasury Settlement ¶ 9;

(pp) The August 5, 2005 document from which a member of BNPP Suisse Compliance is quoted in Treasury Settlement ¶ 10;

(qq) The BNPP Suisse chronology of issues regarding Sudan drafted by a compliance member, referenced in Treasury Settlement ¶ 10;

(rr) The handwritten note taken after the September 2005 meeting, referenced in Treasury Settlement ¶ 10;

(ss) The meeting notes from the July 18, 2006 meeting referenced in Treasury Settlement ¶ 11;

(tt) The Document from which the quote that the meeting notes "reflect the adoption of several recommendations from Group compliance, including . . . 'complying strictly with the US embargo,'" is taken, referenced in Treasury Settlement ¶ 11;

(uu) The Document from which the quote from BNPP Suisse Compliance in or around November 2006 is taken, referenced in Treasury Settlement ¶ 11;

(vv) The recommendation from Group Compliance in or around May 2007, referenced in Treasury Settlement ¶ 11;

(ww) The June 2007 Group Policy on Sudan issued by the Group Compliance Department, referenced in Treasury Settlement ¶ 11;

*(xx) Documentation of the trade finance instruments negotiated on behalf of or involving parties subject to U.S. sanctions on Sudan, referenced in Treasury Settlement ¶ 16(a);*

*(yy) The guidance from law firms referenced in Treasury Settlement ¶ 17;*

*(zz) The September 2006 memorandum quoted in Treasury Settlement ¶ 17;*

*(aaa) Documents related to OFAC's contacting of BNPP in 2007 regarding BNPP Suisse's USD business with Sudan, referenced in Treasury Settlement ¶ 17;*

*(bbb) Documentation related to the employee discipline referenced in Treasury Settlement ¶ 23;*

*(ccc) The Document from which the quote in paragraph 3 of the Consent Order with the New York Department of Financial Services ("DFS Consent Order"), Ex. I to the SAC, Dkt. 49-9, is taken;*

*(ddd) The written instructions referenced in DFS Consent Order ¶ 4, including, but not limited to, the Memorandum to the Operations Center;*

*(eee) The payment message for a Sudanese party referenced in DFS Consent Order ¶ 6;*

*(fff) The January 2006 email quoted in DFS Consent Order ¶ 7;*

*(ggg) The email from the Head of Ethics and Compliance North America quoted in DFS Consent Order ¶ 8;*

*(hhh) The Document from BNPP compliance officers in Paris quoted in DFS Consent Order ¶ 9;*

*(iii) The internal policy quoted in DFS Consent Order ¶ 12;*

*(jjj) The Document from which the quote in DFS Consent Order ¶ 19 is taken;*

*(kkk) The 2004 emails referenced in DFS Consent Order ¶ 20;*

*(lll) The Document from which the quote in DFS Consent Order ¶ 20 from a BNPP Geneva employee about the email exchange is taken;*

*(mmm) The internal BNPP memoranda referenced in DFS Consent Order ¶ 27;*

*(nnn) Documents related to the 2004 joint examination by DFS's predecessor agency and the Federal Reserve Bank of New York, referenced in DFS Consent Order ¶ 46;*

*(ooo) The internal Documents referenced in DFS Consent Order ¶ 47;*

*(ppp) The Document or Documents quoted in DFS Consent Order ¶ 48;*

*(qqq) The Document or Documents quoted in DFS Consent Order ¶ 49;*

*(rrr) The March 3, 2008, letter terminating the 2004 Memorandum of Understanding, referenced in DFS Consent Order ¶ 50.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about transactions with entities other than Sudan. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with any particularity what is meant by "related Documents."

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "All Documents." The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request as unduly burdensome, harassing, and disproportionate to the needs of this case to the extent its burdens the BNPP Defendants with attempting to decipher which specific documents are responsive to numerous sub requests, many of which refer to documents with little identifying information.

The BNPP Defendants further object to the Request to the extent it seeks documents not presently within its knowledge and more appropriately within the knowledge of third parties.

The BNPP Defendants further object to the Request to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Document Requests Nos. 24-29.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of

documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Department of Justice in connection with United States v. BNP Paribas, No. 14-cr-460-LGS (S.D.N.Y.).*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about transactions with entities other than Sudan. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

*To the extent not produced in response to Request for Production No. 8, all Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Department of Justice with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those

targeted by the U.S.-Sudan Sanctions.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information  about Human Rights Violations  that are not subject to the tortious acts described in the Third Amended Complaint.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly  burdensome because it requests "all Documents, indices  of Documents, and Communications  produced to, subpoenaed by, or seized by the U.S. Department of Justice" over a twenty-six-year period.  The burden and expense of locating  and reviewing all of the information  sought by the Request would outweigh  any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client  privilege,  the work-product doctrine or similar doctrine that protects information  from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information  or information,  documents, or communications  regarding investigations or inquiries  conducted by governmental agencies or regulatory  bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions  with governmental  agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention,  Blocking  Statutes, or

Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

*To the extent not produced in response to Requests for Production Nos. 8 or 9, the following Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Department of Justice:*

*(a) Memoranda prepared by outside counsel for BNPP summarizing interviews of BNPP employees conducted by outside counsel as part of an internal review of BNPP's compliance with U.S. sanctions law and financial embargoes against countries, including Sudan;*

*(b) Charts containing data entries for BNPP transactions pertaining to various embargoed or sanctioned countries, including Sudan;*

33

*(c) Emails among BNPP personnel and outside counsel pertaining to explanatory information regarding U.S. financial embargoes and sanctions, legal advice to BNPP regarding compliance with U.S. sanctions programs, including Sudan, BNPP general transaction and personnel policies regarding compliance with U.S. sanctions, specific policies pertaining to individual countries including Sudan, meeting notes, discussions regarding business scenarios (transactions) in relation to U.S. sanctions programs, and BNPP internal transaction processes;*

*(d) Administrative and compliance documents pertaining to BNPP's policies for embargoed countries generally, as well as country-specific policies, including Sudan, BNPP transactional process policies, memoranda regarding overviews of financial embargoes and sanctions, emails pertaining to specific transactions, memoranda pertaining to BNPP business scenarios potentially impacted by U.S. financially embargoed or sanctioned countries, including Sudan, and internal BNPP transactional information;*

*(e) Presentations to the U.S. Department of Justice and New York Country District Attorney's Office prepared by BNPP outside counsel, pertaining to the preliminary findings of an internal BNPP review of BNPP's compliance with U.S. sanctions laws, including factual findings of outside counsel, in conjunction with forensic accountants, pertaining to BNPP's compliance with U.S. embargoes and sanctions, including those imposed on Sudan;*

