**HAUSFELD**

January 5, 2022

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

**By CM/ECF—Filed Under Seal**
Honorable Alison J. Nathan
United States District Court, S.D.N.Y.
40 Foley Square
New York, New York 10007

**BRENT W. LANDAU**
**Global Managing Partner**

E blandau@hausfeld.com
T (215) 985-3270
DD (215) 985-3273

Re: *Kashef v. BNP Paribas SA*, No. 16-cv-3228 (AJN)
Plaintiffs' Motion to Compel Logged Documents and Request for Informal Conference

Dear Judge Nathan:

Plaintiffs move to compel BNPP to produce one document over which it asserts attorney-client privilege ("ACP"), one document over which it asserts work product ("WP"), and five documents over which it asserts both: Log Entries 2 and 4-9 (Ex. A).[1] The asserted privileges are all waived by disclosure to government authorities and/or barred by the crime-fraud exception.[2]

The documents should be produced for three reasons. ***First***, BNPP's voluntary disclosure to adverse government authorities waived both privileges. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 234, 235 (2d Cir. 1993); *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 n.5 (2d Cir. 2003).[3] "Voluntary disclosure of [WP], regardless of the existence of a confidentiality agreement, will waive [WP] privilege absent special circumstances." *In re Initial Pub. Offering Sec. Litig.*, 249 F.R.D. 457, 466 (S.D.N.Y. 2008). No special circumstances exist here. In meet-and-confers, BNPP conceded it had no express, written confidentiality agreement with the government. Instead, it asserted an implicit "understanding" of confidentiality. But an express agreement requires more than a mere "'understanding' that . . . materials would be kept

---

[1] The parties' extensive meet-and-confer process occurred over multiple telephone calls and was unsuccessful. The parties are continuing to discuss Entries 1 and 10; those documents are not the subject of this motion.
[2] U.S. law governs the asserted privileges because BNPP received legal advice and work product on U.S. law from U.S. lawyers. *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 99 (2d Cir. 2020). New York law governs ACP. *See* Fed. R. Evid. 501; *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 425 (S.D.N.Y. 2013).
[3] Courts in this Circuit apply the *Steinhardt* test to both WP and ACP. *See Gruss v. Zwirn*, No. 09-cv-6441 (PGG), 2013 WL 3481350, at *12 (S.D.N.Y. Jul. 10, 2013) ("[T]he general rule is that a one-time voluntary disclosure of privileged documents to an adverse party is sufficient to destroy both the [ACP] and [WP] protection").

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

**HAUSFELD**

confidential." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-cv-7126 (JMF), 2017 WL 280816, at *2 (S.D.N.Y. Jan. 20, 2017) (finding waiver). Neither "an explicit request for confidential treatment," *id.*,[4] nor an "illusory" written agreement, is enough. *Gruss*, 2013 WL 3481350, at *8 (rejecting a written agreement as "a fig leaf that permits the producing party to claim, as to third parties, that attorney-client privilege and work product protection are preserved").

BNPP cooperated with authorities by "agreeing to a limited waiver of attorney-client privilege," with no promise of confidentiality. Ex. B ¶ 24. Even if there had been a confidentiality agreement, that alone would not override the "strong presumption against [] selective waiver," because BNPP lacked a common interest with its governmental adversaries. *Initial Pub. Offering*, 249 F.R.D. at 465. BNPP was the target of an investigation resulting in multiple guilty pleas. The government described and ***quoted from*** the contents of the withheld documents in public plea agreements. Thus, BNPP waived ACP and WP for all seven documents.

***Second***, Entry 8 also contains relevant and inaccessible ***fact*** WP, which receives at most qualified protection. *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 339-40 (S.D.N.Y. 2011). It is not opinion WP because BNPP cannot "show a real, rather than speculative, concern that the [WP] will reveal counsel's thought processes in relation to pending or anticipated . . . litigation." *Id.* ███████████

███████████████████████████████████████████████████

███████████████████████████████████ Ex. A. ████

███████████████████████████████████████████████████

████████████ Ex. C. Plaintiffs have a substantial need for these employees' identities, and grounds for their discipline, because they "participated in the conduct" alleged in the Complaint.

---

[4] In *Steinhardt*, labeling documents with "FOIA Confidential Treatment Requested" was insufficient. 9 F.3d at 233.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC

# HAUSFELD

*Id.* ¶ 2. Plaintiffs cannot obtain these facts through other means without undue hardship; BNPP refuses to identify them in its initial disclosures, interrogatory response, and redacted documents. *See Plumbers*, 278 F.R.D. at 340-41 (holding WP does not shield identities of potential witnesses).

**Finally**, the crime-fraud exception destroys any purported privilege for Entries 2, 4-7, and 9. "[N]either the [ACP] nor the [WP] doctrine protect communications made in furtherance of a crime or fraud." *Amusement Indus.*, 293 F.R.D. at 425. The exception applies when "the client intended to use the attorney's services in furtherance of a crime or fraud even if the attorney was unaware of this purpose." *Id.* at 426. A communication or work product is in furtherance of a crime when there is probable cause to believe it was used "to facilitate or to conceal [] criminal activity." *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995). "Advice [sought and received] on how to prevent others from learning" of a crime is "in furtherance of the alleged wrongdoing." *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 180 F. Supp. 3d 273, 283 (S.D.N.Y. 2016).

BNPP pleaded guilty to engaging in criminal activity. From 2004 through 2006, it repeatedly used legal advice to further conceal prohibited U.S. transactions for sanctioned Sudanese entities and avoid the reach of U.S. authorities. ▮

▮

▮ Ex. D ¶ 34. ▮

▮ [5]

Respectfully submitted,

*Brent W. Landau*

Brent W. Landau

cc: All counsel (CM/ECF)

---

[5] ▮, BNPP re-routed illicit Sudanese payments through a U.S. bank, rather than BNPP-NY, hoping to avoid "problems BNP NY encountered with the U.S. authorities." Ex. D ¶ 30. BNPP ▮ *Id.* ¶ 41.

hausfeld.com

AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC