```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kashef et al.,

            Plaintiffs,

   –v–

BNP Paribas S.A. et al.,

            Defendants.

16-cv-3228 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court is in receipt of three motions to seal filed by Plaintiffs. Dkt. Nos. 256, 269, 277. The sealing requests pertain to (1) Plaintiffs' Motion to Compel Response to Civil Rule 33.3(a) Interrogatory and Exhibits; (2) Plaintiffs' Motion to Compel Logged Documents and Request for Informal Documents; and (3) Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss for Forum Non Conveniens. Defendants agree that the documents and exhibits should be maintained under seal.

    When considering a motion to file documents under seal, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "[T]he mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable." *Id.* at 125–26.

    The first two requests pertain to discovery disputes, and discovery documents or materials are "not presumptively accessible." *United States v. Smith*, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2019). "[E]ven discovery materials filed with the court in connection with discovery-

1

related disputes are not covered by the qualified right of access." *Id.* at 520.  The Court concludes that the sensitive nature of the documents as well as the limited right of public access justifies sealing these documents.

The document at issue in the third request—Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss for Forum Non Conveniens—contains detailed confidential information about the internal operations of Defendant BNPP including confidential client and employee information.  Courts have identified an interest in protecting "the confidentiality of sensitive commercial information" over rights to public access.  *Blackboard Inc. v. Int'l Bus. Machs. Corp.*, 2021 WL 4776287, at *1 (S.D.N.Y. Oct. 12, 2021); *Republic of Turkey v. Christie's Inc.*, 2020 WL 7338074, at *1 (S.D.N.Y. Sept. 11, 2020) ("Defendants' interest in their sensitive commercial information outweighs the value of this information to those monitoring the courts.").  The Court concludes that the request is narrowly tailored to protect sensitive commercial information and therefore outweighs the presumption of access contemplated in the third *Lugosch* factor.

The Court GRANTS Plaintiffs' requests for leave to file on the public docket redacted versions of the aforementioned documents, and to file unredacted versions of the documents under seal.  This resolves docket numbers 256, 269, and 277.

SO ORDERED.

Dated: February 22, 2022
      New York, New York

_____
ALISON J. NATHAN
United States District Judge