UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KASHEF, et al.,

                                                **ORDER**

                         Plaintiffs,              **16-CV-3228 (AKH) (JW)**

           -against-

BNP PARIBAS S.A., et al.,

                        Defendants.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On March 28, 2022, the Court held a hearing regarding several outstanding discovery disputes between the parties. Dkt. No. 310. While briefing on the substantive issues in those disputes will be completed in a few weeks' time, the Court requested letter motions from the Parties on the question of whether *in camera* review of certain documents was appropriate. For the following reasons, the Court finds that *in camera* review of the documents at issue is appropriate.

Plaintiffs, in sum and substance, raise three arguments in support of their Motions to Compel. Dkt. Nos. 270, 299. *First*, that Defendants waived any privilege over the documents when they disclosed them in the course of a government investigation. *Second*, that the attorney-client privilege and work product privilege do not apply to these documents. *Third*, that the crime-fraud exception further destroys any applicable privileges.

Defendants rightly point out that *in camera* review of the documents is not warranted for the waiver argument. See generally, Defendants' April 6, 2022 Letter

(Dkt. No. 313). But waiver is not the only argument currently before the Court. Plaintiffs raise the issue of whether these documents are covered by the privileges at all, a question which does turn, to some degree, on the contents of the documents themselves. In point of fact, it was Defendants who requested additional briefing on all three pending discovery disputes, including the two that raise the privilege arguments. Parties' March 21, 2022 Joint Letter (Dkt. No. 304). The Court finds that, in light of the forthcoming briefing on the discovery disputes, *in camera* review of the documents is appropriate.

It is appropriate for the Court to review documents *in camera* when resolving a discovery dispute. This is particularly the case when there are questions regarding the nature of the documents, and whether they are subject to the attorney-client privilege or the work-product privilege. See In re Grand Jury Subpoenas Dated Mar. 19, 2002 and Aug. 2, 2002, 318 F.3d 379, 386-87 (2d Cir. 2003) (collecting cases where *in camera* review was conducted in order to evaluated privilege claims).

The documents at issue here include (1) an internal disciplinary review; (2) witness interview memoranda; (3) disclosures of Defendants' transactions with sanctioned entities; and (4) legal memoranda which Plaintiffs contend are subject to the crime-fraud exception. The Court will conduct an *in camera* review of the documents in the first three categories to determine if they are entitled to the attorney-client privilege and/or the work-product privilege. See Malsh v. New York City Police Dep't, No. 92-cv-2973 (KTD) (AJP), 1995 WL 217507, at *1 (S.D.N.Y. Apr. 11, 1995) (noting *in camera* review by the Court of certain internal disciplinary files);

S.E.C. v. Treadway, 229 F.R.D. 454, 455 (S.D.N.Y. 2005) (upholding Magistrate Judge's finding of privilege when the Magistrate Judge had conducted an *in camera* review of the notes to reach that conclusion).

The Court will also review the legal memoranda. These documents would only be suitable for production if the Court finds that the crime-fraud exception applies. *In camera* review may be used to evaluate whether communications fall within the crime-fraud exception, though some factual basis must be shown that the review "may reveal evidence to establish the claim that the crime-fraud exception applies." United States v. Zolin, 491 U.S. 554, 572 (1989). Once that factual basis is shown, "the decision whether to engage in an *in camera* review of the evidence lies in the discretion of the district court." United States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997). Here, in light of Defendants' prior guilty plea to criminal conduct, there is some factual basis that the crime-fraud exception might apply to these memoranda. As such, the Court will review the legal memoranda *in camera*.

Plaintiffs suggested a sampling of ten documents for the Court to review. Defendants are instructed to provide the Court with the documents at Entries 2, 7, 8, 9, 17, 18, 19, 20, 24, and 28 by May 2, 2022. The documents may be pseudonymized in accordance with relevant privacy laws.

        SO ORDERED.

DATED:    New York, New York
               April 19, 2022

                                                   *Jennifer E. Willis*
                                            JENNIFER E. WILLIS
                                            United States Magistrate Judge