UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ENTESAR OSMAN KASHEF, et al.,

                           Plaintiffs,

    -against-

BNP PARIBAS SA, a French corporation; and
B.N.P. Paribas US Wholesale Holdings, Corp. (f/k/a
BNP Paribas North America, Inc.), a Delaware
corporation,

                           Defendants.
------------------------------------------------------------ x

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiffs' motion to certify the class is granted for the reasons described in the transcript of the oral argument held on May 7, 2024, and as provided below.

1. The class is defined as follows: All refugees or asylees admitted by the United States who formerly lived in Sudan or South Sudan between November 1997 and December 2011.

2. The common questions for trial are the following:

    a. Whether the Government of Sudan persecuted class members, or caused them to have reasonable fear of persecution, because of their race, religion, or ethnicity between November 1997 and December 2011.

    b. Whether the BNP Paribas Defendants ("BNPP") consciously aided, abetted, and enabled the Government of Sudan to carry out such acts.

1

c. Whether BNPP knew or should have known that its aiding, abetting, and enabling would contribute to the Sudanese government's campaign of persecution.

d. Whether such acts of BNPP proximately caused the forcible displacement of members of the class from their homes and property, and other injuries to be tried in individual cases.

e. Other issues ancillary to the issues above.

3. The Court finds that the class, estimated to be over 23,000 individuals, is sufficiently numerous such that joinder is impracticable under Fed. R. Civ. P. 23(a)(1). The foregoing questions are common to the class under Fed. R. Civ. P. 23(a)(2). Plaintiffs' claims are typical of the claims and defenses with respect to the class under Fed. R. Civ. P. 23(a)(3). The nineteen plaintiffs in this action will fairly and adequately protect the interests of the class under Fed. R. Civ. P. 23(a)(4).

4. Questions of law or fact common to class members, as described above, predominate over questions affecting individual members, and a class action is the superior method to fairly and efficiently adjudicate these claims under Fed. R. Civ. P. 23(b)(3). Although each individual member has an interest in prosecuting their own damages claims, and success with regard to the class issues may required them to do so, proceeding by a class action should substantially shorten individual trials and avoid inconsistent determinations.

5. The combination of common and individual trials will be manageable using procedural techniques common to class and aggregate actions. *See* Alvin K. Hellerstein et al., *The 9/11 Litigation Database: A Recipe for Judicial Management*, 60 Wash. U. L. Rev. 653 (2013).

6. The following issues also shall be addressed by the parties:

    a. Identification of the procedure to provide the "best notice that is practicable under the circumstances" to members of the class, including how they can be identified, how to send individual notices, and how to give adequate notice to those who cannot be identified. *See* Fed. R. Civ. P. 23(c)(2)(B). The parties also shall propose dates and procedures to be accomplished before the Final Pre-Trial Conference and class trial. Plaintiffs are to serve their proposals on Defendants by May 17, 2024. If the parties agree, the court shall be advised by joint submission by May 21, 2024. If there is disagreement, they are to be addressed in separate briefs by May 23, 2024, and in replies by May 28, 2024.

    b. The parties shall brief the question, whether determinations of refugee and asylee status by USCIS or other immigration determinations as to the same are 1) admissible, 2) presumptive, or 3) binding on all class members and BNPP, filing their respective briefs on May 21, 2024, and their replies by May 28, 2024.

7. The parties shall appear for a status conference on June 11, 2024 at 2:30 p.m.

8. The Clerk shall terminate the open motion at ECF No. 417.

SO ORDERED.

Dated:  May 9, 2024
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3