# CLEARY GOTTLIEB STEEN & HAMILTON LLP

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 (212) 225-2508
cboccuzzi@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

May 15, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

Re: *Kashef* v. *BNP Paribas S.A.*, No. 16-cv-3228 (AKH)(JW)

Dear Judge Hellerstein:

      This firm and Sullivan & Cromwell LLP represent defendants BNP Paribas S.A. ("BNPP") and BNP Paribas U.S. Wholesale Holdings, Corp. (collectively, the "BNPP Defendants") in the above-referenced action ("*Kashef*"). We write in response to the Court's May 13, 2024 Scheduling Order, ECF No. 507, directing the BNPP Defendants to "state their opposition to the request at ECF 506, if they oppose, by May 15, 2024 at 12 p.m."

      ECF No. 506 is a letter from plaintiffs' counsel, dated May 11, 2024 (the "Notice Letter"), notifying the Court of their intent to file additional individual actions and seek to relate them to *Kashef*. The Notice Letter concerns separate, forthcoming actions and does not appear to make any request of this Court concerning this case. Indeed, later that day, Plaintiffs' counsel filed three new actions on behalf of 255 individuals: *Adam* v. *BNP Paribas S.A.*, No. 24-cv-3639; *Khamis* v. *BNP Paribas S.A.*, No. 24-cv-3640; and *Lako* v. *BNP Paribas S.A.*, No. 24-cv-3641. As explained by Plaintiffs in the Notice Letter, the individual plaintiffs are "non-refugee or asylee U.S. citizens or lawful permanent residents" (*i.e.*, individuals admitted through the diversity visa program).

      The Notice Letter also makes reference to the BNPP Defendants' denial of plaintiffs' counsel's request to enter into a stipulation tolling any applicable statutes of limitations for an additional 60 days following the Court's May 9, 2024 Order Granting Class Certification, ECF No. 505 ("Class Certification Order"). By way of further background, in the afternoon of Thursday, May 9, 2024, shortly after the Court granted class certification, plaintiffs' counsel (1) notified the BNPP Defendants of their intent to file individual actions on behalf of Sudanese-Americans who immigrated to the United States on diversity visas (*i.e.*, individuals who are neither refugees nor asylees and thus do not fall within the Court's modified class definition);

The Honorable Alvin K. Hellerstein, p. 2

and (2) stated their position that the Class Certification Order restarted the statute of limitations that had been tolled during the pendency of class certification for these individuals, and that any new actions needed to be filed by Saturday, May 11, 2024.[1]

       The BNPP Defendants declined to enter into such a stipulation in this case. As this Court is aware, plaintiffs' counsel twice proposed, and this Court twice denied, a similar stipulation seeking to toll any applicable statutes of limitations as applied to non-parties to *Kashef* to facilitate the filing of individual complaints in the event class certification was denied. ECF No. 448 (Aug. 2, 2023 Order Denying Joint Stipulation and Proposed Order); ECF No. 452 (Aug. 9, 2023 Order Denying Tolling Reconsideration). Accordingly, last summer plaintiffs' counsel filed three complaints on behalf of individual plaintiffs in order to preserve their claims.[2] Further, Plaintiffs' counsel have long been aware of the potential for diversity visa recipients to be excluded from the class, given that they themselves proposed removing these individuals from the class definition in their class certification briefing nine months ago. Pls.' Class Certification Reply Br., ECF No. 457, at 30 n.129 ("[S]hould the Court disagree that a classwide inference of attribution to the GOS or its agents is appropriate for diversity visa recipients . . . it can . . . otherwise modify the class definition as appropriate.").

Respectfully submitted,

Carmine D. Boccuzzi, Jr.

cc:    Counsel of Record

---

[1] The BNPP Defendants do not concede that plaintiffs' counsel's statute of limitations analysis is correct and reserve all rights to raise any defenses, including as to timeliness, in *Kashef* or any subsequently filed actions.

[2] *Sherf v. BNP Paribas*, No. 23-cv-4986-AKH; *Ring v. BNP Paribas*, No. 23-cv-5552-AKH; *Deng v. BNP Paribas*, No. 23-cv-7468.