**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENTESAR OSMAN KASHEF, *et al.*, | |
| Plaintiffs, | |
| -against- | No. 1:16-cv-03228-AKH-JW |
| BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP., | Hon. Alvin K. Hellerstein |
| Defendants. | |

## PLAINTIFFS' PRELIMINARY ASSESSMENT OF NOTICE PROGRAM AND PROPOSAL OF PRE-TRIAL DEADLINES

Pursuant to the Court's order to (1) identify the procedure to provide the "'best notice that is practicable under the circumstances' to members of the class," and (2) propose dates and procedures to be accomplished before the Final Pre-Trial Conference and class trial, Plaintiffs submit this Preliminary Assessment of Notice Program and Proposal of Pre-Trial Deadlines. ECF No. 505 (Class Cert. Order) (quoting Fed. R. Civ P. 23(c)(2)(B)).

Plaintiffs sent this Assessment and Proposal, as well as the attached exhibits, to Defendants for their consideration on May 17, 2024. During the parties' May 20, 2024 meet and confer, Defendants did not object to any part of the draft except for elements of the proposed schedule. Defendants have not since responded with either edits to this submission or with their own submission. Accordingly, at the time of filing, Plaintiffs are unaware of Defendants' specific feedback and/or objection to the included material concerning the notice process. Should the Court approve this preliminary proposal, Class Counsel will file a formal plan for notice within 30 days.

**Preliminary Proposal for Notice to Class Members.**

Since the May 9th Order, Class Counsel have preliminarily designed a three-pronged notice plan, after initial consultations with experienced notice providers at JND Legal Administration

("JND") and U.S. government officials. The methods of notice Class Counsel intend to propose include: (1) direct notice to the last residence of all approximately 20,000 asylee and refugee Class Members through Class Counsel's contacts at U.S. government agencies and to the approximately 2,500 Class Members already in contact with Class Counsel; (2) third-party intermediary notice through the refugee resettlement organizations that were paired with each and every refugee Class Member, as well as other active community organizations, including key Sudanese-American associations and refugee-specific advocacy groups; and (3) notice by publication to the media outlets most frequently used by Sudanese-Americans and their children, in key geographic areas where resettled Sudanese-American refugees are known to reside. *See* Ex. 1, Declaration of JND ("JND Decl.")

Because the Class is relatively homogenous and many Class Members are located in concentrated geographic areas, Class Counsel and JND believe this form of targeted, multilayered outreach is comprehensive. Class Counsel's method of notice is thus crafted to satisfy Fed. R. Civ. P. 23(c)(2)(B) because it will be reasonably calculated to reach the most absent class members under the circumstances. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). This standard does not require *every* conceivable Class Member to receive actual notice,[1] and it may be accomplished through electronic means.[2]

---

[1] *Long v. HSBC USA Inc.*, No. 14 CIV. 6233(HBP), 2015 WL 5444651, at *10 (S.D.N.Y. Sept. 11, 2015) ("For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *Jermyn v. Best Buy Stores, L.P.*, No. 08 CIV. 00214(CM), 2010 WL 5187746, at *3 (S.D.N.Y. Dec. 6, 2010) (neither individual nor actual notice to each class member is required; rather, "class counsel [need only] act[] reasonably in selecting means likely to inform the persons affected.") (citing *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988)); *In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x 41, 44 (2d Cir. 2008) ("It is clear that for due process to be satisfied, not every class member need receive actual notice[.]").

[2] *See* Fed. R. Civ. P. 23(c)(2)(B); *see also* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments (recognizing that because of changing technology, email may be the most promising means of notice).

**A.  Notice Administrator.**

After speaking with multiple notice providers since the Court's class certification order issued on May 9, 2024, Class Counsel have preliminarily consulted with JND, a nationally recognized notice provider with significant experience in complex class action notice programs, for purposes of creating this guidance. Class Counsel intends to issue a request for proposals ("RFPs") to other leading notice administration firms within one week of the Court's approval of this preliminary proposal and will provide a final recommendation for the appointment of a notice provider in their notice plan.

