*[Handwritten note across top of page: "Rejected. Return to sender. Do not accept letters not in compliance. Individual practice & Fed Rules. 8-8-24 AKH"]*

August 8, 2024

**VIA CM/ECF**

Honorable Judge Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:  Defendants' Improper Letter in *Kashef v. BNP Paribas SA*, No. 16-cv-3228 (AK)(HJW)

Dear Judge Hellerstein:

On August 1, 2024, counsel for BNP Paribas submitted an unauthorized, unilateral letter-brief in violation of Your Honor's Individual Rules 1.A. and 2.E. Rule 2.E. requires that letters regarding disputes be "jointly composed." The same rule requires "strict adherence to the meet and confer rule." In violation, Defendants failed to meet and confer with, or even notify, Class Counsel, and instead submitted their separate letter. Defendants' letter-brief is in defiance of Rule 1.A.'s dictate that "[p]arties are not permitted to file letter motions and briefs in lieu of formal motions." Per Rule 2.E., "[s]eparate and successive letters will be returned unread" and "the Court will not resolve disputes not brought to its attention in conformity" with these rules. Accordingly, Defendants' letter should be disregarded in its entirety.

Defendants' improperly filed letter and request for yet more briefing is wholly unnecessary. As expressed by the Court, and Class Counsel concur, this case will benefit from a comprehensive case management plan, which will include bellwether trials, procedures for collecting and analyzing class members' total damages, and the construction of matrix databases of categories and severity of injuries resulting from the Defendant banks' conscious assistance of Sudan's campaign of persecution. Class Counsel has already begun preparing such a proposal and will in shortly meet and confer with opposing counsel on this topic. Had opposing counsel simply approached Class Counsel, the Parties could have attempted to negotiate a procedural solution to allay Defendants' purported concerns.

Furthermore, Defendants merely rehash fully briefed arguments raised without success in their summary judgment motion, in class certification briefing, and in recent hearings. For example, the Court has already ruled on the presumptive role of refugee and asylee status in establishing the classwide status of forced displacement. June 24, 2024 Conference Tr. at 21:15-19 (Refugee or asylee status is "admissible under 803(8) [a]nd if there is no further proof, that would be sufficient *prima facie* for a final order.").

Moreover, the *common, classwide injury* to human dignity (which is uniform for all humans) and damages flowing from forced displacement also has been addressed by the Swiss law experts, as well as by Plaintiffs' in their class certification motion. Decl. of Prof. Franz Werro, dated March 2, 2023, ECF No. 528-104 at ¶¶ 12, 145-47, 154-61; Pls' Mtn for Class Cert., ECF No. 480 at 102-06; Pls' Reply in Support of Class Cert., ECF No. 480 at 30-37. Professor Werro has opined that

1