UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF, *et al.*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>BNP PARIBAS S.A., and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>*Defendants.* | **ORDER APPOINTING SPECIAL MASTER**<br><br>16 Civ. 3228 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

1. Pursuant to my authority under Rule 53, Fed. R. Civ. P., and my inherent power to seek assistance in order to administer the cases before me efficiently, economically, and in the interests of justice, I appoint as special master to assist me in the administration of this litigation Daniel J. Capra, effective immediately. The appointed special master's curriculum vitae and affidavit stating that there are no grounds for disqualification under 28 U.S.C. § 455 are appended to this order. I find that Daniel J. Capra's impartiality and competence to perform the tasks that will be described in this and subsequent orders cannot reasonably be questioned. *See* Fed. R. Civ. P. 53(a)(2); 28 U.S.C. § 455(a). The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this order, especially given the trial schedule in place. *See* Fed. R. Civ. P. 53(b)(2).

2. The Special Master is needed. While this is a certified class action, each class member will have to assert their individual claims seeking compensation for injury. The special needs of this case are too much to be managed and addressed effectively and timely by me, or by a magistrate judge, without the help of a Special Master. *See* Fed. R. Civ. P. 53(a)(1)(C).

3. The Special Master will therefore assist with the following tasks (as may be modified by this Court):

    a. Assisting the parties with developing a questionnaire and process by which class members will complete the same, under oath, in a matter compatible to computer analysis accessible by counsel and the Court;

    b. Developing, with counsel, settlement matrix values for the injuries asserted by the class members;

    c. Assisting the parties in any efforts to settle this case; and

    d. Otherwise acting to assist counsel and the Court to reach a speedy determination of the litigation.

4.     The purpose of the Special Master's involvement is not to resolve disputed issues of fact or law, but to assist with the matters described above, and otherwise to facilitate this matter's efficient and just progress. Without the help of the Special Master, neither plaintiffs nor defendants will be able to time-efficiently complete this task, unnecessarily delaying justice.

5.     The first task of the Special Master is to meet initially with counsel for the parties within seven days of the entry of this Order, and thereafter as often as necessary in order to:

    a. Reach agreement (or narrow differences) for a class member questionnaire to be approved by this Court, which will efficiently and fairly elicit information from class members, as described above;

    b. Develop a matrix as to categories on injuries and other data points useful to the parties in settlement discussions;

    c. Reach agreement (or narrow differences) for the Special Master's recommendation to the Court for approval concerning the logistical and technological process by which class members shall access and complete the questionnaire under the penalties of perjury, addressing use of qualified translators, and addressing how completed questionnaires will be translated to English and then securely

transmitted to and confidentially maintained by the parties and Special Master;

6. The Special Master may recommend additional orders as may be useful. The Special Master will collaborate with the parties to accomplish these tasks speedily, justly, and efficiently.

7. In the performance of his duties, the Special Master shall observe the Code of Conduct for United States Judges insofar as it applies to them. *See In re New York City Asbestos Litig.*, 737 F. Supp. 735 (E. & S.D.N.Y. 1990) (Weinstein, J.) ("In general a special master or referee should be considered a judge for purposes of judicial ethics rules.") (citing Code of Judicial Conduct for United States Judges, 69 F.R.D. 273, 286 (1975)). In particular, the Special Master may not communicate *ex parte* with any witness or party to this litigation. Notwithstanding the foregoing, the Special Master shall be permitted to meet with counsel for each side on an *ex parte* basis, in order to efficiently and fairly assist this matter's progress. In order to advise the Court with regard to the development of the projects entrusted herein, and to facilitate free interchange of suggestions with the Court, the Special Master may communicate *ex parte* with the Court.

8. To accomplish the tasks assigned by this Order, the Special Master may require additional assistance. The Special Master may apply to the Court, on notice to the parties, for appointment of persons with necessary expertise in a given field (e.g. database management). In addition, the Court authorizes the Special Master to assign more limited and/or administrative tasks to students working under the Special Master's supervision, provided that such tasks can be accomplished impartially and without significant discretion. Students will not be required to file affidavits pursuant to 28 U.S.C. § 455.

9. The Special Master shall file monthly a report describing all relevant activities, to be available as a public record, beginning on January 6, 2025 and on the first day of each month thereafter. The parties may file objections within 14 days of filing. *See* Fed. R. Civ. P. 53(g)(2).

The Court shall consider any such objections, and issue a ruling, if appropriate. *See* Fed. R. Civ. P. 53(g).

10. The cost and expenses of the Special Master's services shall be divided equally between the plaintiffs and the defendants, with plaintiffs bearing half the cost and defendants bearing half the cost. The Special Master will bill the parties at a rate of $500 per hour, and for reasonable expenses incurred in connection with the assigned duties. Work by students, if appropriate, shall be billed at rates to be determined. On the first day of each month, the Special Master shall file and serve on plaintiffs' and defendants' counsel his bill for services and expenses with reasonable detail. The parties shall pay promptly.

11. I find that the appointment of the Special Master will materially advance the litigation and reduce costs. Therefore, the imposition of the associated costs on the parties is fair. *See* Fed. R. Civ. P. 53(a)(3). In addition, the Court will protect against unreasonable expense or delay by regular communication with the Special Master. *See id.*

SO ORDERED.

Dated: November 18, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4