December 20, 2024

**By CM/ECF**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

    Re:    *Kashef v. BNP Paribas SA*, No. 16-cv-3228 (AKH)(JW)

Dear Judge Hellerstein:

    The parties respectfully submit this joint letter regarding today's filing of the Consent Order on Class Notice. Following productive negotiations, we are filing the Proposed Order Approving Proposed Notice Plan, the Declaration of Cameron R. Azari Regarding Notice Plan (the "Declaration"), the Notice Program (Attachment A), the Class Notice (Attachment 1) and the Long Form Class Notice (Attachment 8).

    The parties have a disagreement in the "organizational outreach" section of the Declaration and the Notice Program. The Declaration and the Notice Program propose that Epiq will disseminate the Notice to community groups and organizations, which in turn will disseminate the Notice to their subscribers and/or members.

    The parties disagree on the language in the second-to-last and last sentences of Section 13 of the Notice Plan and Paragraph 33 of the Declaration. The filed documents reflect Class Counsel's position:

> "Epiq will ask, but not require, the groups and organizations to disclose the manner by which they will disseminate the Notice to their subscribers and/or members, and instruct the groups and organizations to limit the content of any relevant communications to their subscribers and/or members to that which is in the approved notice documents."

**Class Counsel's Position**

    The Declaration and Notice Program outline Epiq's role in disseminating notice to organizations that have worked closely with class members, including those who were integral in assisting in the resettlement of Sudanese and South Sudanese refugees. Epiq will provide the entirety of the approved notice package directly to these organizations and will do so in a manner approved by Class Counsel and Defendants. The language included above, and as filed in the Declaration and Notice Plan, provides further appropriate language concerning Epiq's oversight of these organizations.

Honorable Alvin K. Hellerstein
December 20, 2024
Page 2

      Class Counsel's understanding from Epiq is that the scope of instruction for dissemination of notice reflected above, is the limit of its authority with the involvement of third-party community groups and organizations. Epiq can provide further detail as to its role in this regard, should the Court require it.

      In contrast, Defendants' proposed language includes an order from the Court placing an undue and chilling burden on private individuals and organizations that are not parties to this case or appointed by the Court. Moreover, Defendants' proposed language invades communications between these organizations and their individual members, raising both privacy and First Amendment concerns. Their seeking a judicial order requiring reporting of "any communications to their subscribers and/or members that accompany the Notice" is especially alarming to potential class members, as these organizations include those that assist refugees and asylees. Most notably, what Defendants propose is far beyond the limit of what Epiq can provide for disseminating the best notice practicable.

**Defendants' Position**

      To safeguard the objectivity and neutrality of the notice process, Defendants propose that the following language be added between the second-to-last and last sentences of Section 13 of the Notice Plan and Paragraph 33 of the Declaration:

> "Epiq will ask the groups and organizations to disclose the manner by which they will disseminate the Notice to their subscribers and/or members, and the content of any communications to their subscribers and/or members that accompany the Notice, as well as any prepared materials, such as talking points or FAQ responses, that the groups and organizations intend to rely on in responding to questions from potential class members."

This language reflects the fact that if Epiq intends to deputize third-party organizations to assist in the Court-ordered notice process, then the Court and the parties must be able to ensure that these organizations, many of which have preexisting relationships with Class Counsel and are explicitly referred to in the Notice Plan as "advocacy organizations," are disseminating notice in a neutral manner. *See* November 18, 2024 Conference Tr. at 28:6-7 (rejecting use of call center in notice process because "[e]verything has to be objective and indisputable"); *Erhardt v. Prudential Group, Inc.*, 629 F.2d 843, 846 (2d Cir. 1980) ("It is the responsibility of the court . . . to safeguard [class members] from unauthorized, misleading communications from the parties or their counsel. Unapproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice."). Plaintiffs do not explain why this proposal is "far beyond the limit of what Epiq can provide," given that Epiq could simply require that certain disclosures be made before notice is sent to third parties. Plaintiffs raise a purported First Amendment concern with Defendants' language and instead propose that Epiq "ask, but not require," disclosures from organizations disseminating notice, and "instruct" these organizations to impose certain limitations on communications to subscribers and/or members without requiring the disclosure of any

Honorable Alvin K. Hellerstein
December 20, 2024
Page 3

prepared materials relied on for such communications. But the First Amendment does not prevent the Court from imposing conditions on the Court-ordered notice process to ensure that it is carried out in a manner that is neutral and consistent with the Court's instruction, and the Court's ability to do so is undermined if the aforementioned disclosures are merely optional—to the extent third parties do not wish to comply with these conditions, they should not participate in the notice process. And to the extent that the First Amendment somehow prevents the Court from fulfilling its "responsibility . . . to safeguard [class members] from unauthorized, misleading communications" in the context of third-party organizations, *id.*, then notice should not be sent to these organizations at all, and the notice program should instead proceed according to the comprehensive direct and media notice programs outlined in the Notice Plan.

Defendants otherwise reserve objections to the multifaceted "Media Notice Program"—which encompasses advertisements distributed through "Online Display Banners," "Social Media," "Internet Sponsored Search," "Streaming/Connected TV," "Informational Release," and "Organizational Outreach," as outlined in Section 6 of the Notice Plan, to the extent that any component of this Program becomes unnecessary or unreasonable.

\*   \*   \*

The parties further advise the Court that there are several numbered documents (Attachments 2-7) referenced in the Notice Program that are subject to continued discussion and agreement. Special Master Capra is allowing issues specific to these documents to be heard during our scheduled conference with him on Monday, December 23rd.

We are confident that the parties can reach resolution on these outstanding issues and file Attachments 2-7 for the Court's consideration in short order.

Respectfully submitted,

Honorable Alvin K. Hellerstein
December 20, 2024
Page 4

| | |
|---|---|
| /s/ Michael D. Hausfeld | /s/ Carmine D. Boccuzzi, Jr. |
| HAUSFELD LLP | CLEARY GOTTLIEB STEEN |
| Michael D. Hausfeld | & HAMILTON LLP |
| 888 16th Street, Suite 300 | Carmine D. Boccuzzi, Jr. |
| Washington, DC 20006 | One Liberty Plaza |
| (202) 540-7140 | New York, NY 10006 |
| mhausfeld@hausfeld.com | (212) 225-2000 |
| | cboccuzzi@cgsh.com |
| | |
| /s/ Kathryn Lee Boyd | /s/ Karen Patton Seymour |
| HECHT PARTNERS LLP | SULLIVAN & CROMWELL LLP |
| Kathryn (Lee) Boyd | Karen Patton Seymour |
| 125 Park Avenue, 25th Floor | 125 Broad Street |
| New York, NY 10017 | New York, NY 10004 |
| (646) 502-9515 | (212) 558-4000 |
| lboyd@hechtpartners.com | seymourk@sullcrom.com |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for BNPP Defendants* |

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.