UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF *et al.*,<br><br>                    Plaintiffs,<br><br>-against-<br><br>BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>                    Defendants. | No. 16 Civ. 3228 (AKH)<br><br>Hon. Alvin K. Hellerstein |

**DECLARATION OF MATT BENJAMIN
IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS
AS A RESULT OF PLAINTIFFS' COUNSEL'S MISCONDUCT
<u>AND FOR A HEARING</u>**

I, Matt Benjamin, hereby declare as follows:

1. I am an attorney licensed to practice in the State of New York and admitted to practice before this Court. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp. ("BNPP") in the above-captioned action. I make this declaration in support of Defendants' Motion for Sanction As a Result of Plaintiffs' Counsel's Misconduct and for a Hearing. I have personal knowledge of the matters set forth herein.

2. Defense counsel directed an open-source review of publicly available information, such as social media platforms like Facebook, related to this case. This open-source review was designed to access only publicly available information, not private or restricted content. For example, the open-source review employed keyword searches and reviews of publicly available profiles and posts.

1

3. Through the open-source review, defense counsel became aware of the following meetings held by Plaintiffs' counsel with Sudanese asylees and refugees between February 2025 and June 2025:

| Meeting Date | Location |
| --- | --- |
| (Date not identified) | ████ |
| February 21-22, 2025 | ████ |
| (Date not identified) | ████ |
| (Date not identified) | ████ |
| March 7-8, 2025 | ████ |
| March 9, 2025 | ████ |
| March 21, 2025 | ████ |
| March 22, 2025 | ████ |
| March 23, 2025 | ████ |
| March 29-30, 2025 | ████ |
| March 30, 2025 | ████ |
| April 5, 2025 | ████ |
| April 6, 2025 | ████ |
| April 11-12, 2025 | ████ |
| April 13, 2025 | ████ |
| April 26, 2025 | ████ |
| April 27, 2025 | ████ |
| May 2-4, 2025 | ████ |

| | |
|---|---|
| May 9-10, 2025 | |
| May 11, 2025 | |
| May 11, 2025 | |
| May 16-17, 2025 | |
| May 23-25, 2025 | |
| May 23-25, 2025 | |
| May 25, 2025 | |
| June 7, 2025 | |

4. Through the open-source review, defense counsel became aware of multiple Facebook videos of Plaintiffs' counsel speaking at these meetings. These videos were publicly posted on Facebook, without privacy or access restrictions, apparently by attendees and interpreters at the meetings.

5. A 36-minute video shows Plaintiffs' counsel speaking at a meeting on April 6, 2025. It was posted by the account of ▇▇▇▇, who appears to have attended the meeting. This video bears the file name "2025-04-06 ▇▇▇ Facebook Livestream." A true and correct copy of a transcript of this video is attached hereto as **Exhibit 5**. A true and correct copy of the video file will be transmitted to the Court labeled Exhibit 5A.

6. A 48-minute video shows Plaintiffs' counsel speaking at a meeting on May 16, 2025. It was posted by the account of ▇▇▇▇, who appears to be an interpreter. This video bears the file name "2025-05-16 ▇▇ Facebook Video - ▇▇ Community Meeting." A true and correct copy of a transcript of this video is attached hereto as **Exhibit 1**. A true and correct copy of the video file will be transmitted to the Court labeled Exhibit 1A.

3

7. Twelve shorter videos also show Plaintiffs' counsel speaking at the meeting on May 16, 2025. They were posted by the account of ▓▓▓▓▓▓▓▓▓▓, who appears to have attended the meeting. These twelve video files have the file names "00001sudanese-victims-compensation-case-important-community-meetings-▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," numbered sequentially through "00012sudanese-victims-compensation-case-important-community-meetings-a▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." A true and correct copy of a transcript of these videos is attached hereto as **Exhibit 2**. A true and correct copy of these video files will be transmitted to the Court labeled Exhibit 2A.

8. In May 2025, defense counsel became aware that the two longer videos, Exhibits 1 and 5 attached hereto, were no longer available on Facebook. These video files had been forensically preserved beforehand.

9. Defense counsel also directed an analysis of data obtained through the Court-ordered questionnaire process in this case, as of June 4, 2025. Consistent with the Court's orders, defense counsel removed personal identifying information from the questionnaires and replaced the name of each state of residence with a randomly assigned three-digit number. Defense counsel also obtained signed copies of the protective order from any non-counsel personnel who analyzed the data.

10. *First*, the analysis of the questionnaire data was designed to assess the number of submissions or injury claim rates on dates when Plaintiffs' counsel met with community members.

11. Based on the dates of community meetings identified in paragraph 3 above, a premise of this analysis was that a questionnaire was associated with a community meeting if it was submitted on the date of that meeting by a respondent with a home address in the state of the event. Such questionnaires are referred to as "Roadshow Questionnaires" below.

12. The following chart reflects the increased number of questionnaires submitted in states in which a community meeting occurred, based on this analysis.



13. The following chart compares rates for each harm claimed in Roadshow Questionnaires versus questionnaires that did not meet the definition of a Roadshow Questionnaire ("Non-Roadshow Questionnaires"), based on this analysis.



14. ██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████

15. *Second*, defense counsel directed an analysis of open-ended narrative responses in the questionnaires to identify instances of verbatim or similar language. The following table reflects the five most frequent examples of questionnaires containing repeated language. The second column describes the number of unique questionnaires in which this text appears. The third column indicates the percentage of total questionnaires in which the repeated language was found in Roadshow Questionnaires.

| Group | Most Common Examples of Repeated Language | Count of Unique Questionnaires | Roadshow Questionnaires with Repeated Language |
|---|---|---|---|
| 1 | ███ | 92 | 27% |
| 2 | ███ | 50 | 0% |
| 3 | ███ | 46 | 37% |
| 4 | ███ | 41 | 2% |
| 5 | ███ | 40 | 58% |

16. A true and correct copy of a transcript of the April 29, 2025 conference between the parties in this matter and Special Master Capra is attached hereto as **Exhibit 3**.

17. A true and correct copy of an April 29, 2025 e-mail chain between the parties in this matter and Special Master Capra is attached hereto as **Exhibit 4**.

18. A true and correct copy of a transcript of the April 3, 2025 conference between the parties in this matter and Special Master Capra is attached hereto as **Exhibit 6**.

7

19. A true and correct excerpted copy of the official transcript of the deposition of named plaintiff Turjuman Ramadan Adam is attached hereto as **Exhibit 7**.

20. A true and correct excerpted copy of the official transcript of the deposition of named plaintiff Abulgasim Abdalla is attached hereto as **Exhibit 8**.

21. A true and correct excerpted copy of the official transcript of the deposition of named plaintiff Entesar Osman Kashef is attached hereto as **Exhibit 9**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2025 in New York, New York.

_____
Matt Benjamin