# EXHIBIT 4

| | |
|---|---|
| **From:** | Daniel Capra |
| **To:** | Wertkin, Benjamin |
| **Cc:** | Lee Boyd; Amanda Lee-DasGupta; Brilliant, Lizzy; Donaldson, Stephen; Kovach, Loree; Azari, Cam; McGeever, Lauren; Michael D. Hausfeld; James Gotz; Scott Gilmore; Claire Rosset; Jim Mitchell; Mary Sameera Van Houten; Kristen Nelson; Theo Bruening; Michael Eggenberger; agoelman@zuckerman.com; csmith@zuckerman.com; dperry@danyaperrylaw.com; Dang, Long; jperry@danyaperrylaw.com; jilluzzi@danyaperrylaw.com; anocks@danyaperrylaw.com; cboccuzzi@cgsh.com; Mainoo, Abena; CharityLee@cgsh.com; Lynch, Katherine; Mgaloblishvili, Leila; Berke, Barry H.; James, Dani R.; Salant, David P.; White, Sarah |
| **Subject:** | Re: Kashef v. BNPP - Special Master Conference Call |
| **Date:** | Tuesday, April 29, 2025 4:32:05 PM |
| **Attachments:** | image001.png |

**This Message Is From an External Sender**
This message came from outside your organization.

I have spoken to Judge Hellerstein. I told him that the point of contention is whether class counsel can proactively contact those who have problematic questionnaires and who have not signed a letter of retention with class counsel. We all agree that class counsel can assist those class members who contact counsel. We all agree that class counsel can reach out proactively with class members who have signed retention letters. We all agree that class counsel cannot suggest substantive answers.

He wants the point of disagreement to be argued to him. Until that is done, his instruction is that class counsel is not to reach out proactively to those who have submitted "problematic" questionnaires and who have not signed retention letters.

On Tue, Apr 29, 2025 at 1:31 PM Wertkin, Benjamin <bwertkin@cgsh.com> wrote:

> Professor Capra, Lee, all,
>
> Defendants strongly disagree with Class Counsel's email and will address these points in more detail on today's call. The Court has been clear that the questionnaire process must be carried out in a transparent and impartial manner and that "neither the plaintiffs nor defendants control the process." *See* Oct. 29, 2024 Hr'g. Tr. 35:1-3; Nov. 18, 2024 Hr'g. Tr. at 28:7 (in rejecting Class Counsel's proposal for a call center, stating that "[e]verything has to be objective and indisputable."). The Court explicitly stated that the questionnaire must be filled out "not by counsel but by the individuals," *see* Oct. 29, 2024 Hr'g. Tr. at 23:11-14, and further rejected a proposed process whereby questionnaire responses would be prepared under the veil of privilege and supervised solely by Class Counsel, with Defendants and the Court only receiving the final output (rather than the raw responses). *Id.* at 20:7-14. Consistent with these rulings, the parties have been addressing potential inconsistencies and inaccuracies in the questionnaire responses via neutral follow-up messages sent by Epiq, with content that is agreed to by the parties. And Class Counsel are welcome to propose additional follow-up messages to the extent they believe that further "substantive clarifications" are needed (Class Counsel mischaracterize Defendants as opposing any such follow-up, but Defendants' position is merely that "[n]either Class Counsel nor anyone else should be *advising* respondents on the substance of their answer").
>
> In spite of the Court's rulings, and in spite of the transparency and collaboration that has defined the questionnaire process to date, Class Counsel now seek to "control the process" by unilaterally contacting class members whose questionnaires may, in Class Counsel's view, "benefit from

substantive clarification," and then presumably work with those class members to submit revised responses, with no oversight whatsoever by the Court or Defendants. Even if Class Counsel were correct that the sole purpose of questionnaires is to provide guidance in the settlement context, this purpose would clearly be undermined by Class Counsel's proposal.

