UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF, *et al.*,<br><br>                     *Plaintiffs*,<br>        v.<br><br>BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>                     *Defendants*. | Case No. 1:16-cv-03228-AKH-JW<br><br>Hon. Alvin K. Hellerstein |

## HECHT PARTNERS LLP'S RESPONSE TO MOTION OF HAUSFELD LLP AND ZUCKERMAN SPAEDER LLP FOR RELIEF UNDER RULE 23(G)

      Hausfeld LLP ("Hausfeld") and Zuckerman Spaeder LLP's ("Zuckerman") Motion for Relief under Rule 23(g) (the "23(g) Motion") is a smokescreen. Hecht Partners caught them with their hands in the cookie jar and lying to the Court, asked for their resignation as class counsel, informed them in no uncertain terms that the clients had fired them from the upcoming trial, and rather than withdraw amicably, they threw up this 23(g) Motion as a distraction. All this because Hausfeld and Zuckerman got spooked by Defendants' spurious sanctions motion (an opposition to which is filed concurrently herewith). They colluded with the bank and defrauded this Court with a lie.

      Here is the sequence of events. The motion for sanctions was filed on June 25, 2025. On July 1, 2025, counsel for Defendants submitted a "joint" motion to adjourn. ECF 758. But that was a lie concocted by Zuckerman and Hausfeld. Declaration of Maxim Price in support of Response to Motion for Relief under Rule 23(G) ("Price Decl.") ¶¶ 8–10. They tried to sell out the hard-fought, long-awaited trial date that was so valuable to the class and to the individuals whose cases are being heard, for their personal benefit, without even consulting their co-lead counsel Ms. Boyd **or any of the three plaintiffs going to trial**. *Id*. We found out as it was being filed. *Id*. Hecht

1

Partners immediately began emailing Hausfeld and Zuckerman repeatedly, calling, and leaving voicemails. *Id*. Not one response has been received to this day. And they never corrected it with the Court. The Court had previously indicated that it would reject such a "joint" motion, and that's exactly what happened. ECF 761. Nearly all substantive lines of communications have been cut off.

Why? The reason Zuckerman and Hausfeld so readily lied to the Court and surrendered the trial date became clear the very next day. At Mr. Hausfeld's request, Mr. Berke filed an unauthorized letter at ECF 762, essentially swearing to a false narrative: that. Hausfeld and Zuckerman had no knowledge of the alleged misconduct. In doing so, Zuckerman and Hausfeld immediately abandoned the plaintiffs, the class, and their co-lead counsel—distancing themselves from the sanctions motion in a transparent effort to protect their own reputations. Rather than uphold their fiduciary duties, defend their co-counsel, or preserve the long-awaited trial date, they opted for the path of least resistance, using the unauthorized letter as cover.

We immediately called them out on it. Price Decl. Ex. 5 at 6. Repeatedly—via email and voicemail—Hecht Partners demanded an explanation, or at the very least, a substantive response. We received nothing. Not a single reply. Not one second of conversation. Their Rule 23(g) motion openly concedes that they continue to engage in secret settlement discussions—discussions they have not disclosed to co-counsel in months. And amid all of this, they have never once spoken to a plaintiff. In fact, throughout their entire tenure as class counsel, neither Mr. Hausfeld nor anyone from Zuckerman has spent a single moment speaking with the individuals set to testify at the trial. Mr. Hausfeld has never met with a member of the class.

The allegation that Ms. Boyd is treating this matter as her personal fiefdom is a textbook case of the pot calling the kettle black. The only attempted *coup* here has come from Zuckerman

and Hausfeld, who have repeatedly sought to wrest co-lead status from Ms. Boyd by threatening to withdraw from the case unless she granted total control to them contractually. Price Decl. ¶¶ 4–8, Ex. 3. These efforts are extensively documented. *Id*. Exs. 3–5. Not only has Mr. Smith of Zuckerman unilaterally declared himself lead trial counsel over our objection, he has also assigned every single trial role to himself and his firm—who, notably, bill the class hourly for their time. Nevertheless, Ms. Boyd and Hecht Partners have always tried their best to put aside all of these differences and create a collaborative working environment to build the best possible trial for these plaintiffs and the class. Price Decl. Ex. 3. ("We remain willing to collaborate on a coordinated an[] effective trial presentation, and we recognize the skill and value your team brings to the table. We remain willing to compromise by giving you control over the content of the trial provided we agree in advance on certain concessions as discussed above. But we cannot, consistent with our legal and ethical obligations, agree to stand aside entirely while a non-lead firm takes unilateral control of trial strategy and execution.") They rejected these proposals and demanded full control.

Zuckerman and Hausfeld are now trying to exclude Ms. Boyd and Hecht Partners—the attorneys who filed this case, built it from infancy through certification and summary judgment, and who actually know the class members, the plaintiffs going to trial, and the facts better than them—from any role in trial or settlement. Hecht Partners also has **substantially more resources, time, funds, and expertise** devoted to this case than Zuckerman. Hecht Partners has devoted six trial attorneys, two paralegals, and is funding half of this litigation. Zuckerman is **billing the class** hourly for two or three attorneys. This Rule 23(g) Motion as well as Hausfeld's and Zuckerman's push for "majority rule" are simply vehicles to formalize exclusion. But Zuckerman and Hausfeld have no real connection to the class, no understanding of the plaintiffs, and no track record of engaging with either. Mr. Hausfeld has been on this case for a year and Mr. Zuckerman for a few

months. They also have limited experience with personal injury and have done zero prep as far as we can tell. Price Decl. ¶ 16. They have shown no intention of trying this case. Their likely goal appears to be to use "majority rule" to settle it behind closed doors, without the consent or involvement of the very people they purport to represent or, importantly, Ms. Boyd.

