# EXHIBIT J

morningtrans.com

# TRANSLATION CERTIFICATION

Date: 2025/07/31

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- French (France)

To:

- English (USA)

The documents are designated as:

- 'La cafetière perdue ou la preuve en responsabilité civile (ATF 133 III 81 ; 137 III 226).docx'
- Steinauer, Traité de droit Privé Suisse–Le tirtre préliminaire due Code civil, at 253, n.66 (2008).docx'

Samuel Wu, Managing Director of this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

*Samuel Wu*

Signature of **Samuel Wu**, Managing Director

Questel Confidential: Limited External Use

4001 S 700 East, Suite 500 #B17
Salt Lake City, UT 84107

**II. Degrees of proof**

In order to win their case, victims of defective products must convince the court of the facts on which they base their claim, in particular the existence of a defect in the product and a natural causal link between the defect and the damage for which they are seeking compensation (Art. para. 1 LRFP). As for the producer invoking exemption, they must convince the court that the defect was not detectable when the product was put into circulation, given the state of scientific and technical knowledge (Art. 5 para. 1 let. e LRFP).

**A. The defect**

It is up to the injured party to prove the defect. This rule is indisputable, not provided for by the LRFP, but resulting from Art. 8 CC. The general rules on evidence in civil liability are clearly set out in the *coffee maker* judgment.[32] They are not followed in the *hip prosthesis* judgment.[33] In the first case, the victims had to prove that the explosion of the coffee maker was due to a defect in the glass container and, in the second case, that the hip prosthesis had worn out prematurely.

It is worth quoting the coffee maker ruling, which sets out the legal situation particularly clearly:

> *"In principle, a fact is considered established when the judge is satisfied that an allegation is true. The law, doctrine, and* **[PAGE 131]** *case law have provided exceptions to this rule of evidence. The relaxation of the burden of proof is then justified by a "state of necessity in matters of evidence" (Beweisnot), which arises when, due to the nature of the case, strict proof is not possible or cannot reasonably be required, in particular if the facts alleged by the party bearing the burden of proof can only be established indirectly and by circumstantial evidence (ATF 132 III 715 consid. 3.1 p. 720;[34] ATF 130 III 321 consid. 3.2 p. 324[35] and references). This may be the case with the occurrence of a loss in theft insurance (ATF 130 III 321 consid. 3.2 p. 325 and the judgments cited) or the existence of a natural or hypothetical causal link (ATF 132 III 715 consid. 3.2 p. 720 and the judgments cited). The degree of proof required is then limited to preponderant probability (die überwiegende Wahrscheinlichkeit), which is subject to higher requirements than mere probability (die Glaubhaftmachung). Overwhelming probability requires that, from an objective point of view, there are significant reasons to believe that an allegation is true, without other possibilities being of significant importance or reasonably coming into consideration (ATF 132 III 715 consid. 3.1 p. 720; ATF 130 III 321 consid. 3.3 p. 325)."*[36]

The three levels of proof, namely strict proof (*strikter Beweis* or *voller Beweis*), preponderant probability (*die überwiegende Wahrscheinlichkeit*) and simple probability (*die Glaubhaftmachung*), distinguished by this judgment, are well established in the case law of the Federal Supreme Court[37]. The transition from strict proof, which is the rule, to preponderant probability, which is the exception, is subject to the condition that there is a necessity for proof (*Beweisnot*); difficulties in proving the facts are **[PAGE 132]** not sufficient. However, the rule must remain the rule, and it is clear that mere probability is not sufficient.

---

| | |
|---|---|
| 32 | ATF 133 II 81 consid. 4.2.2. |
| 33 | ATF 137 III 226 consid. 4.2. |
| 34 | JdT 2009 I 183: liability for the prospectus (Art. 752 aCO), proof of a natural causal link between the false information in the prospectus, the decision to purchase and the damage suffered; liability denied due to lack of causality. |
| 35 | SJ 2005 I 514, JdT 2005 I 618, consid. 3: proof of the occurrence of a loss (Art. 39 LCA); it should be noted that Art. 39 LCA on the justification of claims by the beneficiary was not amended by the LF of June 19, 2020, in force since January 1, 2022. |
| 36 | ATF 133 III 81, 88-89 (italics added). |
| 37 | ATF 143 III 297 consid. 9.5; 133 III 153 consid. 3.3. Fellmann, p. 163 note 33; Peter/Sauerwein, p. 153 ff.; Schweizer, p. 130 ff.; Werro, RC, n. 258 ff. Criticism of the term "preponderant likelihood": Walter, RJB 2011, p. 247 note 78. |

© Stämpfli Editions SA Berne - 2022

The authors express some hesitation about this reduction in the requirements for proof and attempt to distinguish between "typical" and "atypical" difficulties in proving, only the former giving rise to *Beweisnot*.[38] Nevertheless, Fellmann[39] admits that a general reduction in the standard of proof with regard to proof of defect is acceptable; indeed, the decision as to whether a product offers the safety that can legitimately be expected requires a value judgment. This pragmatic position deserves approval. It is in line with the case law of the CJEU, which accepts the criterion of serious, precise, and consistent evidence as regards proof of defect and causality.[40] However, such a reduction in the burden of proof must not go so far as to reverse the burden of proof.

The coffee pot ruling, finding a state of necessity in terms of evidence (*Beweisnot*), is satisfied with the lesser degree of preponderant probability. Proof of the defect was thus accepted on the grounds that there were important reasons to believe that the victim's statements were accurate, without other possibilities being significant or reasonably coming into consideration.

On the contrary, the hip prosthesis ruling sticks to the strict proof requirement without even considering the necessity of proof, even though similar circumstances should have led to a finding of necessity of proof of the defect in the prosthesis. A coffee pot thrown away by the victim's guests, a hip prosthesis thrown away by medical staff—how are these two cases different?[41] Such a difference in treatment cannot be explained by the typical nature of the necessity of proof. All things considered, if one of the two situations is typical, it is that of the prosthesis thrown away by medical staff. The fact that the coffee maker debris was thrown away by the guests seems to me to be much more circumstantial. In the absence of a real explanation for the difference in treatment between the two cases, there is only one **[PAGE 133]** conclusion: the difference between the two judgments is the result of an unannounced reversal of case law, which clearly undermines the consistency and predictability of product liability law.

In addition to the proof of defect, the manufacturer's objection also deserves criticism in the second judgment examined.

---

[38]   Fellmann, p. 163; Schweizer, p. 127 ff.; Widmer Lüchinger, REAS, p. 218.
[39]   Fellmann, p. 164.
[40]   CJEU, June 21, 2017, case C-621/15, ECLI:EU:C:2017:484 (*N.W v. Sanofi Pasteur*), concerning a vaccine against hepatitis B.
[41]   Werro/Hurni, p. 170.

© Stämpfli Editions SA Berne - 2022