UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF *et al.*,<br><br>       Plaintiffs,<br><br>   -against-<br><br>BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>       Defendants. | No. 16 Civ. 3228 (AKH)<br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE CERTAIN REFERENCES TO DEFENSE COUNSEL**

CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
T: (212) 351-4000

*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.*

## PRELIMINARY STATEMENT

Plaintiffs' counsel and their witnesses should be precluded from identifying at trial the specific law firms that previously advised Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp. (together "BNPP") on U.S. sanctions, compliance matters, or related enforcement issues, including Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), Sullivan & Cromwell LLP, or any other firm. In prior filings, Plaintiffs have repeatedly criticized advice BNPP received from Cleary on the application of U.S. sanctions. In this case involving Swiss tort claims, however, *the identities of the law firms* that advised BNPP on the application of U.S. sanctions are irrelevant. BNPP would be prejudiced by allowing Plaintiffs' counsel to identify and criticize Cleary as one of the law firms previously advising BNPP, because this would constitute an attack on the reputation of BNPP's trial counsel. And Plaintiffs' discussion of Cleary's or any other law firms' role as outside counsel to BNPP on the issue of U.S. sanctions would risk confusing the jury about the issues in this case. For these reasons, the Court should exclude any such references as irrelevant under Federal Rules of Evidence ("FRE") 401 and 402, and as unduly prejudicial and confusing under FRE 403.

## LEGAL STANDARD

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. In addition, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Further, courts have recognized that references to "defense counsel's prior representation of [the] [d]efendant" is generally irrelevant, *Moreno v. Zimmerman*, 2021 WL 7210096, at *2 (D. Wyo. May 19, 2021), and that seeking to introduce evidence meant to criticize opposing

1

counsel's representation "is almost certain to confuse or mislead the jury, delay proceedings, and otherwise unfairly prejudice [a] [d]efendant." *Atencio v. TuneCore, Inc.*, 2018 WL 6265073, at *7 (C.D. Cal. Nov. 13, 2018); *Jackson v. E-Z-GO Division of Textron, Inc.*, 2018 WL 3575924, at *15 (W.D. Ky. July 25, 2018) ("The Court will not allow either party to make arguments about the reputation or skill of opposing counsel at trial.").

## ARGUMENT

Plaintiffs' counsel and their experts have made frequent, critical, and false references to the fact and nature of Cleary's prior advice to BNPP regarding the application of U.S. sanctions. *See, e.g.*, Pls. Opp. to Defs. Mot. for Summary Judgment ("Pls. SJ Opp."), ECF No. 465 at 49–50 (section entitled "The Dirty Little Secret: Advised by Cleary Gottlieb, BNPP Finds New Ways to Evade U.S. Sanctions"); Koch Report at ¶ 268; Hudson Report at ¶ 162. The identities of the law firms that previously provided U.S. sanctions compliance advice to BNPP are irrelevant to the claims and defenses at issue during the September trial. Further, permitting Plaintiffs to identify Cleary or any other specific firm as having provided such prior advice would be unduly prejudicial to BNPP, confuse the issues, and mislead the jury.

*First*, the identity of the counsel who advised BNPP on U.S. sanctions matters and related regulatory/enforcement issues is irrelevant to the elements that Plaintiffs must prove during the September trial. Plaintiffs' Swiss law claim requires establishing that "(1) a main perpetrator committed an illicit act, (2) the accomplice consciously assisted the perpetrator and knew or should have known that he was contributing to an illicit act, and (3) [the accomplice's] culpable cooperation was the natural and adequate cause of the plaintiff's harm or loss." Order and Op. at 3 ECF No. 499. The identities of the law firms that gave BNPP advice regarding U.S. sanctions do not relate to any of these elements. Unsurprisingly, courts have routinely granted motions *in limine* to exclude information about trial counsels' prior representations as irrelevant. *See, e.g.*,

