UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF *et al.*,<br><br>                            Plaintiffs,<br><br>-against-<br><br>BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>                            Defendants. | No. 16 Civ. 3228 (AKH)<br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE CLASS MEMBERS OR OTHER INTERESTED INDIVIDUALS FROM <u>SERVING AS INTERPRETERS AT TRIAL</u>**

CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
T: (212) 351-4000

*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.*

**PRELIMINARY STATEMENT**

Plaintiffs have relied upon interpreters with close connections to the Plaintiffs and this litigation, including a former named Plaintiff. This Court should preclude class members, or other individuals who may have a relationship to the named Plaintiffs—including interpreters who assisted Plaintiffs' counsel in questionnaire roadshows and on other aspects of the case—from serving as interpreters at trial because of the conflict of interest and appearance of bias that would result from having them perform an official role in the proceedings. That potential bias is not warranted where there has been no showing that other, uninterested interpreters are unavailable to provide translation services.

**BACKGROUND**

Former named Plaintiff, Joseph Jok, served as interpreter for the three Plaintiffs at a recent Court conference, *see* Ex. N, July 10, 2025 Hr'g Tr. 5:17-23, and at several other Plaintiff depositions over the objection of BNPP, *see* Hamdan Abakar Dep. Tr. 8:5-11. In the original Complaint in this litigation, Mr. Jok alleged that he was admitted to the United States from Sudan as a refugee and suffered damages after a "Sudanese government proxy militia looted and destroyed the family's business and homes." Compl. ¶ 69, ECF No. 1.[1] Plaintiff Turjuman Adam testified that Mr. Jok is a "well-known" Sudanese community leader who invited Mr. Adam to an initial meeting in 2016 in which Plaintiffs' counsel recruited Mr. Adam and others to join the litigation. Adam Dep. Tr. 20:7-21:9. Mr. Adam testified that he has known Mr. Jok "since I came to the United States in 2005." *Id.* at 21:10-12.

Moreover, Mr. Jok appears to have been closely involved in Plaintiffs' counsel's recruiting efforts during the class questionnaire process, including a prominent role at a series of

---

[1] Mr. Jok was dropped as a named Plaintiff from the Third Amended Complaint. ECF No. 241. It is unclear whether Mr. Jok is a class member.

1

meetings at which Plaintiffs' counsel made repeated statements that the Court observed likely "contaminate[d] the questionnaire." Ex. M, June 26, 2025 Hr'g Tr. 6:2-3.

## ARGUMENT

In order to maintain the integrity of the September trial, it is essential that any Arabic interpreters for Plaintiffs are free from bias, apparent or otherwise. It is a fundamental rule that "[i]nterpreters shall be impartial and unbiased and shall refrain from conduct that may give an appearance of bias." Model Code of Professional Responsibilities for Interpreters in the Judiciary Canon 3, 65 Am. Jur. *Trials* 1 (Originally published in 1997).

Courts have disqualified trial interpreters for just the "appearance of impropriety" when they previously were engaged by a party to the proceeding "to assist in preparation of [the party's] case." *See, e.g.*, *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 701 F. Supp. 2d 861, 862–63 (E.D. Tex. 2010) (disqualifying as trial interpreter an individual who "served . . . as a 'check interpreter'" for a party during depositions, interpreted privileged communications for a party in deposition preparation, and interpreted in social settings where the party's witnesses and counsel were present); *cf. United States v. Karake*, 443 F. Supp. 2d 8, 92-93 (D.D.C. 2006) (government failed to demonstrate a "knowing and intelligent" waiver of *Miranda* rights where interpreters were members of the government's investigating team, which "create[ed] bias issues that could undermine the integrity of their translations" and "their motives [we]re certainly suspect").

Mr. Jok's case raises far more concerning appearances of impropriety than the interpreters in *Sharp* and *Karake*—it is clear that he has worked hand-in-hand with Plaintiffs' counsel since the outset of the litigation, including by recruiting class members and serving as a named plaintiff himself. Given these close connections, and in light of the already concerning

2

allegations of misconduct by Plaintiffs' counsel in connection with preparation of trial witnesses (which Mr. Jok may have witnessed as Plaintiffs' interpreter), the Court need not find that Mr. Jok is actually biased to exclude him as a trial interpreter—the appearance of impropriety here is more than enough. The same is true for any other interpreters that Plaintiffs' counsel has engaged to assist in preparing their case, or who otherwise have connections to this litigation or the named Plaintiffs.

Nor is it necessary for Plaintiffs to use their own interpreters at trial. During the depositions, despite Plaintiffs' counsel objecting to the use of the Arabic interpreters engaged by BNPP, Plaintiffs' own interpreters often looked to BNPP's "check" interpreters for guidance. *See, e.g.*, Kashef Dep. Tr. 27:8-14 (Plaintiffs' interpreter asking BNPP's interpreter for guidance), *id.* at 36:23-37:3 (BNPP's interpreter correcting Plaintiffs' interpreter).

## **CONCLUSION**

For the foregoing reasons, BNPP respectfully requests that the Court preclude class members, or other individuals who may have a relationship to the named Plaintiffs or were engaged by Plaintiffs' counsel to assist in preparing their case, from serving as interpreters at trial or from performing any other official role in the proceedings.

Dated: New York, New York
August 14, 2025

Respectfully submitted,

_____

Barry H. Berke
Dani R. James
Michael Martinez
Matt Benjamin
David P. Salant

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
bberke@gibsondunn.com
djames@gibsondunn.com
mmartinez2@gibsondunn.com
mbenjamin@gibsondunn.com
dsalant@gibsondunn.com

*/s/ Carmine D. Boccuzzi, Jr.*

Carmine D. Boccuzzi, Jr.
Abena Mainoo

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: (212) 225-2000
cboccuzzi@cgsh.com
amainoo@cgsh.com


*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.*

4