UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENTESAR OSMAN KASHEF *et al.*,

                Plaintiffs,

-against-

BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,

                Defendants.

No. 16 Civ. 3228 (AKH)

Hon. Alvin K. Hellerstein

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT CLASS ISSUES

CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
T: (212) 351-4000

*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.*

**PRELIMINARY STATEMENT**

The September trial will decide BNPP's liability for harms suffered by three Plaintiffs—Abulgasim Abdalla, Entesar Kashef, and Turjuman Adam—whose claims have been "severed from all other plaintiffs and class members." July 11, 2025 Order ¶ 3b, ECF No. 791. The Court has made clear that *the September trial is not a class trial* and that the trial Plaintiffs are "proceed[ing] . . . individually, and not as representatives of the class." Aug. 8, 2025 Order 2, ECF No. 818. Accordingly, testimony by Plaintiffs, experts, or lay witnesses regarding injuries suffered by other class members is irrelevant and would encourage the jury to reach a verdict based on evidence unrelated to trial Plaintiffs' individual claims. It is also well-settled that such evidence is unfairly prejudicial and inadmissible, particularly where its purpose is to bolster the credibility of Plaintiffs' own testimony or their individual claims.

For the same reasons, the Court should exclude the testimony of other class members who have been named as witnesses, including but not limited to Asha Arbab Matar and Clara Tabor. If Plaintiffs intend for the other class members to testify for the purpose of describing their own injuries or those of other class members, such testimony is beyond the scope of the upcoming trial. To the extent that Plaintiffs instead plan for other class members such as Ms. Matar or Ms. Tabor to testify about the injuries suffered by the trial Plaintiffs, such testimony is cumulative, has little probative value, and can only serve to inflame the jury and prejudice BNPP. Their testimony should thus be excluded in its entirety.

**BACKGROUND**

On May 20, 2025, the Court affirmed that the September trial is "a trial of three individual[]" plaintiffs, rather than a class trial. Ex. L, May 20, 2025 Conf. Tr. 7:7-8; *accord id.* at 6:10 ("I am conducting a trial of three individuals[.]"). On July 11, 2025, due to class co-counsels'

1

representations that they could not ethically continue working with Ms. Boyd and the three individual Plaintiffs' preference to continue to be represented by her, the Court further severed those three trial Plaintiffs' cases from "all other plaintiffs and class members," discharged class counsel Hausfeld LLP and Zuckerman Spaeder LLP (who continue to be class counsel) from representing the three Plaintiffs, and directed that the three Plaintiffs "will no longer act as class representatives." Order ¶ 3b, ECF No. 791; *accord* Ex. N July 10, 2025 Conf. Tr. 29:23-25 ("I would like to . . . sever these three individual claims from the class and retain the status quo with regard to the class."); *id.* at 30:9-10 ("[T]he representative quality of Kashef, Adam, and Abdalla are severed from the class."). As a result, the pleadings were "reformed to pertain only to [the three individual Plaintiffs] and, thus amended, shall constitute the pleadings for the trial."[1] Order ¶ 3b, ECF No. 791. Notwithstanding the Court's unambiguous holdings that the September trial will only decide the claims of three individuals, Plaintiffs have noticed other class members, namely Asha Arbab Matar, Mr. Abdalla's wife, and Clara Tabor, Mr. Adam's ex-wife, as witnesses they may call at this trial. Both allege to have suffered injuries for which they claim damages as part of the class.

## LEGAL STANDARD

Under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "The court is not required to allow the trial to be diverted into an inquiry into an entirely different incident involving to a significant extent different people, places and events." *Lore v. City of Syracuse*, 670 F.3d 127, 173 (2d Cir. 2012) (alterations accepted and internal quotation

---

[1] The Court has repeatedly made clear that "[t]he outcome of the three cases on trial will not be determinative of any issue as to the class, unless the law of collateral estoppel or some other applicable law" provides overwise. Ex. N, July 10, 2025 Conf. Tr. 30:5-7; *accord, e.g.*, May 20, 2025 Order ¶ 1, ECF No. 701 ("The consequences of the jury's verdict as to other plaintiffs and the Class are reserved for a later date."); Ex. L, May 20, 2025 Conf. Tr. 6:10-12 ("I am conducting a trial of three individuals, what meaning they have, what issues of collateral estoppel they raise is an issue for further discussion later on.").

2

marks omitted) (citing *Barrett v. Orange Cnty. Hum. Rts. Comm'n*, 194 F.3d 341, 347 (2d Cir. 1999)). Nor can otherwise irrelevant testimony be offered for purposes of bolstering a witness's credibility. *See United States v. Weathersby*, 858 Fed.Appx 460, 462 (2d. Cir. 2021) ("A fact witness's credibility may not be bolstered 'when the witness's version is not attacked as improbable.'"). In addition, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

The Court should limit the evidence and arguments at trial to those pertaining to the claims of the three trial Plaintiffs. Any references to the existence of the class or evidence pertaining only to the class is irrelevant to the claims of these Plaintiffs, *see* Fed. R. Evid. 402, and even if minimally relevant, would be unfairly prejudicial, confuse the issues, and mislead the jury, *see* Fed. R. Evid. 403.

