**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENTESAR OSMAN KASHEF, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP., <br><br> *Defendants*. | Case No. 1:16-cv-03228-AKH-JW <br><br> Hon. Alvin K. Hellerstein |

### BRIEF OF CLASS MEMBERS AS *AMICI CURIAE* IN RESPONSE TO THE PARTIES' MOTIONS *IN LIMINE* AND THE IMPROPER ASSERTION OF CLASS REPRESENTATIVE AUTHORITY

On behalf of the certified Class and its members, *amici* respectfully request that this Court enforce its order severing the September trial and terminating the severed plaintiffs as class representatives.[1] This is necessary due to recent efforts by counsel for those three plaintiffs to treat the September trial as a *de facto* class proceeding.

The Court has repeatedly and unequivocally held that the September trial "is not a class trial." ECF No. 701, Order. Rather, it is "a trial of three individuals." ECF No. 886-12, May 20, 2025 Conf. Tr. 7:7-8. On July 11, 2025 the Court severed those three trial plaintiffs from "all other plaintiffs and class members." ECF No. 791, Order ¶ 3b. Critically, the Court terminated them as class representatives. *Id.* ("Abulgasim Abdalla, Entesar Osman Kashef, and Turjuman Adam will no longer act as class representatives."). And the Court ordered that the pleadings be "reformed to pertain only to" the three severed plaintiffs and that "thus amended, shall constitute the pleadings for the trial." *Id.*

---

[1] This brief responds to the filings of the severed Plaintiffs, and Defendants. Undersigned Class Counsel do not represent the three individual Plaintiffs in the Sept. 8 trial and act only on behalf of the certified Class in this filing.

Yet despite the Court's severance order, the severed plaintiffs, through their counsel, persist on asserting class issues and purporting to act on behalf of the Class. For example, plaintiffs' motion *in limine* #4 requests rulings on class members' common injury of forced displacement. That motion improperly seeks to preclude Defendants from challenging or disputing the "Executive Branch's findings of fact underlying its determinations granting refugee or asylee status to any Plaintiff **or Class Member**." ECF No. 875, Pls' Mot. in Limine No. 4 at 1 (emphasis added); *see also id.* at 4 (repeatedly seeking rulings on behalf of class members).

Going a step further, Ms. Boyd has recently asserted to Class Counsel that—despite the Court's order to the contrary—she intends to treat her severed clients as *de facto* class representatives and seeks to bind the class to any rulings or judgments in the severed plaintiffs' case: "Whether or not representatives, they were adjudicated class reps at one time and therefore arguably [sic] in privity with the class for purposes of collateral estoppel. And of course the 3 have not opted out of the class." Declaration of Michael D. Hausfeld, Ex. A.

These assertions are improper. The severed plaintiffs have been terminated as class representatives. They therefore have no authority to submit filings or take legal positions on behalf of—or binding on—the Class under Fed. R. Civ. P. 23. Newberg & Rubenstein, *Newberg on Class Actions* § 3:1, 5th ed. ("Only designated representatives have authority to act . . ."). This doctrine is rooted in Rule 23(a), which requires that members of a class may sue as representative parties only if they are able to fairly and adequately protect the interests of the class.[2]

To adhere to its prior orders and keep this trial severed, this Court should apply three guardrails. *First*, *amici* agree with Defendants that class issues *cannot* be tried in the September 8 trial—since the trial plaintiffs do not represent the Class. *See* ECF No. 874, Defs' Mot. in Limine.

---

[2] In *Taylor v. Sturgell*, 553 U.S. 880, 884-85 (2008), the Supreme Court reaffirmed the longstanding rule that a non-party is not bound by another party's lawsuit, except in six "limited circumstances," none present here.

Defendants, however, misstate the class issues. That the Bashir Regime waged a systematic campaign of persecution is not a class issue: it is a fact. And it is highly relevant to the individual claims of any victim of that campaign, regardless of whether they are class members. This is classic evidence of *modus operandi* as well as means, motive, and opportunity. What *is* a class issue is whether this campaign made it reasonable for all Class members to fear persecution by the Regime. The class representatives are not authorized to try this issue for the class.

*Second*, the severed plaintiffs should be precluded from seeking any relief or ruling for members of the Class. The Court should thus strike all reference to Class members in Plaintiffs' Motion in Limine No. 4, which improperly seeks to preclude Defendants from challenging or disputing the refugee status of "any . . . Class Member." ECF No. 875 at 1. The forced displacement of *other* Class members is not being determined at the severed trial and the severed plaintiffs have no authority to bind other class members to the ruling they seek.

*Third*, all references to the Class or Class members besides the three individual Plaintiffs should be excluded from the trial and from the jury's view, including opening and closing statements, exhibits[3], witness examinations, jury instructions[4] and the verdict form.[5]

As to the Parties' other motions *in limine*, virtually all address purely evidentiary issues *vis-à-vis* the Sept. 8 trial. Accordingly, *amici* will not address every controverted issue in the two sides' motions *in limine*, as the Class is not bound by any ruling on these issues in this severed matter. Class Counsel reserves the right to address these evidentiary issues at and in preparation for the Class trial.

---

[3] *See* ECF 934 (as part of joint pre-trial order, severed plaintiffs seek a caption identifying class status).

[4] *See* ECF 895 at 2, 21 (Severed plaintiffs' proposed jury instructions seeking mention of class status).

[5] Should a Class member testify as a fact witness, their status as a member of the Class should be excluded from the trial. The severed plaintiffs' suggestion to the contrary, ECF 922 at 9-10 (seeking an instruction that describes the severed plaintiffs' former role as class representatives for "context") is nonsensical.

Dated: <u>August 29, 2025</u>                                   Respectfully submitted,

Cyril V. Smith                                                          */s/ Michael D. Hausfeld*
ZUCKERMAN SPAEDER LLP (Baltimore)       Michael D. Hausfeld
100 East Pratt Street, Suite 2440                           Scott A. Gilmore
Baltimore, MD 21202                                            Amanda E. Lee-DasGupta
(410) 332-0444                                                       Claire A. Rosset
csmith@zuckerman.com                                      Mary S. Van Houten Harper
                                                                               Percy Metcalfe
Aitan D. Goelman                                               HAUSFELD LLP
ZUCKERMAN SPAEDER LLP (DC)              1200 17th Street, Suite 600
1800 M Street, Suite 1000                                  Washington, DC 20036
Washington, DC 20036                                      (202) 540-7200
(202) 778-1996                                                     mhausfeld@hausfeld.com
agoelman@zuckerman.com                              sgilmore@hausfeld.com
                                                                               alee@hausfeld.com
                                                                               crosset@hausfeld.com
                                                                               mvanhouten@hausfeld.com
                                                                               pmetcalfe@hausfeld.com

                                                                               James D. Gotz
                                                                               HAUSFELD LLP
                                                                               One Marina Park Dr., Suite 1410
                                                                               Boston, MA 02210
                                                                               (617) 207-0660
                                                                               jgotz@hausfeld.com

## **CERTIFICATE OF SERVICE**

      I certify that on August 29, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to all counsel of record.

                                               /s/ Michael D. Hausfeld
                                               Michael D. Hausfeld