UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
ENTESAR OSMAN KASHEF, et al.,

                Plaintiffs,

    -against-

BNP PARIBAS SA, et al.,

                Defendants.
------------------------------------------------------------------- x

**ORDER RESPONDING TO AMBASSADOR HECKNER**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      I have received a letter dated September 2, 2025 from Dr. Ralf Heckner, Switzerland's Ambassador to the United States, asking me to consider certain opinions about Swiss law. Ambassador Heckner states that an American court should not pass judgment on the conduct of a Swiss-chartered bank in Switzerland.[1] He writes:

> We understand that the actions of BNP Paribas that are the subject
> of this lawsuit were commercial transactions conducted from
> Switzerland that at the time were permissible under Swiss law.
> The lawsuit amounts to a claim for damages based on Plaintiffs'
> view that Switzerland (and all other countries) should have banned
> such transactions during the relevant time period. The lawsuit
> therefore constitutes a challenge to Swiss sovereignty, seeking to
> interfere with the ability of Switzerland to regulate the conduct of
> its own nationals within its own territory.

      The Court respects the Ambassador and his views. However, it is the Court's duty to determine the law of Switzerland to be applied in the case over which it presides, and to instruct the jury as to that law. To that end, the Court has written extensively about Swiss law. *See*

---

[1] Under Fed. R. Civ. P. 44.1, "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

1

*Kashef v. BNP Paribas, S.A. ("Kashef I")*, 442 F. Supp. 3d 809 (S.D.N.Y. 2020); *Kashef v. BNP Paribas, S.A. ("Kashef II")*, 16 Civ. 3228 (AJN), 2021 U.S. Dist. LEXIS 28436 (S.D.N.Y. Feb. 16, 2021); *Kashef v. BNP Paribas, S.A. ("Kashef III")*, 16 Civ. 3228 (AKH), 2024 U.S. Dist. LEXIS 72098 (S.D.N.Y. Apr. 18, 2024). The Court's opinion about applying Swiss law to Plaintiffs' burden of proof will soon be issued.

In determining that Swiss law will govern, Judge Nathan recounted how BNP Paribas' Geneva branch organized its activities, in Switzerland and elsewhere, and those of its affiliates, to evade the statutes and regulations of the United States, and of New York State. *Kashef I*, 442 F. Supp. 3d at 814-16, 818-19. The Bank's plea of guilty, and accompanying admissions of facts, made to the United States District Court for the Southern District of New York, *see United States v. BNP Paribas, S.A.*, 14 Cr. 460 (S.D.N.Y.), attest to those violations. Swiss law will be applied by the jury to find if, through Defendants' acts, Defendants consciously assisted the main perpetrator—the Government of Sudan—such that Defendants knew, or should have known, that Defendants were contributing to the illicit acts of the Sudanese government. It is not relevant if Defendants' banking activities were permitted by Swiss law. The issue is whether Defendants, through their banking activities and violations of federal and New York State laws, consciously assisted the Government of Sudan in performing its illicit activities.

Ambassador Heckner argues also that Swiss law does not impose civil liability on a foreign sovereign. However, this case will not impose liability on a foreign sovereign. Defendants' conscious assistance to that foreign sovereign is the issue, not the underlying liability of the foreign sovereign. *See Kashef v. BNP Paribas*, 925 F.3d 53 (2d Cir. 2019).

The other points argued by Ambassador Heckner have been the subjects of this Court's previous orders and opinions, and need not again be discussed.

SO ORDERED.

Dated:   September **3**, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge