UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ENTESAR OSMAN KASHEF, et al.,

                        Plaintiffs,

   -against-

BNP PARIBAS SA, et al.,

                        Defendants.
------------------------------------------------------------ x

**ORDER REGULATING PROCEEDINGS**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

The Court held a final pre-trial conference on September 3, 2025 to hear oral argument on the parties' motions in limine, regulate class counsel, set a pre-trial order, and address other business:

1. Michael Hausfeld of Hausfeld LLP and Kathryn Lee Boyd of Hecht Partners LLP are hereby again designated co-lead class counsel. The attorneys from Zuckerman Spaeder LLP and DiCello Levitt LLP may assist co-lead class counsel at their direction, but are not class counsel under Fed. R. Civ. P. 23(g).

2. The three individual Plaintiffs, whose claims will be tried beginning September 9, 2025, shall be unsevered from the Class, and are hereby designated as class representatives. The Court hereby vacates ¶ 3(b) of my Order Regulating Proceedings of July 11, 2025 (ECF No. 791) in these respects, which previously severed the cases of these three individual Plaintiffs from the Class, and removed their status as class representatives.

1

3. Jury selection will commence on September 9, 2025 at 10:00 a.m. in Courtroom 23B. After a jury is selected, the parties will give their opening statements, which will be limited in duration to 45 minutes for each side.

4. The parties shall file briefs concerning the issue of natural and adequate causation as to the three individual Plaintiffs by September 5, 2025.

5. The Court's rulings as to the parties' motions in limine, subject to revision in the actual context of trial, are as follows:

a. Plaintiffs' motion for an adverse inference instruction on spoliation of pre-2002 documents is denied. Magistrate Judge Jennifer E. Willis denied a motion to compel these documents as moot on July 13, 2022, *see* ECF No. 382, and Plaintiffs have not raised this issue with the Court since then.

b. Plaintiffs' motion to preclude cross-examination, under Fed. R. Evid. 608(b), as to Plaintiff Turjuman Adam's deposition testimony concerning his prior criminal and domestic violence history is granted, since the minimal probative value of such cross-examination is substantially outweighed by the risk of unfair prejudice. *See, e.g., United States v. Devery*, 935 F. Supp. 393, 407-408 (S.D.N.Y. 1996) ("[E]ven if the prior act does concern the witness's character for truthfulness under Rule 608(b), its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403.").

c. Plaintiffs' motion to exclude, as irrelevant, the medical evidence discussed at the final pre-trial conference as to Plaintiff Abulgasim Suleman Abdalla is granted.

d. Plaintiffs' motion to preclude Defendants from challenging the bases for Plaintiffs' asylum or refugee status is denied, since no presumption attaches to the Department of Homeland Security's grant of asylum or refugee status to Plaintiffs.

e. Plaintiffs' motion to preclude argument as to Defendants' lack of intent to violate U.S. sanctions laws is granted to the extent it seeks to preclude evidence attacking the admissions contained within the parties' Stipulated Statement of Facts.

f. Plaintiffs' motion to preclude evidence invasive of the attorney-client privilege is granted to the extent that Defendants may not call Plaintiffs' attorneys to testify as to allegations of misconduct by Co-Lead Class Counsel Kathryn Lee Boyd. *Carroll v. Trump*, 124 F.4th 140, 173-74 (2d Cir. 2024) (extrinsic evidence of bias may be excluded under Fed. R. Evid. 403). This ruling does not affect normal impeachment of witnesses. *See Geders v. United States*, 425 U.S. 80, 89 (1976); *Kashef v. BNP Paribas, S.A.*, 16 Civ. 3228 (AKH), 2025 U.S. Dist. LEXIS 158062, at *19 (S.D.N.Y. Aug. 5, 2025).

g. Plaintiffs' motion to preclude evidence regarding non-party banks is granted, since the fact that other banks violated sanctions laws does not negate Defendants' culpability for having done so.

h. Defendants' motion to exclude references to international terrorism is granted, since the other bad acts of the Bank are inadmissible to prove its propensity. Fed. R. Evid. 404(b)(1). However, if offered for another purpose, such as to elicit Defendants' scienter, it may be admissible. Fed. R. Evid. 404(b)(2).

i. Defendants' motion to exclude the USS Cole internal email among Defendants' employees is granted, since the contents of this email are irrelevant and more prejudicial than probative.

j. Defendants' motion to exclude references to the Holocaust as irrelevant and unduly prejudicial is granted.

3

k. Defendants' motion to exclude references to Cleary Gottlieb's prior sanctions compliance advice to Defendants is granted since Defendants do not intend to offer an advice of counsel defense at trial.

l. Defendants' motion to preclude the testimony of Nima Elbagir as a percipient witness is denied. Ms. Elbagir may testify as to what she saw, and may not be used as a conduit to introduce inadmissible hearsay.

m. Defendants' motion to preclude the testimony of Kathi Austin as an expert witness for Plaintiffs is denied as moot.

n. As to Defendants' motion to exclude class members from serving as interpreters, the parties shall resolve the issue of interpreters on their own.

o. As to Defendants' motion to preclude the testimony of BNP Paribas employee Dan Cozine is denied. He may testify to the extent his testimony is admissible. Testimony outside of the scope of his Fed. R. Civ. P. 30(b)(6) designation is not admissible.

p. Defendants' motion to preclude evidence of Defendants' financial condition is granted as irrelevant since punitive damages are not available. *See Kashef v. BNP Paribas*, S.A., 16 Civ. 3228 (AKH), 2024 U.S. Dist. LEXIS 72098, at *20 (S.D.N.Y. Apr. 18, 2024). However, Plaintiffs may properly examine testifying BNP Paribas employees as to their compensation for purposes of bias.

q. Defendants' motion to preclude argument about immigration consequences is granted.

r. Defendants' motion to exclude references to a larger class is granted.

The Clerk of Court is respectfully directed to terminate ECF Nos. 839, 842, 844, 846, 847, 850, 852, 854, 855, 858, 859, 860, 863, 865, 870, 871, 873, 876, 877, 879, 883, 900, 901, and 938.

SO ORDERED.

Dated: September 4, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge