UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENTESAR OSMAN KASHEF, *et al.*,

    *Plaintiffs*,

    -against -

BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP. (f/k/a BNP PARIBAS NORTH AMERICA, INC.),

    *Defendants*.

No. 1:16-cv-03228-AKH-JW

Hon. Alvin K. Hellerstein

---

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION FOR MISTRIAL

"The decision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Renico v. Lett*, 559 U.S. 766, 773 (2010). Defendants fail to meet this high bar for four reasons.

***First***, Ms. Elbagir's testimony was neither shocking nor unfairly prejudicial, and it added little new to what was already in the record. BNPP has already admitted that it conspired with Government of Sudan ("GOS") officials to evade the U.S. sanctions. *See* PX939, Stipulated Statement of Facts at 3, 5 ("SSOF"). The gist of Ms. Elbagir's testimony was that GOS officials celebrated the success of this conspiracy. When asked if she ever had "the opportunity to encounter BNP Paribas" during her work as a journalist in Sudan, she answered, "Yes." Trial Tr. at 435:22-25 (Sept. 16, 2025). "In what context?" *Id.* at 436:1. "Government officials would brag about it." *Id.* at 436:2. When asked by the Court to clarify "[w]hich government officials," she identified them and added "how they would put it is we broke America's nose." *Id.* at 436:6-9.

This is hardly "'shocking' evidence." *United States v. Williams*, 585 F.3d 703, 710 (2d Cir. 2009). BNPP has admitted to the jury that its conspiracy successfully "undermin[ed] the U.S. embargo" on Sudan. PX939, SSOF at 5. And BNPP admitted that this conspiracy generated billions for the GOS. *Id.* BNPP's feigned shock that its admitted co-conspirators bragged about getting away with it rings hollow. It would be shocking if GOS officials were *not* pleased with this successful, profitable, and undisputed conspiracy. Because the jury was already aware—by the Bank's admission—of the inculpatory facts of BNPP's conspiracy, hearing about the GOS's attitude added little if any, further prejudice. Thus, Defendants' suggestion that counsel attempted to surreptitiously introduce evidence to prove something not even in dispute is wholly without merit.

***Second***, the Court neutralized any potentially prejudicial effect by instructing the jury to disregard the statements. Trial Tr. at 436: 15-17. "[J]uries are presumed to follow their instructions" including those aimed at "cur[ing]" a "risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). This presumption is only overcome "where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *United States v. Gomez*, 617 F.3d 88, 96 (2d Cir. 2010). Defendants fail to show any probability that the jury will be unable to follow the Court's instructions. The instruction was clear, unambiguous, and repeated twice. Trial Tr. at 436: 11-17. The Court did not just strike a portion of the testimony, but broadly instructed the jury to disregard "this entire colloquy about government officials and Bank Paribas. Do not pay any attention to it." *Id.*

Nor do Defendants demonstrate that these two sentences of testimony were "devastating to the defense." Most importantly, Defendants had a full and fair opportunity to depose Ms. Elbagir, but chose not to question her about any communications with GOS officials regarding

2

BNPP. Indeed, as Defendants note, they deposed Ms. Elbagir for seven hours. Mot. at 1. But they failed to ask her a single question about communications with GOS officials about BNPP. Instead, Defense counsel only asked if the Janjaweed leaders Hilal and Hemmeti had "ever spoken" to her "about BNP Paribas." Ex. A, Elbagir Dep. Tr. at 207:25-208:10. It was Defendants' own unforced error to limit these questions to only two agents of the GOS. The Plaintiffs are not responsible for the Bank's failure to conduct adequate discovery. Defendants then compounded their own error by electing not to cross-examine Ms. Elbagir. If they had any doubt about the statement's veracity or context, they could have defended themselves through robust cross-examination.

***Third***, Defendants' accusations of unethical conduct are misguided. Plaintiffs posed the question in good faith because statements by GOS officials acknowledging their conspiracy with BNPP are admissible statements against interest under FRE 804(b)(3), just like the other highly self-incriminating statements by GOS and Janjaweed leaders that were duly admitted during Ms. Elbagir's testimony. The GOS officials are unavailable declarants and their public admissions that they violated the U.S. embargo (to a journalist) were patently against their penal and pecuniary interest. As Defendants should know, conspiring to violate the International Emergency Economic Act and Trading with the Enemy Act is a federal felony. No reasonable person would reveal this conspiracy to a journalist unless it were true. [1]

***Finally***, Defendants have made no showing of unethical conduct in asking a question with a good faith basis for admissibility and then ending the inquiry before any purported unethical answers were given:

---

[1] Plaintiffs did not file a motion in limine for the affirmative admission of Ms. Elbagir's testimony; Plaintiffs responded to Defendants' motions to exclude specific evidence. As the Court made clear in oral argument on Defendants' motions, the Court was not ruling on each and every anticipated statement. Nor are Plaintiffs obligated to front every potential question that they intend to pose at trial.

