UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ENTESAR OSMAN KASHEF, et al.,

                Plaintiffs,

   -against-

BNP PARIBAS SA, et al.,

                Defendants.
------------------------------------------------------------- x

**ORDER DENYING DEFENDANTS' MOTION FOR A MISTRIAL**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

     Defendants again move for a mistrial based on a question that Plaintiffs' counsel Kathryn Lee Boyd asked witness Nima Elbagir during her direct examination as to the relationship between Sudanese officials and Defendants. Defendants argue that this brief testimony, which I struck from the record and instructed the jury to disregard, irreparably prejudiced them, and that "[d]eclaring a mistrial is the only solution sufficient to provide Defendants a fair trial." ECF No. 962 at 4. I again deny Defendants' motion. *See* Trial Tr. at 453-54 (denying Defendants' oral motion for a mistrial).

     The power of a court to declare a mistrial should be exercised "with the greatest caution, under urgent circumstances, and for very plain and obvious cases." *United States v. Klein*, 582 F.2d 186, 190 (2d Cir. 1978). The decision as to whether or not to grant a mistrial is left to the sound discretion of the trial court judge. *United States v. Carson*, 52 F.3d 1173, 1188 (2d Cir. 1995).

     Here, after Boyd asked Elbagir, a television news reporter and percipient witness to the Darfur genocide, whether she had "the opportunity to encounter BNP Paribas" during her

1

"reporting on Sudan," Elbagir answered, "Government officials would brag about it," specifically, "[t]hose overseeing the oil industry, the intelligence officials, the minister of interior. They were, how they would put it is we broke America's nose." Trial Tr. at 435-36. Defendants objected and moved to strike her response. *Id.* at 436. I sustained Defendants' objection, and granted their motion to strike. *Id.* I instructed the jury that "[t]his entire colloquy about government officials and Bank Paribas is stricken. Do not pay any attention to it." *Id.*

Later, Defendants moved orally for a mistrial. *Id.* at 452-53. I denied it, and stated that "I have no reason to believe that the jury won't follow my instructions." *Id.* at 454; *see Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (noting "the almost invariable assumption of the law that jurors follow their instructions").

Defendants' written motion retraces their oral argument, embellishing a bit. For the reasons already given, the motion is denied. Elbagir's stricken testimony was not "devastating to the defense," *United States v. Colombo*, 909 F.2d 711, 715 (2d Cir. 1990), and is cumulative of other evidence in the record, including Defendants' Stipulated Statement of Facts, *see* Trial Tr. at 284-303; PX-939. Defendants have not been prejudiced.

As to the additional criticisms of Ms. Boyd, the issue will be included with others to be discussed after trial. *See Kashef v. BNP Paribas*, 16 Civ. 3228, 2025 U.S. Dist. LEXIS 158062, at *16-19 (S.D.N.Y. Aug. 5, 2025); *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003) ("Courts should, and often do, defer consideration of certain sanctions motions until the end of the litigation to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits.").

The Clerk of Court shall terminate ECF No. 961.

SO ORDERED.

Dated: September 19, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge