UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ENTESAR OSMAN KASHEF, ABULGASIM SULEMAN ABDALLA, and TURJUMAN ADAM,

    Plaintiffs,

-against-

BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,

    Defendants.

------------------------------------------------------------- x

**ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW IN PART**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendants move for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. I hereby grant their motion as to Defendant BNP Paribas US Wholesale Holdings, Corp., and reserve judgment as to Defendant BNP Paribas S.A.

    "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may … resolve the issue against the party; and … grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a). In its review, the Court must draw "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 535 (S.D.N.Y. 2011), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016).

1

On October 1, 2025, Defendants moved for judgment as a matter of law under Fed. R. Civ. P. 50. That same day, I heard oral arguments from the parties relating to Defendants' motion.

I find, for the reasons stated on the record and herein, that under the evidence presented at trial, no reasonable jury would have a legally sufficient evidentiary basis to find against Defendant BNP Paribas US Wholesale Holdings, Corp. Plaintiffs assert that Defendant BNP Paribas US Wholesale Holdings, Corp. assisted a larger scheme by BNP Paribas S.A. through its failure to prevent the processing of sanctioned Sudanese transactions. *See* Transcript, October 1, 2025 at 1103. BNP Paribas US Wholesale Holdings, Corp. served a compliance function to other entities. *See id.* at 1081. In its compliance role, BNP Paribas US Wholesale Holdings, Corp. had no significant executive power and was subordinate to BNP Paribas S.A. Plaintiff's Exhibit 56 exemplifies this best, demonstrating that despite a finding by BNP Paribas US Wholesale Holdings, Corp., that BNP Paribas S.A. had failed to comply with sanctions, and its recommendation that BNP Paribas S.A. halt those violations, it failed to do so. *See id.* at 1104-5. As I stated during argument, compliance offers are employees that may advise or inform an executive of their obligations but cannot be blamed for those executive's failures to abide by their advice. *See id.* at 1105.

In reviewing these facts in the light most favorable to the non-moving party, I find that no reasonable jury could hold BNP Paribas US Wholesale Holdings, Corp. responsible for the actions of BNP Paribas S.A., and its presence as a Defendant unnecessarily confuses the issues in this case.

Accordingly, I grant Defendants' motion for judgment as a matter of law as relates to BNP Paribas US Wholesale Holdings, Corp. However, I reserve judgment on Defendants' motion for judgment as a matter of law as to BNP Paribas S.A.

The Clerk shall dismiss BNP Paribas Wholesale Holdings, Corp. as a defendant in this matter; costs shall be deferred until the entire lawsuit is resolved.

SO ORDERED.

Dated:    October 6, 2025
             New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge