UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　-against-<br><br>BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,<br><br>　　　　　　　　　　Defendants. | No. 16 Civ. 3228 (AKH)<br><br>Hon. Alvin K. Hellerstein |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE JURY CHARGE**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
T: (212) 351-4000

CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000

*Counsel for Defendant BNP Paribas S.A.*

On October 10, 2025, this Court held a conference to hear the parties' objections to its preliminary draft of the jury charging instructions and to revise the draft according. Respectfully, both the preliminary and revised drafts of the charging instructions contained unclear statements as well as misstatements of Swiss law that, if used to instruct the jury, will prove unfairly prejudicial to BNPP. BNPP requests reconsideration and revision of the revised charging instructions insofar as they are inconsistent with the objections and explanations described in the chart attached as Exhibit A, which contains a list of BNPP's objections to the revised charge for this Court's consideration.

Revision of the charging instructions according to Exhibit A is necessary to align them with Swiss law and to eliminate internal inconsistencies. For example, at the charging conference, this Court struck the language "and persons like the Plaintiffs" from the end of its definition of adequate causation, clarifying that "'[a]dequate causation' asks whether it would be reasonable to hold BNP Paribas responsible for causing injuries *to the Plaintiffs*," and not to *persons like them*. Charge Conference Tr. 1487:24–1488:2, 1489:22–23 (emphasis added). And yet, functionally identical language remains in the Court's instruction on natural causation. *See* Proposed Jury Charge at 9 (Causation). For internal consistency, as well as consistency with Swiss law, this Court should remove this language from its instruction on natural causation or any other place it erroneously appears.

Similarly, the Court's revised jury charge states that natural causation is met if the injury to the Plaintiffs "would not have occurred in the same way, or in the same magnitude," absent BNPP's alleged misconduct. However, in that same instruction, the Court also states that natural causation "does not mean that BNP Paribas' assistance was required for the Plaintiffs' injuries to have occurred." These two statements are inconsistent. If Plaintiffs' injuries would not have

1

occurred "in the same way, or in the same magnitude" absent BNPP's alleged misconduct, then BNPP's actions were *ipso facto* required for the occurrence of the specific, particularized injuries for which Plaintiffs seek relief. This Court should, therefore, remove the erroneous instruction that natural causation "does not mean that BNP Paribas' assistance was required for the Plaintiffs' injuries to have occurred."

Finally, Exhibit A is intended as a supplement to—not a replacement for—the objections BNPP raised during the Charging Conference, which BNPP hereby renews. Exhibit A is not intended, and should not be construed, as a waiver of any objections (or grounds for objections) that have been previously raised.

Respectfully submitted,

Dated: New York, New York
      October 15, 2025

*/s/ Barry H. Berke*
Barry H. Berke
Dani R. James
Michael Martinez
Matt Benjamin
David P. Salant

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
T: (212) 351-4000
bberke@gibsondunn.com
djames@gibsondunn.com
mmartinez2@gibsondunn.com
mbenjamin@gibsondunn.com
dsalant@gibsondunn.com

*/s/ Carmine D. Boccuzzi, Jr.*
Carmine D. Boccuzzi, Jr.
Abena Mainoo

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: (212) 225-2000
cboccuzzi@cgsh.com
amainoo@cgsh.com

*Counsel for Defendant BNP Paribas S.A.*