UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF, et al., <br><br> *Plaintiffs*, <br><br> -against - <br><br> BNP PARIBAS S.A., <br><br> *Defendant*. | No. 1:16-cv-03228-AKH-JW <br><br> Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST AND CORRECTION OF CLERICAL ERROR**

Swiss law entitles Plaintiffs to recover prejudgment interest as a matter of right, at a rate of 5% *per annum*, from the last date of injury. Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs respectfully request that the Court amend the Judgment dated October 22, 2025, ECF No. 1006, to include the amounts of prejudgment interest set forth below, as well as postjudgment interest under 28 U.S.C. § 1961(a). The Court should also correct a typographical error: the Judgment states that Ms. Kashef "has judgment in the amount of $7,3000,000.00 [sic]." The correct amount awarded by the jury was $7,300,000.00.

"[A] Rule 59(e) motion to alter or amend a judgment is the proper basis for bringing a request for prejudgment interest." *Foresco Co. v. Oh*, 337 F. Supp. 3d 304, 306 (S.D.N.Y. 2018); *see Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989). A district court sitting in diversity applies state or foreign law to determine whether to award prejudgment interest. *See Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650 (2d Cir. 1999); *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015).

It is well settled that a district court judge may add prejudgment interest to a jury award, pursuant to state law, "as it is not a decision left solely for the jury." *Foresco Co.*, 337 F. Supp. 3d at 306; *see also J.A. McDonald, Inc. v. Waste Sys. Int'l Moretown Landfill, Inc.*, 247 F. Supp. 2d

542, 547 (D. Vt. 2002) ("[A] court sitting in diversity may, pursuant to state law, add prejudgment interest to a jury award without violating the Seventh Amendment right to jury trial."); *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 508 (5th Cir. 2002) (finding that jury trial rights were not violated by the district court's decision to add prejudgment interest to a jury award). Indeed, "where there is an entitlement to prejudgment interest as a matter of law, its award may properly be determined by the court even after a jury verdict on damages." *Thomas v. City of Mount Vernon*, No. 89 Civ. 0552, 1992 WL 84560, at *2 (S.D.N.Y. Apr. 10, 1992).

Under Swiss law, prejudgment interest is added as a matter of right to any award of economic or moral damages under the Swiss Code of Obligations. *See* Decl. of Prof. Franz Werro, ¶ 184, ECF No. 528-104 (March 2, 2023) ("Werro Decl."). Under the Swiss Supreme Court's "consistent case law," prejudgment interest runs from the last date of injury "until the day compensation is paid." *Id*. at ¶ 184 (quoting Swiss Sup. Ct., 131 III 12 at § 9.1, p. 22). Prejudgment interest is mandatory and automatic. *See, e.g.*, *Gunshot Case*, Swiss Sup. Ct., 132 II 117 at § 3.3.2, p. 126 (2006), ECF No. 708-21 (holding that "interest on damages running from the injurious event . . . ***must*** be awarded . . . for the withheld use of the capital between the date of the injury and date of the judgment.") (emphasis added). The legal purpose of this "damage interest is to place the claimant in the same position as if he had been satisfied for his claim on the day of the tort or for its economic effects upon its occurrence." Werro Decl. ¶ 184 (quoting Swiss Sup. Ct., 131 III 12 at § 9.1, p. 22). Under Article 73 of the Swiss Code of Obligations, the rate of prejudgment interest is "5% per annum."[1]

---

[1] Swiss courts routinely add 5% annual interest to pecuniary or non-pecuniary damages awards, running from the date of injury. *See, e.g.*, *Plane Crash Case*, Swiss Sup. Ct., 112 II 118, § 6, p. 130 (1986), ECF No. 533-21 (ordering Swiss government to pay damages and 5% prejudgment interest per annum for personal injuries caused by a military plane crash); *Forced Prostitution Case*, Swiss Sup. Ct., 6B_628/2012, § 3.3 (2013), ECF No. 708-22 (affirming award of moral damages plus 5% prejudgment interest); *Bow and Arrow Case*, Swiss Sup. Ct.,104 II 184, § 6, p. 189 (1979), ECF No. 528-115 (affirming that contributing defendants were jointly and severally liable for damages plus 5% interest "starting" on "the date of the accident").

2

Defendants have long been on notice that Plaintiffs seek prejudgment interest. *See, e.g.*, Compl., 51, ECF No. 4 (demanding prejudgment and postjudgment interest in prayer for relief).

Here, each Plaintiff respectfully requests that the Court award prejudgment interest running from the last date of injury—*i.e.*, their flight from Sudan—on a non-compounding basis. Because the Plaintiffs could not recall the precise date of their displacement from Sudan, Plaintiffs respectfully request that the Court estimate the date of accrual to determine the interest period, as authorized by Article 42(2) of the Swiss Code of Obligations.[2]

**Plaintiff Entesar Kashef**. Ms. Kashef's last injury occurred when she was forced to flee Sudan in early 2008. Trial Tr. at 995, 997. For purposes of calculating interest, she respectfully requests that the Court estimate the accrual date as March 31, 2008 and award interest at the rate of 5% per annum, for the 17.5616 years running from March 31, 2008 until October 22, 2025. 5% of her $7,300,000.00 in damages is $365,000.00, which multiplied by 17.5616 years equals $6,409,984.00 in prejudgment interest.

