

Kathryn Lee Boyd
Partner
P: (212) 851-6821
E:lboyd@hechtpartners.com

October 31, 2025

<u>VIA ECF</u>
Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re: *Kashef v. BNP Paribas S.A.*, No. 16-cv-03228 (AKH)

Dear Judge Hellerstein:

This letter responds to Defendant BNP Paribas S.A.'s procedurally improper letter dated October 30, 2025, from counsel Barry Berke (ECF No. 1013), renewing their request for an evidentiary hearing concerning alleged misconduct by Plaintiffs' counsel, specifically Hecht Partners LLP ("Hecht Partners").[1] I do not oppose the request but write to address several false statements contained in that submission.

First, the letter omits a critical point: this Court explicitly provided the Defendant with the opportunity to use the bare, **unsworn** allegations of misconduct in cross-examination during the trial. *See* ECF No. 944 at 5(f) ("This ruling does not affect normal impeachment of witnesses."). Notably, although Mr. Berke has repeatedly claimed (in court and filings) that the misconduct allegations were made under oath, he cites no sworn statement supporting them—only unsworn assertions in the motion and broad, non-specific references to affidavits without pin cites. If any sworn allegation of the alleged misconduct existed, Defendant would have cited it.

On August 5, 2025, the Court held that Defendant could and should address any concerns about witness preparation **through cross-examination at trial**. ECF No. 818 at 2-3. At the September 3, 2025 Pre-Trial Conference, Defendant's counsel was advised by the Court and agreed to address their alleged concerns via cross examination at trial:

> MR. BERKE: What is not clear to us, your Honor, we're very concerned about the significant allegations under oath that the experts and fact witnesses, including potentially the plaintiffs, were prepared to testify falsely in this trial.
> THE COURT: You'll have a wonderful field day on cross-examination perhaps.
> MR. BERKE: Thank you, your Honor. **We intend to do that**.

(Sept. 3 Tr. at 11:14-13:9) (emphasis added).

---

[1] Individual Rules of the Hon. Alvin K. Hellerstein, 1.A. ("Parties are not permitted to file letter motions and briefs in lieu of formal motions, unless special permission to do so is granted."). Requests for court action, such as Mr. Berke's, should be filed as motions with supporting memoranda and sworn affidavits.

October 31, 2025
Page 2

Later in the same conference, the Court reiterated the scope of permissible cross-examination:

> THE COURT: You can do the witnesses, but you are not going to bring a Hausfeld memorandum that this is improper. You can ask witnesses how they prepared for testimony. You know how to do that, Mr. Berke. You've done it very well in the past.
> THE COURT: But the comments of counsel as to whatever conduct occurred by other counsel are not going to be allowed.
> MR. BERKE: Now, we understand that. That's what we intend to do, your Honor. **We intend to cross-examine**.

(Sept. 3 Tr. at 30:17-31:9) (emphasis added).

Despite this explicit authorization and Mr. Berke's repeated assurance that he "intend[ed] to cross-examine," BNP failed to ask even a single question to any witness on this topic during the trial. Accordingly, BNP forfeited its right to a post-trial hearing on a matter by failing to pursue the matter when presented with the opportunity.

Counsel cites broadly, without pin cites, to sworn declarations by Mr. Hausfeld (ECF No. 784-1) and Mr. Smith (ECF No. 784-3) made in support of Hausfeld's since withdrawn motion (ECF No. 784). These declarations are striking in what they do not say or support:

- <u>Michael Hausfeld's Declaration</u>: This vague, one-page declaration suggests that Mr. Hausfeld has no personal knowledge other than "the actions of attorneys at Hausfeld LLP or knowledge possessed by those attorneys." His declaration effectively says nothing of substance, names no names, dates or details of purported misconduct, and does not append any evidentiary support for the allegations of misconduct. Neither Mr. Hausfeld nor anyone at his firm has sworn under oath that the allegations are true, what they even are, nor what, if anything, was done at the time these alleged acts occurred, to document or remedy them.

- <u>Cyril Smith's Declaration</u>: Similarly, Mr. Smith's declaration does not contain a single, firsthand factual allegation that would support the claim of unethical conduct. Moreover, Mr. Smith represents that he has personal knowledge of facts despite not having been at all involved in conversations or communications on those topics. *See e.g.*, ECF No, 784-3, ¶ 18.

Mr. Berke is correct that my firm, Hecht Partners LLP, and I would **welcome a full hearing** before Your Honor, or a Magistrate Judge, regarding the false and misleading allegations made against me. Hecht Partners provided an initial opposition to the motion and accusations (ECF Nos. 786-787).[2] However, per NY Rule of Professional Conduct 1.6(b)(5)(i), and because my

---

[2] The Court had ordered that all filings be made by July 9 at 3:00 p.m. ECF No. 784, however, was not filed until approximately 3:16 p.m. I received no notice of this Motion from Mr.

35-year professional reputation as a former prosecutor at the New York District Attorney's Office, human rights lawyer, and academic is at stake, I am prepared to reveal additional confidential information necessary to defend myself against the false accusations made against me, should the Court be inclined to grant an evidentiary hearing.

At all times, I, along with every single lawyer at Hecht Partners, have acted ethically and beyond reproach; neither I nor any attorney at my firm has ever been sanctioned, *ever*. Hecht Partners was the firm that thus far paid virtually all costs associated with the trial, liaised with the clients and experts, and because DiCello Levitt had very little experience or history with the case, provided the most significant value and support to the clients and the class during trial. I also co-led the trial with DiCello Levitt, conducting the direct examinations of all three plaintiffs and CNN correspondent Elbagir, among other significant and valuable work; my team at Hecht Partners and I prepared detailed outlines for nearly every single witness, as well as outlines for opening and closing. Indeed, as Defendant recognized and as Your Honor saw firsthand, I set aside my political differences with Hausfeld LLP and Zuckerman Spaeder LLP over the course of trial. I did so for the good of the class, despite the false accusations and unrelenting attempts to sideline me.

As for Mr. Berke's repetition of the baseless allegations from Defendant's motion for sanctions (ECF No. 750), I will not restate the arguments already set forth in Plaintiffs' opposition. ECF No. 777. I will note, however, that the motion has not been formally renewed. Likewise, the weak allegations concerning Ms. Elbagir's testimony, raised in Defendants' second motion for mistrial (ECF No. 962), were fully addressed in Plaintiffs' opposition and require no further response here. *See* ECF No. 964.

I will continue to protect the class as my highest priority. To this day, the Plaintiffs, the class representatives, and the Sudanese-American community comprising the class more generally, remain fully supportive of me and Hecht Partners LLP. Given the decade-long trust relationship built, all class representatives have verified that they continue to rely on me first as their counsel as well as in my role as co-lead for the class.

Sincerely,

Kathryn Lee Boyd

---

Hausfeld. My opposition, ECF No. 786, was therefore filed within ten minutes and addressed the issues as best as possible under the circumstances.