**GIBSON DUNN**

Barry Berke
Partner
T: +1 212.351.3860
bberke@gibsondunn.com

November 3, 2025

VIA ECF
Hon. Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re:   *Kashef v. BNP Paribas S.A.*, No. 16 Civ. 3228 (AKH)

Dear Judge Hellerstein:

On October 31, 2025, Plaintiffs' counsel Lee Boyd submitted a response to BNP Paribas's ("BNPP") renewed request for an evidentiary hearing into the misconduct committed by Plaintiffs' counsel at the Hecht firm, as alleged by their co-counsel at the Hausfeld and Zuckerman Spaeder firms.  *See* ECF No. 1014.  In their letter, Ms. Boyd and the Hecht firm confirm they "welcome a full hearing" into the misconduct alleged by their co-counsel.  *Id.* at 2. As the parties are in agreement, we respectfully ask the Court to hold the evidentiary hearing promptly, to permit BNPP an opportunity to understand the full extent of Plaintiffs' counsel's misconduct, how it affected these proceedings, and what post-trial relief is necessary to remedy that harm.  BNPP submits this letter to correct the record about three misrepresentations in the Hecht firm's letter.

*First*, the primary defense offered by Ms. Boyd and the Hecht firm—in the very first paragraph of their letter—is to mischaracterize the allegations levied by their own co-counsel as "unsworn."  *Id.* at 1 (describing "bare, unsworn allegations of misconduct" (emphasis omitted)).

**GIBSON DUNN**

November 3, 2025<br>Page 2

Ms. Boyd and the Hecht firm go so far as to suggest there is "no sworn statement supporting" the allegations against them:

> [A]lthough Mr. Berke has repeatedly claimed (in court and filings) that the misconduct allegations were made under oath, he cites no sworn statement supporting them—only unsworn allegations in the motion and broad, non-specific references to affidavits without pin cites. If any sworn allegation of the alleged misconduct existed, Defendant would have cited it.

*Id.* This takes sleight of hand to another level entirely. The allegations against Ms. Boyd and the Hecht firm are far too serious to be clouded further by misdirection.

To be clear, the allegations of misconduct against Ms. Boyd and the Hecht firm were made by Hausfeld and Zuckerman Spaeder in those firms' 17-page motion to disqualify Ms. Boyd and the Hecht firm. ECF No. 784 (the "Motion"). That Motion described numerous overt acts of alleged attempted witness tampering, subornation of perjury, and other misconduct. *Id.* at 13 (describing 2021[1] incident where "a distraught expert witness contacted a Hausfeld attorney and reported that Ms. Boyd was pressuring the witness to include an opinion in their report with which the expert did not fully agree"); *id.* at 14 (describing May 2025 incident where "Hausfeld and co-counsel at Perry Law observed Ms. Boyd interrupt an expert witness during a mock prep exercise and attempt to feed answers reflecting her views rather than the expert's"); *id.* at 8–9 (describing early June 2025 trip to prepare "victim-side witnesses" in San Diego at which "multiple attorneys were alarmed when Ms. Boyd brazenly stated that she planned to unilaterally engage in an action that would clearly violate ethical obligations"). The Motion was

---

[1] The Motion dates this event to 2021, but elsewhere, dates a similar witness tampering event to 2023. ECF No. 784 at 2. This may be the same episode or potentially two separate events.

**GIBSON DUNN**

November 3, 2025
Page 3

substantiated by two separate declarations—each submitted under penalty of perjury—by Michael Hausfeld at the Hausfeld firm and by Cy Smith at the Zuckerman Spaeder firm. ECF Nos. 784-1, 784-3.

In his declaration, Mr. Hausfeld attested that he has "personal knowledge" of all the actions taken by, and the knowledge possessed by, attorneys at the Hausfeld firm regarding the Hecht's firm's alleged misconduct. ECF No. 784-1 ¶ 1. That included alleged actions taken by Ms. Boyd to put words in the mouths of expert witnesses and threatening to engage in other misconduct involving fact witnesses. *See* ECF No. 784 at 8–9, 13, 14. In his declaration, Mr. Smith went even further, attesting that he has "personal knowledge" of "all facts stated" in the Motion, unless expressly stated otherwise. ECF No. 784-3 ¶ 1 Those facts included that former Plaintiffs' co-counsel at the Perry Law firm had been forced to obtain "confidential outside ethics advice" regarding Ms. Boyd's interactions with purported class members. *Id.* ¶ 17. The Motion even made clear that former Plaintiffs' co-counsel Danya Perry and Joan Illuzzi-Orbon of the Perry Law firm were prepared to testify about these allegations, including the misconduct that Ms. Boyd threatened to "unilaterally" commit on a June 2025 trip to San Diego involving "victim-side witnesses." ECF No. 784 at 4 n.3, 8–9.

