UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENTESAR OSMAN KASHEF *et al.*,

                Plaintiffs,

-against-

BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.,

                Defendants.

No. 16 Civ. 3228 (AKH)

Hon. Alvin K. Hellerstein

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REQUIRE ATTENDANCE OF WITNESSES TO
PLAINTIFFS' COUNSEL'S MISCONDUCT AT EVIDENTIARY HEARING**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
T: (212) 351-4000

CLEARY GOTTLIEB
STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
T: (212) 225-2000

*Counsel for Defendant BNP Paribas S.A.*

On November 3, 2025, the Court scheduled a hearing into the alleged misconduct committed by Plaintiffs' counsel at the Hecht firm for November 12. ECF No. 1017. Those allegations of misconduct were made or affirmed by the Hecht firm's current and former co-counsel at the Hausfeld, Zuckerman Spaeder, and Perry Law firms ("Plaintiffs' Co-Counsel"), not by BNP Paribas ("BNPP"). Plaintiffs' Co-Counsel know the details of the incidents of alleged misconduct, not BNPP. Accordingly, BNPP respectfully moves the Court to require the lawyers who made those allegations—in other words, the lawyers who witnessed or have relevant knowledge about the Hecht firm's misconduct—to attend the upcoming hearing to describe and substantiate their allegations. Without those lawyers' participation, the Court, the Class, and BNPP will be left without the necessary information to assess the allegations that Plaintiffs' Co-Counsel have made and to determine the full scope, nature, and consequences of counsel's misconduct.

BNPP requested a hearing following reports of misconduct committed by Ms. Boyd and the Hecht firm, made by their co-counsel at the Hausfeld, Zuckerman Spaeder, and Perry Law firms. That misconduct included numerous overt acts of alleged witness tampering, subornation of perjury, and other misconduct. ECF No. 784 at 8–9, 13–14. The public allegations made by Plaintiffs' Co-Counsel were deliberately vague. For example, while Plaintiffs' Co-Counsel referenced numerous attempts by Ms. Boyd to "pressur[e] or "feed answers" to witnesses, *they did not identify the specific witnesses at issue*. *Id.* at 13–14. Nor did Plaintiffs' Co-Counsel disclose the details of the incidents of alleged misconduct. For example, Plaintiffs' Co-Counsel described a June 2025 trip to prepare "victim-side witnesses" in San Diego at which "multiple attorneys were alarmed when Ms. Boyd brazenly stated that she planned to unilaterally engage in an action that would clearly violate ethical obligations." *Id.* at 8–9. *But Plaintiffs' Co-Counsel*

1

*did not identify which specific witnesses were involved or disclose what unethical misconduct Ms. Boyd planned to commit.*

The Court has ordered BNPP to "identify by page and line in transcript, in direct and cross examination, and other documents as necessary, information in connection with any claim of tainted testimony," and BNPP will do so. ECF No. 1017. But BNPP does not have the information necessary to understand and assess the allegations made against Ms. Boyd and the Hecht firm. Only the lawyers who made those allegations or witnessed the relevant conduct at the Hecht, Zuckerman Spaeder, and Perry Law firms do. For example, BNPP does not and cannot know which witnesses Ms. Boyd and the Hecht firm allegedly tampered with, whether those witnesses ultimately testified at the trial, whether those witnesses will testify at the next trial, what testimony Ms. Boyd and the Hecht firm attempted to influence or procure, whether that testimony was elicited or introduced at the trial through those witnesses, or whether that testimony was introduced through other means. Only the Hecht, Zuckerman Spaeder, and Perry Law firms do.

In fact, Mr. Hausfeld of the Hausfeld firm has already attested under penalty of perjury that he has "personal knowledge" of all the actions taken by, and the knowledge possessed by, attorneys at the Hausfeld firm regarding the Hecht's firm's alleged misconduct. ECF No. 784-1 ¶ 1. Mr. Smith of the Zuckerman Spaeder firm has already attested under penalty of perjury that he has "personal knowledge" of "all facts stated" in the Motion to Disqualify, unless expressly stated otherwise. ECF No. 784-3 ¶ 1. And former Plaintiffs' co-counsel Danya Perry and Joan Illuzzi-Orbon of the Perry Law firm have already made themselves available to testify about the allegations against Ms. Boyd and the Hecht firm. ECF No. 784 at 4 n.3, 8–9. Without hearing that testimony from Plaintiffs' Co-Counsel—testimony they have already offered to share with

2

the Court—there is simply no way for the Court to assess the allegations they have made and to determine the full scope, nature, and consequences of Plaintiffs' counsel's misconduct.

Those consequences are not confined to the trial that has occurred. They relate to all ongoing and future proceedings in this litigation, including review by the appellate court and other trials in the district court, as well as the adequacy of Plaintiffs' counsel to represent the interests of the class and the viability of the class. And of course, even if the Court were to determine that Plaintiffs' counsel's misconduct was merely attempted or did not materially influence testimony presented at the trial, that misconduct would still be relevant to the ongoing proceedings and may warrant sanctions under this Court's inherent authority. *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 145 (2d Cir. 2012) ("[O]ur sanctions jurisprudence . . . counsels district courts to focus on the purpose rather than the effect of the sanctioned attorney's activities.").

To enable a meaningful evidentiary hearing on November 12, BNPP respectfully moves the Court to require that the relevant attorneys from the Hausfeld, Zuckerman Spaeder, and Perry Law firms[1] attend the hearing to describe and substantiate the misconduct by the Hecht firm they reported, including the incidents set forth in Appendix A attached to this motion.

Dated: New York, New York
    November 6, 2025

---

[1] Those lawyers include, at a minimum, Michael Hausfeld, Cy Smith, Danya Perry, and Joan Illuzzi-Orbon, as well as Scott Gilmore, James Gotz, Amanda Lee-DasGupta, and Aitan Goelman.

3

| | |
|---|---|
| */s/ Barry H. Berke* | */s/ Carmine D. Boccuzzi, Jr.* |
| Barry H. Berke | Carmine D. Boccuzzi, Jr. |
| Dani R. James | Abena Mainoo |
| Michael Martinez | CLEARY GOTTLIEB STEEN & |
| Matt Benjamin | HAMILTON LLP |
| David P. Salant | One Liberty Plaza |
| GIBSON, DUNN & CRUTCHER LLP | New York, New York 10006 |
| 200 Park Avenue | T: (212) 225-2000 |
| New York, New York 10166 | cboccuzzi@cgsh.com |
| T: (212) 351-4000 | amainoo@cgsh.com |
| bberke@gibsondunn.com | |
| djames@gibsondunn.com | *Counsel for Defendant BNP Paribas S.A.* |
| mmartinez2@gibsondunn.com | |
| mbenjamin@gibsondunn.com | |
| dsalant@gibsondunn.com | |