UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENTESAR OSMAN KASHEF, et al.,

*Plaintiffs*,

-against -

BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP.

*Defendants*.

No. 1:16-cv-03228-AKH-JW

Hon. Alvin K. Hellerstein

**MOTION TO STRIKE RESPONSE OF HAUSFELD LLP CONCERNING ALLEGATIONS AGAINST KATHRYN LEE BOYD**

The undersigned, pursuant to Federal Rule of Civil Procedure 12(f), files this Motion to Strike ECF No. 1028, Response of Hausfeld LLP Concerning Allegations Against Kathryn Lee Boyd (the "Response"), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

It is deeply regrettable that Mr. Hausfeld has chosen to misuse this Court's proceedings to once again make ad hominem attacks apparently for no reason other than personal advantage. The Response bears no relation to the motion it purports to address and was plainly designed to serve his ongoing effort to jockey for full control of the case by wage baseless attacks to sideline Ms. Boyd and Hecht Partners, contrary to the Court's express directives, the interests of the class, and the express wishes of the class representativess. Such machinations in the Response should be stricken as duplicative, irrelevant, and ethically improper. Not only does the Response contain lies and misrepresentations without evidentiary basis, but also unethical attacks on a fellow professional solely for gaining a litigation advantage. As set forth herein and in the attached

declarations, the submission was used in retaliation to Hecht Partners' refusal to allow Mr. Hausfeld's recent attempt to, yet again, marginalize Co-Lead Class Counsel Boyd's role in this case, which he attempted in contravention to this Court's express orders at the September 3, 2025 pretrial conference.[1] The attached declarations set forth evidentiary support establishing that Mr. Hausfeld has tried to push Ms. Boyd - the counsel chosen by all Plaintiffs for their individual trials, and her firm, out of this case presumably for financial and personal advantage.

Ms. Boyd originally filed this case over ten years ago after extensive work with the Sudanese American community trying to establish a victim fund from BNP's nearly $8 billion criminal fine. Since that time, she successfully shepherded the case (including by asking Hausfeld to co-counsel and share costs starting in 2020 when discovery began), without incident for nearly a decade, maintained all client relationships for, and her firm, Hecht Partners **paid for virtually the entire bellwether trial**.[2] *See* Declaration of David L. Hecht ("Hecht Decl."), ¶9, Ex. A9. She also co-led the first successful bellwether trial. *See* Decalaration of Kathyrn Lee Boyd ("Boyd Decl.") at ¶¶3-5.

Mr. Hausfeld improperly wielded the false allegations he now advances as a sword, threatening to use them unless Ms. Boyd agreed to sign over her co-lead status—through unlawful contractual provisions that he has been pressing since February of this year in various forms. These illegal provisions included recruiting attorneys to participate in purported "majority" votes,

---

[1] Notably, none of the allegations in any filing by Mr. Hausfeld or Zuckerman Spaeder have ever been brought to Ms. Boyd or Hecht Partners attention prior to the public filings. That fact alone is a violation of duties to the class to work together and to the rules of ethics which require professionals to investigate in good faith prior to public and defamatory ethical accusations. Further, no witnesses have corroborated (or could corroborate) the false allegations of "misconduct" involving those witnesses.

[2] Despite repeated requests, and a 50/50 agreement between our firms, including to share costs, Mr. Hausfeld has thus far refused to pay for almost a million dollars of trial costs, which Hecht Partners has fronted. Hecht Decl., ¶9, Ex. A9; Boyd Decl. at ¶6.

reassigning lead counsel responsibilities to other firms, reassigning the Court's supervisory role to third parties, and attempting to sideline Ms. Boyd and deprive her and her firm of their rightful, authority and control in this high-profile case (and likely ultimately her fees as well). *See* Declaration of David L. Hecht, ¶¶3-4, 6, 7, and **Exhibit A, A3, A4, A5**; Boyd Decl. at ¶7.

