UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENTESAR OSMAN KASHEF, et al., *Plaintiffs*, -against - BNP PARIBAS S.A. and BNP PARIBAS US WHOLESALE HOLDINGS, CORP. (f/k/a BNP PARIBAS NORTH AMERICA, INC.), *Defendants*. | No. 1:16-cv-03228-AKH-JW Hon. Alvin K. Hellerstein |

## DECLARATION OF KATHRYN LEE BOYD

I, KATHRYN LEE BOYD, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1. I am a founding partner of Hecht Partners LLP, ("Hecht Partners") and counsel of record for Plaintiffs as well as appointed Co-Lead Class counsel.

2. I respectfully submit this declaration in support of Hecht Partners' Motion to Strike Motion To Strike Response Of Hausfeld LLP Concerning Misconduct Allegations Against Kathryn Lee Boyd

3. Contrary to ad hominem suggestions or written statements by co-counsel, I served at all times during the trial and pre-trial as co-lead trial counsel for the three bellwether plaintiffs, Ms. Entesar Kashef, Mr. Turjuman R. Turjuman, and Mr. Abulgasim Abdalla. I was intimately involved in all strategy decisions, trial planning, and witness preparation, assisted by the DiCello Levitt firm, which Hecht Partners unilaterally retained on a limited basis under extraordinary time pressure to provide additional resources for a trial set to begin two months after this Court assigned the then-severed trial to me alone on July 10, 2025.

1

4. In addition to culling all the trial exhibits and creating direct outlines (none of which had been done by former trial counsel) of all experts and Plaintiffs, I traveled to prepare all lay and expert witnesses, including the Plaintiffs themselves. I was always assisted by DiCello Levitt, but since they had just entered the case, I had to provide direction to them on both facts and law of the case. I also either drafted or assisted in the drafting of the opening statement, closing statement, direct examinations for experts, and cross-examinations. I reviewed and edited, or drafted each deposition designation, bench memo, response to the motions made at trial, supervised trial logistics, and participated in mock trial sessions. There was simply no part of the trial that I was uninvolved with, despite months of previous attempts by Mr. Hausfeld to oust me from any trial role at all.

5. I took the testimony of several key witnesses including the Plaintiffs and prepared for rebuttal closing, although capitulated to Mr. Hausfeld's demands – over the desires of the Plaintiffs -- that I not have more of a role in expert directs or for opening or closing statements, for reasons that were not shared. In hindsight, my attempts to compromise in this way was not a good decision. Having little history with the case, the DiCello firm had difficulty getting up to speed on the complex facts, evidence, procedural history, and law; and made several mistakes at trial that the Plaintiffs were not pleased with. While adequate, their trial performance did not warrant capitulation of my role as an experienced trial lawyer and long-time co-lead of this matter, merely to keep peace, which in any event failed and merely provided Mr. Hausfeld a way to silence and sideline me.

6. Most significantly, **Hecht Partners alone fronted virtually all the costs** for trial, paid all experts, and vendors. Specifically, Hecht Partners funded all trial-related expenses, covering a broad array of litigation, logistical, and operational costs essential to supporting the

trial team. These included war-room rentals and setup; hotel accommodations for attorneys, staff, and witnesses; airfare and ground transportation for witnesses and clients; audiovisual and trial technology support; exhibit design, printing; courier and shipping fees; office supplies; expert witness fees and travel; court reporter services; interpretation services; IT and internet access; and various administrative and support costs necessary for the successful execution of the trial. No trial firm – neither Zuckerman Spaeder nor DiCello Levitt has advanced any meaningful costs toward this case. And Co-Lead Class Counsel Hausfeld and his firm have not contributed any significant costs for trial although agreeing to cooperate with me and to participate in trial as co-lead class counsel.

7.  My and Hecht Partners' role at trial belies all of the former statements and accusations by co-counsel that I or the firm was unable or unwilling to conduct a trial. The Hausfeld and Zuckerman Spaeder willingness to somehow overcome their aversions and former accusations and participate in the trial with me was also evidence that such former statements and "concerns" were without merit or basis, and as the Court has stated, "made in the heat of battle."[1] The battle for total – rather than shared -- control by my co-counsel has in and of itself been a detriment to the class solely for personal gain. Time and again, I have been the one to give into unreasonable demands based on frivolous and unethical accusations, in the hopes of finding common ground—to no avail.

---

[1] As another example of untruthful allegations, the purported reason for the undisclosed expert not appearing at trial had nothing to do with allegations of coaching but rather strategy that was heavily debated by several attorneys included myself about which we all ultimately agreed. Contra ECF No. 1028-2 (Gilmore Decl.) para. 11. In fact, as Mr. Gilmore would not know because he was not there, I was never alone with any trial witness without other trial counsel, and never was any allegation of "coaching" brought to my attention or to the attention of Hecht Partners. Not one.

3

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 11, 2025
       New York, NY

                                                                                     Kathryn Lee Boyd

3

**CERTIFICATE OF SERVICE**

This will certify that a true and accurate copy of the foregoing has been served via ECF, on this **11th day of November 2025,** to all parties of record.

/s/ *Kathryn Lee Boyd*
Kathryn Lee Boyd