Levitt Decl.

# EXHIBIT 1

## AGREEMENT

This Agreement ("Agreement") is entered into by and among **Hausfeld LLP** ("Hausfeld"), **Zuckerman Spaeder LLP** ("Zuckerman Spaeder"), **DiCello Levitt LLP** ("DiCello Levitt"), and **Hecht Partners LLP** ("Hecht") (collectively, the "Parties"), effective as of the date of the last signature below.

## RECITALS

WHEREAS, Hausfeld and Hecht are co-counsel pursuant to an existing agreement (the "Hausfeld-Hecht Co-Counsel Agreement") in *Kashef, et al. v. BNP Paribas SA*, No. 16 Civ 3228 along with the non-class action cases consolidated therein (exclusive of the three-plaintiff September 8 trial, "the *Kashef* Litigation");

WHEREAS, the Hausfeld-Hecht Co-Counsel Agreement provides for the division of attorneys' fees and coverage of costs for the *Kashef* Litigation on a 50/50 basis;

WHEREAS, the Parties have worked jointly in connection with the *Kashef* Litigation;

WHEREAS, the Parties' overarching goal is to advance and protect the best interests of the plaintiffs in the *Kashef* Litigation, subject to Rule 23 and their duties to those plaintiffs, and also subject to Court approval and oversight;

WHEREAS, The Parties mutually intend that Adam Levitt of DiCello Levitt LLP be appointed as additional Co-Class Counsel and Settlement Class Counsel in the *Kashef* Litigation (together with Michael Hausfeld and Cyril Smith);

WHEREAS, as part of this Agreement, and in conjunction therewith, the Parties shall resolve, in all respects, all existing *Kashef* Litigation-related disputes between and among them;

WHEREAS, the Parties intend to clarify and memorialize their agreement with respect to attorneys' fees, litigation costs, roles, settlement authority, and related matters in connection with the *Kashef* Litigation;

WHEREAS, the Parties enter into this Agreement with the understanding that they will engage in good faith and best efforts to achieve a settlement and release

of—or litigate to resolution—the *Kashef* Litigation, in accord with the terms and conditions contained herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the Parties agree as follows:

### 1.    Sharing of Fees Obtained Through the Resolution of the Class Component of the *Kashef* Litigation

The Parties, together with Hecht and Zuckerman Spaeder, agree to abide by the attorneys' fee and litigation cost split set forth in the Hausfeld-Hecht Co-Counsel Agreement (a copy of which is attached as Exhibit A hereto), which provides for the coverage of litigation costs and division of attorneys' fees obtained through the resolution of the class component of the *Kashef* Litigation on a 50/50 basis between Hecht and Hausfeld, after payment of all Court-approved litigation expenses—but with the further understanding that Hecht and DiCello Levitt, on the one hand, and Hausfeld and Zuckerman Spaeder on the other, are respectively aligned for purposes of the 50/50 fee split (and expense reimbursement) (*see* Paragraph 9, below).

The costs associated with the pending trial of the three severed plaintiffs are expressly excepted from this Agreement. The costs of that trial shall continue to be borne by Hecht.

The Parties shall seek a global resolution of the class component of the *Kashef* Litigation in the form of a common fund (or as otherwise approved by the Court but hereafter referred to as the "common fund") and with Court-approved litigation expenses and class plaintiff service awards being paid from the common fund, and attorneys' fees being awarded as a percentage of the common fund.

If the Court awards attorneys' fees on a lodestar multiplier basis, there shall be no "true-up" or adjustment between or among the firms in the event that the Court awards different merit-based multipliers to different law firms in the litigation. Further, the Parties shall not advocate for differential multipliers in any lodestar-based fee award proceedings. However, if the Court acts upon the Defendants' motion for sanctions (or any renewed or subsequent version thereof) and as a sanction orders a reduction of Hecht's fee, then, unless reversed by a competent court, Hecht and Hausfeld shall honor and abide by the resulting disparity in fee division. Hausfeld and Zuckerman Spaeder agree to take no position as concerns the Bank's pending motion for sanctions.

## 2.    Mutual Non-Disparagement

The Parties agree that no plaintiffs' lawyer or law firm in this litigation shall disparage or otherwise denigrate any other plaintiffs' lawyer or law firm in this litigation, to the Court, or to any of the named plaintiffs or other class members. Instead, the Parties, upon execution of this Agreement, agree to represent that Hausfeld, DiCello Levitt, and Zuckerman Spaeder, pursuant to Paragraphs 6 and 7, below, are being vested with the settlement authority in the *Kashef* Litigation, because they are skilled and experienced class action advocates capable of seeing the *Kashef* Litigation through to its resolution.

## 3.    Mutual Waiver of Claims and Releases and Covenants Not to Sue

The Parties agree that the undersigned lawyers or law firms waive and release all known claims that any of them have or could have had against any of the other lawyers or law firms in conjunction with the *Kashef* Litigation and the three-plaintiff September 8 trial, and further agree not to commence suit or other litigation or arbitration against one another for any known matter arising out of or related to those matters. Hecht and Hausfeld further agree to withdraw their respective pending requests to one another and third parties for preservation holds of documents and communications, and any claims for funding or payment related to the three-plaintiff September 8 trial.

