**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENTESAR OSMAN KASHEF, *et al.*,

        Plaintiffs,

  -against-

BNP PARIBAS S.A.,

        Defendant.

No. 1:16-cv-03228-AKH-JW

Hon. Alvin K. Hellerstein

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B)**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

LEGAL STANDARD ..................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   The Bank Has Not Met Its Burden of Showing that an Immediate Appeal Would Be Equitable. ........................................................................................................................... 3

II.  The Court Will Likely Complete at Least the Next Bellwether Trial Before the Second Circuit Decides Any Appeal. ............................................................................................. 7

III. The Expenses That the Bank Will Incur Litigating a Bellwether Trial Do Not Constitute an Unusual Hardship and Are Typical of Rule 54(b) Denials. ........................................... 8

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Aluminum Co. of America v. Toba Adjustments, Inc.*,
   No. 96 CIV. 9536 (PKL), 1998 WL 120355 (S.D.N.Y. Mar. 18, 1998) ...................................... 5

*Am. Fed'n of Musicians v. Atl. Recording Corp.*,
   No. 1:15-CV-6267-GHW, 2016 WL 6069212 (S.D.N.Y. Oct. 4, 2016) ..................................... 6

*Bolling v. Dendreon Corp.*,
   No. C13-0872JLR, 2014 WL 12029280 (W.D. Wash. July 15, 2014) ....................................... 5

*BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*,
   229 F.3d 254 (3d Cir. 2000) .................................................................................................. 4

*Commerzbank AG v. Bank of New York Mellon*,
   No. 15 Civ. 10029 (GBD) (BCM), 2024 WL 1309239 (S.D.N.Y. Mar. 27, 2024) ..................... 5

*Cromwell v. N.Y.C. Health & Hosps. Corp.*,
   No. 12 CIV. 4251 PAE, 2013 WL 6423431 (S.D.N.Y. Dec. 9, 2013) ......................................... 2

*Cullen v. Margiotta*,
   811 F.2d 698 (2d Cir. 1987) ................................................................................................... 7

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980) .............................................................................................................. 1, 2

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*,
   73 F. Supp. 2d 345 (S.D.N.Y. 1999) .............................................................................. 3, 7, 8

*Grand Rivers Enters. Six Nations, Ltd. v. Pryor*,
   425 F.3d 158 (2d Cir. 2005) ................................................................................................... 1

*Greer v. St. Bonaventure Univ.*,
   No. 02-CV-409S, 2004 WL 1563084 (W.D.N.Y. May 21, 2004) ............................................. 7

*Harriscom Svenska AB v. Harris Corp.*,
   947 F.2d 627 (2d Cir. 1991) ............................................................................................... 2, 3

*In re Depakote*,
   No. 12-CV-55-NJR-SCW, 2017 WL 11438790 (S.D. Ill. June 13, 2017) ................................. 6

*In re Gentiva Sec. Litig.*,
   2 F. Supp. 3d 384 (E.D.N.Y. 2014) ........................................................................................ 3

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
   Nos. 00 MDL 1898 (SAS), 2010 WL 1328249 (S.D.N.Y. Apr. 5, 2010) .................................. 6

*In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*,
   No. 06-CV-01520, 2015 WL 13680366 (S.D.N.Y. Feb. 23, 2015) .................................. 1, 2, 3

*Kashef v. BNP Paribas SA*,
 16 Civ. 3228 (AKH), 2024 WL 1676355 (S.D.N.Y. Apr. 18, 2024) ........................................... 4

*Kusnier v. Virgin Galactic Holdings, Inc.*,
 No. 21-CV-3070 (ARR) (TAM), 2023 WL 8750398 (E.D.N.Y. Dec. 19, 2023) .................... 4, 5

*Lainez v. Bondi*,
 141 F.4th 393 (2d Cir. 2025) ..................................................................................................... 4

*Mastercard Int'l Inc. v. FIFA*,
 464 F. Supp. 2d 246 (S.D.N.Y. 2006) ....................................................................................... 4

