UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
ENTESAR OSMAN KASHEF, ABULGASIM
SULEMAN ABDALLA, and TURJUMAN
RAMADAN TURJUMAN,

                          Plaintiffs,

   -against-

BNP PARIBAS S.A.

                          Defendant.
------------------------------------------------------------ x

**ORDER DENYING POST-TRIAL MOTIONS AND CERTIFYING JUDGMENT AS FINAL**

16 Civ. 3228 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On October 17, 2025, the jury entered a verdict in this matter. Judgment was entered on October 22, 2025.

       On January 7, 2026, oral arguments were held on the parties' post-trial motions. For the reasons stated on the record, I denied Defendant's motion for judgment as a matter of law, or alternatively, motion for new trial or to amend the judgment in the form of remittitur. Also, for the reasons stated on the record, I denied Plaintiffs' motion for prejudgment interest.

       Defendant also moves for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) to facilitate an immediate appeal. Plaintiffs, including co-lead counsel for the certified class, support this motion.

       Rule 54(b) provides that "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

       "[C]ertification under Rule 54(b) should be granted only if there are interests of sound judicial administration and efficiency to be served or, in the infrequent harsh case, where

there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal quotations and citations omitted).

"Rule 54(b)'s primary concern is the conservation of the appellate court's resources in avoiding multiple appeals." *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, No. 06-CV-01520, 2015 WL 13680366, at *1 (S.D.N.Y. Feb. 23, 2015) (quoting *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 73 F. Supp. 2d 345, 347-48 (S.D.N.Y. 1999)).

The interests of judicial administration and efficiency are best served by facilitating immediate appeal. The trial of the three Plaintiffs named above took up the better part of six weeks. Eighteen witnesses testified and hundreds of exhibits were admitted into evidence. The underlying litigation encompasses complex issues of foreign law, and the underlying class includes approximately 10,000 members who have identified their claims and perhaps 10,000 additional members who have not. An immediate appeal would clarify and resolve disputed issues and facilitate settlement.

I severed the three Plaintiffs' claims from the underlying class to serve as a bellwether for possible future trials, and, as counsel considers appropriate, a basis for possible settlement of the claims of the class members. The purpose of a bellwether trial is to "assess the values of the claims at issue [and] develop a relevant body of law..." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2010 WL 1328249 (S.D.N.Y. Apr. 5, 2010), at *4. Appellate decisions are "essential to achieving this intended purpose both for the parties in this case and for the numerous parties remaining." *Id.* To continue to adjudicate cases would risk duplicative litigation and would likely elongate the underlying proceedings to the detriment of the three Plaintiffs and the class members.

Immediate appellate resolution serves the interests of judicial efficiency. Accordingly, Defendant's motion for entry of final judgment is granted, and this case is certified for immediate appeal.

The Clerk shall terminate ECF Nos. 1022, 1040, and 1043.

SO ORDERED.

Dated:     January 8, 2026
           New York, New York

                                                    /s/ Alvin K. Hellerstein
                                                    ALVIN K. HELLERSTEIN
                                                    United States District Judge