*(f) Internal BNPP presentations providing an overview of international financial embargoes and sanctions imposed by countries including the United States;*

(g) *Compliance memoranda authored by BNPP employees regarding BNPP's compliance with international financial embargoes and sanctions, including U.S. sanctions pertaining to Sudan;*

(h) *Memoranda prepared for BNPP by outside counsel regarding various legal issues arising in the context of embargoed and sanctioned countries with whom BNPP engaged in business, including Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "Documents, indices of Documents, and Communications produced to,

subpoenaed by, or seized by the U.S. Department of Justice" over a twenty-six-year period.  The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws.  The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law.  The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable.  To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Attorney's Office for the Southern District of New York with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Attorney's Office for the Southern District of New York" over a twenty-six-year period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other

personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Department of Treasury's Office of Foreign Asset Control with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the U.S. Department Treasury's Office of Foreign Asset Control" over a twenty-six-year period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the Internal Revenue Service-Criminal Investigation with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information from an alleged Internal Revenue Service-Criminal Investigation, which is not at all mentioned in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the Internal Revenue Service-Criminal Investigation" over a twenty-six-year period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected

information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the Board of Governors of the Federal Reserve with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those

targeted by the U.S.-Sudan Sanctions.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information  about Human Rights Violations  that are not subject to the tortious acts described in the Third Amended Complaint.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly  burdensome because it requests "[a]ll Documents, indices  of Documents, and Communications  produced to, subpoenaed by, or seized by the Board of Governors of the Federal Reserve" over a twenty-six-year period.  The burden and expense of locating  and reviewing  all of the information  sought by the Request would outweigh  any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client  privilege,  the work-product doctrine or similar doctrine that protects information  from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information  or information,  documents, or communications  regarding investigations or inquiries  conducted by governmental  agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental  agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention,  Blocking  Statutes, or

Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the Federal Reserve Bank of New York with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the Federal Reserve Bank of New York" over a twenty-six-year period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the New York Country District Attorney's Office with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the New York County District Attorney's Office" over a twenty-six-

year period.  The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable.  To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the New York State Department of Financial Services with respect to any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

51

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll Documents, indices of Documents, and Communications produced to, subpoenaed by, or seized by the New York State Department of Financial Services" over a twenty-six-year period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected

information under these Statutes and Laws where applicable. To the extent protected

information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its above-stated objections and without waiving any of them, the BNPP

Defendants respond to the Request as follows: the BNPP Defendants will not search for or

produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

*All Documents, indices of Documents, and Communications produced to, subpoenaed by,*

*or seized by any other Investigative Authority with respect to any Sudan Transaction, Sudan*

*Sanction, or Human Rights Violation in Sudan.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and

Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks

document productions provided in separate disputes, investigations, or litigations. Any such

production would include significant quantities of irrelevant documents or entail significant

undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant

information relating to financial or commercial dealings with Sudan other than the transactions

that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not

relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant

information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those

targeted by the U.S.-Sudan Sanctions.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information  about Human Rights Violations  that are not subject to the tortious acts described in the Third Amended Complaint.  Accordingly,  the Request seeks information  that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous  and unclear because it does not identify  with any particularity  what is meant by "indices of Documents" or "any other Investigative  Authority."

The BNPP Defendants further object to the Request as overbroad and unduly  burdensome because it requests "[a]ll Documents, indices of Documents, and Communications  produced to, subpoenaed by, or seized by any other Investigative  Authority."   The burden and expense of locating and reviewing all of the information  sought by the Request would  outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client  privilege,  the work-product  doctrine or similar  doctrine that protects information  from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information  or information,  documents, or communications  regarding investigations or inquiries  conducted by governmental agencies or regulatory bodies  pursuant to grand jury

subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 19:

*All reports, Documents, indices of Documents, and Communications regarding findings by FINMA concerning any Sudan Transaction, Sudan Sanction, or Human Rights Violation in Sudan.*

## OBJECTIONS:

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll reports, Documents, indices of Documents, and Communications regarding findings by FINMA." The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

*All annual reports filed by You with ACPR.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information beyond the allegations of the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests "[a]ll annual reports filed by You with ACPR." The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other

personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

*All subpoenas, cover letters, and other correspondence related to subpoenas from any Investigative Authority.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with any particularity what is meant by "correspondence related to subpoenas" and "any Investigative Authority."

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "All subpoenas, cover letters and other correspondence" for any subpoena that BNPP has received from "any Investigative Authority" over a twenty-six-year time period and without any subject matter limitation. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws,

and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

*All privilege logs provided to or produced to any Investigative Authority.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it inappropriately seeks document productions provided in separate disputes, investigations, or litigations. Any such production would include significant quantities of irrelevant documents or entail significant undue burden in reviewing such documents for relevance.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with any particularity what is meant by "any Investigative Authority."

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "All privilege logs" for "any Investigative

Authority" over a twenty-six-year time period and without any subject matter limitation. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Document Requests No. 18.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws,

and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

*All search terms used in connections with any request or order, including a subpoena, from any Investigative Authority.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with any particularity what is meant by "any request or order."

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "[a]ll search terms" from "any Investigative Authority" over a twenty-six-year time period and without any subject matter limitation. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks confidential supervisory information or information, documents, or communications regarding investigations or inquiries conducted by governmental agencies or regulatory bodies pursuant to grand jury subpoenas or comparable restraint under foreign or domestic law or that are connected to settlement discussions with governmental agencies or regulatory bodies.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

*All Documents or Communications concerning sanctions and compliance, including but not limited to policies in effect during that time.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants produce the "All Documents or Communications" over a twenty-six-year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 25:**

*All Documents or Communications concerning the review, approval, or performance of the following practices, including Documents sufficient to establish the identities of all Persons involved, directly or indirectly, in such practices:*

*(a) Replacing the names of sanctioned parties in payment messages with BNPP's name or SWIFT Business Identifier Code, or with a code word (as referenced in paragraph 4 of Exhibit H to the SAC, Dkt. 49-8);*

66

*(b) Omitting names or other details concerning sanctioned parties from payment messages (as referenced in paragraphs 3–4 of Exhibit H to the SAC, Dkt. 49-8);*

*(c) Structuring payments in a manner that did not identify the involvement of sanctioned parties in payments sent to financial institutions (as referenced in paragraphs 3–4 of Exhibit H to the SAC, Dkt. 49-8);*

*(d) Receiving payment instructions from sanctioned parties (as referenced in paragraphs 3–4 of Exhibit H to the SAC, Dkt. 49-8);*