**B.  Dissemination of Notice.**

Class Counsel, in consultation with JND, preliminarily propose a layered approach utilizing three avenues of notice, as described below. Class Counsel's investigation is still ongoing and, with the assistance of a notice administrator, Class Counsel may propose additional avenues of contact in their formal notice plan.

    1.  **Direct Notice.**

        a.  **Direct Notice Issued by Government Agencies.** Class Counsel, directly and through intermediaries, including their expert, former USCIS Ombudsman Prakash Khatri, have consulted with U.S. government officials on whether and how the Government could assist in disseminating the notice to the class. As previewed during the class certification hearing, Class Counsel has spoken with Ambassador Beth Van Schaak, Ambassador-at-Large for Global Criminal Justice (GCJ) at the U.S. Department of State, who spearheads the Atrocities Prevention Board, an inter-agency body that coordinates executive branch efforts concerning genocide and other atrocities. Ambassador van Schaack has confirmed that assisting the Court in facilitating class notice is within her mandate. After conferring with officials at the Departments of Homeland Security ("DHS"), Justice, and State, she has advised Class Counsel that as a practical matter, DHS could generate a list of the names and last known contact information of all persons who immigrated to the United States from Sudan during a relevant period and/or disseminate a notice to such persons. This broad list would be the most expeditious approach, as it would rely on existing digital databases rather than a manual review of archived hard copies of USCIS refugee and asylee records.

        Class Counsel believe the best process for obtaining such list, or securing the U.S. Government's assistance in disseminating notice, would be through a subpoena and request pursuant to DHS regulations. Specifically,

8 CFR § 208.6 restricts the public disclosure of information contained in asylum or refugee records, absent a privacy waiver, to limited circumstances.[3] Section 208.6(c), however, permits disclosure to any federal court "considering any legal action . . . arising from the adjudication of . . . the asylum application, or from a credible fear determination." Because the refugee or asylum determination is intrinsic to the Class Members' claims for forcible displacement and the Class Definition, disclosure to the Court and a Claims Administrator—particularly under a Protective Order—would fall within this exception. DHS could comply by producing the list to the Court and/or the Claims Administrator or, alternatively, by stipulating to disseminate the notice in lieu of disclosure. Any notice administered by government agencies will be provided and paid for by the Class.

If the Court agrees with this proposal, Class Counsel will prepare a proposed subpoena and order for the Court.

b. **Direct Notice Issued by Class Counsel**.

   i. **Direct Contacts.** Class Counsel is in direct contact with approximately 2,500 Class Members, either because Class Members have sought and retained representation by Hausfeld LLP and Hecht Partners LLP, or because Class Members have provided their contact information in order to receive updates about this litigation. A notice administrator can provide notice directly to these individuals through email and U.S. mail postcards.

   ii. **Community Meetings.** For over nine years, Class Counsel has conducted extensive outreach efforts to Sudanese-American communities across the country. These efforts served two purposes: (1) to collect information about the nature of Class Members' relevant injuries as well as their members' objectives for the legal action taken on their behalf; (2) to answer questions and inform stakeholder communities about the progress of the case; and (3) to gather information about the communities' needs, including how best to overcome language and cultural barriers in communicating with Class Members.

   The most effective and far-reaching efforts have been in the form of widely attended community meetings, with assistance from an interpreter, in areas with significant Sudanese-American refugee and asylee populations. In California, New York and throughout the Southwest and Midwest, Class Counsel has held these meetings at the heart of the Sudanese-American communities, largely in places of worship and community centers.

   A notice plan in this case would include similar meetings,

---

[3] 8 CFR § 208.6 is available at https://www.ecfr.gov/current/title-8/chapter-I/subchapter-B/part-208/subpart-A/section-208.6.

scheduled through identified community centers and places of worship and publicized to each community in advance, in order to explain the contents of a court-approved notice through a Sudanese-Arabic interpreter. In addition to the areas already visited by Class Counsel, JND has preliminarily identified the geographical areas where such a notice meeting would be appropriate. *See* JND Decl. ¶ 19.

Additional areas will be identified by a notice administrator in a formal notice plan.