The caselaw cited by Class Counsel is inapposite because it does not deal with communications that threaten to undermine a court-ordered process, as is the case here. Indeed, these cases deal with communications between *defense counsel* and class members. And in any event, the courts in these cases acknowledged that the attorney-client relationship during the opt-out period is not clear cut, and that limitations on communications may be warranted under certain circumstances. *See* Haig, § 25:82, Postcertification communications—Before expiration of exclusion period, 3 Bus. & Com. Litig. Fed. Cts. § 25:82 (5th ed.) ("Prior to the expiration of the opt-out period, class counsel must comply with all applicable antisolicitation rules") (citing *Impervious Paint Indus., Inc. v. Ashland Oil*, 508 F. Supp. 720, 722 (W.D. Ky. 1981) (noting that, during opt-out period, relationship between class counsel and absent class members "cannot be stated with precision"); *Dial Corp. v. News Corp.*, 2015 WL 9256930, at *1 ("Under Federal Rule of Civil Procedure 23(d), a district court may impose conditions on the parties and their counsel in a class action.") (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("It is the responsibility of the court . . . to safeguard [class members] from unauthorized, misleading communications from the parties or their counsel."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 187 (S.D.N.Y. 2014) (noting disagreement among courts as to when the attorney-client relationship between class members and class counsel begins).

Defendants further ask that Class Counsel confirm whether they have already been in contact with respondents to assist in drafting or revising responses to the questionnaires. We look forward to addressing this issue in more detail on today's call.

Best,

Ben

___

**Benjamin Wertkin**

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2413
bwertkin@cgsh.com | clearygottlieb.com

---

**From:** Lee Boyd <lboyd@hechtpartners.com>
**Sent:** Monday, April 28, 2025 12:05 PM
**To:** Wertkin, Benjamin <bwertkin@cgsh.com>; Daniel Capra <dcapra@fordham.edu>

**Cc:** Amanda Lee-DasGupta <alee@hausfeld.com>; Daniel Capra <dcapra@law.fordham.edu>; Brilliant, Lizzy <lbrilliant@gibsondunn.com>; Donaldson, Stephen <stephen.donaldson@epiqglobal.com>; Kovach, Loree <loree.kovach@epiqglobal.com>; Azari, Cam <caza@epiqglobal.com>; McGeever, Lauren <lmcgeever@epiqglobal.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; James Gotz <jgotz@hausfeld.com>; Scott Gilmore <sgilmore@hausfeld.com>; Claire Rosset <crosset@hausfeld.com>; Jim Mitchell <jmitchell@hausfeld.com>; Mary Sameera Van Houten <mvanhouten@hausfeld.com>; Kristen Nelson <knelson@hechtpartners.com>; Theo Bruening <tbruening@hechtpartners.com>; Michael Eggenberger <meggenberger@hechtpartners.com>; agoelman@zuckerman.com; csmith@zuckerman.com; dperry@danyaperrylaw.com; Dang, Long <ldang@cgsh.com>; jperry@danyaperrylaw.com; jilluzzi@danyaperrylaw.com; anocks@danyaperrylaw.com; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>; Mainoo, Abena <amainoo@cgsh.com>; Lee, Charity E. <CharityLee@cgsh.com>; Lynch, Katherine <kalynch@cgsh.com>; Mgaloblishvili, Leila <lmgaloblishvili@cgsh.com>; Barry H. Berke <bberke@gibsondunn.com>; Dani R. James <djames@gibsondunn.com>; David P. Salant <dsalant@gibsondunn.com>; White, Sarah <swhite@gibsondunn.com>
**Subject:** Re: Kashef v. BNPP - Special Master Conference Call

Dear Professor Capra, Ben, all,

In advance of the Tuesday (tomorrow) discussion, corrections should be made to Ben's unsupported assertion that "neither Class Counsel nor anyone else" should be following up on substantive clarifications to questionnaires.

Defendants fail to appreciate the Court's stated purpose of the questionnaires: that they "are there for [the parties'] guidance" such that "[i]f a plaintiff wants to participate in a settlement more than a flat amount, the plaintiff has to come through and answer the questionnaire" but "the questionnaires do not have any evidentiary value, they do not prove anything." Apr. 9, 2025 Tr. at 15:20-16:3.