The only real complaint Zuckerman and Hausfeld can muster to justify their smokescreen of a filing is that they sometimes disagree with Ms. Boyd, and that the plaintiffs going to trial do not want them as counsel. That is not nearly enough.

The audacity to question Ms. Boyd's ethical conduct or common sense, in light of the above, is astounding. The narrative that Hausfeld and Zuckerman present regarding the history of events and vision for trial is false—colored entirely by their personal jockeying for control. Hecht Partners never agreed to Zuckerman serving as lead trial counsel; Zuckerman simply assumed it. Price Decl. ¶¶ 5–8, Ex. 1. Hecht Partners retained Perry Law in a limited capacity to assist with trial preparation for a short duration—not to appear at trial. Price Decl. ¶ 6; Dkt. 774 (Unopposed Motion to Withdraw by Perry Law). It was always unequivocally understood that Hecht Partners would play an active role at trial. Nevertheless, Mr. Smith of Zuckerman unilaterally declared himself lead trial counsel and insisted on duplicating every effort—assigning every available role to hourly-billing counsel in a clear effort to take over the case and profit at the class's expense.

The class trusts Ms. Boyd and expects her to represent them. They expect their chosen counsel to be respected, and they expect class counsel to work collaboratively—to protect one another and, more importantly, to protect them. They expect to be informed of the progress of settlement discussions **by Ms. Boyd**—not to hear that she has been excluded entirely. Zuckerman Spaeder and Hausfeld will soon learn that this sentiment is shared by virtually every other class

4

member. We could fill several courtrooms with thousands of class members who would attest to this.

There is no need for Hecht Partners to dignify Hausfeld's and Zuckerman's transparent power grab by immediately moving to disqualify them. They will step aside on their own once they are confronted with these hard truths. But if they do not, such a motion all but writes itself—and Hecht Partners is fully prepared to file it.

Every aspect of the relief requested by the 23(g) Motion is improper and each such request is taken in turn below.

(a) The co-class counsel appointment orders do not permit abuse and duplication of work by class counsel. The appointment order said that Zuckerman was to be class counsel under the direction of co-lead class counsel and they no longer represent a necessary expense for the class. Under the rule 23(g) precedent, now that the trial has been substantially narrowed, it is the responsibility of co-lead Class Counsel to control spending on outside counsel that is no longer necessary when co-lead Class Counsel can handle the remaining work load for trial. Hausfeld has abandoned his co-lead responsibilities and Zuckerman wants to keep billing the class and therefore gratuitously assigned all trial roles to himself. Ms. Boyd does not seek to prosecute the case herself, she has found suitable replacement co-counsel whom the individuals prefer over Zuckerman Spaeder and who are ready to timely put on the trial.

(b) There is no such thing as "trial counsel" in the context of rule 23(g) it is a term that Zuckerman Spaeder invented when they had first joined the case in order to try to usurp the role of co-lead counsel contractually. Price Decl. ¶¶ 4–7. Moreover, this is a trial of individual claimants' rights and not a class trial and thus those individuals get to

5

choose their own counsel. *See Lightfoot v. District of Columbia*, 233 F.R.D. 28, 31 (D.D.C.,2006). This is a concept that Zuckerman and Hausfeld have flatly rejected time and again, and it shows because neither have bothered to meet a single plaintiff to-date. More importantly, they have proven their interests are misaligned with the interests of the class by colluding with the bank and they have no relationship whatsoever with the class members, who will not accept them as counsel going forward given what they have done. They will not choose the counsel that betrayed them. Price Decl. ¶¶ 13-14. They will not choose the counsel they have never once met. *Id*. They will not choose the counsel that thinks they have the right to usurp the entire trial, waste time, and waste their money by duplicating efforts. *Id*. They choose Hecht Partners and DiCello Levitt to represent them. *Id*. And they are willing to testify to the same. The firm of DiCello Levitt are not some newcomers to the case, they have been reviewing this case, just like Zuckerman, since March of 2025 and have been actively following it and are ready to try the case in September. *See* Price Decl. Ex. 1 at 2 (referencing DiCello Levitt as one of the co-counsel firms).

(c) Majority rule is not how rule 23(g) works as this Court has already recognized, especially where that majority is not that of lead class counsel. Decisions must be made by consensus. Moreover, the case currently going to trial is that of three individuals who choose Hecht Partners and DiCello Levitt to represent them. Price Decl. ¶¶14-15 and so no changes are necessary to advance the current trial.

(d) A Court cannot direct an attorney to obtain and wield the agency of a human adult by telling them whom to cooperate with and what to do. The Plaintiffs going to trial have

agency and they choose different counsel for themselves and are willing to testify to that fact. The request is meaningless.

(e) The Court is of course free to adopt any measure deemed necessary, but the request itself is empty and in the context of the motion, no action is required.

The motion should be denied in its entirety.

| | |
|---|---|
| Dated: July 9, 2025 | Respectfully submitted,<br><br>*/s/ Kathryn Lee Boyd*<br>Kathryn Lee Boyd<br>Maxim Price<br>David L. Hecht<br>Theodor Bruening<br>Kristen Nelson<br>HECHT PARTNERS LLP<br>125 Park Avenue, 25th Floor<br>New York, NY 10017<br>(212) 851-6821<br>lboyd@hechtpartners.com<br>mprice@hechtpartners.com<br>dhecht@hechtpartners.com<br>tbruening@hechtpartners.com<br>knelson@hechtpartners.com<br><br>*Counsel for Plaintiffs* |