2

*In re Zetia (Ezetimibe) Antitrust Litig.*, 2023 WL 4155408, at *2 (E.D. Va. Mar. 31, 2023) ("All parties shall refrain from any comment on the size, specialization, location, or prior representation of any attorney or law firm serving as counsel to any party in the case."); *Coleman v. State Farm Fire & Casualty, Co.*, 2023 WL 1965673, at *2 (N.D. Okla. Feb. 13, 2023) ("[T]he Court fails to recognize how any reference to either parties' counsels' prior litigation or work experience would be relevant . . . therefore, statements referring to all parties' counsels' prior work experience should also be prohibited.").

*Second*, permitting Plaintiffs to identify Cleary as one of the law firms that provided advice to BNPP on U.S. sanctions matters would be unduly prejudicial to BNPP, confuse the issues, and mislead the jury during the September trial. Fed. R. Evid. 403. As part of Plaintiffs' consistent practice of making false and inflammatory claims about BNPP, Plaintiffs have sought to impugn BNPP by attacking its outside counsel. *See, e.g.*, Pls. SJ Opp. at 49–50 (criticizing Cleary's legal advice to BNPP); Koch Report at ¶ 268 (accusing Cleary of exemplifying "indifference to [] atrocities"); Hudson Report at ¶ 162 (insinuating Cleary misled U.S. government officials). Setting aside the inaccuracy of those characterizations, allowing Plaintiffs to refer to Cleary in this manner before the jury would essentially permit Plaintiffs to impugn the reputation of BNPP's trial counsel and, by extension, BNPP. This would misdirect the trial's proper focus away from Plaintiffs' obligation to prove their case against BNPP. As noted above, courts have refused to permit such prejudicial and diversionary attacks on the reputation of or prior representations by parties' trial counsel.

*Third*, to the extent that either party wishes to introduce documents or offer testimony that would refer to Cleary or another law firm, a simple solution exists.[1] If a party seeks to

---

[1] To be clear, BNPP reserves the right to challenge the admissibility of any such evidence or testimony on other grounds and here offers a solution only to references that would otherwise identify Cleary.

3

introduce a document that refers to Cleary or another firm's prior role in advising BNPP as to U.S. sanctions or related matters, the party should redact "Cleary" and/or the other law firm's name with a box reading "United States law firm." *Cf. Chamberlain v. R.J. Reynolds Tobacco Co.*, 2013 WL 12156418, at *5 (M.D. Fla. Sept. 16, 2013) ("Motion to prohibit argument or evidence of prior work by defense counsel is GRANTED.  The Court expects that the parties will agree to redact documents as necessary and consistent with the practice employed in the trials of the previous groups.").  When offering testimony, witnesses should refer only to a "United States law firm" that advised BNPP and should not refer to any law firm specifically.  This will avoid any prejudice to BNPP or confusion of the jury.

**CONCLUSION**

For the foregoing reasons, the Court should prohibit Plaintiffs' counsel and witnesses from identifying Cleary or any of the other specific law firms that advised BNPP on U.S. sanctions compliance and represented BNPP during related interactions with regulatory and enforcement agencies, and should require redactions of references to Cleary in trial exhibits.

Dated: New York, New York
   August 14, 2025

<br>

| | |
|---|---|
| Barry H. Berke<br>Dani R. James<br>Michael Martinez<br>Matt Benjamin<br>David P. Salant<br><br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166<br>T: (212) 351-4000<br>bberke@gibsondunn.com<br>djames@gibsondunn.com<br>mmartinez2@gibsondunn.com<br>mbenjamin@gibsondunn.com<br>dsalant@gibsondunn.com | */s/ Carmine D. Boccuzzi, Jr.*<br><br>Carmine D. Boccuzzi, Jr.<br>Abena Mainoo<br><br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>T: (212) 225-2000<br>cboccuzzi@cgsh.com<br>amainoo@cgsh.com<br><br><br>*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.* |

5