*First*, evidence of injuries suffered by class members other than trial Plaintiffs is irrelevant and should be excluded. The Court has made clear that at the September trial, Plaintiffs must show that the Government of Sudan ("GOS") committed an illicit act that harmed the trial Plaintiffs, that BNPP consciously assisted the GOS and knew or should have known that it was contributing to those illicit acts, and that BNPP's culpable cooperation was the natural and adequate cause of the trial Plaintiffs' harm or loss. *See* Order ¶ 3b, ECF No. 791 (ruling that Plaintiffs' pleadings are reformed and amended to address only the claims of the trial Plaintiffs); *Kashef v. BNP Paribas SA*, 2024 WL 1676355, at *2 (S.D.N.Y. Apr. 18, 2024) ("*Kashef VI*"). Simply put, evidence regarding the GOS's illicit acts that allegedly harmed other class members, and BNPP's purported

3

conscious assistance of those acts, are not at issue. Accordingly, the Court should preclude Plaintiffs' experts and lay witnesses from offering testimony on categories of harms, regions, time periods or government actions that were included in Plaintiffs' briefing but do not prove that the trial plaintiffs suffered injuries and that BNPP's conscious assistance was the cause of these injuries. This includes evidence and testimony regarding the GOS's alleged campaign of persecution that encompasses illicit acts with no relations to the claims of the individual Plaintiffs, such as descriptions of atrocities committed by the GOS in clearing oil fields (none of the trial plaintiffs were injured in such attacks), *see* Third Am. Compl. ¶¶ 143, 146, 494, ECF No 241, evidence of religious persecution against Christians (the trial plaintiffs are Muslim), *see* Baldo Report ¶¶ 140-49, evidence that the GOS forcibly conscripted men and minors, *see* Baldo Reply Report ¶ 146, evidence that the GOS obstructed humanitarian aid, *see* Baldo Report ¶ 206, and evidence of abduction and enslavement, *see* Verhoeven Report 20-21.

*Second*, any testimony about harms resulting from atrocities committed by the Government of Sudan against other individuals at other times and in other locations throughout one of the largest countries in Africa would also be highly prejudicial, given the graphic nature of such testimony and its limited and improper evidentiary value in bolstering the credibility of the trial Plaintiffs' accounts of their injuries. *United States v. Zhong*, 26 F.4th 536, 544 (2d Cir. 2022) (district court erred by allowing testimony about incidents of forced labor in China unrelated to the charged conduct). This includes lay and expert testimony that the GOS perpetrated atrocities against class members that may be similar to those allegedly suffered by the three Plaintiffs. Such evidence has limited probative value and is inflammatory and unduly prejudicial. *See United States v. Al-Moayad*, 545 F.3d 139, 159-63 (2d Cir. 2008) (district court erred by excluding as

4

admitting highly inflammatory testimony about suicide bombing for which defendants were not charged).

For the above reasons, Ms. Asha Arbab Matar and Ms. Clara Tabor should be precluded from testifying in the September trial.  Although Ms. Matar is Mr. Abdalla's wife, Third Am. Compl. ¶ 50c, Ms. Matar's injuries are not at issue in the September trial.  Allowing her to testify would very likely put her own alleged injuries at issue and risk introducing improper testimony designed to bolster Mr. Abdalla's account of his injuries.  *See Weathersby*, 858 Fed. Appx at 462.

The same is true of Ms. Tabor, who is Mr. Adam's ex-wife.  Although Ms. Tabor was a named Plaintiff, Ms. Tabor was not listed in Mr. Adam's interrogatory responses as a witness who had relevant information about Mr. Adam's injuries.  And there is no basis to believe that Ms. Tabor has relevant evidence specific to Mr. Adam that would be helpful to the jury.[2]  To the extent Plaintiffs intend to call Ms. Tabor to describe the rape *she* suffered at the hands of Government security officers, such testimony does not bear on Mr. Adam's claims because he did not witness her injuries first-hand,[3] and it is precisely the type of graphic, prejudicial and testimony which is inadmissible under precedent in this circuit.  *Al-Moayad*, 545 F.3d at 159-63.  As a named Plaintiff in the class action, Ms. Tabor's claims will be tried in due course, but her injuries are not at issue in the September trial, and the Court should preclude her from describing them to the jury.

---

[2] *See* Ex. C, Tabor Depo. Tr. 57:15-18; 58:4-8; 60:3-10; 62:16-19; 64:12-65:7 (denying knowledge of Adam's cases, targets of his cases, and reasons for Adam's arrests); 66:25-67:11; 69:5-9; 70:6-21 ("I know that he was arrested more than once.  This is something that happened a lot of times.  I don't know.  But he knows."); 87:24-88:6.
3 *See* Ex. E, Adam Depo. Tr. at 118:7–119:2 (testifying that security officers told him that his wife was raped during his detention).

5

## **CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the Court limit evidence and argument at trial to the three individual Plaintiffs, exclude all references to Plaintiffs being part of a class, and exclude the testimony of Asha Arbab Matar and Clara Tabor.

Dated: New York, New York
August 14, 2025

Respectfully submitted,

Barry H. Berke
Dani R. James
Michael Martinez
Matt Benjamin
David P. Salant

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
bberke@gibsondunn.com
djames@gibsondunn.com
mmartinez2@gibsondunn.com
mbenjamin@gibsondunn.com
dsalant@gibsondunn.com

/s/ Carmine D. Boccuzzi, Jr.

Carmine D. Boccuzzi, Jr.
Abena Mainoo

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: (212) 225-2000
cboccuzzi@cgsh.com
amainoo@cgsh.com

*Counsel for Defendants BNP Paribas S.A. and BNP Paribas US Wholesale Holdings, Corp.*