>Q. During your reporting on Sudan between 2002-2008 for the assignment we discussed, did you ever have the opportunity to encounter BNP Paribas?
>A. Yes.
>Q. In what context?
>A. Government officials would brag about it.
>MR. MARTINEZ: Objection, your Honor.
>***MS. BOYD: No further questions.***
>MR. MARTINEZ: Move to strike.
>THE COURT: Which government officials?
>THE WITNESS: Those overseeing the oil industry, the intelligence officials, the minister of interior. They were, how they would put it is we broke America's nose.
>MR. MARTINEZ: Objection.
>THE COURT: Overruled. The last sentence though is stricken. Pay no attention, members of the jury. You may continue, Ms. Boyd.
>***MS. BOYD: I have no further questions, your Honor.***
>THE COURT: This entire colloquy about government officials and Bank Paribas is stricken. Do not pay any attention to it.
>MR. MARTINEZ: Thank you, your Honor.

Trial Tr. 435:22-436:18 (emphasis added).

## CONCLUSION

The Court should deny Defendants' latest mistrial motion because Defendants fail to show any urgent circumstances or any manifest need for a mistrial. It is no big reveal that the Bank conspired with the GOS and no surprise that the GOS was happy with the arrangement. Any alleged prejudice was cured by the Court's unequivocal jury instruction. Regardless, the Defendants had a full and fair opportunity to depose and cross-examine Ms. Elbagir on any discussions with GOS officials about BNPP. At trial, the questions were posed in good faith and out of a well-founded conviction that the anticipated testimony was not inadmissible hearsay under FRE 804(b)(3). And Plaintiffs' counsel pursued no further questions after the Court's ruling.

Dated: September 18, 2025                                   Respectfully submitted,

*/s/ Kathryn Lee Boyd*                                       */s/ Michael D. Hausfeld*
Kathryn Lee Boyd                                             Michael D. Hausfeld
David L. Hecht                                               Scott A. Gilmore
Maxim Price                                                  Amanda E. Lee-DasGupta
Michael Eggenberger                                          Claire A. Rosset
HECHT PARTNERS LLP                                           Mary S. Van Houten Harper
125 Park Avenue, 25th Floor                                  Percy Metcalfe
New York, NY 10017                                           HAUSFELD LLP
(646) 502-9515                                               1200 17th Street, Suite 600
lboyd@hechtpartners.com                                      Washington, DC 20036
dhecht@hechtpartners.com                                     (202) 540-7200
mprice@hechtpartners.com                                     mhausfeld@hausfeld.com
meggenberger@hechtpartners.com                               sgilmore@hausfeld.com
                                                             alee@hausfeld.com
Kristen Nelson                                               crosset@hausfeld.com
HECHT PARTNERS LLP                                           mvanhouten@hausfeld.com
2121 Avenue of the Stars                                     pmetcalfe@hausfeld.com
Los Angeles, CA 90067
(646) 490-2408                                               James D. Gotz
knelson@hechtpartners.com                                    HAUSFELD LLP
                                                             One Marina Park Dr., Suite 1410
Adam J. Levitt                                               Boston, MA 02210
DICELLO LEVITT LLP                                           (617) 207-0660
Ten North Dearborn Street, Sixth Floor                       jgotz@hausfeld.com
Chicago, IL 60602
(312) 214-7900
                                                             Cyril V. Smith
Greg G. Gutzler                                              ZUCKERMAN SPAEDER LLP (Baltimore)
Carrie A. Syme                                               100 East Pratt Street, Suite 2440
DICELLO LEVITT LLP                                           Baltimore, MD 21202
485 Lexington Ave., Ste 1001                                 (410) 332-0444
New York, NY 10017                                           csmith@zuckerman.com
(646) 933-1000
ggutzler@dicellolevitt.com
csyme@dicellolevitt.com                                      Aitan D. Goelman
                                                             ZUCKERMAN SPAEDER LLP (DC)
Kenneth P. Abbarno                                           1800 M Street, Suite 1000
Mark A. DiCello                                              Washington, DC 20036
Robert F. DiCello                                            (202) 778-1996
DICELLO LEVITT LLP                                           agoelman@zuckerman.com
8160 Norton Parkway, Third Floor
Mentor, Ohio
(440) 953-8888

5

kabbarno@dicellolevitt.com
mdicello@dicellolevitt.com
rfdicello@dicellolevitt.com

*Co-Counsel for Plaintiffs*