The Judgment should therefore be amended to read: "Plaintiff Entesar Osman Kashef has judgment in the amount of $7,300,000.00, plus $6,409,984.00 in prejudgment interest at an annual rate of 5% from March 31, 2008 to October 22, 2025 (17.5616 years), for a total of $13,709,984.00, as against the defendant BNP Paribas S.A."

**Plaintiff Abulgasim Abdalla**. Mr. Abdalla's last injury occurred when he was forced to flee Sudan in 2006. Trial Tr. at 942. Mr. Abdalla respectfully requests that the Court estimate the interest accrual date as December 31, 2006 and award interest at the rate of 5% per annum, for the 18.808 years running from December 31, 2006 until October 22, 2025. 5% of his $6,700,000.00

---

[2] Swiss Code of Obligations, Article 42(2) states: "Where the exact value of the damage cannot be quantified, the court shall estimate the value at its discretion in the light of the normal course of events and the steps taken by the person suffering damage." https://www.fedlex.admin.ch/eli/cc/27/317_321_377/en#art_42 (last visited Oct. 26, 2025).

3

in damages is $335,000.00, which multiplied by 18.808 years equals $6,300,680.00 in prejudgment interest.

The Judgment should therefore be amended to read: "Plaintiff Abulgasim Abdalla has judgment in the amount of $6,700,000.00, plus $6,300,680.00 in prejudgment interest at an annual rate of 5% from December 31, 2006 to October 22, 2025 (18.808 years), for a total of $13,000,680.00, as against the defendant BNP Paribas S.A."

***Plaintiff Turjuman Turjuman***. Mr. Turjuman's last injury occurred when he was forced to flee Sudan in 2004. Trial Tr. at 694-5. Mr. Turjuman respectfully requests that the Court estimate the interest accrual date as December 31, 2004 and award interest at the rate of 5% per annum for the 20.808 years running from December 31, 2004 until October 22, 2025. 5% of his $6,750,000.00 in damages is $337,500.00, which multiplied by 20.808 years equals $7,022,700.00 in prejudgment interest.

The Judgment should therefore be amended to read: "Plaintiff Turjuman Ramadan Turjuman has judgment in the amount of $6,750,000.00, plus $7,022,700.00 in prejudgment interest at an annual rate of 5% from December 31, 2004 to October 22, 2025 (20.808 years), for a total of $13,772,700.00, as against the defendant BNP Paribas S.A."

Lastly, Plaintiffs request that the Court award postjudgment interest under 28 U.S.C. § 1961, at a compounding annual rate of 3.54%, based on the weekly average 1-year constant maturity Treasury yield for the week ending October 24, 2025, as published by the Federal Reserve Economic Data website.[3]

---

[3] Fed. Reserve Bank of St Louis, *Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis*, S.%20Treasury%20Securities%20at%201%2DYear%20Constant,Release%20Date:%20Oct%2027%2C%202025 (last visited Oct. 26, 2025).

4

Dated: October 27, 2025

*/s/ Kathryn Lee Boyd*
Kathryn Lee Boyd
David L. Hecht
Maxim Price
Michael Eggenberger
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
lboyd@hechtpartners.com
dhecht@hechtpartners.com
mprice@hechtpartners.com
meggenberger@hechtpartners.com

Kristen Nelson
HECHT PARTNERS LLP
2121 Avenue of the Stars
Los Angeles, CA 90067
(646) 490-2408
knelson@hechtpartners.com

Greg G. Gutzler
Carrie A. Syme
DICELLO LEVITT LLP
485 Lexington Ave., Ste 1001
New York, NY 10017
(646) 933-1000
ggutzler@dicellolevitt.com
csyme@dicellolevitt.com

Kenneth P. Abbarno
Mark A. DiCello
Robert F. DiCello
DICELLO LEVITT LLP
8160 Norton Parkway, Third Floor
Mentor, Ohio
(440) 953-8888
kabbarno@dicellolevitt.com
mdicello@dicellolevitt.com
rfdicello@dicellolevitt.com

Adam J. Levitt
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor

Respectfully submitted,

*/s/ Michael D. Hausfeld*
Michael D. Hausfeld
Scott A. Gilmore
Amanda E. Lee-DasGupta
Claire A. Rosset
Mary S. Van Houten Harper
Percy Metcalfe
HAUSFELD LLP
1200 17th Street, Suite 600
Washington, DC 20036
(202) 540-7200
mhausfeld@hausfeld.com
sgilmore@hausfeld.com
alee@hausfeld.com
crosset@hausfeld.com
mvanhouten@hausfeld.com
pmetcalfe@hausfeld.com

James D. Gotz
HAUSFELD LLP
One Marina Park Dr., Suite 1410
Boston, MA 02210
(617) 207-0660
jgotz@hausfeld.com

Cyril V. Smith
ZUCKERMAN SPAEDER LLP (Baltimore)
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-0444
csmith@zuckerman.com

Aitan D. Goelman
ZUCKERMAN SPAEDER LLP (DC)
1800 M Street, Suite 1000
Washington, DC 20036
(202) 778-1996
agoelman@zuckerman.com

Chicago, IL 60602
(312) 214-7900
alevitt@dicellolevitt.com

*Co-Counsel for Plaintiffs*