What is Ms. Boyd's and the Hecht firm's definitive answer to these allegations of serious misconduct, made by their own co-counsel? To nitpick some of the allegations as "unsworn," even though they were set forth in motion papers filed pursuant to Rule 11 and substantiated by two declarations submitted under penalty of perjury. This is not a credible or serious response.

**GIBSON DUNN**

The motion papers submitted by the Hausfeld and Zuckerman Spaeder firms—and reviewed and approved by the Perry Law firm—describe an alleged fraud on this Court. These are perhaps the most serious allegations one lawyer can make against another, let alone their own co-counsel in the midst of pending litigation. The Hausfeld and Zuckerman Spaeder firms made those allegations in a 17-page disqualification motion, filed pursuant to Rule 11 and their ethical obligations, and two declarations submitted under penalty of perjury. If Ms. Boyd and the Hecht firm are seriously arguing that the Hausfeld and Zuckerman Spaeder lawyers violated Rule 11 and their ethical obligations by filing false statements with the Court, that is yet another matter requiring a prompt evidentiary hearing.

*Second*, the Hecht firm's suggestion that BNPP has somehow "forfeited" its right to an evidentiary hearing on Plaintiffs' counsel's misconduct misrepresents the record and minimizes this Court's duty to safeguard the integrity of these proceedings. ECF No. 1014 at 2. The Court expressly deferred until after trial any fact-finding into Plaintiffs' counsel's alleged misconduct and provided BNPP with the option to renew its requests to investigate the misconduct. ECF Nos. 789, 818. And in its pre-trial rulings, the Court precluded BNPP from using any of the relevant information and allegations put forward by Plaintiffs' counsel during witness examinations; defense counsel was allowed only to "ask witnesses how they prepared for testimony." Sept. 3, 2025 Pre-Trial Conf. Tr. 30:23. In those circumstances, it is unreasonable to suggest that open-ended questioning at trial about how a witness prepared—without the facts necessary to test or impeach the answers to that questioning—could take the place of an evidentiary hearing and discovery. Beyond the adequacy of any remedy at trial, the harm from

**GIBSON DUNN**

November 3, 2025
Page 5

the Hecht firm's alleged misconduct extends well beyond BNPP to this Court and the integrity of the judicial system as a whole.  See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988); *Shangold v. Walt Disney Co.*, 2006 WL 71672, at *4 (S.D.N.Y. Jan. 12, 2006).

*Third*, Ms. Boyd's letter concludes by stating: "At all times, I, along with every single lawyer at Hecht Partners, have acted ethically and beyond reproach; neither I nor any attorney at my firm has ever been sanctioned, *ever*." ECF No. 1014 at 3 (emphasis in original).  But even that representation—made in a context where Ms. Boyd and the Hecht firm have every reason to avoid overstatement and imprecision—fails to play it straight.

For starters, this statement ignores Ms. Boyd's flagrantly improper and prejudicial trial examination of Nima Elbagir, which the Court criticized on the record at the time and held would be addressed after trial.  *See* Sept. 16 Trial Tr. 454:9–13; ECF No. 970 at 2 ("As to the additional criticisms of Ms. Boyd, the issue will be included with others to be discussed after trial.").  In addition, as this Court knows first-hand, Ms. Boyd's partner David Hecht—counsel of record for Plaintiffs, who has appeared in this case and mischaracterized this Court's rulings in the media—has been found *by this very Court* to have engaged in misconduct based on his surreptitious recording of represented parties in another litigation.  *Dareltech, LLC v. Xiaomi Inc.*, 2019 WL 10966202, at *4–5 (S.D.N.Y. Apr. 11, 2019) (Hellerstein, J.) (finding Mr. Hecht had violated several New York Rules of Professional Conduct, including Rule 8.4 prohibiting lawyers from engaging in conduct involving dishonesty and misrepresentation, after he secretly recorded conversations with his opponents' represented employees); *see also* ECF No. 785 at 4, 9 & n.1.

**GIBSON DUNN**

November 3, 2025
Page 6

Ms. Boyd, Mr. Hecht, and the Hecht firm may not believe that this Court's written censure amounts to having "been sanctioned." ECF No. 1014 at 3. We respectfully disagree.

But all parties agree on the following: the time has come for the evidentiary hearing and discovery into the misconduct committed by Plaintiffs' counsel at the Hecht firm, as alleged by their own co-counsel at the Hausfeld and Zuckerman Spaeder firms.[2]

Respectfully submitted,

*/s/ Barry H. Berke*
Barry H. Berke
Dani R. James
Michael Martinez
Matt Benjamin
David Salant

---

[2] Contrary to Plaintiffs' counsel's assertion (ECF No. 1014 at 1 & n.1), BNPP's letter is not procedurally improper as it was the subject of previously filed motions. Should the Court prefer, BNPP will submit its renewed request for an evidentiary hearing and discovery as a formal motion.