Wielding false ethical accusations to obtain a personal advantage for himself and his firm to the detriment of the class is a plain violation of ethical rules. *See* New York City Bar, Formal Op. 2017-3 (threats levied "to obtain an advantage in a civil matter," whose bases are not founded in sufficient law and fact, serve no substantial purpose other than harassment or harm, or are prejudicial to the administration of justice may violate Rules 3.1, 4.1, 4.4, and 8.4 of the New York Rules of Professional Conduct); *see also* 22 NYCRR 1200, Rule 3.1(a)-(b) ("A lawyer shall not . . . assert . . . an issue . . unless there is a basis in law and fact for doing so that is not frivolous" and a lawyer's conduct is "frivolous" if the lawyer "knowingly asserts material factual statements that are false."); Rule 4.1 ("In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person."); Rule 4.4(a) (" [A] lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person."); Rule 8.4(c)-(d) ("A lawyer . . . shall not . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation [or] (d) engage in conduct that is prejudicial to the administration of justice.").

## FACTUAL BACKGROUND

Ms. Boyd's refusal to sign over the co-lead role has been the sole motivating factor for this most recent and other dubious filings. *See* ECF No. 784.[3] Most recently, following BNPP's filing

[3] [3] The first filing came on the heels of Hecht Partners LLP learning that Hausfeld had unilaterally called the Bank's counsel to broker a deal to grant an extension of trial in return for unilaterally attacking Ms. Boyd. See Hecht Decl. ¶5, Ex. 11. Hausfeld's allegations – which were unsupported by any evidence – have been repudiated in recent conversations by Mr. Hausfeld. *Id*. ¶12.

of its motion to require attendance of witnesses to plaintiffs' counsel's alleged misconduct (ECF Nos. 1022, 1023), Mr. Hecht reached out to Mr. Hausfeld to discuss how to approach an opposition. Declaration of David L. Hecht (Hecht Decl.), ¶ 11, Ex. C. Mr. Hausfeld requested a call the next day, which was arranged. *Id*. On the call, Mr. Hausfeld yet again attempted to negotiate an agreement whereby Ms. Boyd would agree to be sidelined at the next trial without a voice other than for direct examinations of the clients themselves. *Id*. No reasons were given for this demand. We refused his demands (again) on the basis that such arrangements at this time were unnecessary and not in the best interest of the class which is benefitted by Ms. Boyd's experience with the case and her experience as a veteran trial and human rights lawyer and academic. Furthermore, they were in direct contravention of the Court's order during the September 3, 2025 pre-trial conference reaffirming equal co-lead roles to Ms. Boyd and Mr. Hausfeld.

Mr. Hausfeld has been trying to undo that 50/50 partnership since he joined the case after the withdrawal of former Hausfeld partner Mr. Brent Landau, with whom Hecht Partners worked seamlessly as a unified team (sharing work and costs equally as will be documented) through discovery, expert reports, and summary judgment and class certification. This effort amplified concerning trial, with Mr. Smith, hired by Mr. Hausfeld as trial counsel, stating that he would not work with Ms. Boyd in open court. *See* July 10, 2025 Hearing Tr. ("…we can't try the case with Ms. Boyd"). Mr. Hausfeld's refusal to speak to Ms. Boyd personally (see Hecht Decl. ¶11), to collaborate with her during trial, and his repeated ad hominem attacks indicated he never intended on abiding by the promises he made to this Court concerning cooperation.

During a November 9 call with a mediator to resolve this issue, Mr. Hausfeld admitted that his prior disqualification motion against Ms. Boyd was not based on ethics violations at all, despite

making such allegations in public filings. *See* ECF 784 at 2, 5; ECF 786 (Opposition). Specifically, Mr. Hausfeld stated to Mr. Hecht: "There's a difference, David, between what Barry [Berke, Defendant's lead counsel] is seeking to do sanctionally [sic] and what we were seeking . . . the reasons we were seeking the relief that we were and that different is **we don't feel and never did that [Ms. Boyd's] conduct was sanctionable for violations of ethics**; we did feel it was disruptive and literally catastrophic of a working relationship."[4] Hecht Decl. ¶12.[5]