## 4.    Hausfeld's Sanctions Motions Against Kathryn Lee Boyd and/or Hecht

Upon the entry of an Order appointing DiCello Levitt as an additional Co-Class Counsel, with the roles as described herein, the Parties shall file a joint Stipulation with the Court setting forth the following:

(a) Hausfeld and Zuckerman Spaeder shall withdraw as moot and ask the Court to take no further action concerning their pending motion to disqualify Lee Boyd, ECF 784; and

(b) Hecht Partners shall ask the Court to take no further action concerning the accusations made against Hausfeld and Zuckerman Spaeder as set forth in ECF 786 and as presented at the July 10, 2025, hearing about same.

3

**5.    Hausfeld and Zuckerman Spaeder Will Not Appear Voluntarily as Fact Witnesses at any Trial or Court Proceeding**

Hausfeld and Zuckerman Spaeder agree to immediately contact BNP Paribas's counsel and advise them that they are not willing to cooperate or appear in Court as fact witnesses in any matter related to sanctions against Kathryn Lee Boyd.

**6.    Entry of Settlement Class Counsel**

The Parties agree that they shall all stipulate to the appearance and appointment of Michael Hausfeld, Cyril Smith, and Adam Levitt, as Settlement Class Counsel in the *Kashef* Litigation in accordance with Paragraph 7, below, subject to Court approval. Said stipulation shall include such additional language as will be needed for context to reflect the resolution of the pending disputes between Hausfeld and Hecht and shall be prepared and filed by the parties as soon as practicable after execution of this Agreement. This Agreement shall remain private and not attached to any Court pleadings unless ordered by the Court, or unless necessary to enforce this Agreement.

**7.    *Kashef* Class Action Litigation Settlement Authority**

Michael Hausfeld, Cyril Smith, and Adam Levitt shall be the only attorneys authorized to engage in settlement discussions or enter into any settlement agreement(s) with respect to the class component of the *Kashef* Litigation. Messrs. Hausfeld, Smith, and Levitt agree that they shall reach agreement among themselves with respect to resolving the class component of the *Kashef* Litigation in good faith and by binding majority vote, and that there shall be no minority objection or other recourse in connection with settlement decisions. By agreement with Hecht—and as confirmed by Hecht herein—Adam Levitt shall assume the settlement authority role previously held by Kathryn Lee Boyd.

**8.    Settlement Fund**

The Parties agree that they shall establish a Qualified Settlement Fund ("QSF") or similar settlement vehicle as otherwise approved by the Court, to hold all settlement funds from the *Kashef* Class Action Litigation. The QSF shall be jointly controlled and administered by Michael Hausfeld, Cyril Smith, and Adam

Levitt, and allocations from the QSF administered by Kenneth Feinberg, or such other person(s) as agreed upon by the Parties and approved by the Court.

### 9.    **Allocation of Fee Entitlements**

DiCello Levitt's entitlement to attorneys' fees shall be allocated on the Hecht side of the ledger and shall not affect the 50/50 split between Hausfeld and Hecht. Zuckerman Spaeder's entitlement to attorneys' fees shall be allocated on the Hausfeld side of the ledger and shall likewise not affect the 50/50 split between Hausfeld and Hecht (*see* Paragraph 1, above).

### 10.    **Trial Roles and Participation**

Hausfeld, Zuckerman Spaeder and DiCello Levitt ("Trial Counsel") shall be trial counsel for all *Kashef* Litigation on a going forward basis after conclusion of the severed three-plaintiff September 8, 2025, trial. Trial Counsel shall, either by consensus or binding majority vote, allocate roles for all class and class-related trials, as well as decide all trial strategy and the incurring of litigation expenses. In connection therewith, Trial Counsel shall meet, confer and decide on those roles within 30 days of the conclusion of the three-plaintiff September 8 trial, or at least 120 days before any class trial, whichever is sooner. Trial Counsel shall also confer, in good faith, regarding potential participation by Hecht Partners attorneys in any such trials, other than with respect to Kathryn Lee Boyd, who shall not participate in those trials.  Binding majority decision shall resolve any differences of opinion between and among Trial Counsel on all matters. There shall be no minority objection or other recourse in connection with any such decisions.

### 11.    **Limiting Authority of Co-Lead Counsel Kathryn Lee Boyd**

Kathryn Lee Boyd shall retain the title of Co-Lead Class Counsel, under which her responsibilities shall be limited to consulting with, exchanging views, and providing input to Hausfeld, DiCello Levitt, and Zuckerman Spaeder.  Ms. Boyd shall have no voting authority on any aspect of settlement or trial of any case subject to this Agreement.  That authority shall be vested in and exercised by DiCello Levitt. Kathryn Lee Boyd further agrees to support the work of Hausfeld, DiCello Levitt, and Zuckerman Spaeder, in all aspects of the litigation, expressing to the Class members that they should have complete confidence and trust in those three firms and in their respective roles to act in the best interests of the Class.  Relatedly, Hecht Partners (and, specifically, Lee Boyd) shall: (a) communicate to class members as may be required, in a manner consistent with this provision; (b) seek settlement

support from then-current class representatives; and (c) assure that any named plaintiffs (or, if necessary, any additional class members) are ready, willing, and able to prepare for and testify at hearings or trial, as may be necessary.