*New York ex rel. Khurana v. Spherion Corp.*,
 No. 15 CIV. 6605 (JFK), 2018 WL 3046514 (S.D.N.Y. June 20, 2018) .................................. 3

*Norwest Fin., Inc. v. Fernández*,
 225 F.3d 646 (2d Cir. 2000) ...................................................................................................... 4

*Novick v. AXA Network, LLC*,
 642 F.3d 304 (2d Cir. 2011) ...................................................................................................... 3

*Parker v. Ahmsi Ins. Agency Inc.*,
 No. 15-23840-CIV-MARTINEZ-GOODMAN, 2021 WL 8565968 (S.D. Fla. July 8, 2021) .... 4

*Rodriguez v. DeBuono*,
 162 F.3d 56 (2d Cir.1998) ......................................................................................................... 8

*TADCO Const. Grp. Corp. v. Dormitory Auth. of New York*,
 No. 08-CV-73 (KAM)(JMA), 2012 WL 3011735 (E.D.N.Y. July 23, 2012) ............................. 9

**Other Authorities**

U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals
 Terminated on the Merits, by Circuit,
 https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf ........................... 8

**Rules**

Fed. R. Civ. P. 54(b) ............................................................................................................................. 1

iii

## INTRODUCTION

Following the trial that began in September 2025 (the "September trial"), the jury found Defendant BNP Paribas S.A. (the "Bank") liable for consciously assisting the genocide in Sudan and returned a verdict for Entesar Osman Kashef, Abulgasim Abdalla, and Turjuman Ramadan Turjuman. The Bank now asks (ECF No. 1044, the "Motion") that this judgment for three of the 23,000 class members from October 22, 2025 (ECF No. 1006, the "Order") be characterized as "final" under Rule 54(b).

The Bank's Motion almost completely ignores the most salient factor—this is a class action. The entirety of the Bank's precedent involves mass tort cases in the non-class action context, and it is easy to see why. The weight of authority guides against giving the Bank the greenlight to pursue appeals piecemeal, waste judicial resources, and derail the schedule for the next trial in this case.

## LEGAL STANDARD

"Rule 54(b) provides that 'when an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.'" *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, No. 06-CV-01520, 2015 WL 13680366, at *1 (S.D.N.Y. Feb. 23, 2015) (alterations omitted) (Hellerstein, J.) (quoting Fed. R. Civ. P. 54(b)) (citing *Grand Rivers Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005)). "However, 'not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Id.* (alterations omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

"Whether to grant a Rule 54(b) motion is left to the discretion of the district court." *Cromwell v. N.Y.C. Health & Hosps. Corp.*, No. 12 CIV. 4251 PAE, 2013 WL 6423431, at *2 (S.D.N.Y. Dec. 9, 2013) (citing *Curtiss–Wright*, 446 U.S. at 8). "A certification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *In re World Trade Ctr.*, 2015 WL 13680366, at *1 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). "Respect for the historic federal policy against piecemeal appeals requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly." *Harriscom*, 947 F.2d at 629 (internal citations and quotation marks omitted) (citing *Curtiss–Wright Corp.*, 446 U.S. at 8).

## **ARGUMENT**

The Bank has not established that entry of final judgment would serve judicial efficiency or avoid unusual hardship. Any immediate appeal on the issues of Swiss law will likely result in an affirmance by the Second Circuit and would substantially delay a case that was filed almost ten years ago. Similarly, the legal costs that the Bank complains about are typical to any litigation and any Rule 54(b) motion denial. If anything, the Bank has made clear that if allowed the opportunity, it will pursue piecemeal appeals, which would violate the settled federal policy against such appeals; undermine judicial efficiency; waste judicial resources; and prejudice the Class and Plaintiffs who have waited for their day in court. This Court should exercise its discretion to deny the Bank's Rule 54(b) motion for entry of final judgment.