*(e) Issuing instructions (to BNPP Employees or entities, to sanctioned Persons, or to other third parties including Sudan) to conceal the involvement of sanctioned parties in transactions transiting the United States (as referenced in paragraphs 3–4 of Exhibit H to the SAC, Dkt. 49-8);*

*(f) Utilizing less transparent cover payment messages (such as SWIFT MT202 payment messages) for transactions with sanctioned parties (as referenced in paragraphs 3–4 of Exhibit H to the SAC, Dkt. 49-8);*

*(g) Misrepresenting the nature, origin, or true value of goods purchased, brokered, sold by, or shipped to or from, Sudan or a Sudanese Person;*

*(h) Negotiating "trade finance instruments on behalf of or that involved parties subject to U.S. sanctions on Sudan" referenced in paragraph 16.a. of Exhibit H to the SAC, Dkt. 49-8;*

*(i) Processing "correspondent banking or retail banking transactions to or though the United States that involved the interest of a person subject to U.S. sanctions on Sudan" as referenced in paragraph 16.b. of Exhibit H to the SAC, Dkt. 49-8.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about practices other than those relating to transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about practices other than those relating to the U.S.-Sudan Sanctions or entities targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what is meant by "all Persons involved, directly or indirectly, in such practices."

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants to identify "[a]ll Documents or Communications." The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other

personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 26:**

*All Documents or Communications since January 1, 1995 concerning Sudan Transactions, including but not limited to:*

*(a) All letters of credit;*

*(b) All transactions cleared through the Clearing House Interbank Payment System (CHIPS);*

*(c) All SWIFT or other payment processing messages;*

*(d) All transactions involving the US dollar cleared through the HSBC Clearing House Automated Transfer System;*

*(e) All foreign exchange transactions involving the US dollar;*

*(f) All wire transfers (electronic funds transfers) with US correspondent banks;*

*(g) All deposits, loans, and settlements of payments in US dollars;*

*(h) All checks in US dollars;*

*(i) All risk and/or compliance assessments;*

*(j) All bills of lading, bills of sale, foreign export licenses, customs documents, flight data, shipping data, freight forwarding information, cargo data, insurance records, or end-user certificates relating to crude oil; petroleum products; firearms; artillery; bombs; missiles; ammunition; military equipment; military vehicles (e.g., fighter, bomber, or cargo aircraft; helicopters; Land Cruisers, tanks, armored personnel carriers); dual-use equipment (e.g., transport vehicles, electronic equipment, computers, telecommunications equipment, cryptographic goods, radio equipment, sensors and radar, navigation and avionic equipment, machine tools, aviation and vehicle spare parts, chemical weapons precursors, industrial chemicals); police equipment (e.g., nightsticks, batons, body armour, handcuffs); or military or police uniforms;*

*(k) All Documents or Communications concerning "regional banks," as that term is used in paragraph 9 of Exhibit H to the SAC, Dkt. 49-8;*

*(l) All Documents or Communications concerning "satellite banks," as that term was used "internally at BNPP Geneva" per paragraph 23 of Exhibit C to the SAC, Dkt. 49-3.*

**OBJECTIONS**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions

that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants to identify "[a]ll Documents or Communications" concerned Sudan Transactions over a twenty-six year time period. The burden and expense of locating and reviewing all of the information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable

search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 27:**

*Documents or Communications concerning each Sudan Transaction in which BNPP is or was involved, including but not limited to Documents or Communications concerning all parties, counterparties, and beneficiary parties to each such transaction, and all revenue received by BNPP from each such transaction.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what is meant by "counterparties" and "beneficiary parties."

The BNPP Defendants further object to the Request to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Document Requests No. 26.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 28:**

*All Documents or Communications (not already produced in response to Request for Production No. 12) concerning the 3,897 financial and trade transactions routed to or through banks in the United States between 2005 and 2012 that OFAC identified as in apparent violation of the Sudanese Sanctions Regulations, 31 C.F.R. part 538.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent that it is cumulative and duplicative of other discovery requests submitted by Plaintiffs in this litigation, including, but not limited to, Document Requests No. 26.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable

search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 29:**

*All Documents or Communications concerning Sudan, including but not limited to the following topics:*

*(a) Human Rights Violations in Sudan;*

*(b) Population displacement in Sudan;*

*(c) The economy of Sudan;*

*(d) The budget, assets, liabilities, debts, or revenue of Sudan;*

*(e) The banking sector of Sudan;*

*(f) Policies, procedures, and regulatory frameworks designed, implemented, and/or supervised by the Central Bank of Sudan;*

*(g) The political environment in Sudan;*

*(h) Sudan commercial or security relations with governmental entities or other Persons in the United States, France, Switzerland, Iran, China, Russian Federation, Belarus, Ukraine, Iraq, Syria, United Arab Emirates, or Malaysia;*

*(i) Oil blocks in Sudan;*

*(j) Risk assessments relating to Sudan;*

*(k) Policies of France or Switzerland relating to Sudan;*

*(l) Terrorism in Sudan;*

*(m) the European Union arms embargo on Sudan;*

*(n) United Nations Security Council resolutions on Sudan;*

*(o) United Nations arms embargo on Sudan;*

*(p) United Nations Mission in Sudan;*

*(q) UN Panel of Experts on Sudan;*

*(r) African Union Mission in Sudan;*

*(s) United States government personnel in Sudan, including but not limited to diplomats or consular officials;*

*(t) the Sudanese military, security, police, paramilitary, and militia forces, including but not limited to the National Intelligence and Security Service, Sudanese Armed Forces, Land Forces, Sudanese Navy, Sudanese Air Force, Popular Defense Forces, Border Intelligence Brigade/Border Guards, Sudan Police Force (SPF), Popular Police Force (PPF), United Police Forces (UPF), Central Police Reserve, Janjaweed, National Islamic Front, or Military Industrial Corporation;*

*(u) the procurement, sale, purchase, brokering, financing, payment processing, licensing, production, import, export, or shipping of firearms; artillery; bombs; missiles; ammunition; military equipment; military vehicles (e.g., fighter, bomber, or cargo aircraft; helicopters; Land Cruisers, tanks, armored personnel carriers); dual-use equipment (e.g., transport vehicles, electronic equipment, computers, telecommunications equipment, cryptographic goods, radio equipment, sensors and radar, navigation and avionic equipment, machine tools, aviation and vehicle spare parts, chemical weapons precursors, industrial chemicals); police equipment (e.g., nightsticks, batons, body armor, handcuffs); or military or police uniforms;*

*(v) the development, extraction, production, refinement, sale, purchase, brokering, financing, payment processing, licensing, concession, import, or export of petroleum*

*products by Sudan or any Sudanese Person, or counterparties to Sudan or any Sudanese*

*Person, including the processing of payments for such transactions.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as overbroad and unduly burdensome because it requests the BNPP Defendants to identify "[a]ll Documents or Communications concerning Sudan" over a twenty-six-year period. The burden or expense of locating and reviewing all of the documents and information sought by the Request would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what is meant by "[p]olicies, procedures, and regulatory frameworks designed, implemented, and/or supervised by the Central Bank of Sudan," "political environment," "commercial or security relations," and "[p]olicies of France or Switzerland."