2. **Third-Party Notice.** Next, Class Counsel intends to seek the assistance of third-party refugee and Sudanese-American grass roots and civil society organizations. Targeted third-party notice is a strong avenue for reaching Class Members. *See* JND Decl. ¶¶ 35-36. A notice administrator can work with these agencies to provide notice by email or U.S. mail, where possible.

a. **Refugee Resettlement Partners.** Because all refugees must be paired with a resettlement organization when they arrive to the United States,[4] these agencies work across varied refugee populations and together have had contact with the entire Sudanese-American refugee population:

- Church World Service
- U.S. Conference of Catholic Bishops and its affiliated U.S.-based Catholic Charities Community Services and divisions
- Ethiopian Community Development Council
- Episcopal Migration Ministries
- Hebrew Immigrant Aid Society
- International Rescue Committee
- US Committee for Refugees and Immigrants
- Lutheran Immigration and Refugee Services
- World Relief Corporation
- Bethany Christian Services

"Building communications with these groups is a valuable way to foster awareness about the class action among Class Members." JND Decl. ¶ 35. Accordingly, as appropriate, a notice administrator will work with these organizations to disseminate notice.

b. **Sudanese-American Associations and Other Sudanese Community Groups.** There are significant Sudanese-American associations, advocacy groups and community leaders that Class Counsel and notice administrator will enlist in reaching the class. In its diligent outreach efforts, Class Counsel has already established relationships with over 150 Sudanese

---

[4] U.S. Resettlement Partners, UNHCR, https://www.unhcr.org/us/what-we-do/resettlement-united-states/u-s-resettlement-partners (last accessed May 14, 2024) (listing the following resettlement agencies: Church World Service (CWS), International Rescue Committee (IRC), US Committee for Refugees and Immigrants (USCRI), Lutheran Immigration and Refugee Services (LIRS), World Relief Corporation (WR), and Bethany Christian Services, among others).

community leaders, as well as regional Sudanese civil society groups, across at least 20 states. *See* JND ¶ 36 for examples. Dissemination through these interested and cooperative entities will ensure notice is effectuated on class members in specific geographic pockets.

These groups have expansive and active membership. For example, InterAction hosts a South Sudan and Sudan Working Group that "meets monthly to share information, discuss operational concerns, and coordinate advocacy efforts for the South Sudan and Sudan context."[5]

c. **Refugee Advocacy Organizations.** Class Counsel has also identified key refugee advocacy organizations that are similarly motivated to assist Class Members, including Refugee Council USA ("a coalition of organizations committed to welcoming and protecting refugees"); Cultural Orientation Resource Exchange (CORE) ("a technical assistance program designed to support and strengthen the linkages between pre-departure and post-arrival cultural orientation programs for refugees on their journey to resettle in the United States.");[6] Refugee International; and the Refugee Advocacy Lab. As appropriate, a notice administrator will reach out to these organizations to disseminate notice to class members.

d. **Common Employers.** Class Members in specific geographic areas frequently share a common employer. For example, a number of individuals in the San Diego Sudanese community are employed by Barona Resort and Casino. In Grand Island, Nebraska, many Class Members are employed by JSB Foods, a meat processing plant. Notice posted by identified common employers in break rooms and other shared workspaces can reach a portion of Class Members. *See* JND Decl. ¶ 36.

3. **Notice by Publication.** Finally, in order to ensure broad awareness of a potential classwide judgment and individual remedies, the proposed notice plan will be supplemented by publication notice—as delineated below—in key demographic areas where Class Members are known to reside. *See* JND Decl. ¶¶ 31-34, 37. It is well settled that supplementation of notice through publication satisfies Rule 23 and Due Process.[7]

a. **Media Notice.** Focusing on cities where there are large concentration of Sudanese refugees, and as appropriate, the administrator will provide notice by publication to reach Class Members through a mix of digital and

---

[5] South Sudan and Sudan Working Group, InterAction, https://www.interaction.org/events/sudan-working-group/ (last accessed May 14, 2024).

[6] U.S. Resettlement Partners, UNHCR, https://www.unhcr.org/us/what-we-do/resettlement-united-states/u-s-resettlement-partners (last accessed May 14, 2024).