Regarding these settlement questionnaires, Defendants improperly graft the Court's decision not to include a "call center" as part of the Notice process onto the instant discussion concerning follow-up on respondents' questionnaire responses. The Court's rejection of a call center, which was proposed by Plaintiffs as the means to deal with wide-spread illiteracy and by which questionnaires would be completed by a staff of court-certified independent interpreters approved and monitored by Defendants, the Special Master and/or the Court, is inapposite. *See* Oct. 29, 2024 Tr. at 37-40; Nov. 18, 2024 Tr. at 28-29. More to the point here, the Court has acknowledged more than once that "*plaintiffs* will have to be able to be allowed to

discuss the case with their potential clients." Oct. 29, 2024 Tr. at 28:13-15 (emphasis added); *see also id*. 37:18-20; Apr. 9, 2025 Tr. at 16-19 ("If the *plaintiffs* want to maximize their bargaining power, they will get answers, they will do whatever they need to do to get the answers and complete questionnaires." (emphasis added)).

Class Counsel's proposed follow-up with respondents comports with the Court's direction as well as with the law on obligations of class counsel and its communications with the class. *See, e.g.*, Haig, § 25:82, Postcertification communications—Before expiration of exclusion period, 3 Bus. & Com. Litig. Fed. Cts. § 25:82 (5th ed.) (Class Counsel "may communicate with class members regarding the status of the case or in an effort to gather information."); *Dial Corp. v. News Corp.*, No. 13CV6802, 2015 WL 9256930, at *2 (S.D.N.Y. Nov. 16, 2015) ("Class Counsel are free to communicate with absent class members in any manner they deem appropriate."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 187 (S.D.N.Y. 2014) ("[C]lass certification itself creates an attorney-client relationship, at least for the limited purpose of aiding prospective class members in deciding whether or not to join in the class action." (cleaned up)).

Defendants' extreme position that no one should be following up on substantive clarifications to settlement questionnaires lays bare that they desire less accurate information to use as admissions in litigation, not more accurate information to use in service of settlement.

In sum, Class counsel's actions in this regard comply with the governing law and the Court's orders, and are in any event privileged.

**Kathryn (Lee) Boyd**

2121 Avenue of the Stars

Suite 800

Los Angeles, CA 90067



125 Park Avenue, 25th Floor

New York, NY 10017

E: lboyd@hechtpartners.com

P: (646) 502-9515

C: (805) 405-9133

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

---

**From:** Wertkin, Benjamin <bwertkin@cgsh.com>
**Date:** Thursday, April 24, 2025 at 3:05 PM
**To:** Daniel Capra <dcapra@fordham.edu>
**Cc:** Amanda Lee-DasGupta <alee@hausfeld.com>, Daniel Capra <dcapra@law.fordham.edu>, Brilliant, Lizzy <lbrilliant@gibsondunn.com>, Donaldson, Stephen <stephen.donaldson@epiqglobal.com>, Kovach, Loree <loree.kovach@epiqglobal.com>, Azari, Cam <caza@epiqglobal.com>, McGeever, Lauren <lmcgeever@epiqglobal.com>, Michael D. Hausfeld <mhausfeld@hausfeld.com>, James Gotz <jgotz@hausfeld.com>, Scott Gilmore <sgilmore@hausfeld.com>, Claire Rosset <crosset@hausfeld.com>, Jim Mitchell <jmitchell@hausfeld.com>, Mary Sameera Van Houten <mvanhouten@hausfeld.com>, Lee Boyd <lboyd@hechtpartners.com>, Kristen Nelson <knelson@hechtpartners.com>, Theo Bruening <tbruening@hechtpartners.com>, Michael Eggenberger <meggenberger@hechtpartners.com>, agoelman@zuckerman.com <agoelman@zuckerman.com>, csmith@zuckerman.com <csmith@zuckerman.com>, dperry@danyaperrylaw.com <dperry@danyaperrylaw.com>, Dang, Long <ldang@cgsh.com>, jperry@danyaperrylaw.com <jperry@danyaperrylaw.com>, jilluzzi@danyaperrylaw.com <jilluzzi@danyaperrylaw.com>, anocks@danyaperrylaw.com <anocks@danyaperrylaw.com>, Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>, Mainoo, Abena <amainoo@cgsh.com>, Lee, Charity E. <CharityLee@cgsh.com>, Lynch, Katherine <kalynch@cgsh.com>, Mgaloblishvili, Leila <lmgaloblishvili@cgsh.com>, Barry H. Berke <bberke@gibsondunn.com>, Dani R. James <djames@gibsondunn.com>, David P. Salant <dsalant@gibsondunn.com>, White, Sarah <swhite@gibsondunn.com>
**Subject:** RE: Kashef v. BNPP - Special Master Conference Call