But Mr. Hausfeld's admission that his prior submissions against Ms. Boyd were not based on any purported ethical violations squarely conflicts with the disqualification motion Mr. Hausfeld filed (shortly before trial) claiming ethics violations repeatedly and cautioning, twice, that: "Hausfeld and Zuckerman Spaeder cannot **ethically** continue to work with Ms. Boyd as co-Class Counsel Counsel."[6] ECF No. 784 at 2, 5. Of course, that was not the case—it was a **lie** and made only to gain an advantage in the 50/50 partnership Hecht Partners shared with Hausfeld since Ms. Boyd brought them onto the case in 2020. *See* Hecht Decl., ¶3, Ex. A. Mr. Hausfeld merely seeks to gain sole control of the Plaintiffs' case, lock, stock, and barrel. *Id*. But Ms. Boyd is the attorney that the three victorious plaintiffs chose as their counsel, and for good reason as she has developed a deep relationship with plaintiffs and the class members through her advocacy, at every phase of the case, on their behalf.

---

[4] In a follow up conversation on September 10, Mr. Hausfeld doubled down, describing to Mr. Hecht that his previous motion against Ms. Boyd did not involve unethical behavior but was "more of a [Rule] 23(a) adequacy of counsel" issue. Hecht Decl., ¶13. This is again belied by Hausfeld's motion, which explicitly raises false ethical concerns. ECF 784.

[5] Because Mr. Hausfeld refused to put his intentions in writing at that time, Hecht Partners did not agree to confidentiality in mediation or any conversations. Hecht Decl., ¶12.

[6] Mr. Hausfeld refused to formally withdraw his previously filed disqualification motion, despite indicating to the Court that he would do so. ECF 939. He left it open, apparently, to have continued leverage over Hecht Partners and Ms. Boyd.

Since his entry as co-lead class counsel over a year ago, Mr. Hausfeld has been ruthlessly pressuring Ms. Boyd to cede her role to him contractually cede control and even pressure the clients to agree to such cessation over the clients' desires, as well as Ms. Boyd's personal beliefs and convictions to the class. For instance, Mr. Hausfeld, demanded that Ms. Boyd agree by contract that "Hausfeld, or their designee, shall handle the opening and closing arguments at any … trial(s)." Hecht Decl., Ex. ¶14, Ex. D. Moreover, he insisted that Ms. Boyd divest this Court of its authority to monitor our disputes, again by contract, by mandating that we submit all disputes to a binding decision by a third party (a mediator) and never to the Court.[7] *Id.*, Ex. D. We refused this demand as well because it is contrary to the Court's "ultimate responsibility to ensure that the interests of class members are not subordinated to the interests of either the class representatives or class counsel." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995).

In response, Mr. Hecht emailed Mr. Hausfeld with suggestions that would more accurately reflect the equal footing of Co-Lead Class Counsel set forth by the Court in the September 3, 2025 pre-trial conference. Hecht Decl., Ex. E. Mr. Hausfeld refused to accede to these more neutral terms. It was following our rejection of Mr. Hausfeld's specific demands (which were not congruent with Rule 23 and this Court's directives) that Mr. Hausfeld submitted the defamatory allegations contained in ECF 1028.

Specifically, Hecht Partners circulated a response to BNP's motion (ECF No. 1022) to Hausfeld for review and comment. Mr. Hausfeld replied with a redlined draft and attached a declaration from Mr. Hausfeld. Mr. Hausfeld cautioned in the email: "We are prepared to jointly

---

[7] As another example of an outright lie, Ms. Boyd (and Hecht Partners) did not unilaterally fire Mr. Green from his role as settlement mediator in this case; Ms. Boyd warned Mr. Green that he was likely conflicted out of his role in the case due to Mr. Hausfeld submitting all of our Co-Lead Counsel issues to Mr. Green for arbitration. Hecht Decl. ¶ 14.

file the draft suggested by us (attached to this email) **if we have a new agreement on the lines that we have been discussing**…" Hecht Decl. Ex. F (email), F1 (draft redline opposition brief from Haussfeld). Accordingly, Mr. Hausfeld conditioned his declaration – which is contrary to what was filed, *see infra* – and support on an agreement to sideline Ms. Boyd and divest the Court of its supervisory role. Moreover, Mr. Hausfeld assured Mr. Hecht that if there was no agreement on the drafts: "In order to at least have a unified presentation to the Court on Wednesday…if [you cannot accept the draft we prepared], then you can submit your draft and we'll submit our draft." Hecht Decl. ¶ 18.