**12.**    **Miscellaneous Provisions**

a) **Entire Agreement.**    This Agreement constitutes the entire agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous understandings, other than as referenced herein.

b) **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one instrument.

c) **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of New York State, without regard to conflict of law principles.

d) **Authority.** Each of the Parties to this Agreement represents and warrants that he/she/it has the authority to enter into this Agreement and that the individuals signing below are fully authorized to do so individually and on behalf of their respective firms.

e) **Enforcement.** In the event of any actual or threatened breach of this Agreement, the aggrieved party may pursue any or all of the following: (1) An application for a prompt ruling by Eric Green, acting as arbitrator and using such streamlined and accelerated procedures as Mr. Green deems appropriate; (2) A motion directed to the Court for an injunction, specific performance, or other equitable relief; or (3) A claim for money damages caused by the breach.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK

6

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the dates set forth below.

**HAUSFELD LLP**

By: _Michael D. Hausfeld_
　　 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
　　 Michael D. Hausfeld

Dated: September ____, 2025

**ZUCKERMAN SPAEDER LLP**

By: _Cyril V. Smith_
　　 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
　　 Cyril V. Smith

Dated: September ____, 2025

**DICELLO LEVITT LLP**

By: _Adam J. Levitt_
　　 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
　　 Adam J. Levitt

Dated: September ____, 2025

**HECHT PARTNERS LLP**

By: _David L. Hecht_
　　 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
　　 David L. Hecht

Dated: September 2 ___, 2025

7

By: _Kathryn Lee Boyd_
Kathryn Lee Boyd

Dated:  September __2__, 2025

By: _____
Maxim Price

Dated:  September __2___, 2025

8

# Pages from 2025-09-02 - Kashef Agreement

Final Audit Report                                                  2025-09-02

| | |
|---|---|
| Created: | 2025-09-02 |
| By: | David Hecht (admin@hechtpartners.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjNTwovEpZo0Uq5WjthnAxugyBmL6spHJ |

## "Pages from 2025-09-02 - Kashef Agreement" History

📋 Document created by David Hecht (admin@hechtpartners.com)
　2025-09-02 - 6:01:46 PM GMT

📧 Document emailed to David Hecht (dhecht@hechtpartners.com) for signature
　2025-09-02 - 6:03:31 PM GMT

📋 Email viewed by David Hecht (dhecht@hechtpartners.com)
　2025-09-02 - 6:03:42 PM GMT

✍ Signer David Hecht (dhecht@hechtpartners.com) entered name at signing as David L. Hecht
　2025-09-02 - 6:04:17 PM GMT

✍ Document e-signed by David L. Hecht (dhecht@hechtpartners.com)
　Signature Date: 2025-09-02 - 6:04:19 PM GMT - Time Source: server

📧 Document emailed to Adam Levitt (alevitt@dicellolevitt.com) for signature
　2025-09-02 - 6:04:39 PM GMT

📋 Email viewed by Adam Levitt (alevitt@dicellolevitt.com)
　2025-09-02 - 6:05:15 PM GMT

✍ Signer Adam Levitt (alevitt@dicellolevitt.com) entered name at signing as Adam J.Levitt
　2025-09-02 - 6:11:32 PM GMT

✍ Document e-signed by Adam J.Levitt (alevitt@dicellolevitt.com)
　Signature Date: 2025-09-02 - 6:11:34 PM GMT - Time Source: server

📧 Document emailed to csmith@zuckerman.com for signature
　2025-09-02 - 6:11:36 PM GMT

📋 Email viewed by csmith@zuckerman.com
　2025-09-02 - 6:12:35 PM GMT

 **Adobe Acrobat Sign**

Signer csmith@zuckerman.com entered name at signing as Cyril V. Smith
2025-09-02 - 7:11:01 PM GMT

Document e-signed by Cyril V. Smith (csmith@zuckerman.com)
Signature Date: 2025-09-02 - 7:11:03 PM GMT - Time Source: server

Document emailed to mhausfeld@hausfeld.com for signature
2025-09-02 - 7:11:05 PM GMT

Email viewed by mhausfeld@hausfeld.com
2025-09-02 - 7:48:49 PM GMT

Signer mhausfeld@hausfeld.com entered name at signing as Michael D. Hausfeld
2025-09-02 - 7:53:03 PM GMT

Document e-signed by Michael D. Hausfeld (mhausfeld@hausfeld.com)
Signature Date: 2025-09-02 - 7:53:05 PM GMT - Time Source: server

Agreement completed.
2025-09-02 - 7:53:05 PM GMT

**Adobe Acrobat Sign**