**I. The Bank Has Not Met Its Burden of Showing that an Immediate Appeal Would Be Equitable.**

An immediate appeal would significantly undermine judicial administration and efficiency, both at the Circuit level and in this Court. "Courts in this Circuit have held that certification under Rule 54(b) is appropriate either to serve judicial administration and efficiency <u>or</u> where there is some danger of unusual hardship or injustice through delay." *New York ex rel. Khurana v. Spherion Corp.*, No. 15 CIV. 6605 (JFK), 2018 WL 3046514, at *3 (S.D.N.Y. Jun. 20, 2018) (emphasis in original); *see also In re Gentiva Sec. Litig.*, 2 F. Supp. 3d 384, 387 (E.D.N.Y. 2014) ("In other words, to prevail on a Rule 54(b) certification motion, the moving party must satisfy one of these two prongs."). With respect to the first prong, "'[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case' in successive appeals from successive decisions on interrelated issues." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (quoting *Harriscom*, 947 F.2d at 631). "Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals." *In re World Trade Ctr.*, 2015 WL 13680366, at *1 (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 347-48 (S.D.N.Y. 1999); *see also* Mot. at 12 (Bank acknowledging that "[p]iecemeal appeal is ordinarily disfavored because it imposes unnecessary costs on the appellate court"). The Bank has failed to satisfy the first prong and show that there is "no reason for delay." Instead, it has made clear its plan to file appeals piecemeal. Mot. at 12. Therefore, the entry of final judgment would pave the way to inefficient and wasteful piecemeal appeals. Moreover, the delay from an immediate appeal would significantly impair this Court's ability to manage the case efficiently towards any potential resolution, through settlement or otherwise.

The only issues that the Bank has thus far indicated that it intends to raise on immediate appeal are those of Swiss law concerning standard of proof, liability, and causation. Mot. at 8-9. But the Second Circuit is particularly unlikely to reverse Judge Nathan's determination (and this Court's subsequent adoption) of Swiss law. Judge Nathan expressly determined that Plaintiffs' expert was credible, persuasive, and well-respected by courts in this Circuit, and that the Bank's expert was not.[1] *See* ECF No. 193 (Feb. 16, 2021 Order) at 5-6 (citing *Mastercard Int'l Inc. v. FIFA*, 464 F. Supp. 2d 246, 303 (S.D.N.Y. 2006)) ("[I]n determining the applicable legal standard, the Court generally found Professor Werro's testimony on the requirements of Article 50.1 to be credible and more accurate than Professor Roberto's."); *id.* at 6 (explaining that the Court "did not find [Professor Roberto's] descriptions of the legal requirements of Article 50.1 to be persuasive"). As the Bank acknowledges, this Court adopted Judge Nathan's findings in its order denying the Bank's motion for summary judgment. Mot. at 3 (citing ECF No. 499; *Kashef v. BNP Paribas SA*, 16 Civ. 3228 (AKH), 2024 WL 1676355, at *3 (S.D.N.Y. Apr. 18, 2024)).

When considering the prospect of an immediate appeal, the District Court may properly consider whether the appeal "may materially advance the ultimate termination of the litigation." *Kusnier v. Virgin Galactic Holdings, Inc.*, No. 21-CV-3070 (ARR) (TAM), 2023 WL 8750398, at *7 (E.D.N.Y. Dec. 19, 2023); *see also Parker v. Ahmsi Ins. Agency Inc.*, No. 15-23840-CIV-MARTINEZ-GOODMAN, 2021 WL 8565968, at *5 (S.D. Fla. Jul. 8, 2021) ("Although Rule

---

[1] Judge Nathan's determinations regarding credibility, reliability, and persuasiveness are likely subject to deferential review on appeal. *See Norwest Fin., Inc. v. Fernández*, 225 F.3d 646 (2d Cir. 2000) (noting that a district court's "findings of fact underlying [its] interpretation [of foreign law] are reviewed for clear error"); *see also Lainez v. Bondi*, 141 F.4th 393, 404 n.5 (2d Cir. 2025) (finding that addressing "conflicting expert evidence on the proper interpretation of the relevant foreign laws . . . requires assessing credibility and expertise, making it an essentially factual issue best suited for resolution in the district court"); *BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 268 (3d Cir. 2000) ("[W]e believe the District Court is in the best position to determine what at this point is essentially a credibility issue—i.e., which [foreign law] expert to believe.").