The BNPP Defendants further object to the Request to the extent that it seeks information already in Plaintiffs' possession, custody, or control, or otherwise available to Plaintiffs.

The BNPP Defendants further object to the Request because it calls for the disclosure of information and/or production of documents in the public domain and not in the exclusive possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 30:**

*All Documents or Communications concerning any consummated, proposed, direct or indirect meeting, relationship, or agreement involving BNPP and Sudan or a Sudanese Person, including but not limited to the meeting between a BNPP Employee and the "Minister of Finance of Sudan and the President of the [Sudanese Government Bank 1]" referenced in paragraph 32 of Exhibit C to the SAC, Dkt. 49-3.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information concerning "any consummated, proposed, direct or indirect meeting, relationship, or agreement involving BNPP and Sudan or a Sudanese Person" without any subject matter limitation. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "All Documents or Communications" over a twenty-six year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will conduct a reasonable search for and produce responsive, non-privileged documents within its possession, custody, or control relating to the Sudan Transactions during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 31:**

*All Documents concerning, or Communications with, any of the following persons or entities in relation to Sudan, a Sudanese Person, a Sudan Transaction, Sanctions, or Human Rights Violations:*

*(a) Omar al-Bashir, former President of Sudan;*

*(b) Major General Zubair Mohamed Salih (a/k/a Zubair Mohammad Salih, Zubeir Mohammed al-Saleh and Al-Zubair Mohamed Saleh), former Vice President of Sudan;*

*(c) Salah Gosh, former director of the National Intelligence and Security Service;*

*(d) Abdullah Hassan Ahmed, former Sudanese Minister of Finance;*

*(e) Abdul Wahab Othman, former Sudanese Minister of Finance;*

*(f) Mohamed Khair Al-Zubair, former Sudanese Minister of Finance;*

*(g) Abdul Rahim Mahmoud Hamdi, former Sudanese Minister of Finance;*

*(h) Major General Abdel Rahim Mohammed Hussein, former Sudanese Minister of Interior;*

*(i) Bakri Hassan Saleh, former Sudanese Minister of Defense;*

*(j) Ali Osman Taha, former Vice-President of Sudan;*

*(k) Dr Sabir Mohamed Hassan, former Governor of the Central Bank of Sudan;*

*(l) Mustafa Osman Ismail, former Foreign Minister and Minister of Investment;*

*(m) Usama Abdallah, former head of the Dam Implementation Unit/Minister of Water Resources and Electricity;*

*(n) Ambassador Mutaz Musa, former PM and former Minister of Water Resources and Electricity;*

*(o) Major-General El-Fatih Erwa, former National Security Advisor and Ambassador to the UN;*

*(p) Ali Karti, former Foreign Minister;*

*(q) Jamal Al Wali, leading Sudanese businessman;*

*(r) Munir Hakim, former head of the Islamic Development Corporation;*

*(s) Major-General Taha Osman al-Hussein, former chef-de-cabinet of the*

*President;*

*(t) Nafi Ali Nafie, former Special Assistant to the President;*

*(u) Ambassador Mahdi Ibrahim, former Ambassador to the US;*

*(v) Colonel Mohamed al-Amin Khalifa, former speaker of the National Assembly;*

*(w) Ambassador Omer Dahab Fadl Mohamed, former Ambassador to Russia and to the UN;*

*(x) Badr El-Din Mahmoud Abbas, former Minister of Finance;*

*(y) Dr Abdulrahman Khalifa, former Attorney-General;*

*(z) Abdelhalim Al Muta'afi, former governor of Khartoum and Minister of Agriculture;*

*(aa) Dr Qutbi Al-Mahdi, former head of External Intelligence and ambassador to Iran;*

*(bb) Hasaballah Omer Elamin, former director at the National Intelligence and Security Service;*

*(cc) Hassan Rizzig, former Governor of River Nile State and West Kordofan;*

*(dd) Ali al-Haj, former secretary-general of the National Islamic Front;*

*(ee) Saifuddin Ahmed, Head of the Centre for Strategic Studies and confidante of Omar Al-Bashir Zubair Ahmed Al-Hassan;*

*(ff) Awad Ahmed Al-Jaz;*

*(gg) Yousif Ramadan Mohammed El Hassan, Member of the Sudanese National Petroleum Commission*

*(hh) Gaffar Mohmed El Hassan, former Major General for Sudan Armed Forces (OFAC SDN listed individual);*

*(ii) Ahmad Muhammed Harun (a/k/a Ahmed Mohamed Haroun), former State Minister for Humanitarian Affairs, former State Minister for the Interior; former Coordinator of the Popular Police Forces (OFAC SDN listed individual);*

*(jj) Musa Hilal, Sheikh and Paramount Chief of the Jalul Tribe (OFAC SDN listed individual);*

*(kk) Awad ibn Auf, former Head of Military Intelligence and Security (OFAC SDN listed individual);*

*(ll) Wajd Mirghani, leading Sudanese businessman;*

*(mm) Ibrahim Ghandour, former Foreign Minister;*

*(nn) Ibrahim Ahmed Omer, former Speaker of the National Assembly;*

*(oo) Mahzjub al-Khalifa, former governor of Khartoum and minister;*

*(pp) Mutriff Siddig, former Minister of State at the Presidency;*

*(qq) Major-General Al-Hadi Muhammad Abdullah al-Awad, former Minister of Cabinet Affairs;*

*(rr) Major General Al-Tayyib Ibrahim Muhammad Khair, former Governor of Darfur;*

*(ss) Major-General Abdullah Ali Safi al-Din Al-Nur, former Governor of North Darfur;*