[7] *Jermyn*, 2010 WL 5187746, at *3 ("If the names and addresses of class members cannot be determined by reasonable efforts, notice by publication is sufficient to satisfy the requirements of the due process clause and Rule 23."); Manual for Complex Lit. § 30.211 at 223 (4th ed.) (endorsing publication notice in lieu of direct notice, "[i]n all cases the Court should strike an appropriate balance between protecting class members and making Rule 23 workable"; *see also In re Platinum & Palladium Commodities Litig.*, No. 10CV3617, 2014 WL 3500655, at *14 (S.D.N.Y. July 15, 2014) ("Given the greater difficulties in contacting Physical Class members, the proposed publication notice is the best practicable notice plan under the circumstances.").

broadcast media. JND Decl. ¶¶ 31-32.

JDN has preliminarily identified digital platforms expected to reach Class Members:

- Through Google Display Network and YouTube, individuals who *browsed Sudanese websites* and/or *used Sudanese apps* may be targeted. JND Decl. ¶ 32.A.

- Through Facebook and Instagram, individuals who have *expressed an interest* in areas related to Sudan, Sudanese culture and Sudanese sports may be targeted. JND Decl. ¶ 32.B.

- Through OMTD website programming, individuals who *use websites* identified as relevant and of general interest to Class Members may be targeted. JND Decl. ¶ 32.C.

- Through TikTok, children of Class Members, who often act in the role of family translator, may be targeted. JND Decl. ¶ 32.D.

JND has preliminarily identified broadcast and radio news sources expected to reach Class Members as well. JND Decl. ¶ 34.

Media outreach may be done with consideration of potential language barriers among class members. In Class Counsel's longstanding experience with Sudanese-American communities, English is likely appropriate on platforms reaching younger Class Members and the children of Class Members, while Sudanese Arabic may be appropriate for platforms reaching older Class Members.

b. **Class Litigation Website & Dedicated Contact Lines**. The notice administrator, as appropriate, will maintain a dedicated class litigation website where information about the class trial, as well as copies of relevant case documentation, will be accessible to all Class Members. The provider can also host a toll-free telephone number, post-office box and email address to allow Class Members to send correspondence to Class Counsel. JND Decl. ¶¶ 38-42.

Courts regularly approve class notice programs that include multi-pronged approaches, like Class Counsel has developed here. In their formal notice plan, Class Counsel and their (forthcoming) proposed notice administrator will provide the Court with additional details and specifics on these methods of notice, including estimated efficacy in reaching the Class.

### C.  Content of Notice.

With the assistance of a notice administrator, Class Counsel intends to prepare a long-form and publication form notice, using easily understood language, in both English and Sudanese-Arabic. Class Counsel are experienced complex class action litigators and regularly develop notice forms that are approved by the Court, meaningfully noticing the class. Class Counsel attach hereto as Ex. 2 a draft publication form notice.[8]

Consistent with the requirements of Rule 23(c)(2)(B),[9] Class Counsel will ensure that the notice clearly and concisely describes the nature of the class action lawsuit against BNPP; explains who may be a Class Member under the certified class definition; and provides contact information for Class Counsel. The notice will advise Class Members that they may be eligible for a future monetary judgment. The notice will also summarize the legal rights and options of Class Members, including the risk of being bound by the judgment and procedures for how to opt out of the judgment, along with deadlines by which to do so.

The notice will also explain how to obtain further information about the litigation, including through the class litigation website, which will contain links to important case materials. The existence of the litigation website serves to enhance the ability of Class Members to access information about the class action. *See, e.g.*, Manual Complex Lit. § 21.311, at 288 (4th ed.) ("Posting

---

[8] Plaintiffs expect the notice language approval process to be iterative and agreed to by the parties. Plaintiffs sent the attached draft to Defendants but at the time of filing, have not yet received feedback.

[9] For any class certified under Rule 23(b)(3), "[t]he notice must clearly and concisely state in plain, easily understood language:

 (i) the nature of the action;

 (ii) the definition of the class certified;

 (iii) the class claims, issues, or defenses;

 (iv) that a class member may enter an appearance through an attorney if the member so desires;

 (v) that the court will exclude from the class any member who requests exclusion;

 (vi) the time and manner for requesting exclusion; and

 (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

Fed. R. Civ. P. 23(c)(2)(B).

notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice.").