Professor Capra, all,

Defendants agree with Epiq following up on the issues listed in Class Counsel's email. We are confirming whether there are other issues that would benefit from clarification and will follow up soon on that point. As for the language in Class Counsel's proposed email, we would propose using, in the first paragraph, "to confirm that it is accurate" instead of "because it may not be accurate," and using "confirm" instead of "clarify" in the last sentence, as reflected in the attached.

We object to Class Counsel's proposal that they personally reach out to class members whose answers they believe would "benefit from substantive clarification" and discuss revisions with them, because it is inconsistent with the Court's clear instructions that the questionnaires must be

completed by class members themselves, and not by counsel.  Neither Class Counsel nor anyone else should be advising respondents on the substance of their answers.  That is why, for example, the Court flatly rejected Class Counsel's proposal to operate a call center.

Best,

Ben

——

**Benjamin Wertkin**

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza, New York NY 10006
T: +1 212 225 2413
bwertkin@cgsh.com | clearygottlieb.com

---

**From:** Mgaloblishvili, Leila <lmgaloblishvili@cgsh.com>
**Sent:** Wednesday, April 23, 2025 11:14 AM
**To:** Team-BNPP-Kashef-AssociatesOnly <Team-BNPP-Kashef-AssociatesOnly@cgsh.com>
**Subject:** FW: Kashef v. BNPP - Special Master Conference Call

---

**From:** Daniel Capra <dcapra@fordham.edu>
**Sent:** Wednesday, April 23, 2025 11:13:40 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Amanda Lee-DasGupta <alee@hausfeld.com>
**Cc:** Daniel Capra <dcapra@law.fordham.edu>; Lizzy Brilliant <LBrilliant@gibsondunn.com>; stephen.donaldson@epiqglobal.com <stephen.donaldson@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; caza@epiqglobal.com <caza@epiqglobal.com>; lmcgeever@epiqglobal.com <lmcgeever@epiqglobal.com>; Michael D. Hausfeld <mhausfeld@hausfeld.com>; James Gotz <jgotz@hausfeld.com>; Scott Gilmore <sgilmore@hausfeld.com>; Claire Rosset <crosset@hausfeld.com>; Jim Mitchell <jmitchell@hausfeld.com>; Mary Sameera Van Houten <mvanhouten@hausfeld.com>; lboyd@hechtpartners.com <lboyd@hechtpartners.com>; knelson@hechtpartners.com <knelson@hechtpartners.com>; tbruening@hechtpartners.com <tbruening@hechtpartners.com>; meggenberger@hechtpartners.com <meggenberger@hechtpartners.com>; agoelman@zuckerman.com <agoelman@zuckerman.com>; csmith@zuckerman.com <csmith@zuckerman.com>; dperry@danyaperrylaw.com <dperry@danyaperrylaw.com>; Dang, Long <ldang@cgsh.com>;

jperry@danyaperrylaw.com <jperry@danyaperrylaw.com>; jilluzzi@danyaperrylaw.com <jilluzzi@danyaperrylaw.com>; anocks@danyaperrylaw.com <anocks@danyaperrylaw.com>; Boccuzzi Jr., Carmine D. <cboccuzzi@cgsh.com>; Mainoo, Abena <amainoo@cgsh.com>; Lee, Charity E. <CharityLee@cgsh.com>; Lynch, Katherine <kalynch@cgsh.com>; Mgaloblishvili, Leila <lmgaloblishvili@cgsh.com>; Barry H. Berke <BBerke@gibsondunn.com>; Dani R. James <DJames@gibsondunn.com>; David P. Salant <DSalant@gibsondunn.com>; Sarah White <swhite@gibsondunn.com>
**Subject:** Re: Kashef v. BNPP - Special Master Conference Call