But what Mr. Hausfeld filed – the Response and supporting papers, including his declaration (ECF No. 1028-1) – was different than what he had circulated to Hecht Partners. Hecht Decl. Ex. F1. The Response and supporting declarations are not only duplicative of our earlier response to BNP's motion, but replete **with falsehoods and fabrications intended only to harm or embarrass Ms. Boyd.**[8]

## ARGUMENT

This maneuvering calls into question the adequacy of Mr. Hausfeld in his position as Co-Lead Class Counsel.[9]

---

[8] Mr. Hausfeld, again appears to be recruiting additional counsel, specifically the DiCello Levitt firm, to join him in the "majority rule" attempted ouster as he has done with both Zuckerman Spaeder and the Perry Firm, which was hired on a limited basis solely by Hecht Partners (like DiCello Levitt) and terminated for exceeding a reasonable budget. Hecht Partners, having also unilaterally hired Dicello Levitt firm to assist with the trial which had been assigned to Ms. Boyd alone in July by the Court, on a limited and extraordinary basis, was terminated by the three trial Plaintiffs as no longer a necessary expense, disruptive in their maneuverings to wrest control from Ms. Boyd, and costly to the class, as well as for making unauthorized statements on behalf of the Plaintiffs who never signed an engagement agreement with that firm.

[9] This would not be the first time that Mr. Hausfeld has found to have acted in bad faith against class co-counsel. *See Hausfeld v. Cohen Milstein Sellers & Toll*, PLLC, 2009 WL 4798155, at *18 (E.D.Pa.,2009); *see also* https://www.abajournal.com/news/article/judge_says_hausfeld_and_his_former_firm_both_viola

More directly relevant here, the allegations contained in the Response are unethical as they lack foundation in fact. They are abusive, improper, and completely irrelevant to the motion at issue tomorrow and on that basis should be striken. *See, e.g., Azzarmi v. Sedgwick Claims Mgmt. Servs., Inc.*, 2025 WL 35003, at *10 (S.D.N.Y. Jan. 6, 2025) ("Although the Rule [FRCP 12(f)] does not expressly authorize the striking of documents other than pleadings, a district court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances.") (cleaned up); *Dannenberg v. ABC Carpet*, 1996 WL 422265, at *2 (S.D.N.Y. July 29, 1996) ("the Court may order it stricken if the materiality of the alleged matter is highly unlikely or the effect would be prejudicial") (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976)); *Scheuer as trustees of John W Scheuer 2000 Tr. v. United States Liab. Ins. Co.*, 2023 WL 4275114, at *4 (S.D.N.Y. June 27, 2023) (striking "inflammatory and irrelevant" allegations).

To the extent that the Court considers Mr. Hausfeld's submission, given the intentional damage he has caused to Ms. Boyd professionally as well as the harm to the Class, we respectfully request a full evidentiary hearing on these issues. But the upcoming November 12 hearing—which concerns only the recent trial of the three bellwether plaintiffs—is neither the time nor the place for such matters. These misrepresentations warrant fuller examination, and with the necessary time and attention, they will wither and die under the light of truth.

ted_settlement; Hecht Decl. ¶ 8. To set the record straight, despite the allegations by Defendants and Mr. Hausfeld, Mr. Hecht was never sanctioned by this Court and the motion to disqualify him in the *Dareltech* case was not granted by Your Honor. *See Dareltech, LLC v. Xiaomi Inc.*, 2019 WL 10966202, at *4–5 (S.D.N.Y. Apr. 11, 2019).

Dated: November 11, 2025

*/s/ Kathryn Lee Boyd*
Kathryn Lee Boyd
David L. Hecht
Maxim Price
Michael Eggenberger
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(646) 502-9515
lboyd@hechtpartners.com
dhecht@hechtpartners.com
mprice@hechtpartners.com
meggenberger@hechtpartners.com

Kristen Nelson
HECHT PARTNERS LLP
2121 Avenue of the Stars
Los Angeles, CA 90067
(646) 490-2408
knelson@hechtpartners.com

*Co-Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

This will certify that a true and accurate copy of the foregoing has been served via ECF, on this **11th day of November 2025,** to all parties of record.

*/s/ Kathryn Lee Boyd*
Kathryn Lee Boyd