4

54(b) does not require the Court to consider [the movant's] likelihood of success on appeal, the Court takes into consideration the high likelihood of judicial resources being wasted by allowing an appeal to proceed at this time."); *Bolling v. Dendreon Corp.*, No. C13-0872JLR, 2014 WL 12029280, at *3 (W.D. Wash. July 15, 2014) (denying Rule 54(b) motion because "[t]here [was] no suggestion that this case [was] more likely than the ordinary case to be reversed on appeal, and it [could] not be seriously contended that there would be no prejudice to [non-movants]"). Given the likelihood of affirmance by the Second Circuit, an immediate appeal would create at least a one-year delay to put the parties in the same position, and it "would most likely only serve to slow the instant litigation." *Kusnier*, 2023 WL 8750398, at *10. Such a delay would not be equitable and would prejudice Class members who have waited a decade for their day in court.[2]

Moreover, the Bank has made clear that if given the opportunity, it will pursue still further appeals in this litigation. In considering whether to enter final judgment, courts mindful of this historic policy consider the likelihood of *future* appeals as well. *See Aluminum Co. of America v. Toba Adjustments, Inc.*, No. 96 CIV. 9536 (PKL), 1998 WL 120355, at *2 (S.D.N.Y. Mar. 18, 1998) ("[T]he high likelihood of appeal with respect to both claim and counterclaim in this case leads the Court to conclude that it would be inappropriate to grant the requested relief pursuant to Rule 54(b)."); *see also Commerzbank AG v. Bank of New York Mellon*, No. 15 Civ. 10029 (GBD) (BCM), 2024 WL 1309239, at *3 (S.D.N.Y. Mar. 27, 2024) (denying final judgment because "there [was] a plausible—if not probable—likelihood that . . . multiple appellate panels would pass over the same issues—precisely what is to be avoided with a Rule 54(b) judgment"); *Am. Fed'n of*

---

[2] The three plaintiffs in the September trial's hypothetical interest in the entry of a final judgment, Mot. at 12-13, is not relevant here. Those plaintiffs are both members and representatives of a certified class. The interests of the absent class members plainly do not favor delaying adjudication in the District Court.

5

*Musicians v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 6069212, at *3 (S.D.N.Y. Oct. 4, 2016) (considering the "likelihood of multiple appeals" in denying unopposed Rule 54(b) motion). Here, the Bank admits that if the Second Circuit affirms this Court now on the issues of Swiss law, the Bank will ultimately pursue other appeals piecemeal. Mot. at 12 (noting that "the possibility of piecemeal appeal is inevitable" here); *see also id.* (arguing that "the possibility of piecemeal appeal, which exists in any case involving multiple claims or parties, should not prevent certification").

In part because of the Bank's stated intent to file appeals piecemeal, it is apparent why the Bank's precedent—which involve mass actions or MDLs where the plaintiffs' individual actions are adjudicated separately rather than as a class—is inapposite here. Mot. at 5-6 (citing cases); *see In re Depakote*, No. 12-CV-55-NJR-SCW, 2017 WL 11438790, at *2 (S.D. Ill. Jun. 13, 2017) (holding that "entering judgment on an individual Plaintiff's claim would not trigger the type of 'piecemeal appeal' the Supreme Court cautioned against" because "[t]he claims of any one Plaintiff in the mass action . . . are not dependent upon one another to be resolved on the merits"); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, Nos. 00 MDL 1898 (SAS), 2010 WL 1328249, at *3 (S.D.N.Y. Apr. 5, 2010) (in MDL involving contaminated water wells, entering final judgment on the verdict for bellwether trial because "the claims relating to each well . . . require independent proof of causation (e.g., is ExxonMobil's gasoline a source of contamination in the well at issue?) and injury"). Given this and the Bank's stated intent to file additional appeals piecemeal, there will almost certainly be an appeal from future trial judgments.

The Second Circuit will eventually consider the Swiss law issues raised by the Bank now, and the appeal should be consolidated with whatever issues the Bank wishes to raise later, so as

6

not to "require two (or more) three-judge panels to familiarize themselves" with this case and waste judicial resources. *Novick*, 642 F.3d at 311.