*(tt) Major-General Al-Tijani Adam al-Tahir, former Minister of Interior;*

*(uu) Major-General Muhammad Al-Dabi, former head of National Intelligence;*

*(vv) Abd al-Basit Salih Sabdarat, former Minister of Justice/Attorney General;*

*(ww) Abd al-Mawla, Karam al-Din, former Minister of Cabinet Affairs;*

*(xx) Al-Sharif Ahmad Umar al-Fakki Badr, former Minister of Investment;*

*(yy) Ali Muhammad Uthman Yasin, former Minister of Justice/Attorney General;*

*(zz) Badr el-Din Suleiman, former Minister of Industry;*

*(aaa) Hamid Siddig, former deputy secretary-general of the Islamic Movement;*

*(bbb) Ali Al-Haj, former Secretary-General of the National Islamic Front;*

*(ccc) Bank of Sudan (a/k/a Central Bank of Sudan);*

*(ddd) Bank of Khartoum;*

*(eee) Bank of Khartoum Southern Branch;*

*(fff) Stanbic Bank;*

*(ggg) An-Nilein Bank;*

*(hhh) Sudan Commercial Bank;*

*(iii) People's Cooperative Bank;*

*(jjj) Unity Bank;*

*(kkk) Agricultural Bank of Sudan;*

*(lll) Faisal Islamic Bank;*

*(mmm) Omdurman National Bank;*

*(nnn) Sudanese French Bank;*

*(ooo) Animal Resources Bank;*

*(ppp) Blue Nile Mashreq;*

*(qqq) Tadamon Islamic Bank;*

*(rrr) Baraka Bank;*

*(sss) Saudi Sudanese Bank;*

*(ttt) Worker National Bank;*

*(uuu) Shamal Islamic Bank;*

*(vvv) Farmers' Commercial Bank;*

*(www) Byblos Africa Bank;*

*(xxx) Salam Bank;*

*(yyy) Sudanese Egyptian Bank;*

*(zzz) Capital United Bank;*

*(aaaa) Savings & Social Development Bank;*

*(bbbb) Emirates and Sudan Bank;*

*(cccc) Al-Salam Bank Sudan;*

*(dddd) Viktor Bout;*

*(eeee) Sergei Bout;*

*(ffff) Air Cess;*

*(gggg) Centrafrican Airlines;*

*(hhhh) Air Pass;*

*(iiii) Flying Dolphin Air;*

*(jjjj) Transavia;*

*(kkkk) Avialinx;*

*(llll) J&V Aviation;*

*(mmmm)  Hemus Air;*

*(nnnn) Bravo Airlines;*

*(oooo) Sergey Denisenko;*

*(pppp) Andrei Kosolapov;*

*(qqqq) John Knight (a UK national and arms dealer);*

*(rrrr) Endeavour Resources UK Ltd;*

*(ssss) Brian Edwin Footer (an Irish national and arms dealer);*

*(tttt) Sinclair Holdings 7 Ltd;*

*(uuuu) Richard Ammar Chichakli;*

*(vvvv) Ukrspetsexport;*

*(wwww) Imbel Ltda a/k/a Indústria de Material Bélico do Brasil;*

*(xxxx) the Sudanese Military Industry Corporation;*

*(yyyy) Sudan Technical Centre;*

*(zzzz) Sudan High Tech Group;*

*(aaaaa) GIAD Industrial Complex;*

*(bbbbb) Elshaheed Ibrahim Shamseldeen Complex for Heavy Industries;*

*(ccccc) Safaat Aviation Complex;*

*(ddddd) Yarmouk Industrial Complex;*

*(eeeee) Yarmouk Technical Centre;*

*(fffff) Alshagara Industrial Complex;*

*(ggggg) Alzargaa (Zargaa) Engineering Complex;*

*(hhhhh) Azza Air Transport Company Ltd. (a/k/a Azza Aviation Company) (OFAC SDN listed entity);*

*(iiiii) The Consultancy House/Dar Consult;*

*(jjjjj) Danfodio Company;*

*(kkkkk) Qasr El Lolo Company;*

*(lllll) Brooj Company;*

*(mmmmm)  Hijleej Company for Petroleum Services;*

*(nnnnn) El Nasr Company for Housing and Construction;*

*(ooooo) Ingaz Engineering Company;*

86

(ppppp) *Shirian El Shimal Energy Company;*

(qqqqq) *El Masarah Company;*

(rrrrr) *El Arifi Company;*

(sssss) *Zadna Company;*

(ttttt) *Zawaya Group;*

(uuuuu) *Larrycom;*

(vvvvv) *Aryab;*

(wwwww) *Sudatel;*

(xxxxx) *Kenana Sugar Company;*

(yyyyy) *White Nile Sugar Company;*

(zzzzz) *Harbin Dongan Engine;*

(aaaaaa) *Avia Baltika;*

(bbbbbb) *Heli Lift Co Ltd;*

(cccccc) *SPARK Helicopter Repairs;*

(dddddd) *Russian Aircraft Corporation a/k/a RSKmiG;*

(eeeeee) *Antonov Design Bureau;*

(ffffff) *Xian Aircraft Manufacturing Company;*

(gggggg) *Beta-Cherven Bryag OOD;*

(hhhhhh) *Beta Kas;*

(iiiiii) *KAS Engineering;*

(jjjjjj) *RIK Co;*

(kkkkkk) *Arzamas Machinery Company;*

(llllll) *Q-Mac Electronics;*

*(mmmmmm)  Aerocom;*

*(nnnnnn) Asterias Commercial SA.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents concerning, or Communications with," a list of 144 persons and entities, almost all of which have no clear connection to Plaintiffs' allegations in the Third Amended Complaint. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

*Documents or Communications sufficient to establish the identities, titles, contact information, and last known location of the following Persons, as well as their relation to the events described in the paragraphs cited below:*

*(a) all "other financial institutions in the United States" referenced in paragraph 4.a. of Exhibit A to the SAC, Dkt. 49-1;*

*(b) all "other financial institutions" referenced in paragraph 4.b. of Exhibit A to the SAC;*

*(c) all "other financial institutions" referenced in paragraph 4.c. of Exhibit A to the SAC;*

*(d) the "unaffiliated U.S. financial institution located in New York, New York ('U.S. Bank 1')" referenced in paragraph 5.a. in Exhibit A to the SAC;*

*(e) all "banks or other entities located in or controlled by . . . Sudan" referenced in paragraph 14 of Exhibit C to the SAC, Dkt. 49-3;*

*(f) all "other financial institutions in the United States" referenced in paragraph 16.a. of Exhibit C to the SAC;*

*(g) all "other financial institutions" referenced in paragraph 16.b. of Exhibit C to the SAC;*

*(h) all "co-conspirator financial institutions" referenced in paragraph 16.c. of Exhibit C to the SAC;*

*(i) all "co-conspirator Sanctioned Entities" referenced in paragraph 16.d. of Exhibit C to the SAC;*

*(j) all "Sanctioned Entities" and "other financial institutions in the United States" referenced in paragraph 16.e. of Exhibit C to the SAC;*