1. **Notice Concerning Individual Aggravating Injuries.**

The notice will also advise Class Members that if they suffered aggravating damages by the Government of Sudan during the class period—*e.g.*, rape, infection with HIV, torture, extra-judicial killing, detention, kidnapping—they should contact Class Counsel for more information about how to pursue individual damages, along with deadlines by when to do so. Class Counsel will have a dedicated call center with Sudanese Arabic speakers and translators available for these calls. Based on these individual contacts, Class Counsel will develop a database of individualized injuries, categorizing them and developing a severity index for each class member and category of injury.

Class Counsel intends to develop these Class Members' individual claims while preparing the class trial.

**D. Timing for Implementing Notice.**

JND estimates that the above methods of notice can be meaningfully effectuated within four months of the Court's approval of a notice plan. *See* JND Decl.

**Proposed Pre-Trial Dates and Procedures.**

Plaintiffs propose the following timeline and procedures:

| Event | Proposed Deadline |
|---|---|
| *RFPs for Notice Administrator* | One week from approval of preliminary plan |
| *Serve Formal Notice Plan* | 30 days from approval of preliminary plan |
| *Notice Deadline* | 4 months from approval of formal notice plan |
| *Motions in Limine* | Six weeks before trial |
| *Proposed Jury Instructions* | Six weeks before trial |
| *Joint Pre-Trial Order and Other Filings (e.g., voir dire questions; pre-trial memorandum)* | 3 days before final pre-trial conference |

| | |
|---|---|
| *Final Pre-Trial Conference* | One week before class trial |
| *Class Trial*[10] | February/March 2025 |

| **Events Specific to Individual Aggravating Injuries** | **Proposed Deadline** |
|---|---|
| *Compilation of individualized damages information* | Following start distribution of class notice and continuing for 60 days past notice deadline |
| *Appointment of Special Master* | Within 30 days following notice deadline |
| *Selection of Bellwether Plaintiffs based on Parties' Exchanges and Special Master's Recommendation* | 30 days prior to Class Trial |
| *Individual Bellwether Trials (damages)*[11] | As set by the Court consistent with recommendations by Special Master and within 60 days of Class Trial completion |

\* \* \*

Plaintiffs thank the Court for its consideration of this preliminary assessment of a potential notice program and accompanying pre-trial deadlines.

Dated: May 23, 2024                                     Respectfully submitted,

*Kathryn Lee Boyd*                                        *Michael D. Hausfeld*
Kathryn Lee Boyd                                         Michael D. Hausfeld
Theodor Bruening                                         Scott A. Gilmore
Michael Eggenberger                                      Amanda E. Lee-DasGupta
HECHT PARTNERS LLP                                       Claire A. Rosset
125 Park Avenue, 25th Floor                              Mary S. Van Houten Harper
New York, NY 10017                                       HAUSFELD LLP
(646) 502-9515                                           888 16th Street NW, Suite 300
(646) 396-6452                                           Washington, DC 20006
(646) 777-2489                                           (202) 540-7200
lboyd@hechtpartners.com                                  mhausfeld@hausfeld.com
tbruening@hechtpartners.com                              sgilmore@hausfeld.com
meggenberger@hechtpartners.com                           alee@hausfeld.com

---

[10] Trial on common issues and classwide damages of forced displacement.

[11] Trials on damages resulting from individual aggravating injuries. *See* Plaintiffs' Supplemental Briefing, filed May 21, 2024.

crosset@hausfeld.com
mvanhouten@hausfeld.com

Kristen Nelson
HECHT PARTNERS LLP
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90057
(646) 490-2408
knelson@hechtpartners.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May 2024, I caused the foregoing Plaintiffs'

Preliminary Assessment of Notice Program Proposal of Pre-Trial Deadlines to be filed on this

Court's CM/ECF system, which will provide notification of filing to all counsel of record.

/s/ Michael D. Hausfeld
Michael D. Hausfeld