Thank you for this submission. Let's hear defense counsel's response and if necessary I will schedule an argument on the afternoon of the 29 th.

Daniel J. Capra

Reed Professor of Law

Fordham Law School

150 West 62nd Street

New York, New York 10023

(212) 636-6855

Sent from my iPhone

> On Apr 23, 2025, at 5:05 PM, Amanda Lee-DasGupta <alee@hausfeld.com> wrote:
>
> Professor Capra,
>
> It is Class Counsel's position that Epiq should limit its follow-up to questionnaires that include dates that place the class member outside of the class period. Examples of this include:
>
> - Those with birth dates after the class period.
> - Those who indicate they left Sudan in advance of the class period.

- Those completed on behalf of a deceased class member where the birth date is after the death date or death date is before the class period.

We have made edits to the problematic response message accordingly, as attached. Of note, the pop-up calendar, included over Class Counsel's objections, has made birth date entry very confusing for our class members. This will continue to be an issue requiring follow-up until class members are able to just type in their birth dates.

This follow-up to determine which opt-ins and individual injuries are included in this class falls well within Epiq's role of notice administrator, a role that Epiq has handled very capably.

However, Epiq should not be otherwise following up on substantive responses in any format. According to human rights experts, best practices for documenting atrocities require one on one interaction and skills that promote trust to elicit painful and personal information from those victimized in brutal ways. Sending an email that questions the validity of the responses provided is likely to increase confusion and is not a measure reasonably designed to accurately collect information from human rights victims.

Class Counsel has long maintained the position that the questionnaire design itself—with its inclusion of write-in questions and a structure that re-asks whether abuses occurred—will lead to confusion and inconsistent answers from individuals with literacy limitations trying to do their best, which the questionnaire instructs them to do. We have now seen that manifest.

In as close alignment with human rights best practices as possible and consistent with the Court's orders, Class Counsel will employ best efforts to follow up with class members whose questionnaires may benefit from substantive clarification before July 1st.

Thank you,

Amanda

**AMANDA LEE-DASGUPTA**

Partner

alee@hausfeld.com

+1 202-849-4773 direct

1200 17th Street, N.W.
Suite 600
Washington, DC 20036

+1 202 540 7200

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Daniel Capra <dcapra@fordham.edu>
**Sent:** Monday, April 21, 2025 1:29 PM
**To:** Daniel Capra <dcapra@law.fordham.edu>
**Cc:** Lizzy Brilliant <LBrilliant@gibsondunn.com>; stephen.donaldson@epiqglobal.com; loree.Kovach@epiqglobal.com; caza@epiqglobal.com; lmcgeever@epiqglobal.com; Michael D. Hausfeld <mhausfeld@hausfeld.com>; James Gotz <jgotz@hausfeld.com>; Scott Gilmore <sgilmore@hausfeld.com>; Amanda Lee-DasGupta <alee@hausfeld.com>; Claire Rosset <crosset@hausfeld.com>; Jim Mitchell <Jmitchell@hausfeld.com>; Mary Sameera Van Houten <mvanhouten@hausfeld.com>; lboyd@hechtpartners.com; knelson@hechtpartners.com; tbruening@hechtpartners.com; meggenberger@hechtpartners.com; Goelman, Aitan <agoelman@zuckerman.com>; csmith@zuckerman.com; dperry@danyaperrylaw.com; Long Dang <ldang@cgsh.com>; jperry@danyaperrylaw.com; jilluzzi@danyaperrylaw.com; anocks@danyaperrylaw.com; cboccuzzi@cgsh.com; amainoo@cgsh.com; charitylee@cgsh.com; kalynch@cgsh.com; lmgaloblishvili@cgsh.com; Barry H. Berke <BBerke@gibsondunn.com>; Dani R. James <DJames@gibsondunn.com>; David P. Salant <DSalant@gibsondunn.com>; Sarah White <swhite@gibsondunn.com>
**Subject:** Re: Kashef v. BNPP - Special Master Conference Call