## II. The Court Will Likely Complete at Least the Next Bellwether Trial Before the Second Circuit Decides Any Appeal.

In addition, regarding the first prong of the Rule 54(b) analysis, it is apparent from the Bank's Motion that it hopes that proceedings in this Court will be stayed pending the proposed appeal. *See* Mot. at 9 ("Meanwhile, legal questions that could obviate the need for *any* additional trials have been squarely presented in the first trial and are ripe for appeal *now*." (emphasis original)); *see also id.* at 11 (suggesting that the Second Circuit consider "a single record (that is, the record of this case's first bellwether trial)"). Staying this Court's proceedings pending a lengthy appeal would be wholly inappropriate, and is therefore an additional reason not to certify for appeal. The Court has already asked that the parties identify plaintiffs for a second bellwether trial, *see* Nov. 12, 2025 Hr'g Tr. 45:12, and the selection process is well underway.

The Second Circuit has specified that when evaluating Rule 54(b) motions, courts can consider whether "an expensive and duplicative trial could be avoided . . . ***without delaying prosecution of the surviving claims***." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) (emphasis added). Accordingly, courts have denied Rule 54(b) motions when an immediate appeal would delay a scheduled trial. *See Gidatex,* 73 F. Supp. 2d at 347; *see also Greer v. St. Bonaventure Univ.*, No. 02-CV-409S, 2004 WL 1563084, at *2 (W.D.N.Y. May 21, 2004) (denying motion because "a jury trial on the remaining claims in this case is currently scheduled to begin on December 14, 2004. It is therefore extremely unlikely that Plaintiff's appeal of the dismissed claims would be resolved in time to be tried with the remaining claims."). In *Gidatex*, Judge Scheindlin denied a party's Rule 54(b) motion, citing the scheduled trial and the "lengthy time-delays" before the Second Circuit issues its decision:

7

> [C]ertifying a Rule 54(b) final judgment will derail the parties' trial schedule as the litigation is now ripe for trial on plaintiff's claims, and defendant seeks to postpone trial pending its interlocutory appeal. Neither the parties nor the Court are aware of any authority to indicate that the Court of Appeals typically expedites its review of 54(b) certifications. On the contrary, the Second Circuit has noted that *a "seasoned district judge" should be aware of lengthy time-delays between her decision and the date when an appeal is heard.*

*Gidatex*, 73 F. Supp. 2d at 347 (emphasis added) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 62 (2d Cir.1998)).

The median time between the filing of a notice of appeal and the Second Circuit's order is approximately 13 months.[3] Allowing the Bank to seek an immediate appeal would similarly "derail" this Court's trial schedule and prevent Plaintiffs from prosecuting their claims for at least another year, and potentially much longer. This delay is unnecessary and inefficient, particularly when the Court has already begun moving forward with planning the next trial.

### III. The Expenses That the Bank Will Incur Litigating a Bellwether Trial Do Not Constitute an Unusual Hardship and Are Typical of Rule 54(b) Denials.

With respect to the second prong, the Bank has also failed to show any danger of hardship or injustice through delay which would be alleviated by immediate appeal. The Bank complains that "[l]itigating one highly complex, costly bellwether trial after another, indefinitely, without the prospect of appellate guidance or review, would serve no practical purpose." Mot. at 13.[4] But this falls short of establishing the requisite hardship or injustice.

As an initial point, although Plaintiffs recognize the need for at least one additional trial, the Bank's concern about litigating countless trials "indefinitely" is hyperbole, belied by

---

[3] U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf.

[4] The Bank has only itself to blame for the cost of additional trials. The Bank insisted at every turn that the first trial should not be classwide; now it complains that the first trial did not resolve all classwide issues.

8

established rules of procedure, and cannot be the basis for unusual hardship or injustice. Moreover, the forthcoming bellwether trial will likely be less costly and complex than the September trial. The jury returned a plaintiffs' verdict in September, and Plaintiffs could well move for collateral estoppel on the issue of the Bank's liability. If so, and if the Court grants the motion, the next trial will be simpler and limited to litigating and valuing the types of damages that arose from the Bank's misconduct. But whether or not the first trial is found to have a collateral estoppel effect, the next trial will plainly be less burdensome. Both sides have been required to narrow and fine-tune their presentations of fact and expert witnesses and documents. They have also seen and responded to each other's order of proof, so that preparation for the next trial will be far less time-consuming.