*(k) all "Sudanese banks and entities as well as financial institutions outside of Sudan" referenced in paragraph 17 of Exhibit C to the SAC;*

*(l) all "18 Sudanese SDNs" referenced in paragraph 17 of Exhibit C to the SAC;*

*(m) the "financial institution owned by the Government of Sudan ('Sudanese Government Bank 1')" referenced in paragraph 17 of Exhibit C to the SAC;*

*(n) all "Sudanese entities" referenced in the second sentence of paragraph 18 of Exhibit C to the SAC;*

*(o) all "'satellite banks'" referenced in the third sentence of paragraph 18 of Exhibit C to the SAC;*

*(p) all "banks connected to the Government of Sudan, including SDNs" referenced in the last sentence of paragraph 18 of Exhibit C to the SAC;*

*(q) "all major commercial banks located in Sudan" referenced in the second sentence of paragraph 19 of Exhibit C to the SAC;*

*(r) all parties involved directly or indirectly in the "letters of credit managed by BNPP" as referenced in paragraph 19 of Exhibit C to the SAC;*

*(s) all BNPP employees, including the "manager at BNPP Geneva," "senior BNPP Paris compliance officer[s]," and "BNPP Paris executive," referenced in paragraph 20 of Exhibit C to the SAC;*

*(t) all "Sanctioned Entities in Sudan" referenced in paragraph 22 of Exhibit C to the SAC;*

*(u) all "'satellite banks'" and all "sanctioned Sudanese banks" referenced in paragraph 23 of Exhibit C to the SAC;*

*(v) all BNPP Employees referenced in paragraph 24 of Exhibit C to the SAC;*

*(w) all BNPP Employees referenced in paragraph 25 of Exhibit C to the SAC;*

*(x) all BNPP Employees including all "compliance personnel" referenced in paragraph 26 of Exhibit C to the SAC;*

*(y) all BNPP Employees including all "senior compliance and business managers at both BNPP Geneva and BNPP Paris" referenced in paragraph 27 of Exhibit C to the SAC;*

*(z) all BNPP Employees including all "senior BNPP Paris executives and BNPP Geneva executives" referenced in paragraph 29 of Exhibit C to the SAC;*

*(aa) the "unaffiliated bank in the United States ('U.S. Bank I')" referenced in paragraph 29 of Exhibit C to the SAC;*

*(bb) all "outside counsel ('U.S. Law Firm 1')" referenced in paragraph 30 of Exhibit C to the SAC;*

*(cc) all BNPP Employees including all "senior BNPP compliance and legal personnel" and the "Paris compliance officer" referenced in paragraph 31 of Exhibit C to the SAC;*

*(dd) the "CIB/ECEP Compliance" referenced in paragraph 31 of Exhibit C to the SAC;*

*(ee) the "US groups" referenced in paragraph 31 of Exhibit C to the SAC;*

*(ff) all BNPP Employees including all "senior compliance and legal personnel" referenced in paragraph 32 of Exhibit C to the SAC;*

*(gg) all "Arab Banks (nine identified) on our books" referenced in paragraph 32 of Exhibit C to the SAC;*

*(hh) all BNPP Employees including all "senior BNPP Paris and Geneva executives" referenced in paragraph 33 of Exhibit C to the SAC;*

*(ii) all "outside counsel for BNPP" referenced in paragraph 34 of Exhibit C to the SAC;*

*(jj) the "'U.S. Law Firm 2'" referenced in paragraph 35 of Exhibit C to the SAC;*

*(kk) all BNPP Employees attending or otherwise involved in the "July 2006 Credit Committee Meeting of BNPP's general management" including all "senior compliance personnel" referenced in paragraph 37 of Exhibit C to the SAC;*

(ll) all BNPP Employees, including all "three BNPP Geneva employees" and the "senior BNPP Paris compliance officer," referenced in paragraph 38 of Exhibit C to the SAC;

(mm) all BNPP employees, including all "senior compliance officers at BNPP Paris," the "BNPP Geneva compliance officer," and all "BNPP Paris and BNPP Geneva executives" referenced in paragraph 39 of Exhibit C to the SAC;

(nn) all BNPP Employees, including all "executives at BNPP New York," referenced in paragraph 40 of Exhibit C to the SAC;

(oo) the "Sudanese Government Bank 1" referenced in paragraph 17 of the Exhibit E to the SAC, Dkt. 49-5;

(pp) the "other branches and an agency in the United States (the "U.S. Offices") and the "two insured depository institutions and other subsidiaries in the U.S." referenced in the last sentence of page 2 of Exhibit F to the SAC, Dkt. 49-6;

(qq) all BNPP Employees referenced in paragraph 2 (page 4) of Exhibit G to the SAC, Dkt. 49-7 (under the heading "Accountability for Employees Involved in Misconduct");

(rr) all "BNPP branches and business lines" referenced in paragraph 3 of Exhibit H to the SAC, Dkt. 49-8;

(ss) all of the "bank's sanctioned customers" referenced in paragraph 7 of Exhibit H to the SAC;

(tt) the "BNPP Suisse Compliance representative" referenced in paragraph 8 of Exhibit H to the SAC;

(uu) all of the "Sudanese banks, including four banks identified by OFAC as Specially Designated Nationals" referenced in paragraph 9 of Exhibit H to the SAC;

(vv) all of the "Regional Banks" referenced in paragraph 9 of Exhibit H to the SAC;

(ww) the "member of BNPP Suisse Compliance," "former BNPP Group Chief Operating Officer," and all Persons present or represented at the September 2005 meeting in Geneva referenced in paragraph 10 of Exhibit H to the SAC;

(xx) all persons involved in the "BNPP's Head Office General Management Credit Committee" and "Group Compliance" referenced in paragraph 11 of Exhibit H to the SAC;

(yy) the "Head of Ethics and Compliance North America" referenced in paragraph 8 of Exhibit I to the SAC, Dkt. 49-9;

(zz) all of the "Sanctioned Parties" including the "18 Sudanese SDNs, of which six were clients of BNPP" referenced in paragraph 14 of Exhibit I to the SAC;

(aaa) the BNPP Employees who made internal proposals to BNPP Geneva compliance staff, as referenced in paragraph 19 of Exhibit I to the SAC;

(bbb) the "senior compliance officer" whose August 2005 email was referenced in paragraph 21 of Exhibit I to the SAC;

(ccc) "BNPP's Chief Operating Officer" referenced in paragraph 22 of Exhibit I to the SAC;

(ddd) the "financial institution owned by the Government of Sudan" referenced in paragraph 26 of Exhibit I to the SAC.