Class counsel stated in an email on Thursday that they were going to provide input on the problematic questions notices. Nothing has been received to date. I believe we need to move this along as it will take time to get changes implemented.

Daniel J. Capra

Reed Professor of Law

Fordham Law School

150 West 62nd Street

New York, New York 10023

(212) 636-6855


Sent from my iPhone

> On Apr 17, 2025, at 6:07 PM, Daniel Capra <dcapra@law.fordham.edu> wrote:
>
> On reflection, I am canceling the meeting scheduled for Tuesday April 22.
>
> We need to continue to work on problematic responses. Let's hear from class counsel on these matters,
>
> Ms. Brilliant, please schedule a meeting for Tuesday, May 6 at 4:00.
>
>> On Thu, Apr 17, 2025 at 10:40 AM Brilliant, Lizzy <LBrilliant@gibsondunn.com> wrote:
>>
>>> Gibson Dunn Zoom Two is inviting you to a scheduled Zoom meeting.

Topic: Kashef v. BNPP – Special Master Conference Call (GDCZOOM# 2 - 2 Hours)

Time: Apr 22, 2025 02:00 PM Eastern Time (US and Canada)

Join via Laptop/Mobile Device

Join Zoom Meeting

https://gibsondunn.zoom.us/j/97642593728?pwd=bn17DaQzU885Yjoh62JhuTbtrXk4pJ.1

Meeting ID: 976 4259 3728

Passcode: 475850

---

iPhone One Tap

+16692192599,,97642593728#,,,,*475850# US (San Jose)

+16699006833,,97642593728#,,,,*475850# US (San Jose)

---

Dial by your location

+1 669 219 2599 US (San Jose)

+1 669 900 6833 US (San Jose)

+1 213 338 8477 US (Los Angeles)

+1 346 248 7799 US (Houston)

+1 720 928 9299 US (Denver)

+1 646 518 9805 US (New York)

+1 646 558 8656 US (New York)

+1 301 715 8592 US (Washington DC)

888 788 0099 US Toll-free

833 548 0276 US Toll-free

833 548 0282 US Toll-free

833 928 4608 US Toll-free

833 928 4609 US Toll-free

833 928 4610 US Toll-free

877 853 5247 US Toll-free


Meeting ID: 976 4259 3728

Passcode: 475850


Find your local number:
https://gibsondunn.zoom.us/u/acnLxalSrN



---

Join by SIP

97642593728.475850@zoomcrc.com

---

Join by H.323

162.255.37.11 (US West)

162.255.36.11 (US East)


Meeting ID: 976 4259 3728

Passcode: 475850

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to

> you in error, please reply to advise the sender of the error and then immediately delete this message.
>
> Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.
>
> ---
>
>
> --
>
> Daniel J. Capra
>
> Reed Professor of Law
>
> Fordham Law School
>
> 150 West 62nd Street
>
> New York, NY 10023
>
> 212-636-6855
>
> <Kashef - Problematic Response Draft Message - Class Counsel edits.docx>

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.

For information about how the Firm collects and uses your personal data, please see our Privacy Statement.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "Firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated firms or entities, and the term "offices" includes offices of those affiliated firms or entities. The term "partner" in relation to Cleary Gottlieb means a member, or an employee or consultant with equivalent standing and qualifications of Cleary Gottlieb.

For information about how the Firm collects and uses your personal data, please see our Privacy Statement.

--
Daniel J. Capra
Reed Professor of Law
Fordham Law School
150 West 62nd Street
New York, NY 10023
212-636-6855