The Bank laments that "[a]dditional trials will only add years of costly litigation," Mot. at 7, but "[t]hese hardships are inherent in *every* denial of Rule 54(b) certification, and hardly rise to the level of hardships that warrant immediate appeal." *TADCO Const. Grp. Corp. v. Dormitory Auth. of New York*, No. 08-CV-73 (KAM)(JMA), 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (emphasis in original); *see also Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (reversing district court's Rule 54(b) certification for failure to find that "the case was an exceptional one or that there would be any unusual hardship in requiring [the parties] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review").

Likewise, the costs that the Bank will incur in litigating the next trial are standard fare. The largest bank in France has not established any danger of unusual hardship or injustice that might give rise to an exceptional case and warrant a grant of its Rule 54(b) motion. Neither of the Rule 54(b) prongs has been satisfied, and the Court should deny the Bank's motion.

9

**CONCLUSION**

For the reasons discussed above, the Court should deny the Bank's Rule 54(b) motion for an entry of final judgment as to the Court's October 22, 2025 Order.


Dated: December 8, 2025                                Respectfully submitted,

*/s/ Kathryn Lee Boyd*                                 */s/ Michael D. Hausfeld*
Kathryn Lee Boyd                                       Michael D. Hausfeld
David L. Hecht                                         Scott A. Gilmore
Maxim Price                                            Amanda E. Lee-DasGupta
Michael Eggenberger                                    Claire A. Rosset
HECHT PARTNERS LLP                                     Mary S. Van Houten Harper
125 Park Avenue, 25th Floor                            Percy Metcalfe
New York, NY 10017                                     HAUSFELD LLP
(646) 502-9515                                         1200 17th Street, Suite 600
lboyd@hechtpartners.com                                Washington, DC 20036
dhecht@hechtpartners.com                               (202) 540-7200
mprice@hechtpartners.com                               mhausfeld@hausfeld.com
meggenberger@hechtpartners.com                         sgilmore@hausfeld.com
                                                       alee@hausfeld.com
Kristen Nelson                                         crosset@hausfeld.com
HECHT PARTNERS LLP                                     mvanhouten@hausfeld.com
2121 Avenue of the Stars                               pmetcalfe@hausfeld.com
Los Angeles, CA 90067
(646) 490-2408                                         James D. Gotz
knelson@hechtpartners.com                              HAUSFELD LLP
                                                       One Marina Park Dr., Suite 1410
Greg G. Gutzler                                        Boston, MA 02210
Carrie A. Syme                                         (617) 207-0660
DICELLO LEVITT LLP                                     jgotz@hausfeld.com
485 Lexington Ave., Ste 1001
New York, NY 10017                                     Cyril V. Smith
(646) 933-1000                                         ZUCKERMAN SPAEDER LLP (Baltimore)
ggutzler@dicellolevitt.com                             100 East Pratt Street, Suite 2440
csyme@dicellolevitt.com                                Baltimore, MD 21202
                                                       (410) 332-0444
Kenneth P. Abbarno                                     csmith@zuckerman.com
Mark A. DiCello

10

| | |
|---|---|
| Robert F. DiCello | Aitan D. Goelman |
| DICELLO LEVITT LLP | ZUCKERMAN SPAEDER LLP (DC) |
| 8160 Norton Parkway, Third Floor | 1800 M Street, Suite 1000 |
| Mentor, Ohio | Washington, DC 20036 |
| (440) 953-8888 | (202) 778-1996 |
| kabbarno@dicellolevitt.com | agoelman@zuckerman.com |
| mdicello@dicellolevitt.com | |
| rfdicello@dicellolevitt.com | |

Adam J. Levitt
DICELLO LEVITT LLP
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
(312) 214-7900
alevitt@dicellolevitt.com

*Co-Counsel for Plaintiffs*