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions

that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what it meant by "Documents or Communications sufficient to establish the identities, titles, contact information, and last known location of the following Persons, as well as their relation to the events described."

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome to produce "Documents or Communications" relating to over fifty-six persons, entities, or groups of persons and entities. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request as unduly burdensome, harassing, and disproportionate to the needs of this case to the extent its burdens the BNPP Defendants with attempting to decipher which specific documents are responsive to numerous sub-requests, many of which refer to documents with little identifying information.

The BNPP Defendants further object to the Request to the extent it seeks documents not presently within its knowledge and more appropriately within the knowledge of third parties.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

*All Documents or Communications concerning the documentation, reporting, investigation, or prosecution of Human Rights Violations in Sudan by any Investigative Authority, including all Documents or Communications provided to such Authority.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "All Documents or Communications" over a twenty-six year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request because it calls for the disclosure of information and/or production of documents in the public domain and not in the exclusive possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other

personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION 33:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

*All Documents or Communications concerning United Nations Security Council or General Assembly Resolutions concerning Human Rights Violations in Sudan, including but not limited to:*

*(a) UNSC Res. 1044 (Jan. 31, 1996) (calling on Sudan to desist from supporting terrorism and violating the UN Charter);*

*(b) UNSC Res. 1054 (Apr. 26, 1996) (imposing travel sanctions on Sudanese officials due to terrorism);*

*(c) UNSC Res. 1070 (Aug. 16, 1996) (strengthening sanctions in connection with Sudan);*

*(d) UNSC Res. 1564 (Sept. 19, 2004) (establishing Commission of Inquiry on Darfur);*

*(e) Rep. of the Int'l Comm'n of Inquiry on Darfur to the U.N. Secretary-General (Jan. 25, 2005);*

(f) UNSC Res. 1591 (Mar. 24, 2005) (creating individually targeted measures);

(g) UNSC Res. 1593 (Mar. 31, 2005) (referring situation in Darfur to the International Criminal Court);

(h) UNSC Res. 1672 (Apr. 25, 2006) (listing individuals for sanctions).

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information regarding United Nations Security Council or General Assembly Resolutions that are not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "All Documents or Communications" over a twenty-six year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request because it calls for the disclosure of information and/or production of documents in the public domain and not in the exclusive possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an

attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

*All Documents or Communications concerning European Union policies, decisions, or regulations relating to Human Rights Violations in Sudan, including but not limited to the topics:*

*(a) European Council Decision 94/165/CFSP (Mar. 15, 1994) (imposing embargo on*
*Sudan banning the transfer of arms, munitions, military equipment, or military*
*technology);*

*(b) European Council Regulation 131/2004 (Jan. 26, 2004) (extending Sudan embargo to*
*include prohibition on providing financing or financial assistance related to military*
*activities).*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information regarding European Union policies, decisions, or regulations that are not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about Human Rights Violations that are not subject to the tortious acts described in the Third Amended Complaint. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "All Documents or Communications" over a twenty-six year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request because it calls for the disclosure of information and/or production of documents in the public domain and not in the exclusive

possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

*All Documents or Communications concerning United States policies, laws, reports, or regulations relating to Sudan, including but not limited to the following topics:*

*(a) Concurrent Resolution S. Con. Res. 140, 102 Cong., 106 Stat. 5207 (Oct. 6, 1992) (concerning human rights violations in Sudan);*

*(b) 1993 designation of Sudan as a state sponsor of terrorism;*

*(c) U.S. Department of State Dispatch, U.S. Policy Toward Sudan, Statement by Edward Brynn, Acting Assistant Secretary for African Affairs, before the Subcommittee on Africa, House, International Relations Committee (Mar. 22, 1995);*

*(d) Exec. Order No. 13067, 62 Fed. Reg. 59989 (Nov. 3, 1997), reprinted in 31 C.F.R. 538 (62 Fed. Reg. 59989, November 5, 1997);*

*(e) Sudanese Sanctions Regulations promulgated by OFAC on July 1, 1998 to implement E.O. 13067;*

*(f) Sudan Peace Act, Pub. L. 107-245 at § 2(10), 116 Stat. 1504 (2002) (codified at 50 U.S.C. § 1701);*

*(g) State Dept., Sudan Peace Act: Presidential Finding and Reports to Congress (Apr. 22, 2003);*

*(h) Comprehensive Peace in Sudan Act of 2004, Pub. L. 108-497, 118 Stat. 4012 (2004);*

*(i) George W. Bush Address to United Nations (Sept. 21, 2004), http://www.presidentialrhetoric.com/speeches/09.21.04.html;*

*(j) Exec. Order No. 13400, 71 Fed. Reg. 25483 (Apr. 26, 2006);*

*(k) Darfur Peace and Accountability Act of 2006, Pub. L. 109-344, 50 U.S.C. § 1701 (2016);*

*(l) Exec. Order No. 13412, 71 Fed. Reg. 61369 (Oct. 17, 2006);*

*(m) The amended Sudanese Sanctions Regulations promulgated by OFAC on October 31, 2007 to implement E.O. 13412;*

*(n) U.S. State Department, U.S. Support for the People of Sudan, Nov. 20, 2007;*

*(o) the U.S. State Department's Annual Country Reports on Human Rights Practices*

*relating to Sudan for each year from 1993 up to and including 2009.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information regarding United States policies, laws, reports, or regulations relating to Sudan that are not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "All Documents or Communications" over a twenty-six year time period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request because it calls for the disclosure of information and/or production of documents in the public domain and not in the exclusive possession, custody or control of the BNPP Defendants. Such requests are beyond the scope of permissible discovery, would impose an undue burden on the BNPP Defendants, and are an attempt to require the BNPP Defendants to prepare Plaintiffs' case. Such information and documents are as available to Plaintiffs as they are to the BNPP Defendants.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants' possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

*All Documents or Communications concerning sanctions or embargoes imposed by any government or international or multilateral organization on Rwanda, including but not limited to Documents or Communications constituting or concerning:*

*(a) UN Security Council Resolution 918 (May 17, 1994) (imposing an embargo on the sale or supply of arms to the territory of Rwanda);*

*(b) BNPP's compliance with Rwanda sanctions or embargoes; or*

*(c) BNPP's provision of information to any Investigative Authority relating to Rwanda sanctions or embargoes.*

105

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about sanctions or embargoes imposed on Rwanda, even though the Third Amended Complaint makes no claims related to Rwanda. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents or Communications" over a twenty-six year period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of

documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable.   To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

*All Documents and Communications concerning any transactions involving the sale or supply of arms to the territory of Rwanda or Zaire, and/or the acquisition of arms by Rwandan government or former Rwandan government forces between May 17, 1994 and July 10, 2008, including but not limited to financial transactions between the National Bank of Rwanda and South African arms dealer Willem Tertius Ehlers and/or his company Delta Aero, including those involving the use of a Swiss Union Bancaire Privée (UBP) account.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about transactions involving Rwanda or Zaire, even though the Third Amended Complaint makes no claims related to Rwanda or Zaire.  Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents and Communications" over a twelve year period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION 38:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION 39:**

*All Documents and Communications concerning any transactions, relationships, agreements, or dealings between BNPP and any consultant relating to Sudan Sanctions or Sudan Transactions. Such consultants include but are not limited to Promontory Financial Group; Promontory Forensics Solutions, LLC; Promontory Growth and Innovation; Promontory Human Capital Solutions; or Promontory Risk Review, LLC.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about communications with consultants, even though the Third Amended Complaint makes no allegations that the BNPP Defendants dealt directly with consultants with respect to the Sudan Sanctions or Sudan Transactions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what it meant by "relationships."

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents and Communications" over a twenty-six year period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

*All Documents and Communications concerning any transactions, relationships, agreements, or dealings between BNPP and any oil or gas company relating to Sudan Sanctions or Sudan Transactions. Such oil and gas companies include but are not limited to Talisman Energy, Inc.; Lundin Energy (formerly Lundin Petroleum); OMV (Österreichische Mineralölverwaltung); China National Petroleum Corporation; Arakis Energy Corporation; Petroliam Nasional Berhad (Petornas); the Oil and Natural Gas Corporation Limited (ONGC and OVL); the Gulf Petroleum Corporation (GPC); the Petrodar Operating Company Ltd (PDOC); China Petroleum & Chemical Corporation (Sinopec); Al Thani Corporation; the Sudan National Petroleum Corporation (Sudapet); or the Greater Nile Petroleum Operating Company, and all subsidiaries of these companies.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about communications from any oil or gas company, even though the Third Amended Complaint makes no allegations that the BNPP Defendants dealt directly with oil or gas companies with respect to the Sudan Sanctions or Sudan Transactions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what it meant by "relationships."

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents and Communications" over a twenty-six year period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

*All Documents and Communications concerning any transactions, relationships, agreements, or dealings between BNPP and any private military or security contractor relating to Sudan, Sudan Sanctions, or Sudan Transactions.*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information about communications from any private military or security contractor, even though the Third Amended Complaint makes no allegations that the BNPP Defendants dealt directly with private military or security contractors with respect to Sudan, Sudan Sanctions, or Sudan Transactions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to financial or commercial dealings with Sudan other than the transactions that violated the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request to the extent it seeks irrelevant information relating to sanctions other than the U.S.-Sudan Sanctions or entities other than those

113

targeted by the U.S.-Sudan Sanctions. Accordingly, the Request seeks information that is not relevant to any party's claim or defense.

The BNPP Defendants further object to the Request as vague, ambiguous and unclear because it does not identify with particularity what it meant by "relationships."

The BNPP Defendants further object to the Request to the extent it is overbroad and unduly burdensome because it requests the BNPP Defendants produce "all Documents and Communications" over a twenty-six year period. The burden and expense of locating and reviewing all the information sought by the Requests would outweigh any even arguable benefit of such information.

The BNPP Defendants further object to the Request to the extent it seeks documents outside of the BNPP Defendants possession, custody or control.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the Data Protection Laws, the Hague Convention, Blocking Statutes, or Banking Secrecy Laws. The names and positions of employees and other persons, among other personal information, are considered protected information under the Data Protection Laws. Noncompliance with, or nonconformity to the requirements of, the Hague Convention may subject the BNPP Defendants to liability under French or Swiss law. The production of documents located abroad may be prohibited by the Blocking Statutes or Banking Secrecy Laws, and information about clients, transactions, or accounts may also be considered protected information under these Statutes and Laws where applicable. To the extent protected information is produced without redaction, it is produced in accordance with applicable laws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will not search for or produce any documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

*All Documents or Communications relied upon in preparing and answering Plaintiffs' First Set of Interrogatories to Defendants BNP Paribas, S.A.; BNP Paribas, S.A. New York Branch; and BNP Paribas US Wholesale Holdings, Corp. (f/k/a BNP Paribas North America, Inc.).*

**OBJECTIONS:**

The BNPP Defendants incorporate by reference herein their General Objections and Objections to Definitions and Instructions.

The BNPP Defendants further object to the Request to the extent that it seeks information that is protected by the attorney-client privilege, the work-product doctrine or similar doctrine that protects information from disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Subject to its above-stated objections and without waiving any of them, the BNPP Defendants respond to the Request as follows: the BNPP Defendants will produce responsive, non-privileged documents in response to the Request.

## RESERVATION OF RIGHTS

1.      To the extent that the BNPP Defendants produce documents in response to the Requests, they do so without conceding the materiality, admissibility or relevance of any such documents, or of any other substantive responses to the Requests.

2.      By producing a document, the BNPP Defendants do not admit that such a document is responsive to the Requests, nor does a response to the effect that the BNPP Defendants will produce a document indicate that such a document exists or can be located.

3.      The BNPP Defendants reserve all objections to the use of these responses and of any documents they produce.

4.      The BNPP Defendants expressly reserve the right to revise, amend, supplement or clarify any of the responses or objections set forth here, and to object to any future request for additional documents.

5.      The BNPP Defendants reserve the right to amend or supplement these responses and objections to the Requests as additional documents are identified. The BNPP Defendants also reserve the right to supplement its productions if any documents are later located and reviewed. The inadvertent production of any privileged or work product document shall not be deemed a waiver of any claim of privilege or work product as to such document, and the BNPP Defendants reserve the right to require the return of all copies of any such document inadvertently produced in response to the Requests. Insofar as the intentional production of any document by the BNPP Defendants pursuant to the Requests may be deemed to be a waiver of

any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular document only.

6.      Subject to and without waiving the foregoing General and Specific Objections, the BNPP Defendants will meet and confer with Plaintiffs to discuss the scope of the Requests.

Dated: New York, New York
       June 29, 2021

                            CLEARY GOTTLIEB STEEN & HAMILTON LLP

                            By: _____
                                Carmine D. Boccuzzi, Jr.
                                Katherine R. Lynch
                                One Liberty Plaza
                                New York, New York 10006
                                (212) 225-2000
                                cboccuzzi@cgsh.com
                                kalynch@cgsh.com

                            *Counsel for Defendants BNP Paribas and BNP
                            Paribas US Wholesale Holdings, Corp. (f/k/a BNP
                            Paribas North America, Inc.)*